UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYKEIYA DORE, MARC A. STEPHENS, Plaintiffs, <br><br> v. <br><br> CHRIS BROWN ENTERTAINMENT, LLC d/b/a CHRISTOPHER BROWN ENTERTAINMENT, LLC, CHRISTOPHER MAURICE BROWN a/k/a CHRIS BROWN, AUBREY DRAKE GRAHAM a/k/a DRAKE, ANDERSON HERNANDEZ a/k/a VINYLZ, JOSHUA LOUIS HUIZAR a/k/a J-LOUIS, TRAVIS DARELLE WALTON a/k/a TEDDY WALTON, NIJA CHARLES a/k/a NIJA, TYLER BRYANT a/k/a VELOUS, MICHEE PATRICK LEBRUN a/k/a CHE ECRU, NOAH SHEBIB a/k/a 40, J-LOUIS PRODUCTIONS, LLC d/b/a JLOUISMUSIC, CULTURE BEYOND UR EXPERIENCE, SONGS OF UNIVERSAL, INC., AMNIJA, LLC d/b/a SONGS OF AMNIJA, 1DAMENTIONAL PUBLISHING, LLC, MAVOR & MOSES PUBLISHING, LLC d/b/a RONCESVALLES MUSIC PUBLISHING, SONY/ATV SONGS LLC, VINYLZ MUSIC GROUP LLC, and SONY MUSIC ENTERTAINMENT d/b/a RCA RECORDS, GOOGLE, LLC, YOUTUBE, LLC, ALPHABET, INC. <br> Defendants | CASE NO. <br><br> **U.S. COPYRIGHT INFRINGEMENT COMPLAINT, DEFAMATION OF CHARACTER AND TRIAL BY JURY DEMAND** |

## INTRODUCTION

1.  This is a Copyright Infringement action regarding Plaintiffs Tykeiya Dore and Marc Stephens song titled, **"I GOT IT"**, and Defendants Chris Brown's infringing song titled, **"NO GUIDANCE aka YOU GOT IT"**, arising under federal Copyright Act of 1976, 17 U.S.C. §§101 et seq. (the "Copyright Act"), Common Law, and the 5th and 14th Amendments of the United States Constitution for damages and equitable relief in the amount of no less than **$5 million dollars** due to willful violation of Plaintiffs' registered copyright, vicarious copyright infringement, unjust enrichment, intentional and negligent infliction of emotional distress, conversion, common-law fraud, breach of contract, breach of fiduciary duty, and defamation of character against Plaintiffs.

## JURISDICTION AND VENUE

2.   This Court has original federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1343 based upon Plaintiffs' claims under the federal Copyright Act of 1976, 17 U.S.C. §§101 et seq. (the "Copyright Act").   Pursuant to 28 U.S.CA. § 1391 and § 1343, this Court has subject matter jurisdiction over this action because it involves federal questions arising under the Fourteenth Amendments to the United States Constitution, and Common Law.

3.   Venue is proper in this District pursuant to 28 USC § 1391 because Defendants resides, work, and all acts giving rise to the violation of law complained of occurred in this District.

4.   This Court has original diversity jurisdiction under 28 U.S.C. § 1332 in that complete diversity of citizenship exists between the Plaintiffs and Defendants.

5.   The amount in controversy exclusive of interest and costs exceeds the sum of $75,000.00.

## THE PARTIES

6.   Plaintiff, Tykeiya Dore, is a singer, songwriter, and producer, a natural person and citizen of the United States of America residing in New Jersey.

7.   Plaintiff, Marc A. Stephens, a natural person and citizen of the United States of America residing in New Jersey.

8.   Defendant Chris Brown Entertainment, LLC d/b/a Christopher Brown Entertainment, LLC, CBE is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in Los Angeles, California.

9.   Defendant Christopher Maurice Brown a/k/a Chris Brown is an individual domiciled and residing in Tarzana, California.

10.   Defendant Aubrey Drake Graham a/k/a Drake is an individual domiciled and residing in Hidden Hills, California.

11.   Defendant Anderson Hernandez a/k/a Vinylz is an individual domiciled and

residing in New York, New York.

12. Defendant Sony Music Entertainment d/b/a RCA Records, is general partnership organized and existing under the laws of the State of Delaware with a principal place of business located in New York, New York.

13. Defendant Sony/ATV Songs LLC, is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in New York, New York.

14. Defendant Vinylz Music Group LLC, VMG, is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in New York, New York.

15. Defendant Mavor & Moses Publishing, LLC d/b/a Roncesvalles Music Publishing, is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in Ontario, Canada.

16. Defendant Joshua Louis Huizar a/k/a J-Louis, is an individual domiciled and residing in Los Angeles, California.

17. Defendant Travis Darelle Walton a/k/a Teddy Walton, is an individual domiciled and residing in the Sherman Oaks, California.

18. Defendant Nija Charles a/k/a Nija, is an individual domiciled and residing in Sherman Oaks, California.

19. Defendant Tyler Bryant a/k/a Velous, is an individual domiciled and residing in Beacon, New York.

20. Defendant Michee Patrick Lebrun a/k/a Che Ecru, is an individual domiciled and residing in Studio City, California.

21. Defendant Noah Shebib a/k/a 40 is an individual domiciled and residing in Ontario, Canada.

22. Defendant J-Louis Productions, LLC d/b/a JLouisMusic is a limited liability company organized and existing under the laws of the State of California with a principal place of business located in North Hollywood, California.

23.    Defendant Songs Of Universal, Inc., is a corporation organized and existing under the laws of the State of California with a principal place of business located in Santa Monica, California, which does business, in part, through its unincorporated division and record label, Culture.

24.    Defendant Culture Beyond Ur Experience, is an unincorporated division and record label of Universal.

25.    Defendant Amnija, LLC d/b/a Songs Of Amnija, is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in Union, New Jersey.

26.    Defendant 1Damentional Publishing, LLC, is a limited liability company organized and existing under the laws of the State of Georgia with a principal place of business located in Atlanta, Georgia.

27.  Defendant YouTube, LLC is a Delaware limited liability company with its principal place of business in San Bruno, California and is a wholly owned subsidiary of Google LLC.

28.  Defendant Google, LLC is a Delaware limited liability company with its principal place of business in Mountain View, California.

## STATEMENT OF FACTS

**A.    TYKEIYA'S CREATION OF SONG "I GOT IT".**

29.  In 2015, Plaintiff Tykeiya Dore wrote the song "I GOT IT", which is protected under Common Law.

30.  On <u>August 16, 2016</u>, the copyrighted song "I GOT IT" received its Date of Publication.

31.  On <u>March 8, 2017</u>, Plaintiff uploaded the song "I GOT IT" to Defendant YouTube, LLC <u>https://www.youtube.com/watch?v=UgAqTENP8rY</u>

32.  On <u>July 8, 2017</u>, Plaintiffs' song "I GOT IT" was also featured in "The CODE - Episode 3", uploaded to Defendant YouTube, see timestamp of song at <u>9:22 mins -10:11</u>, <u>https://youtu.be/KZhGqgTYyB8?t=559</u>.

33. On <u>July 13, 2019</u>, Plaintiff Tykeiya Dore registered the song, "I GOT IT", filed with the U.S. Copyright Office registration PA0002204357. **EXHIBIT 1**.

**B. DEFENDANTS CREATION OF THE SONG "NO GUIDANCE"**

34. From <u>August 2018–May 2019</u>, the Defendants created the song titled, "NO GUIDANCE".

35. The writers of the song "NO GUIDANCE" are listed as Defendants Chris Brown, Aubrey Graham, Travis Walton, Nija Charles, and Tyler Bryant.

36. The song "NO GUIDANCE" appears on Defendant Chris Brown's album titled, "Indigo".

37. The two performers of the song "NO GUIDANCE" includes singer Defendant Chris Brown and rapper and singer Defendant Drake.

38. Both Defendant Chris Brown and Drake's vocals appear on the sound recording of the song "NO GUIDANCE", which includes the hook or chorus that is stating repetitively "YOU GOT IT".

39. Plaintiffs song titled "I GOT IT" states repetitively in the chorus "I GOT IT".

40. A quick listen to a <u>Comparison</u> of the chorus of songs "I GOT IT" by Plaintiff Tykeiya, and "NO GUIDANCE" by Defendants, a jury will easily determine that the Defendants infringes. <u>https://www.youtube.com/watch?v=ILcpGW02lSE.</u> **EXHIBIT 2**.

41. On <u>June 8, 2019</u>, the song "NO GUIDANCE" received its date of publication.

42. On <u>June 19, 2019</u>, the song "NO GUIDANCE", was registered with the U.S. Copyright Office registration.

43. On <u>June 28, 2019</u>, the song "NO GUIDANCE", was released to the public, worldwide.

44. On <u>July 26, 2019</u>, the song "NO GUIDANCE", was uploaded to Defendant YouTube, LLC. <u>https://www.youtube.com/watch?v=6L_k74BOLag.</u> **EXHIBIT 3**

45. Defendant <u>Chris Brown Entertainment, LLC d/b/a Chrisopher Brown Entertainment, LLC</u>, is the copyright claimant for the sound recording of "No Guidance"

registered with the U.S. Copyright Office on <u>June 19, 2019</u> (U.S. Copyright Office Registration No. SR0000849072) (the **"First Defendants' Copyright"**). <u>**EXHIBIT 4.**</u>

46. Defendant <u>Christopher Maurice Brown a/k/a Chris Brown</u>, is listed as one of the authors of the music and lyrics for "No Guidance" on the copyright registered with the U.S. Copyright Office on <u>May 5, 2020</u> (U.S. Copyright Office Registration No. PA0002239293) (the **"Second Defendants' Copyright"**). <u>**EXHIBIT 5.**</u>

47. Defendant <u>Aubrey Drake Graham a/k/a Drake</u> is listed as one of the authors of the music and lyrics for "No Guidance" on the Second Defendants' Copyright.

48. Defendant <u>Nija Charles a/k/a Nija</u>, is listed as one of the authors of the music and lyrics for "No Guidance" on the Second Defendants' Copyright.

49. Defendant <u>Anderson Hernandez a/k/a Vinylz</u>, is listed as one of the authors of the music and lyrics for No Guidance on the Second Defendants' Copyright.

50. Defendant <u>Vinylz Music Group LLC</u>, VMG, owned by Defendant <u>Anderson Hernandez</u> is listed as one of the copyright claimants for "No Guidance" on the Second Defendants' Copyright.

51. Defendant <u>1Damentional Publishing, LLC</u>, is listed as one of the copyright claimants for "No Guidance" on the Second Defendants' Copyright.

52. Defendant <u>Amnija, LLC d/b/a Songs Of Amnija</u>, is listed as one of the copyright claimants for "No Guidance" on the Second Defendants' Copyright.

53. Defendant <u>Culture Beyond Ur Experience, aka Culture</u> is listed as one of the copyright claimants for "No Guidance" on the Second Defendants' Copyright.

54. Defendant <u>Mavor & Moses Publishing, LLC d/b/a Roncesvalles Music Publishing</u>, is listed as one of the copyright claimants for "No Guidance" on the Second Defendants' Copyright.

55. Defendant <u>Joshua Louis Huizar a/k/a J-Louis</u>, is listed as one of the authors of the music and lyrics for "No Guidance" on the Second Defendants' Copyright.

56. Defendant J-Louis Productions, LLC d/b/a JLouisMusic owned by Defendant Joshua Louis Huizar is listed as one of the copyright claimants for "No Guidance" on the Second Defendants' Copyright.

57. Defendant Travis Darelle Walton a/k/a Teddy Walton, is listed as one of the authors of the music and lyrics for "No Guidance" on the Second Defendants' Copyright.

58. Defendant Tyler Bryant a/k/a Velous, is listed as one of the authors of the music and lyrics for "No Guidance" on the Second Defendants' Copyright.

59. Defendant Michee Patrick Lebrun a/k/a Che Ecru, is listed as one of the authors of the music and lyrics for "No Guidance" on the Second Defendants' Copyright.

60. Defendant Noah Shebib a/k/a 40, is credited publicly as one of the "producers" of "No Guidance".

61. Defendant Sony Music Entertainment d/b/a RCA Records, does business, in part, through its unincorporated division and record label, RCA Records, which holds – and, at all relevant times, has held – a license for the use and commercial exploitation of "No Guidance".

62. Defendant Sony/ATV Songs LLC, is listed as one of the copyright claimants for "No Guidance" on the Second Defendants' Copyright.

63. Defendant Songs Of Universal, Inc., is listed as one of the copyright claimants for "No Guidance" on the Second Defendants' Copyright.

### The Chorus

64. The chorus of the Defendants' song "NO GUIDANCE" is a continuous use of the word "YOU GOT IT", which uses the same chord progressions, tempo, pitch, key, melody, harmony, rhythm, structure, phrasing, and lyrics as Plaintiffs song "I GOT IT".

65. With all songs, 99.99% of the time, the chorus is the title of the song.   The chorus is considered the most memorable part, as it is designed to be catchy, repetitive, and encapsulate the main theme of the song, making it the part that sticks most readily in the listener's mind.

66.    The Defendants' intentionally 'masked' the unlawful use of the title of the Plaintiffs' song and chorus "I GOT IT", by using the title "No Guidance", which is mentioned nowhere in the chorus, and they changed "I GOT IT" to "YOU GOT IT".    This intentional masking of the title made it hard to find the copyright infringement.    The Plaintiffs were unable to detect the infringing song because a U.S. Copyright search of the song title "NO GUIDANCE" would not show up under "I GOT IT".

67.    If the general public conducted a copyright search for the Defendants song titled "NO GUIDANCE" they will not be able to find it if they searched using the lyrics from the chorus which states, "YOU GOT IT".

## C.    DEFENDANTS ANDERSON HERNANDEZ, PKA AS VINYLZ, AND NIJA CHARLES OBTAINED <u>DIRECT ACCESS</u> TO PLAINTIFFS SONG "I GOT IT" <u>BEFORE</u> CHRIS BROWN'S SONG "NO GUIDANCE" WAS WRITTEN OR RELEASED

### <u>Access</u>

68.    The writers and producers of the song "No Guidance" obtained access, and were in possession of the Plaintiffs' song "I GOT IT", due to the same videographers, directors, writers, and producers working on "I GOT IT" and "No Guidance".

69.    **Benji Filmz** ,"Benji Filmz What's Poppin", is a famous Director from Harlem, New York City who caters to the **"up and coming artist"**, as well as well known artist.    All music executives, writers, and producers turn to Benji Filmz to **"keep their eyes and ears to the streets"** of new artist and new trends by New York City artist.    Defendant Anderson Hernandez, professionally known as **Vinylz**, is a record producer from Washington Heights, New York City, discovered and obtained access to, Tykeiya's song "I Got It", and Cardi B's songs on Benji Filmz YouTube channel.    In 2018, Vinylz later produced Cardi B's song "Be Careful".    In 2019, without permission, Tykeiya's song "I GOT IT" was used by Vinlyz for Chris Brown's song "No Guidance".    The songwriters and producers for Defendant Chris Brown song "No Guidance", are both Defendants Nija Charles and Anderson Hernandez pka "Vinylz".

70.   Plaintiff Tykeiya's uncle, Jesse Spruils, provided a copy of her song "I Got It" to Defendant Nija Charles.   Plaintiff uncle and Nija Charles also communicated via social media regarding the song "I GOT IT".   Defendant Chris Brown's song "No Guidance" was released, and Plaintiffs uncle contacted Nija Charles to confront her about stealing the chorus of Plaintiffs song "I GOT IT".   Defendant Nija Charles blocked Plaintiff uncle from her social media accounts.   Plaintiffs uncle felt incompetent, humiliated, and embarrassed, that he allowed the song "I GOT IT" to be copied without being compensated, so he never told Plaintiff Tykeiya about it.   It wasn't until Plaintiff Tykeiya hired Marc Stephens, on May 21, 2024, that Plaintiff Tykeiya discovered that her uncle knew about Defendant Nija Charles and Vinlyz having access to her song.

**D.   LAYMAN VIEWING AND LISTENING TO TYKEIYA'S "I GOT IT" AND CHRIS BROWN'S "NO GUIDANCE" <u>SIDE BY SIDE</u> EASILY DETERMINED THE SONGS ARE STRICKINGLY SIMILAR**

71.   Its impossible to <u>not hear</u> the two songs are substantially similar, see the <u>comparison video</u> of the two songs on YouTube titled, "<u>Copyright Infringement Comparison - Tykeiya "I GOT IT" vs Chris Brown "No Guidance" (you got it)</u>".

<u>https://www.youtube.com/watch?v=ILcpGW02lSE.</u>

72.   Multiple "layman" commentors, from the general public, left comments on the comparison video, and they are in agreement that the two songs are <u>substantially similar</u>:

    a)   <u>**@arlaniahines-guy4456**</u>: "They stole her Tykeiya Spruills song and I was the first to hear it. Every time I heard Chris Brown & Drake on the radio my ears immediately tuned in to Tykeiya Spruills Original song "I GOT IT" by Tykeiya."

    b)   <u>**@gofendi**</u>: "Yes they do"

    c)   <u>**@JoselinPineda-d8x**</u>: "It's tooooo similar to be a coincidence!! Copyright infringement"

    d)   <u>**@baskandlatherco**</u>: "Wow!"

    e)   <u>**@inachamblee**</u>: "So sad how people do this to up and coming" artist"

    f)   <u>**@amarmoody9969**</u>: "Were they in the studio after Tykeiya released the song cus its <u>exactly the same</u>."

    g)    **@cocoreesie**: "Wow, I would pursue a lawsuit too. It's definitely giving <u>No Guidance sampled it</u>…"

    h)    **@JB_blocks**: "They <u>sound exactly alike</u> I think they did steal it."

    i)    **@sheilamartinez4810**: "People need to do their own shit and <u>stop stealing</u> others shit.   If you can't be creative and do your own you have no talent and don't to be in the entertainment business"

    j)    **@shainarainford3842**: "These <u>sound the same</u>: the beat AND the words"

    k)    **@BarbaraAaron**: "Mmhmm call a spade a spade music industry always choosing low hanging fruit for their large successes."

    l)    **@ShirellMcGoogan**: "They stole my cousin song it <u>clearly sounds the same</u>. They need to pay her."

    m)    **@tishadingle5516**: "Wow smh"

    n)    **@DrNicoleWilliams**: Let's just keep it a buck — <u>it sounds like copyright infringement</u>- A monetary solution should be sought- and it would be dope to hear a remake of this song featuring Tykeiya - she definitely has vocals to pull out a new hit." **EXHIBIT 6**

    73.    "[O]n substantial similarity, the question is how the works "would appear to a **<u>layman viewing</u>** [them] **<u>side by side</u>**," Universal Athletic Sales Co. v. Salkeld, 511 F.2d 904, 908 (3d Cir. 1975), and we have **<u>rejected</u>** <u>the usefulness of experts in answering this question</u>. Tanksley v. Daniels, 902 F. 3d 165 - Court of Appeals, 3rd Circuit 2018 at 172.   "[I]n order to prove copyright infringement, a plaintiff must establish that his copyrighted work and the infringing work are "<u>substantially similar</u>." Dam Things from Den. v. Russ Berrie & Co., 290 F.3d 548, 561-62 (3d Cir. 2002). Tanksley v. Daniels, 902 F. 3d 165 - Court of Appeals, 3rd Circuit 2018 at 171.

    74.    "[T]here is a "striking similarity" between works to support an **<u>inference of access</u>**, see Three Boys Music., 212 F.3d at 483 (holding that in absence of any proof of access, copyright plaintiff can still make out case of infringement by showing that songs were "strikingly similar"); see also Loomis v. Cornish, 836 F.3d 991, 995 (9th Cir. 2016) ("Where there is no direct evidence of access, <u>circumstantial evidence</u> can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated.").

### E.   THE DEFENDANTS CHANGED THE CHORUS FROM "I GOT IT" TO "YOU GOT IT"

75.   The Defendants obtained the idea to make the chorus of the song "No Guidance" to "You Got It" from the beginning of Plaintiffs' music video, uploaded on YouTube, where a female states, **"Yo! Tell that nigga YOU GOT IT"**, see transcript from YouTube, **EXHIBIT 7.**

### F.   THE DEFENDANTS SONG "NO GUIDANCE" IS A DERIVATIVE OR DUPLICATE OF PLAINTIFFS WORK AND IS NOT A PARODY OR FAIR USE AND NOT A DE MINIMIS USE

76.   The musical composition and sound recording of Plaintiffs' song "I GOT IT", and the chorus in the Defendants' song, "No Guidance - YOU GOT IT", is a taking of a substantial nature, are substantially similar, not a parody, not fair use, not a de minimis use, and is easily recognizable as having been appropriated from the common law and copyrighted work.   "[A]ccordingly, such taking is capable of rising to the level of a copyright infringement". Elsmere Music, Inc. v. National Broadcasting Co., 482 F. Supp. 741 - Dist. Court, SD New York 1980 at 744.

77.   Defendants' song "No Guidance" is a derivative, or fundamental duplicate, of Plaintiffs song titled, I GOT IT, and Defendants were never authorized to use the common law or copyrighted work.

### G.   PLAINTIFFS' COPYRIGHT INFRINGEMENT CEASE AND DESIST AND VIDEO TAKE DOWN REQUEST OF SONG "NO GUIDANCE" FROM DEFENDANTS

#### First request

78.   On <u>May 29, 2024,</u> Plaintiffs sent to defendants, a copyright infringement cease and desist regarding the infringing song "No Guidance", **EXHIBIT 8.**

79.   On <u>May 31, 2024,</u> Chiara Genovese, of Sony responded to Plaintiffs copyright infringement cease and desist, **EXHIBIT 9.**

#### Second request

80.   On <u>June 17, 2024,</u> Plaintiffs sent a second notice of copyright infringement to Defendants.   Chiara Genovese, from SONY, responded and stated she would contact Defendant Chris Brown., **EXHIBIT 10.**

**Chiara Genovese**: "Hi Marc, Thank you for letting me know. I will connect with them as they did tell us that they would reach out to you. All rights remain reserved. Thanks, Chiara"

**Third and final request**

81.    On <u>August 28, 2024</u>, Plaintiffs sent a final notice of copyright infringement,

**EXHIBIT 11** and a final request to settle copyright infringement to Defendants (a45-50).

Defendants willfully ignored the request and never responded.

F.    **YOUTUBE DEFAMATION OF CHARACTER AGAINST PLAINTIFFS AND UNJUST ENRICHMENT, CONVERSION, AND VICARIOUS LIABILITY FOR WILLFULY REFUSING TO TAKE DOWN INFRINGING SONG "NO GUIDANCE"**

82.    Defendents <u>YouTube, LLC</u> is owned by Defendant <u>Google, LLC</u>, which

acquired the platform in November 2006, for $1.65 billion. Google itself is a subsidiary of

Defendant <u>Alphabet, Inc.</u>, a publicly traded company established in 2015 as the result of a

major corporate restructuring with the goal of making Google's operations more streamlined

and efficient.

83.    A parent corporation, <u>can be held liable</u> for the actions of <u>its subsidiary</u> under

veil piercing or alter ego liability principles. The alter ego doctrine has been applied to pierce

the veil between corporations when subsidiary corporations are used by a dominating parent

corporation to engage in <u>fraudulent or wrongful conduct</u>.

84.    The corporate veil will be pierced (1) to achieve equity, even absent fraud,

where the officers and employees of a parent corporation exercise control over the daily

operations of a subsidiary corporation and act as the true prime movers behind the

subsidiary's actions, and/or (2) where a parent corporation conducts business through a

subsidiary which exists solely to serve the parent.

85.    Defendents YouTube, LLC, Google, LLC, are dominated and controlled by the

Defendant Alphabet Inc. for the Defendents Alphabet Inc.'s own purposes as the Parent

company.

86.    Defendents YouTube, LLC, Google, LLC, and Alphabet Inc. generate

advertising revenue based on views received on videos uploaded to their platform on

YouTube, and charges for its services and makes money on the ads it sells on its search engine.

<strong><u>Plaintiffs' copyright take down request</u></strong>

87.   On <u>May 29, 2024</u>, Defendant YouTube deleted Plaintiff Marc Stephens YouTube account which contained the evidence of copyright infringement such as the copyright registration certificate and a comparison video revealing that the Defendants' song "No Guidance" is substantially similar to Plaintiffs' song "I GOT IT".

> **YouTube:** Hello, We are concerned that some of the info in your takedown request may be <u>fraudulent</u>, Please understand that YouTube receives many <u>fraudulent copyright takedown requests</u>, and we take <u>abuse of our copyright takedown process</u> very seriously (see YouTube, LLC v. Brady (D. Neb. 8:19-cv-00353)).   **EXHIBIT 12**.

88.   On <u>June 2, 2024</u>, Plaintiff Marc Stephens filed an appeal with Defendant YouTube regarding them terminating his YouTube account which contained evidence.

> **Marc Stephens:** "NOTICE OF INTENT TO SUE YOUTUBE, LLC FOR INTERFERING WITH A FEDERAL COPYRIGHT INFRINGEMENT CASE BY TAMPERING WITH EVIDENCE, AND FOR DEFAMATION.   I provided you with the exact information that you requested "Twice". You are not reading the information in my email which is included in the email chain below. You shutdown my YouTube account which had a video that shows the proof of copyright infringement. You accuse me of committing "fraud" without contacting me via phone, or conducting a real investigation.   <u>Accusing me of committing a "Crime" is considered defamation per se</u>.   SONY contacted me in regards to my copyright email. They didn't say my copyright request is "fraudulent", see attached email from SONY, EXHIBIT 1.   Please reinstate my account immediately, or a civil lawsuit will be filed against YouTube for <u>intentionally destroying evidence</u>." **EXHIBIT 13.**

89.   On Monday, <u>June 3, 2024</u>, YouTube terminated Plaintiff Marc Stephens account accusing him of committing fraud and abusing YouTube's copyright takedown process.   The email from Defendant YouTube, LLC states: **EXHIBIT 14.**

> **YouTube:** "Hi Marc A. Stephens, We're concerned that some info within this legal request may be fraudulent.   Please understand that YouTube receives a large number of fraudulent copyright takedown requests, and we take abuse of our copyright takedown process very seriously. As a result, <u>your account has been terminated</u>."

90.   Another email was sent to Plaintiff Marc Stephens regarding his appeal.

> **YouTube:** "Hello, Thanks for your appeal.   Based on the info in
> your appeal and your original copyright removal request, <u>your channel
> has been terminated for submitting abusive legal requests</u> and **won't**
> be reinstated.   The content in question <u>will remain live on YouTube</u>.
> Unfortunately, we can't assist further in this matter. Learn about other
> resolution options.   Sincerely, The YouTube Team." **EXHIBIT 15.**

91.    On <u>June 4, 2024</u>, Plaintiff Marc Stephens sent another Appeal to Defendant

YouTube, LLC and stated the following:

> **Marc Stephens:** "I submitted a valid request regarding copyright
> infringement and you accused me several times of committing
> "fraud" to multiple third parties:
> 1. On Wednesday, May 29, 2024 at 3:34 AM - YouTube
> Copyright <youtube-disputes+3b9okp4w99wat07@google.com
> 2. Sun, Jun 2, 2024 at 2:25 AM, YouTube
> <no-reply@youtube.com **"<u>Our team has reviewed your activity
> and found your channel is in violation of YouTube's Terms of
> Service</u>**. As a result, your YouTube channel has been terminated.
> We are concerned that some of the information within your legal
> request may be fraudulent"....."**<u>We have permanently
> terminated your channel from YouTube. Going forward, you
> won't be able to access, possess, or create any other YouTube
> channels</u>**".
> 3. On Monday, June 3, 2023 at 10:27 PM,
> youtube-disputes+28cbb6scz1dts2p@google.com, "Based on the
> info in your appeal and your original copyright removal request,
> your channel has been terminated **<u>for submitting abusive legal
> requests</u>** and won't be reinstated."
> 4. On Monday, June 3, 2023 at 1:34 AM, YouTube Copyright
> <youtube-disputes+3b9okp4w99wat07@google.com
> 5. In accordance with the DMCA, YouTube has registered an
> agent with the U.S. Copyright Office to receive notices of alleged
> infringement from copyright holders.
> You are falsely accusing me of committing a white collar crime of
> Falsifying documents and VIOLATION OF THE DIGITAL
> MILLENNIUM COPYRIGHT ACT – 17 U.S.C. § 512(f).
> Accusing me of a crime is considered Defamation Per se. Please
> reinstate my YouTube account because you are destroying
> evidence of copyright infringement. **EXHIBIT 16.**

92.    On <u>June 24, 2024</u>, Defendant Chris Brown lawyer responded to Plaintiffs take

down request with Defendant YouTube, LLC.   **EXHIBIT 17.**

93.    On <u>July 1, 2024</u>, Defendant YouTube defamed Plaintiff Marc Stephens again

accusing him of committing fraud. **EXHIBIT 18.**

> **YouTube:** "Hello, Your account has been suspended <u>for
> submitting abusive legal requests</u> and will not be reinstated. In
> addition, further removal requests submitted from this account
> will not be reviewed.   Sincerely, The YouTube Team"

94.    On <u>July 1, 2024</u>, at 9:45AM, Marc Stephens sent an email to the Defendants and stated:

> **Marc Stephens**: "It appears that YouTube is involved with covering up the copyright infringement claim by deleting my account. This will lead to YouTube being a defendant in this case for defamation." **EXHIBIT 19.**

95.    On <u>July 1, 2024</u>, at 10:05 AM, Chris Brown's lawyer, James Sammataro, responded to Plaintiff Marc Stephens via email and stated the following regarding Stephens' appeals to reinstate his YouTube account that contained the evidence of copyright infringement. **EXHIBIT 20.**

> **James Sammataro**: "Marc –Rather than graft a <u>sinister objective</u> to YouTube, you may wish to instead consider that a third-party has objectively determined that Ms. Dore's claims are frivolous and that <u>the continued pursuit of her claims is "abusive."</u> YouTube has no incentive to "cover up" alleged infringement or expose itself to legal action.    Its sole aim to fairly assess infringement allegations. The fact that YouTube is barring further submissions is an objective red flag that warrants consideration. Should a lawsuit be filed, we will have no choice but to pursue sanctions under Rule 11 of the Federal Rule of Civil Procedure."

96.    On <u>July 1, 2024</u>, Plaintiffs sent a reply to Defendants response to Plaintiffs take down request to Defendant YouTube, LLC. **EXHIBIT 21**.

97.    Plaintiffs filed a third time and was declined again. **EXHIBIT 22.**

> **YouTube**: Request declined.    We've reviewed this matter and found that you haven't identified a work that is subject to copyright. For this reason, we can't process your request for the video(s) listed below.

98.    On <u>July 3, 2024</u>, Defendant YouTube **reinstated** Plaintiff Marc Stephens YouTube account which contained the evidence of copyright infringement.

> **YouTube**: "Hello, After looking into your appeal, we've concluded that your channel has been terminated **incorrectly** and we've reinstated your channel.    We routinely review all submissions to our webforms for signs of potential abuse, and <u>your takedown request was **incorrectly** flagged</u> in this process. As a result, your channel was terminated.    On further investigation, <u>your request **doesn't** seem abusive</u>.    However, we've reviewed this matter and found that you haven't identified a work that is subject to copyright.    For this reason, we can't process your request." **EXHIBIT 23.**

99.  On <u>July 8, 2024</u>, Plaintiffs forwarded to Defendants a First Request to Settle Copyright Infringement, **EXHIBIT 24**, (a46-47), second (a48-49), third (a50-51), but defendants ignored the request.

## G.  ALL DEFENDANTS DIRECTED THEIR ACTIVITIES AND MARKETING OF "NO GUIDANCE" TO RESIDENTS IN THIS JUDICIAL DISTRICT

100.  Defendants 1Damentional Publishing, LLC, Amnija, LLC d/b/a Songs Of Amnija, Anderson Hernandez a/k/a Vinylz, Aubrey Drake Graham a/k/a Drake, Chris Brown Entertainment, LLC d/b/a Chrisopher Brown Entertainment, LLC, Christopher Maurice Brown a/k/a Chris Brown, Culture Beyond Ur Experience, J-Louis Productions, LLC d/b/a Jlouismusic, Joshua Louis Huizar a/k/a J-Louis, Mavor & Moses Publishing, LLC d/b/a Roncesvalles Music Publishing, Michee Patrick Lebrun a/k/a Che Ecru, Nija Charles a/k/a Nija, Noah Shebib a/k/a 40, Songs Of Universal, INC., Sony Music Entertainment d/b/a RCA Records, Sony/ATV Songs LLC, Travis Darelle Walton a/k/a Teddy Walton, Tyler Bryant a/k/a Velous, and Vinylz Music Group LLC, directed their activities and marketing of "No Guidance" to residents in this judicial district, <u>enabled residents of this judicial district to purchase, download, and stream the infringing work</u>, and otherwise engaged in purposeful and continuing business activities in this judicial district. Defendants are, at a minimum, constructively aware of their continuous and substantial commercial interactions with residents in this judicial district and, upon information and belief, have generated substantial revenue from the exploitation of the infringing song "No Guidance" in this judicial district.

## H.  DEFENDANT CHRIS BROWN HAS BEEN SUED MULTIPLE TIMES FOR COPYRIGHT INFRINGEMENT

101.  In both cases filed against Defendant Chris Brown, which includes, <u>Greensleeves vs Chris Brown</u>, Case 1:21-cv-05751-ALC, and <u>Brandon Saunders v. Christopher Maurice Brown et al</u>, Case 2:21-cv-09237-DSF-GJS, the judges ruled that Defendant Chris Brown **cannot infringe** on the "musical phrase".

102.  In the Saunders case, the judge opinion stated, "[T]he Court previously denied a motion to dismiss, noting that Plaintiffs did not claim that "the word 'wet' alone is

protectable, but rather that the repetition of that lyric in a particular rhythmic way is protectable. Dkt. 64 at 6", <u>Brandon Saunders v. Christopher Maurice Brown et al</u>, Docket No. 2:21-cv-09237 (C.D. Cal. Nov 24, 2021), ECF 70, page 1-2.

103. Just as Saunders' repetition of the lyric "Wet, Wet" **is protectible**, and Plaintiffs Tykeiya's repetition of the lyric "I Got It, I Got It", is protected, along with the beat, melody, harmony, etc.

104. In an article published by Chris Brown's own lawyers, Pryor Cashmans LLP, titled **"Pryor Cashman Client Chris Brown Settles 'Privacy' Copyright Suit"**, it reads, "R&B singer and Pryor Cashman client Chris Brown settled a copyright infringement lawsuit brought by Greensleeves Publishing claiming that Brown's single "Privacy" **copied parts of another song**. Greensleeves' suit claimed that Brown used parts of "Tight Up Skirt" by Red Rat **without permission**; the parties agreed to settle and are negotiating the details of the settlement". Brown had copied key parts of Red Rat's 1997 hit, including **lyrics from the hook and the song's melody**, and used it in his 2017 single, "Privacy." https://www.pryorcashman.com/news/pryor-cashman-client-chris-brown-settles-privacy-copyright-suit. **EXHIBIT 25**. A jury will **easily determine** based on Defendants Chris Brown and Drake history of copyright infringement, that Defendants stole the harmony, melody, and rhythm of Plaintiffs' Tykeiya's song, "I GOT IT".

## I. PLAINTIFF TYKEIYA'S COPYRIGHTED WORK GENERATED MILLIONS IN SALES AND AWARDS FOR THE DEFENDANTS

105. Due to Defendants copying Tykeiya's copyrighted song, "I Got It", Defendant Chris Brown's song "No Guidance" aka "You Got It" was able to achieve the following:

### Awards and Nominations

106. Defendants song "No Guidance" was Nominated Best R&B Song at the 62nd Annual Grammy Awards, won Best Collaboration, Best Dance Performance, and Song of the Year, and Nominated Best Video of the Year, and Ashford & Simpson Songwriter's Award at the 2019 Soul Train Music Awards.

**Certifications**

107.  Defendants' song "No Guidance" received <u>**over 1 billion streams**</u> on Spotify - https://ratedrnb.com/2024/03/chris-brown-no-guidance-surpasses-1-billion-streams-on-spotify/.  **EXHIBIT 26.**  As of <u>September 30, 2024</u>, the Defendants' song "No Guidance" music video on YouTube has received <u>**over 481 million views**</u>, and the Audio received <u>**333 million views**</u>, a total of <u>**over 814 million views**</u>.   The Defendants' infringement also caused <u>hundreds of third party videos to be uploaded to YouTube</u>, that are also infringing on Plaintiffs' copyrighted work.

108.  Defendants' song "No Guidance" is notably certified <u>octuple platinum</u> by the Recording Industry Association of America (RIAA), <u>quadruple platinum</u> by the Australian Recording Industry Association (ARIA), and <u>triple platinum</u> by the Canadian Recording Industry Association (MC).

https://www.riaa.com/gold-%20platinum/?tab_active=default-award&se=chris+brown&col=label&ord=asc

## Certifications

| Region | Certification | Certified units/sales |
|---|---|---|
| Australia (ARIA)[79] | 4× Platinum | 280,000 |
| Canada (Music Canada)[80] | 3× Platinum | 240,000 |
| Denmark (IFPI Danmark)[81] | Gold | 45,000 |
| France (SNEP)[82] | Gold | 100,000 |
| Germany (BVMI)[83] | Gold | 200,000 |
| Italy (FIMI)[84] | Gold | 35,000 |
| Mexico (AMPROFON)[85] | Gold | 30,000 |
| New Zealand (RMNZ)[86] | Platinum | 30,000 |
| Poland (ZPAV)[87] | Gold | 25,000 |
| Portugal (AFP)[88] | Platinum | 10,000 |
| Spain (PROMUSICAE)[89] | Gold | 30,000 |
| Switzerland (IFPI Switzerland)[90] | Gold | 10,000 |
| United Kingdom (BPI)[91] | 2× Platinum | 1,200,000 |
| United States (RIAA)[92] | 8× Platinum | 8,000,000 |

10,235,000

## CAUSES OF ACTION

109.  Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts.

### FIRST CAUSES OF ACTION
(Copyright Infringement – Common Law)
(All Defendants)

110.  Plaintiffs Tykeiya Dore and Marc Stephens are – and, at all relevant times, were – owners of the Common Law Copyright of the song "I GOT IT".

111.  After the Common Law Copyright came into existence, Defendants had access to the Work by virtue of Plaintiffs' online publication, public performance, and other public distribution of Plaintiffs song "I GOT IT".

112.  The striking similarity between the Plaintiffs song "I GOT IT" and Defendants' song "No Guidance" are such that "No Guidance" could not have been created without access to the Plaintiffs song "I GOT IT", and Defendants' access to "I GOT IT" may be further established on that basis.

113.  Defendants infringed upon Plaintiffs' Common Law Copyright when they copied substantial parts of the Plaintiffs' song "I GOT IT" in creating "No Guidance". Since copying "I GOT IT" in creating No Guidance, Defendants' reproduction, distribution, public performance, use, and other commercial exploitation of No Guidance has been regular, routine, and continuous.

114.  Defendants have not compensated Plaintiffs for using "I GOT IT" even though they received money and other substantial benefits from doing so during the period between June 9, 2019 (when Defendants first published No Guidance) and August 16, 2016 (when Plaintiffs procured the Statutory Copyright).

115.  During the relevant time period, Defendants, and each of them, engaged in the unauthorized creation, reproduction, distribution, public performance, streaming, broadcasting, licensing, display, use, and/or other commercial exploitation of No Guidance, which infringes Plaintiffs' exclusive rights to the song "I GOT IT" under common law.

116.  During the relevant time period, Defendants, and each of them, made copies of "No Guidance" and sold, reproduced, distributed, publicly performed, streamed, broadcasted, licensed, displayed, used, and/or otherwise commercial exploited "No Guidance" without Plaintiffs' consent.

117.  Defendants never received permission, authorization, consent, or even a license from Plaintiffs to interpolate, sample, use, or copy the Plaintiffs song "I GOT IT", in whole or in part.

118.  All of the elements of the Plaintiffs song "I GOT IT", and the creative selection and combination of those elements, are original.

119.  During the relevant time period, Defendants, and each of them, with knowledge of the infringement at issue, took material steps to copy the Plaintiffs song "I GOT IT" to create and subsequently use and monetize "No Guidance". In doing so, Defendants contributed to one another's infringement by assisting in the obtainment and copying of material portions of the Plaintiffs song "I GOT IT".

120.  During the relevant time period, Defendants, and each of them, financially benefited from the known infringement at issue and had the ability to supervise, oversee, and control the infringing conduct that gave rise to the creation and subsequent use and monetization of No Guidance.

121.  During the relevant time period, Defendants further infringed upon the Common Law Copyright when they issued and/or authorized others to issue licenses to third parties for the use, publication, and exploitation of "No Guidance" or established royalty splits with co-Defendants not entitled to illegal revenues generated by "No Guidance". These licenses and agreements were issued without any consent, authority, or approval from Plaintiffs.

122.  Defendants' conduct in infringing upon the Plaintiffs song "I GOT IT" has, at all times, been knowing and willful and with disregard to Plaintiffs' rights.

123.  In this judicial district, common law protects an exclusive performance right. Common law rights automatically protects the original creations when Plaintiffs made them

public, even without officially registering with the US Copyright Office.    Copyright is a "fundamental" and "natural right" under the common law, and creators are therefore entitled to the same protections as tangible and "real property" rights under the 5th and 14th Amendment of the United States Constitution.    "[W]here rights secured by the Constitution are involved, there can be **no rule making or legislation** which would abrogate them." Miranda v. Arizona, 384 US 436 at 491.    "[N]o right granted or secured by the Constitution of the United States can be impaired **or destroyed** by a state enactment". Connolly v. Union Sewer Pipe Co., 184 US 540 at 558.

124.  Due to Defendants willful infringement of Plaintiffs copyrighted song "I GOT IT", Plaintiffs' has lost the <u>Reproduction right</u> to make copies or phonorecords of the work, the <u>Adaptation right</u> to create derivative works based on the original work, the <u>Distribution right</u> to sell, rent, lease, or lend copies of the work to the public, the <u>Performance right</u> to publicly perform the work if it is a literary, musical, dramatic, or choreographic work, and the <u>Display right</u> to publicly display the work if it is a literary, musical, dramatic, or choreographic work.    In addition, the Defendants are interfering with the likeness of the Plaintiffs copyright, causing the likelihood of confusion and false association, and diluted the plaintiffs' copyright.

125.  As a direct and/or proximate cause of Defendants' wrongful conduct during the relevant time period, Plaintiffs were harmed, and suffered actual damages in the form of, inter alia, lost licenses, revenues, royalties, and profits, lost goodwill, right of publicity, and a diminution in the value of the Plaintiffs' song "I GOT IT" in an amount to be determined at trial, but, in no event, less than $5,000,000.

**WHEREFORE**, the Plaintiffs respectfully prays for entry of judgment in their favor, or an order, providing the following relief against Defendants:

1.  A declaration that the Defendants have infringed Plaintiff's "I GOT IT" (Musical Composition) in violation of the Copyright Act;

2.  A declaration that the Defendants have infringed Plaintiff's "I GOT IT" (Sound Recording) in violation of the Copyright Act;

3.  A declaration that the Defendants are directly, vicariously, and/or contributorily liable for copyright infringement of Plaintiff's "I GOT IT" (Musical Composition) and "I GOT IT" (Sound Recording);

4.  An award of damages under 17 U.S.C. § 504(b), including actual damages and the Defendants' profits to be proven at trial;

5.  An award of Plaintiff's attorneys' fees and costs under 17 USC §505;

6.  An injunction preventing further infringement of Plaintiff's "I GOT IT" copyrights against Defendants, and any third party that uploaded on YouTube, Social Media Platforms, and streaming websites; and

7.  Any other relief this Court finds just and proper.

## SECOND CAUSE OF ACTION
(Copyright Infringement – 17 U.S.C. § 101, et seq.)
(All Defendants)

126.  To state a claim for copyright infringement under the Copyright Act, a plaintiff must show "(1) ownership of a valid copyright; and (2) unauthorized copying of . . . the plaintiff's work." Tanksley v. Daniels, 902 F.3d 165, 173 (3d Cir. 2018). Hian v. Louis Vuitton Usa Inc., Dist. Court, ED Pennsylvania 2024.

127.  Plaintiffs are owners of the Statutory Copyright of the song titled, "I GOT IT". Since Plaintiffs' procurement of the Statutory Copyright on August 16, 2016, Defendants' reproduction, distribution, public performances, and other commercial exploitation of the Defendants song, "No Guidance" has been regular, routine, and continuous.

128.  Defendants have not compensated Plaintiffs for using their copyrighted song "I GOT IT" even though Defendants received money and other substantial benefits from doing so during the period from June 8, 2019 to the present.

129.  During the relevant time period, Defendants, and each of them, engaged in the unauthorized reproduction, distribution, public performance, streaming, broadcasting, licensing, display, use, and/or other commercial exploitation of Defendants song, "No Guidance", which infringes Plaintiffs' exclusive rights to the song "I GOT IT" under the Copyright Act.

130.  During the relevant time period, Defendants, and each of them, made copies of "No Guidance" and sold, reproduced, distributed, publicly performed, streamed, broadcasted,

licensed, displayed, used, and/or otherwise commercial exploited "No Guidance" without Plaintiffs' consent.

131. Defendants never received permission, authorization, consent, or even a license from Plaintiffs to interpolate, sample, use, or copy the song "I GOT IT", in whole or in part.

132. All of the elements of the Plaintiffs' song "I GOT IT", and the creative selection and combination of those elements, are original.

133. During the relevant time period, Defendants, and each of them, with knowledge of the infringement at issue, took material steps to copy the Plaintiffs' song "I GOT IT" to create and subsequently use and monetize "No Guidance".    In doing so, Defendants contributed to one another's infringement by assisting in the obtainment and copying of material portions of the Plaintiffs' song "I GOT IT".

134. During the relevant time period, Defendants, and each of them, financially benefited from the known infringement at issue and had the ability to supervise, oversee, and control the infringing conduct that gave rise to the creation and subsequent use and monetization of "No Guidance".

135. During the relevant time period, Defendants further infringed upon the Statutory Copyright of Plaintiffs' song "I GOT IT" when they issued and/or authorized others to issue licenses to third parties for the use, publication, and exploitation of "No Guidance" or established royalty splits with co-Defendants not entitled to illegal revenues generated by "No Guidance".    These license and agreements were issued without any consent, authority, or approval from Plaintiffs.

136. Defendants' conduct in infringing upon the Plaintiffs' song, "I GOT IT", has, at all times, been knowing and willful and with disregard to Plaintiffs' rights. It is particularly clear that Defendants' conduct since the date of the Pre-Suit Notice and Demand sent on **May 29, 2024-September 30, 2024**, constitutes knowing and willful infringement of Plaintiffs' Statutory Copyright.

137. As a direct and/or proximate cause of Defendants' wrongful conduct during the relevant time period, Plaintiffs have been and continue to be harmed, and they have suffered

and continue to suffer actual damages in the form of, inter alia, lost licenses, revenues, royalties, and profits, lost goodwill, and a diminution in the value of the Work in an amount to be determined at trial, but, in no event, less than $5,000,000. Alternatively, with respect to each of Defendants' acts infringement upon the Statutory Copyright, Plaintiffs may elect to recover statutory damages and hereby reserve the right to do so at any time before final judgment is rendered in accordance with 17 U.S.C. § 504(c).

**WHEREFORE**, the Plaintiffs respectfully prays for entry of judgment in their favor, or an order, providing the following relief against Defendants:

1.   A declaration that the Defendants have infringed Plaintiff's "I GOT IT" (Musical Composition) in violation of the Copyright Act;

2.   A declaration that the Defendants have infringed Plaintiff's "I GOT IT" (Sound Recording) in violation of the Copyright Act;

3.   A declaration that the Defendants are directly, vicariously, and/or contributorily liable for copyright infringement of Plaintiff's "I GOT IT" (Musical Composition) and "I GOT IT" (Sound Recording);

4.   An award of damages under 17 U.S.C. § 504(b), including actual damages and the Defendants' profits to be proven at trial;

5.   An award of Plaintiff's attorneys' fees and costs under 17 USC §505;

6.   An injunction preventing further infringement of Plaintiff's "I GOT IT" copyrights against Defendants, and any third party that uploaded on YouTube, Social Media Platforms, and streaming websites; and

7.   Any other relief this Court finds just and proper.

### THIRD CAUSE OF ACTION
Vicarious Copyright Infringement
(All Defendants)

138.   "[T]o prove a claim of contributory or vicarious infringement, a plaintiff must first show direct infringement by a third party. To prove direct infringement, a plaintiff must show that (1) it owns a valid copyright; (2) another party copied elements of its work without authorization; and (3) that party engaged in volitional conduct. Volitional conduct occurs when a party engages in "the act constituting infringement." Leonard v. Stemtech Intern. Inc, 834 F. 3d 376 - Court of Appeals, 3rd Circuit 2016 at 386-387.

139.   "[T]o establish vicarious infringement, a plaintiff must prove that the defendant had (1) the right and ability to supervise or control the infringing activity; and (2) a direct

financial interest in such activities", <u>Leonard v. Stemtech Intern. Inc</u>, 834 F. 3d 376 - Court of Appeals, 3rd Circuit 2016 at 388.

140.  The reproduction, distribution, and creation of derivative works from Plaintiffs copyrighted song titled, I GOT IT" constitutes the direct infringement of Plaintiffs' copyrights.

141.  Defendants derive a direct financial benefit from this infringement, including without limitation, revenue sharing and/or royalty payments for each infringing version sold.

142.  Defendants have the right and ability to supervise the activities of those engaged in the infringement, including, without limitation, contractual rights, license agreement(s), and/or other artistic or approval rights.

143.  Defendants' acts of infringement were and continue to be willful, in disregard of, and with indifference to, the rights of Plaintiffs.

144.  It is particularly clear that Defendants' conduct since the date of the Pre-Suit Notice and Demand sent to Defendants, which they ignored, constitutes knowing and willful infringement of Plaintiffs' Statutory Copyright.

145.  As a result of Defendants' acts or omissions as set forth herein, Plaintiffs have suffered and continue to suffer substantial damages to their business including, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, none of which may be fully ascertained at this time.

146.  Defendants have also unlawfully profited from their infringement, constituting actual damages in an amount to be determined at trial.

147.  Accordingly, Defendants are liable to Plaintiffs for vicarious copyright infringement in an amount to be determined at trial but, in no event, less than $5,000,000.

**WHEREFORE**, the Plaintiffs respectfully prays for entry of judgment in their favor, or an order, providing the following relief against Defendants:

1.  A declaration that the Defendants have infringed Plaintiff's "I GOT IT" (Musical Composition) in violation of the Copyright Act;

2.  A declaration that the Defendants have infringed Plaintiff's "I GOT IT" (Sound Recording) in violation of the Copyright Act;

3. A declaration that the Defendants are directly, vicariously, and/or contributorily liable for copyright infringement of Plaintiff's "I GOT IT" (Musical Composition) and "I GOT IT" (Sound Recording);

4. An award of damages under 17 U.S.C. § 504(b), including actual damages and the Defendants' profits to be proven at trial;

5. An award of Plaintiff's attorneys' fees and costs under 17 USC §505;

6. An injunction preventing further infringement of Plaintiff's "I GOT IT" copyrights against Defendants, and any third party that uploaded on YouTube, Social Media Platforms, and streaming websites; and

7. Any other relief this Court finds just and proper.

### FOURTH CAUSE OF ACTION
(Unjust Enrichment)
(YouTube, LLC, Google, LLC, Alphabet Inc.)

148. Under New Jersey law, a claim of unjust enrichment has only two essential elements: (1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable." Wanaque Borough Sewerage Auth. v. West Milford, 144 N.J. 564, 575 (1996) (internal citations omitted).    Under the extra elements test, state law causes of action that incorporate elements beyond those necessary to prove copyright infringement, and "regulate conduct qualitatively different from the conduct governed by copyright law" are not preempted by the Copyright Act.    Hian v. Louis Vuitton Usa Inc., Dist. Court, ED Pennsylvania 2024.

149. Based on the facts described herein, Defendants have become unjustly enriched at the expense of Plaintiffs.

150. It would be against equity and good conscience to permit Defendants to retain the benefits that they have realized at Plaintiffs' expense.

151. As a direct and proximate result of Defendants unjust enrichment, plaintiffs has suffered, and continues to suffer, injury to their reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, actual damages including lost opportunity, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, none of which may be fully ascertained at this time

and other damages in an amount to be determined by the jury and the Court, but no less than $5,000,000.

152. Defendants' actions were fraudulent, malicious and oppressive. Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiffs demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

### FIFTH CAUSE OF ACTION
Defamation per se
Committing Fraud
(YouTube, LLC, Google, LLC, Alphabet Inc.)

153. New Jersey Constitution, Article I, Rights and Privilege, #6: Every person may freely speak, write and publish his sentiments on all subjects, **being responsible for the abuse of that right**.

154. The elements of a defamation are "'(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher.'" Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1114 (N.J. 2009) (quoting DeAngelis v. Hill, 847 A.2d 1261, 1267-68 (N.J. 2004)).

155. Under common law, there are 4 statements that are considered **automatically** defamatory: (1) accusing someone of a serious crime; (2) a false statement that "tends to injure another in his or her trade, business or profession," (3) lying about someone having some "loathsome disease," (4) false statements about a woman's "unchastity." Anything that falls into one of these 4 categories is called "libel per se" or "slander per se."

156. "Where the person defamed is a private party and the statement involves a private matter, the fault element is satisfied by showing that the person communicated the false statement while acting negligently in failing to ascertain the truth or falsity of the

statement before communicating it." Feggans v. Billington, 677 A.2d 771, 775 (N.J. Super. Ct. App. Div. 1996).    In other words, the person failed to take sufficient care to determine the truth of the statement before uttering it.

157.    Each of the libelous and slanderous statements made by Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., was made with knowledge that no investigation supported the unsubstantiated and obviously false statements.    The Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., uttered these statements willingly and knowing them to be false and unsubstantiated by any reasonable investigation.    Even if the Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., states the facts upon which they bases their opinion, if those facts are incorrect, incomplete or recklessly gathered, or if their assessment of them is erroneous the statement may still imply a false assertion of fact, and the opinion or fair comment privilege will not apply.

158.    Not only did Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., have no reasonable basis to believe these statements, but also had no belief in the truth of the statements and in fact knew the statements to be false. The statements by Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., were made with malice, and ill will towards the Plaintiffs, with a design and intent to injure Plaintiffs' good name, reputation, business, employment, and future employment.

159.    Upon information and belief, the Plaintiffs alleges that, unless enjoined and restrained by the Court, the Defendant will republish, repeat and continue to disseminate the false statements and the false accusation of committing fraud and other crimes, all to the continuing injury of the Plaintiffs that such continued republication, repetition and dissemination of the defamatory and offensive falsehoods will cause irreparable harm to the Plaintiffs by damaging their reputation and adversely affecting his employment efforts as well as his personal relationships.

160.    Upon information and belief, the Plaintiffs alleges that they lacks an adequate remedy at law insofar as damages will be very difficult to calculate for such on-going injuries. By reason of the foregoing, the Plaintiffs are entitled to a permanent injunction enjoining and

restraining the Defendant, and any person acting in concert with the Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., from republishing, repeating, distributing or otherwise disseminating the false statements and the false accusations of committing fraud and other crimes, to the extent such are found in this Action to be false.

161.    A plaintiff need not show special or actual damages (e.g., damages to the plaintiff's reputation, property, business, trade, profession or occupation, including expenditures that resulted from the defamation) if the statement is **defamation per se**. Falsely accusing the plaintiff of committing fraud and other serious crimes is slander and libel per se.

162.    Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., acts were willful, wanton, malicious, oppressive and done with conscious disregard and deliberate indifference for Plaintiff's rights.    Defendants' policies, practices, conduct and acts alleged herein have resulted and will continue to result in irreparable injury to the Plaintiffs.

163.    As a direct and proximate cause, Plaintiffs suffered and continues to suffer physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, loss of income, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

**WHEREFORE**, Plaintiffs demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

### SIX CAUSE OF ACTION
Intentional Infliction of Emotional Distress
(YouTube, LLC, Google, LLC, Alphabet Inc.)

164.    Under New Jersey law, to establish a prima facie claim for intentional infliction of emotional distress, a plaintiff must show: "(1) that the defendant intended to cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the actions proximately caused emotional distress; and (4) that plaintiff's emotional distress was severe." Witherspoon v. Rent–A–Center, Inc., 173 F. Supp. 2d 239, 242 (D.N.J. 2001) (citing Buckley v. Trenton Savs. Fund Soc'y, 544 A.2d 857 (N.J. 1988)).

165.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., intentionally defamed and falsely accused Plaintiffs of submitting fraudulent copyright infringement take down request.

166.  After Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., noticed that they falsely accused Plaintiffs of committing a crime of fraud, they quickly reinstated Plaintiff Marc Stephens' YouTube channel after it was permanently terminated.

167.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., intentional ignored Plaintiffs evidence of copyright infringement by Defendants, and intentionally failed to thoroughly conduct an investigation of copyright infringement causing damages to Plaintiffs.

168.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., have a duty of care to protect copyrighted work, and a duty of care to protect Plaintiffs right to privacy, and intentionally concealed Defendants copyright infringement of Plaintiffs song, "I GOT IT".

169.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., Terms of Service agreement states:

> **Terms of Service**: "If you have a YouTube channel, you may be able to upload Content to the Service. You may use your Content to promote your business or artistic enterprise. If you choose to upload Content, you **must not** submit to the Service any Content that does not comply with this Agreement (including the YouTube Community Guidelines) or the law. For example, the Content you submit **must not** include third-party intellectual property (such as copyrighted material) **unless** you have permission from that party or are otherwise legally entitled to do so. You are legally responsible for the Content you submit to the Service. We may **use automated systems** that analyze your Content to help detect infringement and abuse, such as spam, malware, and illegal content."

170.  As a direct and proximate result of Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., failure to comply with the requirements of their Terms of Service Agreement, Plaintiffs has suffered, and continues to suffer, injury to their reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, actual damages including substantial damages to their business, without limitation, diversion of

trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, none of which may be fully ascertained at this time, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

171. Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., actions were fraudulent, malicious and oppressive.   Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiffs demands judgment against Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

**SIX CAUSE OF ACTION**
Negligent Infliction of Emotional Distress
(YouTube, LLC, Google, LLC, Alphabet Inc.)

172. "To prove a claim of negligent infliction of emotional distress, a plaintiff must establish: (1) a duty of care; (2) breach of that duty; (3) causation; and (4) damage in the form of severe emotional distress that was reasonably foreseeable." Jovic v. Legal Sea Foods, LLC, No. 16-1586, 2018 WL 5077900, at *6 (D.N.J. Oct. 18, 2018).   Casciano v. City of Paterson, Dist. Court, D. New Jersey 2024.

173. A duty of care exists when it could reasonably be expected that a person"s actions, or failure to act, might cause injury to another person.

174. Defendants YouTube, LLC and Google, LLC, defamed and falsily accused Plaintiff Marc Stephens of submitting fraudulent copyright infringement take down request, which contained a comparison video of Defendant Chris Brown's song "No Guidance" and Plaintiff Tykeiya's song "I Got It".

175. After Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., noticed that they falsily accused Plaintiffs of committing a crime of fraud, they quickly reinstated Plaintiff Marc Stephens' YouTube channel after it was permanently terminated.

176. Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., ignored Plaintiffs evidence of copyright infringement by Defendants, and was negligent in its investigation of copyright infringement causing damages to Plaintiffs.

177. Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., have a duty of care to protect copyrighted work, and a duty of care to protect consumers right to privacy.

178. Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., Terms of Service agreement states:

> **Terms of Service**: "If you have a YouTube channel, you may be able to upload Content to the Service. You may use your Content to promote your business or artistic enterprise. If you choose to upload Content, you **must not** submit to the Service any Content that does not comply with this Agreement (including the YouTube Community Guidelines) or the law. For example, the Content you submit **must not** include third-party intellectual property (such as copyrighted material) **unless** you have permission from that party or are otherwise legally entitled to do so. You are legally responsible for the Content you submit to the Service. We may **use automated systems** that analyze your Content to help detect infringement and abuse, such as spam, malware, and illegal content."

179. As a direct and proximate result of Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., failure to comply with the requirements of their Terms of Service Agreement, Plaintiffs has suffered, and continues to suffer, injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, actual damages including substantial damages to their business, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, none of which may be fully ascertained at this time, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

180. Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., actions were fraudulent, malicious and oppressive.   Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants YouTube, LLC, Google, LLC, and Alphabet Inc.,

in an amount according to proof at trial, to punish Defendants YouTube, LLC, Google, LLC,

and Alphabet Inc., and deter Defendants and others from engaging in similar future conduct.

      **WHEREFORE**, Plaintiff Stephens demands judgment against Defendants YouTube,

LLC, Google, LLC, and Alphabet Inc., jointly, severally and/or individually for: (a)

compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any

further relief which the Court may deem equitable and just.

**SEVEN CAUSE OF ACTION**
Breach of Contract
(YouTube, LLC, Google, LLC, Alphabet Inc.)

      181.  The elements of a breach of contract claim under New Jersey law are that (1) "a

contract existed between the parties"; (2) the defendant "breached a duty imposed by the

contract," (3) the plaintiff "performed its obligations under the contract," and (4) the plaintiff

"was damaged as a result" of the breach. Lettieri v. Td Bank, Dist. Court, D. New Jersey

2024.

      182.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., willfully ignored

Plaintiffs evidence of copyright infringement by Defendants, and was negligent in its

investigation of copyright infringement causing damages to Plaintiffs.

      183.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., have a duty of

care to protect Plaintiffs' copyrighted work, and a duty of care to protect Plaintiffs' right to

privacy.

      184.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., Terms of Service

agreement states:

> **Terms of Service**: "If you have a YouTube channel, you may be able to upload Content to the Service. You may use your Content to promote your business or artistic enterprise. If you choose to upload Content, you **must not** submit to the Service any Content that does not comply with this Agreement (including the YouTube Community Guidelines) or the law. For example, the Content you submit **must not** include third-party intellectual property (such as copyrighted material) **unless** you have permission from that party or are otherwise legally entitled to do so. You are legally responsible for the Content you submit to the Service. We may **use automated systems** that analyze your Content to help detect infringement and abuse, such as spam, malware, and illegal content."

185. As a direct and proximate result of Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., failure to comply with the requirements of their Terms of Service Agreement, Plaintiffs has suffered, and continues to suffer, injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, actual damages including substantial damages to their business, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, none of which may be fully ascertained at this time, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

186. Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., actions were fraudulent, malicious and oppressive.    Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., in an amount according to proof at trial, to punish Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE,** Plaintiff Stephens demands judgment against Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

### EIGHTH CAUSE OF ACTION
Breach of Fiduciary Duty
(YouTube, LLC, Google, LLC, Alphabet Inc.)

187. To establish a cause of action for a breach of fiduciary duty, a plaintiff must show that "(1) the defendant had a duty to the plaintiff, (2) the duty was breached, (3) injury to plaintiff occurred as a result of the breach, and (4) the defendant caused that injury", Lettieri v. TD BANK, Dist. Court, D. New Jersey 2024.

188. Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., willfully ignored Plaintiffs evidence of copyright infringement by Defendants, and was negligent in its investigation of copyright infringement causing damages to Plaintiffs.

189.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., have a duty of care to protect Plaintiffs' copyrighted work, and a duty of care to protect Plaintiffs' right to privacy.

190.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., Terms of Service agreement states:

> **Terms of Service**: "If you have a YouTube channel, you may be able to upload Content to the Service. You may use your Content to promote your business or artistic enterprise. If you choose to upload Content, you **must not** submit to the Service any Content that does not comply with this Agreement (including the YouTube Community Guidelines) or the law. For example, the Content you submit **must not** include third-party intellectual property (such as copyrighted material) **unless** you have permission from that party or are otherwise legally entitled to do so. You are legally responsible for the Content you submit to the Service. We may **use automated systems** that analyze your Content to help detect infringement and abuse, such as spam, malware, and illegal content."

191.  As a direct and proximate result of Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., failure to comply with the requirements of their Terms of Service Agreement, Plaintiffs has suffered, and continues to suffer, injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, actual damages including substantial damages to their business, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, none of which may be fully ascertained at this time, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

192.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., actions were fraudulent, malicious and oppressive.    Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., in an amount according to proof at trial, to punish Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiff Stephens demands judgment against Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., jointly, severally and/or individually for: (a)

compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

## NINTH CAUSE OF ACTION
Common-Law Fraud
(YouTube, LLC, Google, LLC, Alphabet Inc.)

193.  The burden of proof is on the plaintiff to establish by clear and convincing evidence each of the following elements.    In New Jersey, the elements of common-law fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 691 A.2d 350, 148 N.J. 582, 610 (N.J. 1997); accord Kuzian v. Electrolux Home Prods., Inc., 937 F. Supp. 2d 599, 614-615 (D.N.J. 2013).

194.  The New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1 – 56:8-184 (the "Consumer Fraud Act" or the "NJCFA"), renders it unlawful for any person to "use or employ[] . . . any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation," or to "knowing[ly] conceal[], suppress[], or omi[t] . . . any material fact with intent that others rely upon . . . [that] concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby . . . ." NJCFA § 2, N.J.S.A. § 56:8-2.

195.  To maintain a claim under the Consumer Fraud Act, a private litigant must establish "(1) unlawful conduct by the defendants, (2) an ascertainable loss on the part of the plaintiff, and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss." New Jersey Citizen Action v. Schering-Plough Corp., 842 A.2d 174, 367 N.J. Super. 8, 12-13 (N.J. App. Div. 2003); see also NJCFA § 7, N.J.S.A. § 56:8-19.

196.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., had "actual knowledge of specific acts of infringement" and engaged in "[w]illful blindness of specific facts" and illegal concealment of evidence when they accused Marc Stephens of fraud and deleted Plaintiffs' comparison video, and terminated Stephens YouTube Account.

197. As a direct and proximate result of Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., failure to comply with the requirements of their Terms of Service Agreement, Plaintiffs has suffered, and continues to suffer, injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, actual damages including substantial damages to their business, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, none of which may be fully ascertained at this time, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

198. Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., actions were fraudulent, malicious and oppressive.   Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., in an amount according to proof at trial, to punish Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiffs demands judgment against Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

## TENTH CAUSE OF ACTION
### Contributory Copyright Infringement
(YouTube, LLC, Google, LLC, Alphabet Inc.)

199. To establish a claim of contributory infringement, a plaintiff must show: (1) a third party directly infringed the plaintiff's copyright; (2) the defendant knew that the third party was directly infringing; and (3) the defendant materially contributed to or induced the infringement. Leonard v. Stemtech Intern. Inc, 834 F. 3d 376 - Court of Appeals, 3rd Circuit 2016 at 387.

200. "[I]t is well settled that "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing activity of another, may be held liable as a `contributory' infringer." Gershwin Publishing Corp. v. Columbia Artists

Management, Inc., 443 F.2d 1159, 1162 (2d Cir.1971). An officer or director of a corporation who knowingly participates in the infringement can be held personally liable, jointly and severally, with the corporate defendant". Columbia Pictures Industries v. Redd Horne, 749 F. 2d 154 - Court of Appeals, 3rd Circuit 1984.   "[o]ne who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 US 913 - Supreme Court 2005 at 919.

201.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., had "actual knowledge of specific acts of infringement" and engaged in "[w]illful blindness of specific facts" and illegal concealment of evidence when they accused Marc Stephens of fraud and deleted Plaintiffs' comparison video, and terminated Stephens YouTube Account.

202.  "Infringement is considered willful when ... (1) the defendant knew that those acts infringed plaintiffs' copyrights; or, (2) the defendant should have known that those acts infringed plaintiffs' copyright; or, (3) the defendant engaged in conduct that was reckless or demonstrated a reckless disregard for plaintiffs' copyrights." Erickson Productions, Inc. v. Kast, 921 F. 3d 822 - Court of Appeals, 9th Circuit 2019 833.

203.  As a direct and proximate result of Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., failure to comply with the requirements of their Terms of Service Agreement, Plaintiffs has suffered, and continues to suffer, injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, actual damages including substantial damages to their business, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, none of which may be fully ascertained at this time, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

204.  Defendants YouTube, LLC, Google, LLC, and Alphabet Inc., actions were fraudulent, malicious and oppressive.   Plaintiff is thus entitled to and herein seeks punitive

and exemplary damages from Defendants YouTube, LLC, Google, LLC, and Alphabet Inc.,

in an amount according to proof at trial, to punish Defendants YouTube, LLC, Google, LLC,

and Alphabet Inc., and deter Defendants and others from engaging in similar future conduct.

   **WHEREFORE,** Plaintiff Stephens demands judgment against Defendants YouTube,

LLC, Google, LLC, and Alphabet Inc., jointly, severally and/or individually for: (a)

compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any

further relief which the Court may deem equitable and just.

### ELEVENTH CAUSE OF ACTION
Conversion
(YouTube, LLC, Google, LLC, Alphabet Inc.)

   205.  The required elements of common law conversion are "(1) the existence of

property, (2) the right to immediate possession thereof belonging to [the] plaintiff, and (3) the

wrongful interference with that right by [the] defendant." "a conversion would not occur until

there was an unauthorized act of dominion over the property to the exclusion of the other

person's rights."

   206.  Plaintiffs sent a copyright infringement take down notice to Defendents

YouTube, LLC, Google, LLC, and Alphabet Inc., regarding the unauthorized use of their

copyright by Defendants Chris Brown, et al.   Plaintiffs forward all requested information to

Defendents YouTube, LLC, Google, LLC, and Alphabet Inc., which included a copy of

Plaintiffs registered copyright, and video links to Defendants Chris Brown video uploaded to

YouTube, and a comparison video created by Plaintiffs showing the 'side by side'

comparison of the songs.   Instead of taking down the Defenants Chris Brown infringing

video, Defendents YouTube, LLC, Google, LLC, and Alphabet Inc., immediately accused

Plaintiffs of committing fraud and abuse of YouTube's take down process.   Defendents

YouTube, LLC, Google, LLC, and Alphabet Inc., willfully shutdown Plaintiffs Marc

Stephens' YouTube account, which contained the video comparison, and then terminated

Plaintiff Marc Stephens from YouTube entirely.   The Defendents YouTube, LLC, Google,

LLC, and Alphabet Inc., are fully aware that if they honored Plaintiffs take down request of

Defendants Chris Brown videos that they would lose out on Advertising Revenue.   So, the Defendents YouTube, LLC, Google, LLC, and Alphabet Inc., willfully engaged in fraud by covering up and destroying all evidence related to Defendant Chris Brown's copyright infringement.

207.   Defendents YouTube, LLC, Google, LLC, and Alphabet Inc., willfully engaged in fraudulent or wrongful conduct against the Plaintiffs.   Defendents YouTube, LLC, Google, LLC, and Alphabet Inc., are intentionally interfering with Plaintiffs' registered copyright, which is a property rights, protected by common law, state, federal, and U.S. Constitutional law.   The Defendents YouTube, LLC, Google, LLC, and Alphabet Inc., willfully converted Plaintiffs' ad revenue, intellectual property rights, and copyrights to Defendants by covering up Defendants' copyright infringement on YouTube.

208.   Defendents YouTube, LLC, Google, LLC, and Alphabet Inc., unofficial slogan is "Don't be evil".   In October 2015, a related motto was adopted in the Alphabet corporate code of conduct by the phrase: "Do the right thing".   In this instance, the Defendents YouTube, LLC, Google, LLC, and Alphabet Inc., acts were "evil" and the Defendants willfully did not "Do the right thing" by covering up and intentionally ignoring Plaintiffs' valid registered copyright.

209.   As a direct and proximate result of Defendents YouTube, LLC, Google, LLC, and Alphabet Inc., failure to comply with the requirements of their Terms of Service Agreement, Plaintiffs has suffered, and continues to suffer, injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, actual damages including substantial damages to their business, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, none of which may be fully ascertained at this time, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

210.   Defendents YouTube, LLC, Google, LLC, and Alphabet Inc., actions were fraudulent, malicious and oppressive.   Plaintiffs are thus entitled to and herein seeks

punitive and exemplary damages from Defendents YouTube, LLC, Google, LLC, and Alphabet Inc.,, in an amount according to proof at trial, to punish Defendents YouTube, LLC, Google, LLC, and Alphabet Inc., and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiffs demands judgment against Defendents YouTube, LLC, Google, LLC, and Alphabet Inc., jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

## JURY DEMAND

Plaintiffs hereby demands trial by jury on all issues against All Defendants

## CERTIFICATION PURSUANT TO R 4:5-1

Plaintiffs hereby certify that the matter in controversy is not the subject of any other action, pending in any court or of a pending arbitration proceeding, nor is any such action or arbitration proceeding presently contemplated.

Ss// Tykeiya Dore
Tykeiya Dore pka "Tykeiya"
Plaintiff, pro se

Ss// Marc A. Stephens
Marc A. Stephens
Plaintiff, pro se