<div align="center">

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| TYKEIYA DORE, MARC A. STEPHENS, Plaintiffs, | CASE NO. |
| v. | PLAINTIFFS EXHIBITS **U.S. COPYRIGHT INFRINGEMENT COMPLAINT, DEFAMATION OF CHARACTER AND TRIAL BY JURY DEMAND** |
| CHRIS BROWN ENTERTAINMENT, LLC d/b/a CHRISOPHER BROWN ENTERTAINMENT, LLC, CHRISTOPHER MAURICE BROWN a/k/a CHRIS BROWN, AUBREY DRAKE GRAHAM a/k/a DRAKE, ANDERSON HERNANDEZ a/k/a VINYLZ, JOSHUA LOUIS HUIZAR a/k/a J-LOUIS, TRAVIS DARELLE WALTON a/k/a TEDDY WALTON, NIJA CHARLES a/k/a NIJA, TYLER BRYANT a/k/a VELOUS, MICHEE PATRICK LEBRUN a/k/a CHE ECRU, NOAH SHEBIB a/k/a 40, J-LOUIS PRODUCTIONS, LLC d/b/a JLOUISMUSIC, CULTURE BEYOND UR EXPERIENCE, SONGS OF UNIVERSAL, INC., AMNIJA, LLC d/b/a SONGS OF AMNIJA, 1DAMENTIONAL PUBLISHING, LLC, MAVOR & MOSES PUBLISHING, LLC d/b/a RONCESVALLES MUSIC PUBLISHING, SONY/ATV SONGS LLC, VINYLZ MUSIC GROUP LLC, and SONY MUSIC ENTERTAINMENT d/b/a RCA RECORDS, GOOGLE, LLC, YOUTUBE, LLC, ALPHABET, INC. Defendants |  |

<div align="center">

# EXHIBITS

</div>

EXHIBIT 1 - Plaintiff U.S. Copyright Office registration PA0002204357.................... a1-2
EXHIBIT 2 - Comparison video "I GOT IT" and "NO GUIDANCE"...........................a3
EXHIBIT 3 - NO GUIDANCE" uploaded to Defendant YouTube, LLC.....…...........a4
EXHIBIT 4 - First Defendants' Copyright........................................................................ a5
EXHIBIT 5 - Second Defendants' Copyright.................................................................a6-7
EXHIBIT 6 - "Layman" commentors on Comparison video............................................a8
EXHIBIT 7 - "Yo! Tell that nigga YOU GOT IT" transcript.................…..................... a9
EXHIBIT 8 - May 29, 2024, Plaintiffs copyright infringement cease and desist........... a10-11
EXHIBIT 9 - Sony responded to Plaintiffs copyright infringement cease and desist.....a12-13
EXHIBIT 10 - June 17, 2024, Plaintiffs second notice of copyright infringement........a14
EXHIBIT 11 - August 28, 2024, Plaintiffs final notice of copyright infringement........ a15-16
EXHIBIT 12 - May 29, 2024, YouTube delete Marc Stephens YouTube account......a17-18
EXHIBIT 13 - June 2, 2024, Plaintiff Marc Stephens filed an appeal......….................. a19

EXHIBIT 14 - June 3, 2024, YouTube terminated Stephens account ............................ a20
EXHIBIT 15 - YouTube email denying Plaintiffs appeal............................................... a21
EXHIBIT 16 - June 4, 2024, Plaintiffs sent another Appeal.......................................... a22
EXHIBIT 17 - Chris Brown lawyer responded to Plaintiffs take down request............. a23-32
EXHIBIT 18 - YouTube defamed Plaintiff Marc Stephens again................................ a33
EXHIBIT 19 - July 1, 2024, Plaintiffs email to the Defendants regarding coverup..... a34
EXHIBIT 20 - July 1, 2024, Chris Brown's lawyer respond to coverup.................. a35-36
EXHIBIT 21 - July 1, 2024, Plaintiffs reply to Defendants response to take down......a37-42
EXHIBIT 22 - Plaintiffs filed a third time and Appeal was declined again...............a43
EXHIBIT 23 - July 3, 2024, YouTube **reinstate** Stephens YouTube account........... a44
EXHIBIT 24 - July 8, 2024, Plaintiffs sent 3 Request to Settle Infringement............a45-50
EXHIBIT 25 - Article "Chris Brown Settles 'Privacy' Copyright Suit"..................a51
EXHIBIT 26 - No Guidance - received over 1 billion streams on Spotify............... a52

**EXHIBIT 1 - 26, Attached hereto are true and correct copies. Under penalty of perjury, Plaintiffs Tykeiya Dore and Marc Stephens hereby certify that the foregoing statements made are true.    Plaintiffs are aware that if any of the foregoing statements made are willfully false, Plaintiffs are subject to punishment.**

Respectfully Submitted,

Ss// Tykeiya Dore
Tykeiya Dore pka "Tykeiya"
Plaintiff, pro se


S// Marc Stephens
Marc A. Stephens
Plaintiff, Pro se
201-598-6268

# EXHIBIT 1

Home / Detailed Record View

| Keyword | | Q |

Advanced Search

Share ➤

## Detailed Record View
## Registration record PA0002204357

Copyright Catalog

I GOT IT.

Actions ∨

| | |
|---|---|
| Registration Number / Date | PA0002204357 / 2019-07-13 |
| Type of Work | Music |
| Title | I GOT IT, |
| Application Title | TYKEIYA I GOT IT. |
| Date of Creation | 2015 |
| Date of Publication | 2016-08-16 |
| Copyright Claimant | Tykeiya Dore. Address: 1428 Webster Ave Apt 13 C, Bronx, NY, 10456. |
| Authorship on Application | Tykeiya Dore; Domicile: United States; Citizenship: United States. Authorship: Musical Work (with or without lyrics) |



# EXHIBIT 2







**Copyright Infringement Comparison - Tykeiya "I got it" vs Chris Brown "No Guidance" (you got it)**

Marc Stephens

Subscribe

625 views 3 months ago

a3

# EXHIBIT 3



**Chris Brown - No Guidance (Official Video) ft. Drake**

# EXHIBIT 4

5/10/24, 3:24 PM    No Guidance / by Chris Brown feat. Drake (#G010004109729Z)  Detailed Record View | U.S. Copyright Public Records System

Home / Search / Detailed Record View

| Keyword | Chris Brown - No Guidance | 🔍 |

Advanced Search

Share ➦

## Detailed Record View
## Registration record SR0000849072

Copyright Catalog
Displaying 1 of 50000 entries

◄ Previous   [ Next ► ]

## No Guidance / by Chris Brown feat. Drake (#G010004109729Z)   [ Actions ∨ ]

| | |
|---:|:---|
| **Registration Number / Date** | SR0000849072 / 2019-06-19 |
| **Type of Work** | Sound Recording |
| **Title** | No Guidance / by Chris Brown feat. Drake (#G010004109729Z) . |
| **Application Title** | No Guidance / by Chris Brown feat. Drake (#G010004109729Z) . |
| **Date of Creation** | 2019 |
| **Date of Publication** | 2019-06-08 |
| **Copyright Claimant** | Christopher Brown Entertainment, LLC. Address: C/O Grubman, Shire, Meiselas + Sacks, P.C., 152 West 57th Street, New York, NY, 10019, United States. |

# EXHIBIT 5

9/13/24, 9:52 PM                              No Guidance, Detailed Record View | U.S. Copyright Public Records System

≡

Home / Detailed Record View

| Keyword | | 🔍 |

Advanced Search

Share ↪

## Detailed Record View
Registration record PA0002238283.
Copyright Catalog

### No Guidance.

Actions ⌄

| | |
|---|---|
| **Registration Number / Date** | PA0002238283 / 2020-05-05 |
| **Type of Work** | Music |
| **Title** | No Guidance |
| **Application Title** | No Guidance |
| **Appears In** | Indigo [sound recording] by Chris Brown, no. d [gital], 11/18/2019 |
| **Date of Creation** | 2019 |
| **Date of Publication** | 2019-10-04 |
| **Copyright Claimant** | By license, Transfer: By written agreement. Address: c/o WC Music Corp., 777 S. Santa Fe Ave., Los Angeles, CA, 90021. |
| | Culture Beyond UR Experience. Transfer: By written agreement. Address: not known, city not known. |
| | Songs Of Universal. Transfer: By written agreement. Address: street not known, city not known. |
| | Singer of America. Transfer: By written agreement. Address: street not known, city not known. |
| | IGeover ham, Publishing. Transfer: By written agreement. Address: street not known, city not known. |
| | Rondeswhoa Music Publishing. Transfer: By written agreement. Address: street not known, city not known. |
| | Sony/ATV Songs. Transfer: By written agreement. Address: street not known, city not known. |
| | Virgil Music Group. Transfer: By written agreement. Address: street not known, city not known. |
| **Authorship on Application** | J Louis, pseud. of Joshua Louis Huizar (author of pseudonymous work). Domicile: United States; Citizenship: United States. Authorship: music, lyrics. |
| | Drake, pseud. of Aubrey Graham Drake (author of pseudonymous work). Domicile: United States; Citizenship: United States. Authorship: music, lyrics. |
| | Christopher Maurice Brown; Domicile: United States; Citizenship: United States. Authorship: music, lyrics. |
| | Tyler Bryant; Domicile: United States; Citizenship: United States. Authorship: music, lyrics. |
| | Nija Charles; Domicile: United States; Citizenship: United States. Authorship: music, lyrics. |
| | Anderson. Domicile: United States; Citizenship: United States. Authorship: music, lyrics. |

a6

6/13/24, 9:52 PM                                    No Guidance, Detailed Record View | U.S. Copyright Public Records System

M ghee Patrick Lebrun; Domicile: United States; Citizenship: United States; Authorship: music, lyrics.

Teddy Walton; Domicile: United States; Citizenship: United States; Authorship: music, lyrics.

**Description** Electronic file (eService)

**Nation of First Publication** United States

**Names** Balzer, Joshua Louis
Louis, pseud
Drake, Aubrey Graham
Drake, pseud.
Brown, Christopher Maurice
Bryant, Dwar
Charlos R ja
Hernandez, Anderson
Lebrun, Michee Patrick
Walton, Teddy
louismusic
Culture Beyond UR Experience
Songs Of Universal
Songs of Amrila
Int'mational Publishing
Roncesvalles Music Publishing
Sony/ATV Songs
Winyz Music Group

U.S. Copyright Office

# EXHIBIT 6

@ooteidi 2 months ago 85 subscribers
Yes they do

@JessinPineda-dtlc 3 months ago
Its tooooo similar to be a coincidence!! Copyright infringement

@lisakamladwen 2 months ago It's totall stolen
Wow its so

@itschamisha 2 months ago
So see how people do this to up and coming artist

@simonmoody0969 2 months ago no subscibers
Were they in the studio after Tykelia released the song cus its exactly the same 😂 😂 😂.

@ooterossie 3 months ago 19 subscibers
Wow I would pursue a lawsuit too. It's definitely giving No Guidance sampled it.

@MB_Nexus 2 months ago  1 subscriber
They sound exactly alike 😳 I think they did steal it

@chellamariana4010 1 month ago
People need to co this themshit and stop stealing others shit.  If you dont be creative and do your own you have no telent and don't to be in the entertainment business

@chismara-mlo49842 2 months ago
These sound the same  the beat AND the words

@Corbangaron 2 months ago  subscriber
Welp im telln a speak a apace music industry always choosing low hanging fruit for their large sucesses

@Shhie Mollingsin 2 months ago
They took my cousin song it clearly sounds the same. They need to pay her.

@bbholinge8810 2 months ago
Wow smh

1 reply

# EXHIBIT 7



# EXHIBIT 8

 Gmail

Marc A. Stephens <marcanthonystephens1@gmail.com>

## FIRST NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown
1 message

Marc A. Stephens <marcanthonystephens1@gmail.com>                     Wed, May 29, 2024 at 12:06 AM
To: copyright@ynul.be com, copyright.agent@sonymusic.com, info@sonymusicpub.com
Bcc: Marcstephens <marcsstephens3@gmail.com>

CHRIS BROWN ENTERTAINMENT, LLC d/b/a CHRISTOPHER BROWN ENTERTAINMENT, LLC, CHRISTOPHER
MAURICE BROWN a/k/a CHRIS
BROWN, AUBREY DRAKE GRAHAM a/k/a DRAKE, ANDERSON HERNANDEZ a/k/a VINYLZ, JOSHUA LOUIS HUIZAR
a/k/a J-LOUIS, TRAVIS DARELLE WALTON a/k/a TEDDY WALTON, NIJA CHARLES a/k/a NIJA, TYLER BRYANT a/k/a
VELOUS, MICHEE PATRICK LEBRUN a/k/a CHE ECRU, NOAH SHEBIB a/k/a 40, J-LOUIS PRODUCTIONS, LLC d/b/a
JLOUISMUSIC, CULTURE BEYOND UR EXPERIENCE, SONGS OF UNIVERSAL, INC., AMNIJA, LLC d/b/ SONGS OF
AMNIJA, 1DAMENTIONAL PUBLISHING, LLC, MAVOR & MOSES PUBLISHING, LLC d/b/a RONCESVALLES MUSIC
PUBLISHING, SONY/ATV SONGS LLC,
VINYLZ MUSIC GROUP LLC, and SONY MUSIC ENTERTAINMENT d/b/a RCA RECORDS, and YOUTUBE, LLC., et al

I would like to inform you that your song titled below is infringing upon my client's copyrighted work titled, "I GOT IT", filed
with the U.S. Copyright Office registration PA0002204357, effective date of registration 7/13/2019; Date of Publication
8/16/2016, Date Uploaded to YouTube: 3/8/2017, https://www.youtube.com/watch?v=UgAqJENPdrY, Date of Creation
under Common Law 2015, by Tykeiya Dore pka 'Tykeiya'., The Song "I GOT IT" was also featured in 'Tho CODE -
Episode 3', uploaded to YouTube on 7/8/2017: see timestamp of song at 9:22 mins - 10:11,
https://youtu.be/KZhGqp1YyB6?t=559.
------------------------------------
1. Infringing song: Chris Brown - No Guidance ft. Drake (You Got It)
2. Album: Indigo
3. Performed by: Chris Brown and Drake
4. Recorded: August 2018 - May 2019
5. Date of Publication: June 8, 2019
6. Registration Date: June 10, 2019
7. Date Released: June 28, 2019
8. Uploaded to YouTube: July 26, 2019
9. Song on YouTube: https://www.youtube.com/watch?v=6I_k74ROLag
10. Writers: Brown, Aubrey Graham, Travis Walton, Nija Charles, Tyler Bryant
11. Video Comparison: https://www.youtube.com/watch?v=LopGWl2ISE

### THE CHORUS
The chorus of the song 'NO GUIDANCE' is a continuous use of the word 'YOU GOT IT', which uses the same chord
progressions, tempo, pitch, key, melody, harmony, rhythm, structure, phrasing, and lyrics as my client's song "I GOT IT".
With all songs, 99.99% of the time, the chorus is the title of the song. Your clients intentionally 'masked' the unlawful use
of the title of my client's song and chorus "I GOT IT", by using the title 'No Guidance', which is mentioned nowhere in the
chorus, and they changed 'I got it' to 'You got it'.

### ACCESS
The writers and producers of the song 'No Guidance' obtained access and were in possession of my client's song "I GOT
IT", which we have proof because the same videographers/producers worked on "I GOT IT" and 'No Guidance'. "[T]here
is a "striking similarity" between works to support an inference of access, see Three Boys Music., 212 F.3d at 485 (holding
that in absence of any proof of access, copyright plaintiff can still make out case of infringement by showing that songs
were 'strikingly similar'); see also Loomis v. Cornish, 836 F.3d 991, 995 (9th Cir. 2016) ("Where there is no direct
evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events
linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely
disseminated.")

### DERIVATIVE OR DUPLICATE
Your song "No Guidance" is a derivative, or fundamental duplicate, of my client's work, and you were never authorized to
use the common law or copyrighted work.

### SUBSTANTIALLY SIMILAR

Your clients obtained the idea to make the chorus "You Got It" from the beginning of my client's video where a female states, "Yo! Tell that nigga YOU GOT IT". This intentional masking of the title made it hard to find the copyright infringement. The musical composition and sound recording of "I GOT IT" and the chorus in your client's song "No Guidance - YOU GOT IT", is a taking of a substantial nature, are substantially similar, not a parody, not fair use, not a de minimis use, and is easily recognizable as having been appropriated from the common law and copyrighted work. "[A]ccordingly, such taking is capable of rising to the level of a copyright infringement". Elsmere Music, Inc. v. National Broadcasting Co., 482 F. Supp. 741 - Dist. Court, SD New York 1980 at 744.

**CEASE AND DESIST**

I respectfully request that you immediately cease and desist in using, selling, or distributing any copies of my client's work under copyright, and common law.

Please respond within five (5) days. Under Copyright 17 U.S. Code § 504 - Remedies for infringement: Damages and profits, you may be responsible for damages to a sum of $150,000, or more. We will pursue cause of actions for Unfair competition by appropriation, Unjust enrichment, Common law fraud, Common Law Trademark Infringement, Copyright Infringement, Vicarious Copyright Infringement, Contributory Copyright Infringement, Demand for Accounting, and Injunctive relief.

I HAVE A GOOD FAITH BELIEF THAT THE USE OF THE MATERIAL IN THE MANNER COMPLAINED OF IS NOT AUTHORIZED BY THE COPYRIGHT OWNER, ITS AGENT, OR THE LAW. I STATE THAT THE INFORMATION IN THE NOTIFICATION IS ACCURATE, AND UNDER PENALTY OF PERJURY, THAT THE COMPLAINING PARTY IS THE COPYRIGHT OWNER OR AUTHORIZED TO ACT ON BEHALF OF THE OWNER OF AN EXCLUSIVE RIGHT UNDER COPYRIGHT THAT IS ALLEGEDLY INFRINGED. I ACKNOWLEDGE THAT UNDER SECTION 512(F) ANY PERSON WHO KNOWINGLY MATERIALLY MISREPRESENTS THAT MATERIAL OR ACTIVITY IS INFRINGING MAY BE SUBJECT TO LIABILITY FOR DAMAGES. I AM THE OWNER, OR AN AGENT AUTHORIZED TO ACT ON BEHALF OF THE OWNER, OF AN EXCLUSIVE RIGHT THAT IS ALLEGEDLY INFRINGED.

Thank you for your time and assistance.

Sincerely,

Marc A. Stephens
122 East 42nd Street
4th Floor, Suite #1013
New York, NY 10168
Phone  212-381-1973
Attorney in Fact for Tykeiya Dora pka "Tykeiya"

# EXHIBIT 9

 Gmail            Marc A. Stephens <marcanthonystephens1@gmail.com>

## Re: FIRST NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown

1 message

Marc A. Stephens <marcanthonystephens1@gmail.com>          Fri, May 31, 2024 at 6:29 PM
To: "Genovese, Chiara, Sony Music" <chiara.genovese@sonymusic.com>
Cc: "Herman, Heidi, RCA Records" <Heidi.Herman@rcarecords.com>

Hello Chiara,

Thanks for responding.  Enjoy your weekend.

Regards,

Marc

On Fri, May 31, 2024 at 10:54 AM Genovese, Chiara, Sony Music <chiara.genovese@sonymusic.com> wrote:

Hi Marc,

The below email was forwarded to me for handling.

Please be advised that we have provided a copy of your email to Chris Brown ("Artist") and his representatives. Sony Music Entertainment ("SME") and RCA Records expects Artist (or his representative(s)) to reach out to you to discuss the allegations set forth in your email. Should you fail to hear from Artist in the next few weeks, please let me know.

This correspondence is not intended to be a complete statement of the facts or law applicable to this matter, or of the allegations set forth in your email, and nothing omitted herefrom shall be deemed to constitute a waiver of SME's or RCA Records's rights, remedies and defenses, all of which are hereby expressly reserved.

Yours,

Chiara Genovese

Senior Director, Business & Legal Affairs

Litigation & Employment

Sony Music Entertainment

25 Madison Avenue, 22nd Fl.

New York  NY  10010-8601

chiara.genovese@sonymusic.com

6/14/24, 6:52 AM                    Gmail - Re: FIRST NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown



**SONY MUSIC**

**CONFIDENTIAL**

This e-mail transmission, and any documents, files or prior e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender immediately and destroy the original transmission and its attachments without reading or saving in any manner.

**From:** Marc A. Stephens <marcanthonystephens1@gmail.com>
**Sent:** Wednesday, May 29, 2024 12:07 AM
**To:** copyright@youtube.com; Agent, Copyright; Sony Music <copyright.agent@sonymusic.com>; info@sonymusicpub.com
**Subject:** FIRST NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown

You don't often get email from marcanthonystephens1@gmail.com. Learn why this is important

**EXTERNAL SENDER**

CHRIS BROWN ENTERTAINMENT, LLC d/b/a CHRISTOPHER BROWN ENTERTAINMENT, LLC, CHRISTOPHER MAURICE BROWN a/k/a CHRIS
BROWN, AUBREY DRAKE GRAHAM a/k/a DRAKE, ANDERSON HERNANDEZ a/k/a VINYLZ, JOSHUA LOUIS HUIZAR a/k/a J-LOUIS, TRAVIS DARELLE WALTON a/k/a TEDDY WALTON, NIJA CHARLES a/k/a NIJA, TYLER BRYANT a/k/a VELOUS, MICHEE PATRICK LEBRUN a/k/a CHE ECRU, NOAH SHEBIB a/k/a 40, J-LOUIS PRODUCTIONS, LLC d/b/a JLOUISMUSIC, CULTURE BEYOND UR EXPERIENCE, SONGS OF UNIVERSAL, INC., AMNIJA, LLC d/b/ SONGS OF AMNIJA, 1DAMENTIONAL PUBLISHING, LLC, MAVOR & MOSES PUBLISHING, LLC d/b/a RONCESVALLES MUSIC PUBLISHING, SONYATV SONGS LLC,
VINYLZ MUSIC GROUP LLC, and SONY MUSIC ENTERTAINMENT d/b/a RCA RECORDS, and YOUTUBE, LLC., et al

I would like to inform you that your song titled below is infringing upon my client's copyrighted work titled, **"I GOT IT"**, filed with the U.S. Copyright Office registration PA0002204357, effective date of registration 7/13/2019; Date of Publication 8/16/2018, Date Uploaded to YouTube  3/6/2017, https://www.youtube.com/watch?v=UgAgTENP6rY, Date of Creation under Common Law 2015, by Tykelya Dore pka "Tykelya". The song "I GOT IT" was also featured in "The CODE - Episode 3", uploaded to YouTube on 7/6/2017, see timestamp of song at 8:22 mins -38:11, https://youtu.be/KZhGng1YyB8?t=558.
--------------------------------------------
1. **Infringing song:** Chris Brown - No Guidance ft. Drake (You Got It)
2. **Album:** Indigo
3. **Performed by:** Chris Brown and Drake
4. **Recorded:** August 2018–May 2019
5. **Date of Publication:** June 8, 2019
6. **Registration Date:** June 19, 2019
7. **Date Released:** June 28, 2019
8. **Uploaded to YouTube:** July 26, 2019

a13

# EXHIBIT 10

# M Gmail

Marc A. Stephens <marcanthonystephens1@gmail.com>

## RE: SECOND NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown
1 message

Genovese, Chiara, Sony Music <chiara.genovese@sonymusic.com>                    Mon, Jun 17, 2024 at 6:56 PM
To: "Marc A. Stephens" <marcanthonystephens1@gmail.com>
Cc: "Herman, Heidi, RCA Records" <Heidi.Herman@rcarecords.com>, "copyright@youtube.com" <copyright@youtube.com>

Hi Marc,

Thank you for letting me know, I will connect with them as they did tell us that they would reach out to you.

All rights remain reserved.

Thanks,

Chiara

From: Marc A. Stephens <marcanthonystephens1@gmail.com>
Sent: Monday, June 17, 2024 6:54 PM
To: Genovese, Chiara, Sony Music <chiara.genovese@sonymusic.com>
Cc: Herman, Heidi, RCA Records <Heidi.Herman@rcarecords.com>; copyright@youtube.com
Subject: SECOND NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown


You don't often get email from marcanthonystephens1@gmail.com. Learn why this is important

EXTERNAL SENDER

Hello Chiara,

I'm following up regarding the alleged copyright infringement involving Chris Brown song "No Guidance". I have not heard from Chris Brown or his lawyers.

Thanks,

--

Marc A. Stephens

# EXHIBIT 11

5/14/24, 8:55 AM                    Gmail - FINAL NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown

 Gmail                                        Marc A. Stephens <marcanthonystephens1@gmail.com>

## FINAL NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown
1 message

Marc A. Stephens <marcanthonystephens1@gmail.com>                        Wed, Aug 28, 2024 at 9:44 AM
To: YouTube Copyright <youtube-disputes+3pj4indmq3x0hg0q@google.com>, copyright@youtube.com
Cc: "Sammataro, James" <JSammataro@pryorcashman.com>, "Harman, Heidi, RCA Records"
<Heidi.Harman@rcarecords.com>, "Genovese, Chiara, Sony Music" <chiara.genovese@sonymusic.com>, "Suarez, Kandice"
<KSuarez@pryorcashman.com>

To YouTube/Google,

This is our **Final Notice** regarding the takedown request for the YouTube video titled **"NO GUIDANCE"** by Chris Brown,
which is clearly infringing on the copyright of the song **"I GOT IT"**, by claimant Tykeiya. If the video is not taken down
immediately, a Federal Civil Lawsuit will be filed immediately against both YouTube, et al. and Chris Brown, et al.

1.  We Provided YouTube with the **registered copyright** filed with the U.S. Copyright Office registration PA0002204357,
    effective date of registration 7/13/2019; Date of Publication 8/16/2016, Date of Creation under Common Law 2015; by
    Tykeiya Dore pka "Tykeiya", **see attached.**

2.  We provided YouTube with a **video of Claimant Tykeiya's song** "I GOT IT".

    * Date Uploaded to YouTube: 3/8/2017
    * https://www.youtube.com/watch?v=UgAqTENP8rY

3.  We provided YouTube with information that the song "I GOT IT" was also featured in "The CODE - Episode 3",

    * Date uploaded to YouTube on 7/8/2017
    * see timestamp of song at 0:22 mins -10:11
    * https://youtu.be/KZnGng1Yy88?t=569.

4.  We provided YouTube with a **video of the infringing song, "NO GUIDANCE"** (YOU GOT IT)

    * Date Uploaded to YouTube: July 28, 2019
    * https://www.youtube.com/watch?v=6L_k74BOLqg

5.  We provided YouTube with a **Video Comparison:**

    * https://www.youtube.com/watch?v=iLcpGWU2lSE

**YOUTUBE IS VICARIOUSLY LIABLE FOR COPYRIGHT INFRINGEMENT
DUE TO REFUSING TO TAKEDOWN THE RESPONDENT CHRIS BROWN'S
VIDEOS "NO GUIDANCE" THAT IS ALLEGEDLY INFRINGING ON CLAIMANT
TYKEIYA'S SONG "I GOT IT"**

YouTube accused Marc Stephens of committing "fraud" when Stephens submitted a
copyright takedown notice, and shutdown Stephens' YouTube account which contained a
comparison video of Respondent Chris Brown's song "No Guidance" and Claimant
Tykeiya's song "I Got It". YouTube refuses to takedown the infringing song. "[T]he landmark case on vicarious liability for
infringing copyrighted musical recordings is Shapiro, Bernstein & Co. v. H. L. Green Co., 316 F.2d 304 (2d Cir. 1963).
There a department store was held accountable for the infringing sale of "bootleg" records by a concessionaire operating
in its stores. Id. at 307-308. The store retained the ultimate right to supervise the concessionaire and its employees;
demonstrating its control over the infringement. And the store received a percentage of every record sale, "whether
'bootleg' or legitimate," giving it "a most definite financial interest" in the infringing sales".

**I HAVE A GOOD FAITH BELIEF THAT THE USE OF THE MATERIAL IN THE MANNER COMPLAINED OF IS NOT
AUTHORIZED BY THE COPYRIGHT OWNER, ITS AGENT, OR THE LAW. I STATE THAT THE INFORMATION IN THE
NOTIFICATION IS ACCURATE, AND UNDER PENALTY OF PERJURY, THAT THE COMPLAINING PARTY IS THE
COPYRIGHT OWNER OR AUTHORIZED TO ACT ON BEHALF OF THE OWNER OF AN EXCLUSIVE RIGHT UNDER**

a15

COPYRIGHT THAT IS ALLEGEDLY INFRINGED. I ACKNOWLEDGE THAT UNDER SECTION 512(F) ANY PERSON WHO KNOWINGLY MATERIALLY MISREPRESENTS THAT MATERIAL OR ACTIVITY IS INFRINGING MAY BE SUBJECT TO LIABILITY FOR DAMAGES. I AM THE OWNER, OR AN AGENT AUTHORIZED TO ACT ON BEHALF OF THE OWNER, OF AN EXCLUSIVE RIGHT THAT IS ALLEGEDLY INFRINGED.

Thank you for your time and assistance,

Sincerely,

Marc A. Stephens
122 East 42rd Street
4th Floor, Suite #1010
New York, NY 10168
Phone 212-381-1973
Attorney in Fact for Tykeiya Dore fka "Tykeiya"

---

I GOT IT. Detailed Record View _ U.S. Copyright Public Records System.pdf
103K

# EXHIBIT 12

 Gmail                                        Marc A. Stephens <marcanthonystephens1@gmail.com>

## Marc A. Stephens, we have removed your channel from YouTube
1 message

YouTube <no-reply@youtube.com>                                          Sun, Jun 2, 2024 at 2:25 AM
Reply-To: YouTube <no-reply@youtube.com>
To: marcanthonystephens1@gmail.com



Hi Marc A. Stephens,

Our team has reviewed your activity and found your channel is in violation of
YouTube's Terms of Service. As a result, your YouTube channel has been
terminated. We are concerned that some of the information within your legal
request may be fraudulent. Please understand that YouTube receives a large
number of fraudulent copyright takedown requests, and we take abuse of
that process very seriously.

## How this affects your channel

We have permanently terminated your channel from YouTube. Going forward,
you won't be able to access, possess, or create any other YouTube channels.

## What you can do next

- Learn more about channel terminations and how we enforce our Terms
  of Service.

- If you still believe your copyright complaint is valid and would like to
  appeal, check the email we sent in response to your takedown request for
  appeal options.

- Learn about your resolution options.

Thanks,
The YouTube team

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2024 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

https://mail.google.com/mail/u/0?ik=3d38a84d274&view=pt&search=all&permthid=thread-f:1800728540230387486%7Cmsg-f:1800728540230387486...    1/2

a17

6/14/24, 8:51 AM                    Gmail - FIRST NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown

 Gmail                                    Marc A. Stephens <marcanthonystephens1@gmail.com>

## FIRST NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown
1 message

YouTube Copyright <youtube-disputes+3pj4mdmq3x8hg0q@google.com>                    Wed, May 29, 2024 at 8:30
                                                                                                      AM
Reply-To: YouTube Copyright <youtube-disputes+3pj4mdmq3x8hg0q@google.com>
To: marcanthonystephens1@gmail.com

Hello,

We are concerned that some of the info in your takedown request may be fraudulent. Please understand that YouTube
receives many fraudulent copyright takedown requests, and we take abuse of our copyright takedown process very
seriously (see YouTube, LLC v. Brady (D. Neb, 8:19-cv-00353)).

We remind you that in your allegation of copyright infringement, you stated that:

   1. You're authorized to act on behalf of the owner of an exclusive right that is allegedly infringed, and acknowledge
      that any person who knowingly materially misrepresents that material or activity is infringing may be subject to
      liability for damages.
   2. You understand that abuse of copyright takedown process will cause termination of your account.

For each video in question, please provide precise identification of the particular copyrighted work or works allegedly
infringed and the basis for asserting that claim.

To do so, you may reply to this email with the information requested. Please understand that we won't be able to process
your request until we have received this verification.

If we don't receive a response to this email from you within 7 days, your YouTube account may be terminated. You may be
able to avoid termination if you retract your takedown request. If you wish to do so, please reply to this email with "I
hereby retract my claim of copyright infringement."

Sincerely,
The YouTube Team

On May 29, 2024 marcanthonystephens1@gmail.com wrote:

CHRIS BROWN ENTERTAINMENT, LLC d/b/a CHRISTOPHER BROWN ENTERTAINMENT, LLC, CHRISTOPHER
MAURICE BROWN a/k/a CHRIS
BROWN, AUBREY DRAKE GRAHAM a/k/a DRAKE, ANDERSON HERNANDEZ a/k/a VINYLZ, JOSHUA LOUIS
HUIZAR a/k/a J-LOUIS, TRAVIS DARELLE WALTON a/k/a TEDDY WALTON, NIJA CHARLES a/k/a NIJA, TYLER
BRYANT a/k/a VELOUS, MICHEL PATRICK LEBRUN a/k/a CHU ECRU, NOAH SHEBIB a/k/a 40, J-LOUIS
PRODUCTIONS, LLC d/b/a JLOUISMUSIC, CULTURE BEYOND UR EXPERIENCE, SONGS OF UNIVERSAL, INC.,
AMNIJA, LLC d/b/ SONGS OF AMNIJA, 1DAMENTIONAL PUBLISHING, LLC, MAVOR & MOSES PUBLISHING, LLC
d/b/a RONCESVALLES MUSIC PUBLISHING, SONY/ATV SONGS LLC,
VINYLZ MUSIC GROUP LLC, and SONY MUSIC ENTERTAINMENT d/b/a RCA RECORDS, and YOUTUBE, LLC., et
al

I would like to inform you that your song titled below is infringing upon my client's copyrighted work titled, "I GOT IT",
filed with the U.S. Copyright Office registration PA0002204357, effective date of registration 7/13/2019; Date of
Publication 8/16/2016, Date Uploaded to YouTube: 3/6/2017, https://www.youtube.com/watch?v=UpAo7ENP8lY, Date
of Creation under Common Law 2015, by Tykelya Dore pka "Tykelya". The song "I GOT IT" was also featured in "The
CODE - Episode 3", uploaded to YouTube on 7/8/2017, see timestamp of song at 9:22 mins -10:11,
https://youtu.be/K2nGqoTYyB8?t=559.
-----------------------------------------------------------
   1. Infringing song: Chris Brown - No Guidance ft. Drake (You Got It)
   2. Album: Indigo
   3. Performed by: Chris Brown and Drake
   4. Recorded: August 2018  May 2019
   5. Date of Publication: June 8, 2018

a18

# EXHIBIT 13

 Gmail

Marc A. Stephens <marcanthonystephens1@gmail.com>

## Re: FIRST NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown

Marc A. Stephens <marcanthonystephens1@gmail.com>                        Sun, Jun 2, 2024 at 1:16 PM
To: YouTube Copyright <youtube-disputes+3pj4mdmq3x8hg0q@google.com>

NOTICE OF INTENT TO SUE YOUTUBE, LLC FOR INTERFERING WITH A FEDERAL COPYRIGHT INFRINGEMENT
CASE BY TAMPERING WITH EVIDENCE, AND FOR DEFAMATION

I provided you with the exact information that you requested "Twice." You are not reading the information in my email
which is included in the email chain below. You shutdown my YouTube account which had a video that shows the proof of
copyright infringement. You accuse me of committing "fraud" without contacting me via phone, or conducting a real
investigation. Accusing me of committing a "Crime" is considered defamation per se.

SONY contacted me in regards to my copyright email. They didn't say my copyright request is "fraudulent", see attached
email from SONY, **EXHIBIT 1.**

Please reinstate my account immediately, or a civil lawsuit will be filed against YouTube for intentionally destroying
evidence.

NOTICE OF INTENT TO SUE YOUTUBE, LLC FOR INTERFERING WITH A FEDERAL COPYRIGHT INFRINGEMENT
CASE BY TAMPERING WITH EVIDENCE, AND FOR DEFAMATION

Regards,

**Marc A. Stephens**
122 East 42nd Street
4th Floor, Suite #1013
New York, NY 10168
Phone: 212-301-1973
Attorney in Fact for Tykeiya Dorn pka "Tykeiya"

On Sun, Jun 2, 2024 at 2:29 AM YouTube Copyright <youtube-disputes+3pj4mdmq3x8hg0q@google.com> wrote:

Hello,

We're concerned that some info within this legal request may be fraudulent. Youtube receives a large number of
fraudulent copyright takedown requests, and we take abuse of that process very seriously. As a result, your account
has been terminated.

If you believe that all of the info you provided in this legal request was accurate, respond with an explanation.

To learn more about copyright, go to YouTube's Copyright Center. If you still think this copyright removal request is
valid, you may appeal this decision. If your appeal is accepted, your removal request will be processed and your
YouTube channel will be reinstated.

To appeal, please respond to this email with the following info:

- Your full legal name
- Name of the person, company, or organization, including business entity type, you represent, if applicable. For
  instance, if you're the legal agent of a company, list the name of the company
- Your country of residence
- Details in support your copyright removal request. Be sure to address the specific reason YouTube gave for
  declining to process your request
- State that the info in your appeal is true and complete.
- An attachment with supporting documentation, such as a copyright registration certificate if the work is
  registered

Learn more about your resolution options.

# EXHIBIT 14

6/4/24, 1:26 AM                                                    Gmail - YouTube Copyright Removal Request Appeal

 **Gmail**                                    Marc A. Stephens <marcanthonystephens1@gmail.com>

## YouTube Copyright Removal Request Appeal
1 message

**YouTube Copyright** <youtube-disputes+20cbb6soz1dls2p@google.com>                Mon, Jun 3, 2024 at 10:27 PM
Reply-To: YouTube Copyright <youtube-disputes-20cbb6soz1dls2p@google.com>
To: marcanthonystephens1@gmail.com

Hello,

Thanks for your appeal.

Based on the info in your appeal and your original copyright removal request, your channel has been terminated for submitting abusive legal requests and won't be reinstated.

The content in question will remain live on YouTube.

Unfortunately, we can't assist further in this matter. Learn about other resolution options.

Sincerely,
The YouTube Team

On June 4, 2024 Contact Us Form wrote:

```
email_prefill: marcanthonystephens1@gmail.com
full_legal_name: Marc Stephens
organization: MAS
country: US
ticket: AEQPEUY7P3XZKCZHR0HEZT23DY
reason_content_infringement: 1.  please provide precise identification of
the particular copyrighted work: The hook on the song &quot;No Guidance&quot; by
Chris Brown which states &quot;YDJ GDI ii&quot; is substantially similar and a
fundamental duplicate of the copyrighted song titled &quot;I GOT IT&quot; which is
owned by Tykeiya Dore pka &quot;tykeiya&quot;, who I represent as her agent and power
of attorney.  Sony already contacted me regarding the song by Chris Brown
and stated his lawyer will get back to me to discuss the copyright
infringement.  YouTube deleted my account stating I committed &quot;Fraud&quot; which
is considered Defamation per se accusing me of a crime, and deleted the
video comparison of the songs, which is considered tampering with
evidence.  Please reinstate my account because you are interfering with a
federal court case.  Regards, Marc Stephens, Attorney in fact for Tykeiya
Dore.
file_upload: There was a file uploaded for this field.
upload_original_filename: I GOT IT, Detailed Record View _ U.S. Copyright
Public Records System.pdf
agree: agree
fulllegalname: Marc Stephens
subject_line: YouTube Copyright Removal Request Appeal
```

# EXHIBIT 15

7/3/24, 3:05 PM                    Gmail - [AFQPEUY7PJXZKCZMR8HCZT23DY] YouTube Copyright Complaint Submission

 Gmail

Marc A. Stephens <marcanthonystephens1@gmail.com>

## [AFQPEUY7PJXZKCZMR8HCZT23DY] YouTube Copyright Complaint Submission
1 message

YouTube Copyright <youtube-d9e.u4ec3b8bkp4x64wahi07@google.com>          Wed, Jul 3, 2024 at 3:04 AM
Reply-To: YouTube Copyright <youtube-d9ep4ec43b8btp4w64coli07@google.com>
To: marcanthonystephens1@gmail.com

YouTube

Hi Marc A. Stephens,

Thank you for your response. We've reviewed it and provided updates
below.

### Request declined

We've reviewed this matter and found that you haven't identified a work
that is subject to copyright. For this reason, we can't process your
request for the video(s) listed below.

If appropriate, you may submit a complaint about other legal issues,
including trademark and defamation.

Videos in question:

https://www.youtube.com/watch?v=0L_k74BOLag

    • Original song (Sound recording and composition)

Title of Original song: I GOT IT

Content found in: Entire video

https://www.youtube.com/watch?v=cOnI4BMoMp0

    • Original song (Sound recording and composition)

Title of Original song: Your song alone, titled "No Guidance" is infringing
upon my client's copyrighted work titled, "I GOT IT", filed with the U.S.
Copyright Office, registration #W00322534367, by Tyson Dijon Lee
"Tykolyo".

Content found in: Entire video

To learn more about copyright, go to YouTube's Copyright Center. If you
still think this copyright removal request is valid, you may appeal this
decision. Learn more about your resolution options.

You may take back your claim of copyright infringement at any time if you
change your mind.

- The YouTube Team

# EXHIBIT 16

6/4/24, 1:51 PM                                    Gmail - Re: YouTube Copyright Removal Request Appeal

 **Gmail**

Marc A. Stephens <marcanthonystephens1@gmail.com>

## Re: YouTube Copyright Removal Request Appeal
1 message

**Marc A. Stephens** <marcanthonystephens1@gmail.com>                          Tue, Jun 4, 2024 at 1:25 AM
To: YouTube Copyright <youtube-disputes+28cbb6scz1dts2p@google.com>

I submitted a valid request regarding copyright infringement and you accused me several times of committing "fraud" to multiple third parties;

1. On Wednesday, May 29, 2024 at 3:54 AM - YouTube Copyright <youtube-disputes+3b3ckp4z98wal07@google.com
2. Sun, Jun 2, 2024 at 2:25 AM, YouTube <no-reply@youtube.com  "Our team has reviewed your activity and found your channel is in violation of YouTube's Terms of Service. As a result, your YouTube channel has been terminated. We are concerned that some of the information within your legal request may be fraudulent"....."We have permanently terminated your channel from YouTube. Going forward, you won't be able to access, possess, or create any other YouTube channels".
3. On Monday, June 3, 2023 at 10:27 PM, youtube-disputes+28cbb6cz1dts2p@google.com, "Based on the info in your appeal and your original copyright removal request, your channel has been terminated for submitting **abusive legal requests** and won't be reinstated."
4. On Monday, June 3, 2023 at 1:34 AM, YouTube Copyright <youtube-disputes+3b9oks4w39wst07@google.com
5. In accordance with the DMCA, YouTube has registered an agent with the U.S. Copyright Office to receive notices of alleged infringement from copyright holders.

You are falsely accusing me of committing a white collar crime of Falsifying documents and VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT – 17 U.S.C. § 512(f). Accusing me of a crime is considered Defamation Per se. Please reinstate my YouTube account because you are destroying evidence of copyright infringement.

Regards,

Marc Stephens

On Mon, Jun 3, 2024 at 10:27 PM YouTube Copyright <youtube-disputes+28cbb6scz1dts2p@google.com> wrote:

> Hello,
>
> Thanks for your appeal.
>
> Based on the info in your appeal and your original copyright removal request, your channel has been terminated for submitting abusive legal requests and won't be reinstated.
>
> The content in question will remain live on YouTube.
>
> Unfortunately, we can't assist further in this matter. Learn about other resolution options.
>
> Sincerely,
> The YouTube Team.
>
> On June 4, 2024 Contact Us Form wrote:
>
>> email_prefill: marcanthonystephens1@gmail.com
>> full_legal_name: Marc Stephens
>> organization: N/A
>> country: US
>> ticket: AFQFLLY7PDX2KC2NR6H-C21239Y
>> reason_context_infringement: 1.  please provide precise identification of
>> the particular copyrighted work: The book on the song &quot;No Guidance&quot; by

# EXHIBIT 17

 **PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

1801 Century Park East, Los Angeles, CA 90067  Tel: 310-683-6900  Fax: 310-943-3397

www.pryorcashman.com

James Sammataro

JSammataro@PRYORCASHMAN.com

June 24, 2024

**Via Federal Express & Scanned Email**
DMCA Complaints
YouTube (Google, LLC)
901 Cherry Avenue
San Bruno, California 90466
Email: copyright@youtube.com

Re:     **DMCA – Reply to DMCA Notice**
Song: Chris Brown - No Guidance featuring Drake
Date of Publication: June 8, 2019
Registration Date: June 19, 2019
Uploaded to YouTube: July 26, 2019
YouTube video: https://www.youtube.com/watch?v=6L_k74BOLag
Writers: Christopher Brown, Aubrey Graham *p/k/a* Drake, Travis Walton,
Nija Charles, Tyler Bryant

To Whom it May Concern:

We are litigation counsel for Chris Brown and Chris Brown Entertainment, LLC (collectively, "Brown"). We write in response to the Notice of Copyright Infringement ("Notice") submitted by Marc Stephens ("Stephens") on behalf of Tykeiya Dore *p/k/a* Tykeiya ("Claimant") in relation to Brown's musical work, "No Guidance."

The Notice should be summarily rejected, as the claim of infringement is based on Brown's alleged use of an unprotectable idea purportedly gleaned from Claimant's obscure music video. Ideas are not protected by copyright law. Moreover, Claimant's claim is negated by her inability to plausibly allege access. The claim that the same – unnamed – videographers and producers worked on songs is false. Absent access, there can be no infringement.

Further, the objectionable phrase, "you got it" is not contained in Claimant's song; is not original to Claimant; is ubiquitous; is not protectable as a matter of law; and is incapable of being monopolized. Finally, a cursory listen reveals that the two works differ vastly in total concept and feel, as well as in what is pleasing to the ears.

**A.     The Alleged Similarities Between "No Guidance" and "I Got It."**

"No Guidance" was written and performed by Brown and Drake.[1] Released on June 19,

---

[1] Brown and Drake wrote "No Guidance" with Anderson Hernandez *p/k/a* Vinylz, Jrismn Lewis Binzer *p/k/a* J-Louis, Nija Charles *p/k/a* Nija, along with five other credited writers.

YouTube – Counternotice
June 24, 2024
Page | 2

2019, "No Guidance" has been an enormous commercial success. The song has garnered more than 476 million YouTube views, charted at number five on the Billboard Hot 100, reached number one on the U.S. R&B/Hip-Hop charts; earned a Grammy nomination for "Best R&B Song," and won "Song of the Year" and "Best Collaboration" at the Soul Train Music Awards.

Claimant's "I Got It" ("Song") was purportedly released in August of 2016. Unlike "No Guidance," Claimant's Song has not achieved commercial success. The YouTube video released on March 8, 2017 has generated a total 5,136 views over the past seven years.[2] Claimant's Song was not commercially released, and generated only 2,983 streams on SoundCloud since its release.

In alleging that "No Guidance" infringes her Song, Claimant alleges that:

    (i)    No Guidance's chorus, which includes the phrase "You got it, girl, you got it (Ayy)" infringes the lyrics to Claimant's Song (which does not include the phrase "you got it"); and

    (ii)   No Guidance uses the "same chord progressions, tempo, pitch, key, melody, harmony, rhythm, structure, phrasing and lyrics" as Claimant's Song.

**B.    Claimant's Claim Should Be Summarily Rejected as She Cannot Plausibly Establish Access.**

Copyright infringement cannot occur without the creators of the allegedly infringing work having access to and copying the plaintiff's work. To sufficiently plead access, the plaintiff must allege the defendant "had a reasonable possibility of viewing [the work] . . . speculation, conjecture or bare possibility are not sufficient." *Ross v. Apple, Inc.*, 741 F. App'x. 733, 737 (11th Cir. 2018); *Davis v. Raymond*, No. 12-cv-22578, 2012 WL 12868729, at *3 (S.D. Fla. Nov. 30, 2012) (dismissing complaint that alleges "nothing more than 'mere speculation [and] conjecture' regarding Defendants' access").

Access can be alleged either by a chain of events that show a nexus between the creators of the defendants' work to the plaintiffs' work or, "[i]n some instances, proof that a copyright holder's work was 'widely disseminated' has been held to constitute circumstantial evidence of access." *Olem Shoe Corp. v. Washington Shoe Corp.*, 591 F. App'x. 873, 882 (11th Cir. 2015) (citing *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846-47 (9th Cir. 2012)). *Absent access, there can be no infringement.*

**I.    Claimant's Song Was Not Widely Disseminated.**

"[F]or a work to be widely disseminated, it must achieve a high degree of commercial success or be readily available in the relevant market." *Loomis v. Cornish*, No. 12-cv-5525, 2013

---

[2] Some of these views are seemingly the byproduct of Stephens' recent YouTube video entitled, "Copyright Infringement Comparison – Tykeiya 'I got it' vs Chris Brown "No Guidance" (you got it). *See* https://www.youtube.com/watch?v=JLcpGEW9JSE.

YouTube – Counternotice
June 24, 2024
Page | 3

WL 6044345, at *10 (C.D. Cal. Nov. 13, 2013); *Webb v. Stallone*, 910 F. Supp.2d 681, 686 (S.D.N.Y. 2012) ("a work is widely disseminated when it has had considerable commercial success or is readily available on the market"). "In music cases, widespread dissemination has traditionally been demonstrated 'through sales of sheet music, records, and radio performances.'" *Batts v. Adams*, No. 10-cv-8123, 2011 WL 13217923, at *3 (C.D. Cal. Feb. 8, 2011) (quoting *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000)).

The availability of the work must be so widespread "that the defendant can be presumed to have seen or heard it." *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1100 (7th Cir. 2017). The availability of the work needs to be demonstrable. Works, for example, that have topped the *Billboard* charts meet the widespread standard. *See Acuff-Rose Music, Inc. v. Jostens, Inc.*, 988 F. Supp. 289 (S.D.N.Y. 1997) (finding widespread dissemination where plaintiff's song had a "top five ranking as a country hit" at the time of the alleged infringement); *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 722 F.2d 988, 998 (2d Cir 1983) (endorsing an inference of access where plaintiff's song was "Number One on the *Billboard* charts in the United States for five weeks, and it was one of the 'Top Thirty Hits' in England for seven weeks that same year,").

Claimant cannot credibly allege widespread dissemination. As referenced above, the Song's video netted only 5,136 views in the seven (7) years since it has been released. Similarly, the Song has less than 2,983 streams on SoundCloud.[5] Courts have refused to find access under a widespread dissemination theory under these exact circumstances. *See Clanton v. UMG Recs., Inc.*, 556 F. Supp. 3d 322, 328 (S.D.N.Y. 2021) (the mere fact that plaintiff's mixtape "was posted to several hip-hop websites and … was posted on YouTube" is insufficient to establish widespread dissemination); *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp.2d 500, 517 (S.D.N.Y. 2008) ("the mere fact that [plaintiff's] work was posted on the internet prior to the creation of defendants' work is insufficient by itself to demonstrate wide dissemination").

### 2. Claimants Conspicuously Fails to Identify the Producer that Allegedly Worked on Both Songs.

In recognition of the fact that she cannot establish access through widespread dissemination, Claimant opaquely alleges that "No Guidance's" writers and producers "obtained access and were in possession" of her Song "because the *same* videographers/producers" worked on the two musical works. (*See* Notice) (emphasis added).

This claim is demonstrably false. The sole videographer for Claimant's Song is an individual who identifies himself as Benji Filmz ("Filmz"). Filmz did not have any involvement with "No Guidance." Further, despite the claim that the "same" producers worked on the two works, Claimant conspicuously fails to reveal the identity of these producers. Given that the

---

[1] The law is clear that the mere "availability of a copyrighted work on the internet, in and of itself, is insufficient to show access through widespread dissemination." *Loomis*, 2013 WL 6044345, at *12 (citing *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009)); *see also O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008) ("[T]he mere fact that [plaintiff's] work was posted on the internet prior to the creation of defendants' work is insufficient by itself to demonstrate wide dissemination."); *Tate-Robertson v. Walmart, Inc.*, No. 19-cv-27, 2019 WL 6448960, at *4 (C.D. Cal. May 16, 2019) (dismissing copyright infringement claim and noting "[s]imply because a work is available for sale does not mean that the work has been 'widely disseminated'").

YouTube – Counternotice
June 24, 2024
Page | 4

Notice expressly identifies each of the producers that worked on "No Guidance," this omission is deeply telling.[4]

Until and if Claimant can provide actual support for her spectacular claim that the same, unnamed producers worked on both "No Guidance" and her Song, she cannot prove access and her claim fails as a matter of law. *See Gaste v. Kaiserman*, 863 F.2d 1061, 1066 (2d Cir. 1988) (access may not be inferred, it requires factual support); *Wager v. Littell*, 549 F. App'x 32, 33 (2d Cir. 2014) (affirming dismissal for lack of access where plaintiff's allegations of access lacked factual support, including the identity of a specific third-party intermediary); *Hord v. Jackson*, 281 F. Supp.3d 417, 423 (S.D.N.Y. 2017) ("Plaintiffs' naked assertions in their Complaint that two non-parties allegedly showed the work to Defendants are insufficient to establish access").

### 3. A Cursory Listen of the Two Songs Dispels the Notion that They Are "Strikingly Similar."

In rare cases, a plaintiff can establish copying without proof of access if she can prove that the two works are "strikingly similar." While Claimant utters the conclusion "striking similarity" in her Notice – a tacit concession that she cannot plausibly plead access given the obscurity of her song and the lack of any credible third-party intermediaries – there is no basis for alleging that the two works at issue are "strikingly similar."

The striking similarity test is "applied with particular stringency in cases ... involving popular music." *Tisi v. Patrick*, 97 F. Supp. 2d 539, 548 (S.D.N.Y. 2000). "Strikingly similar means that 'the proof of similarity in appearance is so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded.'" *Watt v. Butler*, 457 F. App'x 856, 861-2 (11th Cir. 2012) (quoting *Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984)). In other words, the similarities must be of such a nature that the *only plausible explanation* for the similarities is copying. *See Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003) (the standard requires that the works in question be "so strikingly similar as to preclude the possibility of independent creation."); *Gal v. Viacom Int'l, Inc.*, 518 F. Supp.2d 526, 537 (S.D.N.Y. 2007) ("[S]triking similarity exists when two works are so nearly alike that the *only reasonable explanation* for such a great degree of similarity is that the later was copied from the first") (emphasis added).

Given the generic lyrical phrases at issue and the works' obvious differences (discussed below), Claimant's naked allegation of "striking similarity" can be swiftly dismissed.

### C. Ideas Cannot Be Infringed.

Even if Claimant had adequately alleged access to her Song, her Notice should nevertheless be summarily rejected because her claim of copyright infringement is based on Brown's alleged use of "her *idea*." Specifically, the Notice claims that Brown "obtained the idea to make the chorus [of "No Guidance"] from the beginning of [Claimant's] video where a female states, "Yo! Tell

---

[4] It bears noting that the producers who worked on "No Guidance" are amongst the most accomplished and sought after in the industry. Had they actually worked on her Song, Claimant would have presumably advertised this fact in order to legitimize, and drive traffic to, her Song.

YouTube – Counternotice
June 24, 2024
Page | 5

that n*gga YOU GOT IT."

Ideas are not protectable. Indeed, it is the most "fundamental axiom of copyright law … that no author may copyright his ideas." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985). This proposition is unassailable, as countless copyright decisions provide that copyright protection "does not extend to ideas; it protects only the means of expression employed by the author." *CCC Information Services, Inc. v. Maclean Hunter Market Reports, Inc.*, 44 F.3d 61, 68 (2d Cir. 1994), *See also Worth v. Selchow & Righter Co.*, 827 F.2d 569, 572 (9th Cir. 1987) (ideas alone are not copyrightable).

"Ideas are free to the world, and one person's idea can be appropriated by another with impunity." *Taylor v. Metro-Goldwyn-Mayer Studios*, 115 F. Supp. 156, 157 (S.D. Cal. 1953). Thus, even if Brown happened to see Claimant's obscure video, and was inspired by its banal use of the phrase, "you got it," this is non-actionable as a matter of law.

**D.    Claimant Has Not Plead Actionable Similarity.**

Copyright protection does not extend to every component of a copyrighted work. Instead, copyright law only protects the plaintiff's protected *original expression*. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1224 (11th Cir. 2008); *Lil' Joe Wein*, 245 F. Appx. 873, 877 (11th Cir. 2007) (finding that although musical composition was entitled to copyright protection as a whole, the lyric, "Go ____, it's your birthday," was not protectable); *Apps v. Universal Music Grp., Inc.*, 283 F. Supp. 3d 946, 952 (D. Nev. 2017), *aff'd*, 763 F. App'x 599 (9th Cir. 2019) ("Even if an entire song is copyrighted, copyright protection only extends to those elements of the work that are original to the author.").

Originality is "the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author." *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co., Inc.*, 499 U.S. 340, 348 (1991) (emphasis in original). Within the meaning of copyright law, "original" means that the work was independently created by the author as opposed to copied from other works, and that it possesses some minimal degree of creativity. *Id.* at 345. Consequently, "not all copying is copyright infringement," *id.* at 361, and "parody does not always mean piracy," *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119, 123 (2d Cir. 1994).

The critical inquiry is, thus, whether the defendant copied any original element of the plaintiff's work that is protected by copyright law. *Feist*, 499 U.S. at 348, 361. Here, Brown has not copied any of the Song's original elements.

**E.    The Short, Commonplace Phrases "I Got It" and "You Got It" Are Not Copyrightable as a Matter of Law.**

As an initial, the phrase "you got it" is *not* contained in Claimant's Song. Thus, even if the phrase was copyrightable (it is not), it is not protected by Claimant's copyright registration.

To the extent that Claimant is alleging infringement based on the similarities between the phrases, "I got it" and "you got it," the claim is baseless. Claimant did not originate either of the

YouTube – Counternotice
June 24, 2024
Page 8

generic phrases. The phrase "you got it" existed long before its inclusion in the Song's video or "No Guidance." A search for "you got it" with the United States Copyright Office reveals that over 910 works have been registered with that phrase in the title. Moreover, the lyric has been repeatedly used in popular music songs that pre-date Claimant's Song, including for example:

❖ Roy Orbison's "You Got It" (1989) (repeating "you got it" 17 times)[5]

❖ Jodeci's "You Got" (1993) (repeating "you got it" 22 times)

❖ Usher's "U Got It Bad" (2001) (repeating "you got it" 24 times)

❖ 2 Pistols' "She Got It" (2008) (repeating "she got it" 37 times) and

❖ Ariana Grande's "Right There" (repeating "You got it, you got it" 7 times).

Similarly, a search of the phrase "I got it" with the United States Copyright Office reveals 1,342 works have been registered with that title. Ninety-seven (97) artists – including such prominent artists as 2 Chainz, T-Pain, Charli XCX, Mary, Mary and Bhad Bhabie -- have released songs with the title, "I Got It."

The ubiquity of these phrases aside, it is well-settled that "[w]ords and short phrases" are not copyrightable. *See* 37 C.F.R. § 202.1(a); *Patry on Copyright* § 4:2 ("The U.S. Copyright Office cannot register individual words or brief combination of words, even if the word and short phrase is novel or distinctive or lends itself to a play on words.").

Courts have repeatedly found that it is 'inconceivable that anyone could copyright a single word or a commonly used short phrase, in any language.'" *Williams v. Warner/Chappell Music*, 2007 WL 9751921, at *2 (C.D. Cal. Sept. 26, 2007) (citing *Signo Trading Int'l, Ltd. v. Gordon*, 535 F. Supp. 362, 365 (N.D. Cal. 1981). "It is axiomatic that copyright law denies protection to 'fragmentary words and phrases' and to 'forms of expression dictated solely at functional considerations' on the grounds that these materials do not exhibit the minimal level of creativity necessary to warrant copyright protection." *CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.*, 97 F. 3d 1504, 1519 (1st Cir. 1996) (quoting Nimmer, 2.01[B], at 2-13-18. "This is a well-established principle, as single words and phrases 'do not exhibit the minimal creativity required for copyright protection." *Arica Inst. Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir. 1992).

As applied to compositions and lyrics, there is no shortage of case law holding that short, commonplace phrases are not protectable as a matter of law. *See, e.g., Apps*, 763 F. App'x at 600 (no similarity where "only lyrical commonality between both songs is the phrase "I need to know now"); *Steward v. West*, 2013 WL 1210232, at *3 (C.D. Cal. Sept. 6, 2013) (finding no originality in the phrases "Get Down," "Step Up," "It's the Hottest Thing," or "Step Up Front"); *Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 207 (S.D.N.Y. 2019) (phrase "walk it like I talk it" not protectable); *Guity v. Santos*, No. 18-cv-10387, 2019 WL 6619217, at *4 (S.D.N.Y. Dec. 5, 2019) (phrase "you're mine" not protectable because it is "too short and generic to meet the required

_____

[5] Roy Orbison's "You Got It" was a top 10 hit that has been streamed over 138 million times. It became a hit again in 1995, when Bonnie Raitt recorded a new version of the song.

threshold for creativity"); *McDonald v. West*, 138 F. Supp. 3d 448, 456 (S.D.N.Y. 2015) (phrase "made in America" not protectable because "[i]t is far too brief, common, and unoriginal to create any exclusive right vested in Plaintiff."), *aff'd*, 669 F. App'x 59 (2d Cir. 2016); *Edwards v. Raymond*, 22 F. Supp. 3d 293, 299 (S.D.N.Y. 2014) (phrase "caught up" not protectable because it "is not original to the Plaintiffs; it is used in everyday speech in a variety of contexts."); *Peters v. West*, 692 F.3d 629, 631 (7th Cir. 2012) (affirming dismissal where the phrase "what does not kill me, makes me stronger" "has been repeatedly invoked in song lyrics over the past century").[6]

"I got it" and "you got it," are textbook examples of commonplace, everyday phrases that are not entitled to copyright protection. Claimant cannot own, copyright, or monopolize the generic phrase "you got it."

F.     **Commonplace Musical Elements Are Not Protectable.**

The test for substantially similarity has both an "extrinsic" and "intrinsic" component. *See Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1248 (11th Cir. 1999). "Under the extrinsic test, a court will inquire into whether, as an objective matter, the works are substantially similar in protected expression." *Lil' Joe Wein*, 245 F. Appx. at 877. The extrinsic component compares actual concrete elements, or "specific articulable similarities" to determine whether the works are substantially similar. *See Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003); *Swirsky v. Carey*, 376 F.3d 841, 849 (9th Cir. 2004) (specific articulable similarities with musical works, include their "melody, harmony, rhythm, pitch, tempo, phrasing, structure, chord progression and lyrics").

As part of the extrinsic test, the court determines whether the plaintiff seeks to protect uncopyrightable elements. *See Lil' Joe Wein*, 245 F. Appx. at 877. Consequently, when evaluating works that have both protectable and unprotectable elements, the court's analysis must be "more discerning" and the court must "filter out and disregard the non-protectable elements in making [the] substantial similarity determination." *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1133 (C.D. Cal. 2007); *Swirsky*, 376 F.3d at 845 ("Because the requirement is one of substantial similarity to *protected* elements of the copyrighted work, it is essential to distinguish between the protected and unprotected material in a plaintiff's work") (emphasis in original).

With the intrinsic test, the court determines whether, upon proper instruction, a reasonable jury could find that the two works are substantially similar. *Id.* The intrinsic test asks whether "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir.1982); *Lil' Joe Wein*, 245 F. Appx. at 877. The ultimate inquiry is "whether a reasonable jury could find the [two works] substantially similar at the level of the protected expression." *Oravec*, 527 F.3d at 1224, n. 5. In the context of music plagiarism, the Second Circuit has described the test as requiring proof that the "defendant took from plaintiff's works so much of what is pleasing to the ears of lay listeners." *Pyatt v. Raymond*, 2011 WL 2078531, at *4 (S.D.N.Y. May 19, 2011),

---

[6] *See also Woods v. Carter*, 2016 WL 640526, at *3 (N.D. Ill. Feb. 18, 2016) (if musicians could sue one another for copyright infringement based only on the usage of general words, the courts would overflow with copyright infringement suits).

YouTube – Counternotice
June 24, 2024
Page | 8

*aff'd* 462 Fed. Appx. 22 (2d Cir. 2012).

The party claiming infringement must satisfy *both* the extrinsic and intrinsic test to prove substantial similarity. *See White v. Twentieth Century Fox Corp.*, 572 Fed. Appx. 475, 476 (9th Cir. 2014) ("A plaintiff must satisfy both components, and therefore a lack of extrinsic similarity is fatal to a plaintiff's copyright case as a matter of law"); *Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006) (affirming the district court's dismissal of the plaintiff's complaint based on its finding of no substantial similarity between the plaintiff's work and the allegedly infringing works.")

Here, Claimant vaguely asserts that the two songs uses "the same chord progressions, tempo, pitch, key, melody, harmony, rhythm, structure, phrasing, and lyrics." However, Claimant tellingly fails to identify these supposed similarities, much less how these elements are either original to her or actionably similar to the Brown's "No Guidance." This is a critical failure, as "courts have routinely denied copyright protection" for "commonplace elements of music." *Gray v. Perry*, No. 2:15-cv-05642, at *6-7 (C.D. Cal. Mar. 16, 2020) (collecting cases denying copyright protection for nine different elements of music).[1]

Even assuming *arguendo*, that Claimant had alleged a modicum of similarity of *protectable expression* between her Song and "No Guidance" (which she has not), a cursory listen of the two works reveals that no substantial similarity exists as a matter of law.

Any average listener would recognize that the songs differ vastly in total concept and feel as well as in what is pleasing to the ears. Claimant's Song is a slow R&B ballad featuring one vocalist (Claimant). In contrast, the No Guidance is a faster, more aggressive, sexually explicit rap and R&B song about a new romantic interest featuring two vocalists (Brown and Drake) ("Before I die I'm tryna f*ck you, baby, Hopefully we don't have no babies"). While Claimant's Song is a plea for validation from her lover, "No Guidance" is a brash declaration of a desired sexual liaison ("I don't wanna play no games, play no games/F*ck around, give me your last name.").

These stark differences support a finding of non-infringement. *See West*, 138 F. Supp. 3d at 460 (granting dismissal where "Plaintiff's song has a single vocalist, while Defendants' song features multiple artists and significant spoken rap"); *Lane*, 2015 WL 6395940, at *7 (granting dismissal where two works differ in feel because plaintiff's lyrics "are explicitly sexual, while [Beyonce's] XO's are substantially more tame and metaphorical"); *Edwards*, 22 F. Supp.3d at 301 ("The Plaintiffs' Song is an upbeat, optimistic song; whereas the Challenged Song has a contemplative questioning feel. Because of these differences, the 'total concept and overall feel'

---

[1] *See also Davis*, 2012 WL 12868729, at *4 ("harmonic progressions often lack the originality necessary to be copyrightable without an additional showing of uniqueness"); *Rose v Hewson*, No. 17-cv-1471, 2018 WL 626350, at *7 (S.D.N.Y. Jan. 30, 2018) ("general rhythmic style" not protectable); *West*, 138 F. Supp. 3d at 458 (a "rhythm's style or general feel [are] both uncopyrightable"); *Lane v. Knowles-Carter*, 2015 WL 6395940, at *5 (S.D.N.Y, Oct 21, 2015) ("meter and tempo" and "common rhythms [and] song structures" not protectable); *Perry*, 2020 WL 1375221, at *5 ("building blocks" of music such as "tempos," "alternating 'emphasis of strong and weak beats'" and 'rhythms'" unprotectable because they are "'ubiquitous in popular music.'"); *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1076 (9th Cir. 2020) (en banc) ("'[A] musical building block . . . is something that no one can possibly own'").

cc:

Chiara Genovese

Via Scanned Email
Marc A. Stephens
122 East 42nd Street, 4th Floor
New York, New York 10168
Email: marcanthonystephens1@gmail.com

YouTube – Counternotice
June 24, 2024
Page | 9

of the music in the two songs are different").

No average observer would recognize "No Guidance" as having been appropriated from Claimant's Song. Accordingly, there is no actionable similarity between the protectable elements of Claimant's Song and "No Guidance." For these reasons, and others, YouTube should refuse to heed Claimant's demand to cease exhibiting the "No Guidance" video and allow, if necessary, for a Court to adjudicate Claimant's baseless claim.[8]

This letter does not constitute a complete or exhaustive statement of Chris Brown, Chris Brown Entertainment, LLC and RCA Records' respective rights, remedies, claims, and defenses, which are all expressly reserved.

Sincerely,

*James G. Sammataro, Esq.*

I, James G. Sammataro, Esq., swear under the penalty of perjury that I am the agent authorized to act on behalf of Chris Brown and Chris Brown Entertainment, LLC, the latter of which is the owner of the copyright in and to "No Guidance." The information contained in this correspondence is accurate to the best of my knowledge. This letter is an official notification under provisions of Section 512 of the Digital Millennium Copyright Act.

SWORN TO AND SUBSCRIBED before me this 24th day of June, 2024 by James G. Sammataro, who is personally known to me.

_____
James G. Sammataro

NOTARY PUBLIC
Signature
Print name: ERIKA PEREZ

ERIKA PEREZ
Notary Public - State of Florida
Commission # HH 252561
My Comm. Expires Apr 7, 2026
Bonded through National Notary Assn.

_____

[8] Any lawsuit will be swiftly met with a motion for sanctions under Fed. R. Civ. P. 11, as the claim lacks merit.

# EXHIBIT 18

7/1/24, 9:38 AM                    Gmail - THIRD NOTICE OF COPYRIGHT INFRINGEMENT - NO GUIDANCE - CHRIS BROWN

 Gmail                      Marc A. Stephens <marcanthonystephens1@gmail.com>

## THIRD NOTICE OF COPYRIGHT INFRINGEMENT - NO GUIDANCE - CHRIS BROWN
1 message

**YouTube Copyright** <youtube-disputes+133xbgw5nre430q@google.com>          Mon, Jul 1, 2024 at 5:49 AM
Reply-To: YouTube Copyright <youtube-disputes+133xbgw5nre430q@google.com>
To: marcanthonystephens1@gmail.com

Hello,

Your account has been suspended for submitting abusive legal requests and will not be reinstated. In addition, further removal requests submitted from this account will not be reviewed.

Sincerely,
The YouTube Team

On July 1, 2024 marcanthonystephens1@gmail.com wrote:

> To YouTube LLC/Google,
>
> Please see attached **Claimant Tykeiya's Reply** to Respondent Chris Brown.
>
> Regards,
>
> Marc A. Stephens
> 122 East 42nd Street
> 4th Floor, Suite #1013
> New York, NY 10168
> Phone: 212-381-1973
> Attorney in Fact for Tykeiya Dore pka 'Tykeiya'

a33

# EXHIBIT 19

 Gmail

Marc A. Stephens <marcanthonystephens1@gmail.com>

## Fwd: THIRD NOTICE OF COPYRIGHT INFRINGEMENT - NO GUIDANCE - CHRIS BROWN

1 message

Marc A. Stephens <marcanthonystephens1@gmail.com>                                       Mon, Jul 1, 2024 at 9:45 AM
To: "Genovese, Chiara, Sony Music" <chiara.genovese@sonymusic.com>, JSamrriataro@pryorcashman.com, "Herman, Heidi, RCA Records" <Heidi.Herman@rcarecords.com>, KSuarez@pryorcashman.com, copyright@youtube.com

If appears that YouTube is involved with covering up the copyright infringement claim by deleting my account.  This will lead to YouTube being a defendant in this case for defamation.

---------- Forwarded message ---------
From: **YouTube Copyright** <youtube-disputes+133xbgw5nre430q@google.com>
Date: Mon, Jul 1, 2024 at 5:49 AM
Subject: THIRD NOTICE OF COPYRIGHT INFRINGEMENT - NO GUIDANCE - CHRIS BROWN
To: <marcanthonystephens1@gmail.com>

Hello,

Your account has been suspended for submitting abusive legal requests and will not be reinstated. In addition, further removal requests submitted from this account will not be reviewed.

Sincerely,
The YouTube Team

On July 1, 2024 marcanthonystephens1@gmail.com wrote:

To YouTube LLC/Google,

Please see attached **Claimant Tykeiya's Reply** to Respondent Chris Brown.

Regards,

**Marc A. Stephens**
122 East 42nd Street
4th Floor, Suite #1013
New York, NY 10168
Phone: 212-381-1979
Attorney in Fact for Tykeiya Dore pka 'Tykeiya'

# EXHIBIT 20

 Gmail                                    Marc A. Stephens <marcanthonystephens1@gmail.com>

---

## THIRD NOTICE OF COPYRIGHT INFRINGEMENT - NO GUIDANCE - CHRIS BROWN
1 message

**Sammataro, James** <JSammataro@pryorcashman.com>                    Mon, Jul 1, 2024 at 10:05 AM
To: "Marc A. Stephens" <marcanthonystephens1@gmail.com>, "Genovese, Chiara, Sony Music"
<chiara.genovese@sonymusic.com>, "Herman, Heidi, RCA Records" <Heidi.Herman@bcarecords.com>, "Suarez, Kandizz"
<KSuarez@pryorcashman.com>, "copyright@youtube.com" <copyright@youtube.com>
Cc: "Sammataro, James" <JSammataro@pryorcashman.com>

Marc –

Rather than graft a sinister objective to YouTube, you may wish to instead consider that a third-party has objectively determined that Ms. Dore's claims are frivolous and that the continued pursuit of her claims is "abusive." YouTube has no incentive to "cover up" alleged infringement or expose itself to legal action. Its sole aim to fairly assess infringement allegations. The fact that YouTube is barring further submissions is an objection not that warrants reconsideration.

Should a lawsuit be filed, we will have no choice but to pursue sanctions under Rule 11 of the Federal Rule of Civil Procedure. In that we take no delight in seeking sanctions against fellow members of the bar, we urge you to take a step back and honestly assess Ms. Dore's claims against the precedent outlined in our detailed response. Even with the new "facts" added to the third notice of infringement, the claims remain devoid of substantive merit. Respectfully, this is not a close call. Should you nonetheless elect to forge ahead, please place your carrier on notice as we have every intention of recovering the defendants' attorneys' fees. We hope that you conduct the needed pre-filing investigation and reconsider.

Sincerely,

James

---

**JAMES SAMMATARO**

Partner

**PRYOR CASHMAN LLP**

255 ALHAMBRA CIRCLE  8TH FLOOR

MIAMI, FLORIDA 33134

1801 CENTURY PARK EAST, SUITE 2400

LOS ANGELES, CA 90067

jsammataro@pryorcashman.com

Direct Tel: (786) 582-3010

Mobile: (305) 788-4883

www.pryorcashman.com

*A member of Interlaw, an International Association of Independent Law Firms*

**From:** Marc A. Stephens <marcanthonystephens1@gmail.com>
**Sent:** Monday, July 1, 2024 9:45 AM
**To:** Genovese, Chiara, Sony Music <chiara.genovese@sonymusic.com>; Sammataro, James <JSammataro@pryorcashman.com>; Herman, Huidi, RCA Records <Huidi.Herman@rcarecords.com>; Suarez, Kandice <KSuarez@pryorcashman.com>; copyright@youtube.com
**Subject:** Fwd: THIRD NOTICE OF COPYRIGHT INFRINGEMENT - NO GUIDANCE - CHRIS BROWN


It appears that YouTube is involved with covering up the copyright infringement claim by deleting my account.  This will lead to YouTube being a defendant in this case for defamation.

---------- Forwarded message ---------
**From:** YouTube Copyright <youtube-disputes+133xogw5nre436q@google.com>
**Date:** Mon, Jul 1, 2024 at 9:49 AM
**Subject:** THIRD NOTICE OF COPYRIGHT INFRINGEMENT - NO GUIDANCE - CHRIS BROWN
**To:** <marcanthonystephens1@gmail.com>


Hello,

Your account has been suspended for submitting abusive legal requests and will not be reinstated. In addition, further removal requests submitted from this account will not be reviewed.

Sincerely,
The YouTube Team

On July 1, 2024 marcanthonystephens1@gmail.com wrote:


To YouTube LLC/Google,


Please see attached Claimant Tykelya's Reply to Respondent Chris Brown.


Regards,


Marc A. Stephens
122 East 42nd Street
4th Floor, Suite #1013
New York, NY 10168
Phone: 212-381-1979
Attorney in Fact for Tykelya Dorempka "Tykelya'

# EXHIBIT 21

## Marc A. Stephens

122 East 42nd Street, 4th Floor, Suite #1013, New York, NY 10168

July 1, 2024

Pryor Cashman
1801 Century Park East
Los Angeles, CA 90067
c/o Chris Brown, et al

DMCA Complaint
YouTube LLC
901 Cherry Avenue
San Bruno, CA 90466

### RE: THIRD NOTICE OF COPYRIGHT INFRINGEMENT - NO GUIDANCE - CHRIS BROWN

On May 29, 2024, on behalf of R&B Singer Tykeiya Dore pka "Tykeiya", I sent a request for a takedown of videos uploaded by Chris Brown on YouTube titled "No Guidance". YouTube deleted my YouTube account, and refused to takedown the requested videos. On June 24, 2024, Chris Brown's lawyer, provided a 10 page response. Below is our reply:

### 1. NOT HAVING COMMERCIAL SUCCESS DOES NOT ALLOW RESPONDENT CHRIS BROWN TO "STEAL" CLAIMANT TYKEIYA'S COPYRIGHTED WORK

The Respondent Chris Brown states on Page 1, paragraph 2, "A. The Alleged Similarities Between "No Guidance" and "I Got It"...," that Claimant Tykeiya's song "I Got It" generated 5,153 views on YouTube, and how Respondent Chris Brown song "No Guidance" has over 400 million views on YouTube. In a Rolling Stone article titled, "Inside the 'Black Market' Where Artists Can Pay for Millions of Streams", it details how record labels and artist buy millions of streams and views to boost their online profile, and push their releases further up the charts, which destroys the career of independant artist, such as independent artist Claimant Tykeiya. Respondent Chris Brown streams and views are most likely not organic.

For example, Cardi B, born and raised in Washington Heights, New York City, the same neighborhood as Defendant Anderson Hernandez aka Vinylz, is a female rapper with the most Diamond-certified songs by the Recording Industry Association of America (RIAA) three (3), one of the most commercially successful female rappers of her generation with the most Billboard Hot 100 number one singles five (5), the recipient of numerous accolades, including a Grammy Award, eight Billboard Music Awards (including three consecutive Top Rap Female Artist wins), six Guinness World Records, six American Music Awards, four MTV Video Music Awards, six BET Awards (including Album of the Year), and fourteen BET Hip Hop Awards. Invasion of Privacy—which made her the first female rapper to win the Grammy Award for Best Rap Album as a solo artist — became the first female rap album in fifteen years to be nominated for a Grammy Award for Album of the Year, and the one with the most total weeks on the top position sixteen (16), released a song "Red Barz", produced by Benji Films on April 3, 2017, one month after Claimant Tykeiya's song "I Got It" produced by Benji Films, and as of today Cardi B has 14,196 views, https://www.youtube.com/watch?v=Yh_fqhy1ZKc. In the same year, on June 2, 2017, 3 months after Claimant Tykeiya's song "I Got It", Cardi B released another song titled "Pull

Up", produced by **Benji Filmz**, which as of today has **3,499 views**, https://www.youtube.com/watch?v=m80zZTyrRR8.

Respondent Chris Brown believes if an artist doesn't have commercial success that they can "Steal" the artist copyrighted work.

## 2. CIRCUMSTANTIAL EVIDENCE CAN BE USED TO PROVE ACCESS AND THE TWO WORKS ARE SO SIMILAR THAT THERE IS NO OTHER EXPLANATION BUT COPYING

The Respondent Chris Brown states on Page 2, paragraph 2, "**B. Claimant's claim should be summarily rejected as she cannot plausibly establish access**". Respondent Chris Brown **admits** that the song "No Guidance" was written by Christopher Brown, Aubrey Graham pka Drake, Anderson Hernandez pka Vinylz, and Nija Charles.

Claimant Tykeiya's manager provided a copy of her song "I Got It" to Nija Charles. The manager and Charles also communicated via social media regarding the song. Once Respondent Chris Brown's song "No Guidance" was released, Claimant manager contacted Nija Charles to confront her about stealing the song "I Got It". Nija Charles blocked Claimant manager from her social media accounts. Claimant manager felt incompetent, humiliated, and embarrassed, that he allowed the song "I Got It" to be copied without being compensated, so he never told Claimant Tykeiya about it. It wasn't until Tykeiya hired Marc Stephens that she was made aware that her manager knew about Nija Charles and Vinlyz having access to her song.

The Respondent Chris Brown states on Page 2, "**1. Claimant's song was not widely disseminated**". The "Widely Disseminated" argument does not necessary apply in this case because Respondent Chris Brown obtain access of Claimant song via Nija Charles and Vinlyz as discussed above. In 2017, Claimant Tykeiya was an **independent female R&B artist** that catered to the local market in Harlem, New York. The black population of harlem is around 56,000, and Tykeiya's song generated over 5,000 views, 9% of Harlem's black population. Chris Brown is a **commercial artist** that caters to a worldwide market. The world population is 8 billion people, and Chris Brown's song "No Guidance" generated 470 Million views, which is around 6% of the world's population. Chris Brown has 145 million followers on Instagram, yet "No Guidance" sold 8 million units. In this case, the court can determine what is considered "Widely Disseminated".

## 3. DEFENDANT ANDERSON HERNANDEZ, PROFESSIONALLY KNOWN AS VINYLZ, AND NIJA CHARLES OBTAIN DIRECT ACCESS TO CLAIMANT TYKEIYA'S SONG "I GOT IT" BEFORE CHRIS BROWN'S SONG "NO GUIDANCE" WAS WRITTEN OR RELEASED

The Respondent Chris Brown states on Page 3, "**2. Claimants conspicuously fails to identify the Producer that allegedly worked on both songs**". Benji Filmz, "Benji Filmz What's Poppin", is a Famous Director from Harlem, New York City who caters to the "**up and coming artist**", as well as well known artist. All music executives, writers, and producers turn to Benji Filmz to "**keep their eyes and ears to the streets**" of new artist and new trends by New York City artist. Defendant Anderson Hernandez, professionally known as **Vinylz**, is a record producer from Washington Heights, New York City, discovered and obtained access to, Tykeiya's song "I Got It", and Cardi B's songs on Benji Filmz YouTube channel. In 2018, Vinylz later produced Cardi B song "Be Careful". The songwriters and producers for Respondent Chris Brown song "No Guidance", are both Nija Charles and Vinylz. As discussed above, Claimant Tykeiya's manager provided a copy of her song "I Got It" to Nija Charles.

**4. LAYMAN VIEWING AND LISTENING TO TYKEIYA'S "I GOT IT" AND CHRIS BROWN "NO GUIDANCE" SIDE BY SIDE WILL EASILY DETERMINE THE SONGS ARE STRICKINGLY SIMILAR**

The Respondent Chris Brown states on Page 3, "3. A cursory listen to the two songs despels the notion that they are "Strickingly Similar".

Its impossible to not hear the two songs are substantially similar, see a comparison video of the two songs on YouTube titled, "**Copyright Infringement Comparison - Tykeiya "I got It" vs Chris Brown "No Guidance" (you got it)**". https://www.youtube.com/watch?v=ILepGW02lSE. A layman commentor on the video stated, "Wow, I would pursue a lawsuit too. It's definitely giving No Guidance sampled it.." "[O]n substantial similarity, the question is how the works "would appear to a layman viewing [them] side by side," Universal Athletic Sales Co. v. Salkeld, 511 F.2d 904, 908 (3d Cir. 1975), and we have rejected the usefulness of experts in answering this question. Tanksley v. Daniels, 902 F. 3d 165 - Court of Appeals, 3rd Circuit 2018 at 172. "[I]n order to prove copyright infringement, a plaintiff must establish that his copyrighted work and the infringing work are "substantially similar", Dam Things from Den. v. Russ Berrie & Co., 290 F.3d 548, 561-62 (3d Cir. 2002). Tanksley v. Daniels, 902 F. 3d 165 - Court of Appeals, 3rd Circuit 2018 at 171.

**5. IDEAS ARE EXPRESSED THROUGH MELODY, HARMONY, AND RHYTHM AND ARE PROTECTABLE**

The Respondent Chris Brown states on Page 4, "C. Ideas Cannot be Infringed". Respondent Chris Brown entire 10 page argument **Admits** that the song "No Guidance" has the same "Titles"; "Idea", "Similarity", and "elements" as Claimant Tykeiya's song "I Got It". Respondents are simply trying to hide behind the law, but their actions are in clear violation of the U.S. Copyright Law, and other laws. "[M]usical compositions are expressed primarily through the building blocks of **melody, harmony, and rhythm**. See Newton v. Diamond ("Newton I"), 204 F.Supp.2d 1244, 1249 (C.D. Cal, 2002) (citing 3 Nimmer & Nimmer, supra, § 2.05[D]); Randel, supra, at 481 ("The whole of music is often informally divided into three domains: melody, harmony, and rhythm."); see generally Aaron Copland, What to Listen for in Music 33-77 (McGraw-Hill 1957). Williams v. Gaye, 885 F. 3d 1150 - Court of Appeals, 9th Circuit 2018 at 1187.

"[S]ubstantial similarity can be found in a combination of elements, even if those elements are individually unprotected." Id, at 848; see also Three Boys Music, 212 F.3d at 485 ("It is well settled that **a jury may find a combination of unprotectible elements to be protectible** under the extrinsic test because "the over-all impact and effect indicate substantial appropriation."" (quoting Krofft, 562 F.2d at 1169)). In fact, "[e]ven if a **copied portion be relatively small** in proportion to the entire work, if qualitatively important, the finder of fact **may properly find** substantial similarity." Swirsky, 376 F.3d at 852 (alteration in original) (quoting Baxter v. MCA, Inc., 812 F.2d 421, 425 (9th Cir. 1987)). Thus, even "an arrangement of a limited number of notes **can** garner copyright protection." Id, at 851. Williams v. Gaye, 885 F. 3d 1150 - Court of Appeals, 9th Circuit 2018 at 1181.

**6. TYKEIYA'S SONG "I GOT IT" IS ENTITLED TO COPYRIGHT PROTECTION AS A WORK AND CHRIS BROWN ADMIT TO COPYING CLAIMANT SONG**

The Respondent Chris Brown states on Page 5, "D. Claimant has not plead actionable similarity"......"E. The short, commonplace phrases "I Got It" and "You Got It" are not copyrightable as a matter of law".

"Its Your Birthday" **is entitled** to copyright protection as a work". Rogers v. Koons, 960 F.2d 301, 307 (2d Cir. 1992). "[a]n arrangement of a limited number of notes **can** garner copyright protection," Swirsky, 376 F.3d at 851. Thus, we held in Swirsky that a melody of seven notes is not unprotectable as a matter of law. Id. at 852. **Williams v. Gaye, 885 F. 3d 1150 - Court of Appeals, 9th Circuit 2018 at 1189.**

If you take **three songs**, Tykeiya - I Got It (2017), Cardi B - Red Barz (2017), and Chris Brown - No Guidance (2018), and ask the general public, a judge, or jury, which song sounds substantially similar to Tykeiya's song "I Got It", they would say Chris Brown's song "No Guidance". If you take **every single song**, from every album, created by Chris Brown, and ask the general public, a judge, or jury, which song sounds substantially similar to Tykeiya's song "I Got It", they would say Chris Brown song "No Guidance". Out of 1,342 songs titled "I Got It", and 910 songs titled "You Got It", **NONE** sounds substantially similar to Tykeiya's song "I Got It" **EXCEPT** Chris Brown's song "No Guidance". There are newer songs that also copied Tykeiya's melody, harmony, and rhythm of "I Got It".

Chris Brown admits to copying. He states, "[C]onsequently, "**not all copying is copyright infringement and parrotry does not always mean piracy.** Here, Brown has not copied any of the Song's original elements", **see page 5, paragraph 4-5.**

Chris Brown argues that, The short, commonplace phrases "I Got It" and "You Got It" are not copyrightable as a matter of law. "[T]his Court **does not agree.** Although it is clear that, on its face, the taking involved in this action is relatively slight, on closer examination it becomes apparent that this portion of the piece, the **musical phrase** that the lyrics "**I Love New York**" accompany, is the heart of the composition. Use of such a significant (albeit less than extensive) portion of the composition is far more than merely a de minimis taking. See Shelton v. Metro-Goldwyn Pictures Corp., 81 F.2d 49 (2d Cir.), cert. denied, 298 U.S. 669, 56 S.Ct. 835, 80 L.Ed. 1392 (1936); Life Music, Inc. v. Wonderland Music Co., 241 F.Supp. 653 (S.D.N.Y.1965). The tone of "**I Love Sodom**" is easily recognizable as "having been appropriated from the copyrighted work," Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021, 1022 (2d Cir. 1966); Fleischer Studios, Inc. v. Ralph A. Freundlich Inc., 73 F.2d 276, 278 (2d Cir. 1934), and is a taking of a substantial nature. See H. C. Wainwright & Co. v. Wall Street Transcript Corp., 418 F.Supp. 620 (S.D.N.Y.1976). Accordingly, **such taking is capable of rising to the level of a copyright infringement.** Elsmere Music, Inc. v. National Broadcasting Co., 482 F. Supp. 741 - Dist. Court, SD New York 1980 at 745.  TufAmerica, Inc. v. Diamond, 968 F. Supp. 2d 588 - Dist. Court, SD New York 2013 at 604. The only reason the defendant won the case was because the tune "I Love Sodom" was a Parody.  "No Guidance" is **not a parody**.

## 7. THE COMBINATION OF ELEMENTS IN TYKEIYA'S "I GOT IT" ARE PROTECTABLE

The Respondent Chris Brown states on Page 7, "**F. Commonplace Musical elements are not protectable**". "[S]till, "substantial similarity can be found in a combination of elements, **even if those elements are individually unprotected.**" Id. at 848; see also Metcalf, 294 F.3d at 1074 ("Each note in a scale, for example, is not protectable, but a pattern of notes in a tune may earn copyright protection."); Three Boys Music, 212 F.3d at 485-86 (upholding jury's finding of substantial similarity based on "a combination of unprotectible elements"). This principle finds particular relevance in application of the intrinsic test, where a trier of fact may "find that the over-all impact and effect indicate substantial appropriation," even if "any one similarity taken by itself seems trivial." Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1169 (9th Cir. 1977) (quoting Malkin v. Dubinsky, 146 F.Supp. 111, 114 (S.D.N.Y. 1956)), Williams v. Gaye, 885 F. 3d 1150 - Court of Appeals, 9th Circuit 2018 at 1163-1164.

**8. CHRIS BROWN AND DRAKE ARE WELL KNOWN IN THE MUSIC INDUSTRY FOR STEALING ARTIST SONGS AND LYRICS**

In the music industry "COPYING IDEAS" are frowned upon, as it states the artist is not original, not a true artist. Fans created a **17-minute video** on YouTube of Defendant Aubrey Graham pka Drake stealing multiple artist songs, lyrics, melody, harmony, and rhythms, "**Drake Stealing Lyrics and Flows for 17 Minutes**", https://www.youtube.com/watch?v=1M_uVHYTW0,

In an article published by Chris Brown's own lawyers, Pryor Cashmans LLP, titled **Pryor Cashman Client Chris Brown Settles 'Privacy' Copyright Suit**, it reads; "R&B singer and Pryor Cashman client Chris Brown settled a copyright infringement lawsuit brought by Greensleeves Publishing claiming that Brown's single "Privacy" **copied parts of another song**. Greensleeves' suit claimed that Brown used parts of "Tight Up Skirt" by Red Rat **without permission**; the parties agreed to settle and are negotiating the details of the settlement". Brown had copied key parts of Red Rat's 1997 hit, including **lyrics from the hook and the song's melody**, and used it in his 2017 single, "Privacy." https://www.pryorcashman.com/news/pryor-cashman-client-chris-brown-settles-privacy-copyright-suit. A jury will **easily determine** based on Respondent Chris Brown and Drake history of copyright infringement, that they stole the harmony, melody, and rhythm of Claimant Tykeiya's song, "I Got It".

**9. YOUTUBE IS VICARIOUS LIABILITY FOR COPYRIGHT INFRINGEMENT DUE TO REFUSING TO TAKEDOWN THE RESPONDENT CHRIS BROWN VIDEOS "NO GUIDANCE" THAT IS ALLEGEDLY INFRINGING ON CLAIMANT TYKEIYA SONG "I GOT IT"**

YouTube accused Marc Stephens of commiting "fraud" when Stephens submitted a copyright takedown notice, and shutdown Stephens' YouTube account which contained a comparison video of Respondent Chris Brown's song "No Guidance" and Claimant Tykeiya's song "I Got It", "[T]he landmark case on vicarious liability for infringing copyrighted musical recordings is Shapiro, Bernstein & Co. v. H. L. Green Co., 316 F.2d 304 (2d Cir. 1963). There a department store was held accountable for the infringing sale of "bootleg" records by a concessionaire operating in its stores. Id. at 307-308. The store retained the ultimate right to supervise the concessionaire and its employees, demonstrating its control over the infringement. And the store received a percentage of every record sale, "whether 'bootleg' or legitimate," giving it "a most definite financial interest" in the infringing sales".

I HAVE A GOOD FAITH BELIEF THAT THE USE OF THE MATERIAL IN THE MANNER COMPLAINED OF IS NOT AUTHORIZED BY THE COPYRIGHT OWNER, ITS AGENT, OR THE LAW. I STATE THAT THE INFORMATION IN THE NOTIFICATION IS ACCURATE, AND UNDER PENALTY OF PERJURY, THAT THE COMPLAINING PARTY IS THE COPYRIGHT OWNER OR AUTHORIZED TO ACT ON BEHALF OF THE OWNER OF AN EXCLUSIVE RIGHT UNDER COPYRIGHT THAT IS ALLEGEDLY INFRINGED. I ACKNOWLEDGE THAT UNDER SECTION 512(F) ANY PERSON WHO KNOWINGLY MATERIALLY MISREPRESENTS THAT MATERIAL OR ACTIVITY IS INFRINGING MAY BE SUBJECT TO LIABILITY FOR DAMAGES. I AM THE OWNER, OR AN AGENT AUTHORIZED TO ACT ON BEHALF OF THE OWNER, OF AN EXCLUSIVE RIGHT THAT IS ALLEGEDLY INFRINGED.

Sincerely,

Marc A. Stephens
122 East 42nd Street
4th Floor, Suite #1013
New York, NY 10168
Phone: 212-381-1973
Attorney in Fact for Tykeiya Dore pka "Tykeiya"

# EXHIBIT 22

7/3/24, 8:05 PM                    Gmail - [AFQPEJY7PJXZKCZMR6HCZT23DY] YouTube Copyright Complaint Submission

 Gmail

Marc A. Stephens <marcanthonystephens1@gmail.com>

## [AFQPEUY7PJXZKCZMR6HCZT23DY] YouTube Copyright Complaint Submission
1 message

YouTube Copyright <youtube-disputes+abc0a4a4b0val07@google.com>          (Wed, Jul 3, 2024 at 3:04 AM
Reply-To: YouTube Copyright <youtube-disputes+3b5ek04x90val07@google.com>
To: marcanthonystephens1@gmail.com

YouTube

Hi Marc A. Stephens,

Thank you for your response. We've reviewed it and provided updates below.

### Request declined

We've reviewed this matter and found that you haven't identified a work that is subject to copyright. For this reason, we can't process your request for the video(s) listed below.

If appropriate, you may submit a complaint about other legal issues, including trademark and defamation.

Videos in question:

https://www.youtube.com/watch?v=0L_k74HOLeg

♪  Original song (Sound recording and composition)

Title of Original song: I GOT IT

Content found in: Entire video

https://www.youtube.com/watch?v=oOe4SMnMp0

♪  Original song (Sound recording and composition)

Title of Original song: Your song chorus titled "No Guidance" is infringing upon my Client's copyrighted work, titled, "I GOT IT", filed with the U.S. Copyright Office, registration PA0002204367, by Tykeiya Dore pka "Tykeiya".

Content found in: Entire video

To learn more about copyright, go to YouTube's Copyright Center. If you still think this copyright removal request is valid, you may appeal this decision. Learn more about your resolution options.

You may take back your claim of copyright infringement at any time if you change your mind.

- The YouTube Team

# EXHIBIT 23

7/3/24, 8:05 PM                              Gmail - Re: FIRST NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown

 Gmail                                     Marc A. Stephens <marcanthonystephens1@gmail.com>

## Re: FIRST NOTICE OF COPYRIGHT INFRINGEMENT - No Guidance - Chris Brown
1 message

YouTube Copyright <youtube-disputes+3p4mdmq3x8hg0q@google.com>                    Wed, Jul 3, 2024 at 3:04
Reply-To: YouTube Copyright <youtube-disputes+3p4mdmq3x8hg0q@google.com>                                    AM
To: marcanthonystephens1@gmail.com

Hello,

After looking into your appeal, we've concluded that your channel has been terminated incorrectly and we've reinstated
your channel.

We routinely review all submissions to our webforms for signs of potential abuse, and your takedown request was
incorrectly flagged in this process. As a result, your channel was terminated. On further investigation, your request doesn't
seem abusive.

However, we've reviewed this matter and found that you haven't identified a work that is subject to copyright. For this
reason, we can't process your request.

If appropriate, you may submit a complaint about other legal issues, including trademark and defamation.

To learn more about copyright, go to YouTube's Copyright Center. If you still think this copyright removal request is valid,
you may appeal this decision.

To appeal, please respond to this email with the following info:

- Your full legal name
- Name of the person, company, or organization, including business entity type, you represent, if applicable. For
  instance, if you're the legal agent of a company, list the name of the company.
- Your country of residence
- Details to support your copyright removal request. Be sure to address the specific reason YouTube gave for
  declining to process your request.
- State that the info in your appeal is true and complete.
- An attachment with supporting documentation, such as a copyright registration certificate if the work is registered.

Learn more about your resolution options.

Sincerely,
The YouTube Team

On June 3, 2024 marcanthonystephens1@gmail.com wrote:

> NOTICE OF INTENT TO SUE YOUTUBE, LLC FOR INTERFERING WITH A FEDERAL COPYRIGHT
> INFRINGEMENT CASE BY TAMPERING WITH EVIDENCE, AND FOR DEFAMATION
>
> I provided you with the exact information that you requested 'Twice'. You are not reading the information in my email
> which is included in the email chain below. You shutdown my YouTube account which had a video that shows the proof
> of copyright infringement. You accuse me of committing "fraud" without contacting me via phone, or conducting a real
> investigation. Accusing me of committing a "Crime" is considered defamation per se.
>
> SONY contacted me in regards to my copyright email. They didn't say my copyright request is "fraudulent", see
> attached email from SONY. **EXHIBIT 1**
>
> Please reinstate my account immediately, or a civil lawsuit will be filed against YouTube for intentionally destroying
> evidence.
>
> NOTICE OF INTENT TO SUE YOUTUBE, LLC FOR INTERFERING WITH A FEDERAL COPYRIGHT
> INFRINGEMENT CASE BY TAMPERING WITH EVIDENCE, AND FOR DEFAMATION

# EXHIBIT 24

 Gmail

Marc A. Stephens <marcanthonystephens1@gmail.com>

## First Request to Settle Copyright Infringement - No Guidance - Chris Brown
1 message

Marc A. Stephens <marcanthonystephens1@gmail.com>                                   Mon, Jul 8, 2024 at 9:50 AM
To: "Sammataro, James" <JSammataro@pryorcashman.com>
Cc: "Genovese, Chiara, Sony Music" <chiara.genovese@sonymusic.com>, "Herman, Heidi, RCA Records"
<Heidi.Herman@rcarecords.com>, "Suarez, Kerdice" <KSuarez@pryorcashman.com>, "Sammataro, James"
<JSammataro@pryorcashman.com>

Hello James,

### 1. SETTLEMENT OFFER

We are willing to settle out of court for $5 Million, within 10 days, see supporting data below. You can keep the
publishing, royalties, publicity, recognition, etc, which you can make your money back with future sales of "No Guidance",
licensing, concerts, events, etc. If you rather go to court, we will request all rights and damages.

### 2. CASE LAW

In both cases filed against you which includes, Greensleeves vs Chris Brown, Case 1:21-cv-05751-ALC, and Brandon
Saunders v. Christopher Maurice Brown et al, Case 2:21-cv-09237-DSF-GJS, the judges ruled that you cannot infringe
on the 'musical phrase'.

In the Saunders case, the judge opinion stated, "[T]he Court previously denied a motion to dismiss, noting that Plaintiffs
did not claim that "the word 'wet' alone is protectable, but rather that the repetition of that lyric in a particular rhythmic way
is protectable'. Dkt. 64 at 6", Brandon Saunders v. Christopher Maurice Brown et al, Docket No. 2:21-cv-09237 (C.D. Cal.
Nov 24, 2021). ECF 70, page 1-2.

Saunders' repetition of the lyric "Wet, Wet" is protectable, and Tykeiya's repetition of the lyric "I Got It, I Got It", is
protected, along with the beat, melody, harmony, etc.

### 3. TYKEIYA'S WORK

Due to Tykeiya's work with her song "I Got It", Chris Brown's "No Guidance" was able to achieve the following:

### A. AWARDS AND NOMINATIONS

No Guidance was Nominated Best R&B Song of the 62nd Annual Grammy Awards, won Best Collaboration, Best Dance
Performance, and Song of the Year, and Nominated Best Video of the Year, and Ashford & Simpson Songwriter's Award at
the 2019 Soul Train Music Awards.

### B. CERTIFICATIONS

1 billion streams - https://rated-rnb.com/2024/03/chris-browns-no-guidance-surpasses-1-billion-streams-on-spotify/. As of
2024, the music video on YouTube has received over 477 million views, and the Audio received 330 million views, a total
of 807 million views

No Guidance is notably certified octuple platinum by the Recording Industry Association of America (RIAA), quadruple
platinum by the Australian Recording Industry Association (ARIA), and tode platinum by the Canadian Recording Industry
Association (MC). https://www.riaa.com/gold-%20platinum/?tab_active=default-award&se=chris-brown&
col=label&col=sss

| Region | Certification | Certified units/sales |
|---|---|---|
| Australia (ARIA)[79] | 4× Platinum | 280,000 |
| Canada (Music Canada)[80] | 3× Platinum | 240,000 |
| Denmark (IFPI Danmark)[83] | Gold | 45,000 |

| France (SNEP)[82] | Gold | 100,000 |
|---|---|---|
| Germany (BVMI)[83] | Gold | 200,000 |
| Italy (FIMI)[84] | Gold | 35,000 |
| Mexico (AMPROFON)[85] | Gold | 30,000 |
| New Zealand (RMNZ)[86] | Platinum | 30,000 |
| Poland (ZPAV)[87] | Gold | 25,000 |
| Portugal (AFP)[88] | Platinum | 10,000 |
| Spain (PROMUSICAE)[89] | Gold | 30,000 |
| Switzerland (IFPI Switzerland)[90] | Gold | 10,000 |
| United Kingdom (BPI)[91] | 2× Platinum | 1,200,000 |
| United States (RIAA)[92] | 8× Platinum | 8,000,000 |
|  |  | 10,235,000 |

Regards,

Marc A. Stephens
122 East 42nd Street
4th Floor, Suite #1043
New York, NY 10168
Attorney In Fact for Tykeiya Dore pka "Tykeiya"

 **Gmail**

Marc A. Stephens <marcanthonystephens1@gmail.com>

## Second Request to Settle Copyright Infringement - No Guidance - Chris Brown
1 message

Marc A. Stephens <marcanthonystephens1@gmail.com>                           Tue, Jul 23, 2024 at 6:52 PM
To: "Sammataro, James" <JSammataro@pryorcashman.com>
Cc: "Genovese, Chiara, Sony Music" <chiara.genovese@sonymusic.com>, "Herman, Heidi, RCA Records"
<Heidi.Herman@rcarecords.com>, "Suarez, Kandice" <KSuarez@pryorcashman.com>

Hello James,

I'm just following up with the first request to settle. I am currently awaiting YouTube's decision on our takedown request of the "No Guidance" videos. The general public believes copyright infringement exists. You are very experienced. I know you see it too. https://www.youtube.com/watch?v=ILcpGW02ISE&t ; We are open to negotiate. I can't believe that you rather tarnish Chris Brown's image than to do the right thing and settle this obvious case of copyright infringement.

### 1. SETTLEMENT OFFER

We are willing to settle out of court for $5 Million, within 10 days. see supporting data below. You can keep the publishing, royalties, publicity, recognition, etc, which you can make your money back with future sales of "No Guidance", licensing, concerts, events, etc. If you rather go to court, we will request all rights and damages.

### 2. CASE LAW

In both cases filed against you which includes, Greensleeves vs Chris Brown, Case 1:21-cv-05761-ALC, and Brandon Saunders v. Christopher Maurice Brown et al, Case 2:21-cv-09237-DSF-GJS, the judges ruled that you cannot infringe on the "musical phrase".

In the Saunders case, the judge opinion stated, "[T]he Court previously denied a motion to dismiss, noting that Plaintiffs did not claim that 'the word 'wet' alone is protectable, but rather that the repetition of that lyric in a particular rhythmic way is protectable. Dkt. 64 at 6", Brandon Saunders v. Christopher Maurice Brown et al, Docket No. 2:21-cv-09237 (C.D. Cal. Nov 24, 2021), ECF 70, page 1-2.

Saunders' repetition of the lyric "Wet, Wet" is protectible, and Tykeiya's repetition of the lyric "I Got It, I Got It", is protected, along with the beat, melody, harmony, etc.

### 3. TYKEIYA'S WORK

Due to Tykeiya's work with her song "I Got It", Chris Brown's "No Guidance" was able to achieve the following:

### A. AWARDS AND NOMINATIONS

No Guidance was Nominated Best R&B Song at the 62nd Annual Grammy Awards, won Best Collaboration, Best Dance Performance, and Song of the Year, and Nominated Best Video of the Year, and Ashford & Simpson Songwriter's Award at the 2019 Soul Train Music Awards.

### B. CERTIFICATIONS

1 billion streams - https://ratedrnb.com/2024/03/chris-brown-no-guidance-surpasses-1-billion-streams-on-spotify/. As of 2024, the music video on YouTube has received over 477 million views, and the Audio received 390 million views, a total of 867 million views.

No Guidance is notably certified octuple platinum by the Recording Industry Association of America (RIAA), quadruple platinum by the Australian Recording Industry Association (ARIA), and triple platinum by the Canadian Recording Industry Association (MC). https://www.riaa.com/gold-%20platinum/?tab_active=default-award&se=chris+brown&col=abel&ord=asc

| Region | Certification | Certified units/sales |
|--------|---------------|------------------------|

9/14/24, 8:47 AM    Gmail - Second Request to Settle Copyright Infringement - No Guidance - Chris Brown

| Australia (ARIA)[79] | 4x Platinum | 280,000 |
| Canada (Music Canada)[80] | 3x Platinum | 240,000 |
| Denmark (IFPI Denmark)[81] | Gold | 45,000 |
| France (SNEP)[82] | Gold | 100,000 |
| Germany (BVMI)[83] | Gold | 200,000 |
| Italy (FIMI)[84] | Gold | 35,000 |
| Mexico (AMPROFON)[85] | Gold | 30,000 |
| New Zealand (RMNZ)[86] | Platinum | 30,000 |
| Poland (ZPAV)[87] | Gold | 25,000 |
| Portugal (AFP)[88] | Platinum | 10,000 |
| Spain (PROMUSICAE)[89] | Gold | 30,000 |
| Switzerland (IFPI Switzerland)[90] | Gold | 10,000 |
| United Kingdom (BPI)[91] | 2x Platinum | 1,200,000 |
| United States (RIAA)[92] | 8x Platinum | 8,000,000 |
| | | 10,235,000 |

Regards,
--
Marc A. Stephens
122 East 42nd Street
4th Floor, Suite #1013
New York, NY 10168
Attorney in Fact for Tykeiya Dore pka 'Tykeiya'

 Gmail

Marc A. Stephens <marcanthonystephens1@gmail.com>

## FINAL Request to Settle Copyright Infringement - No Guidance - Chris Brown
1 message

Marc A. Stephens <marcanthonystephens1@gmail.com>    Wed, Aug 28, 2024 at 10:10 AM
To: "Sammataro, James" <JSammataro@pryorcashman.com>
Cc: "Genovese, Chiara, Sony Music" <chiara.genovese@sonymusic.com>, "Herman, Heidi, RCA Records" <Heidi.Herman@rcarecords.com>, "Suarez, Kandice" <KSuarez@pryorcashman.com>

Hello James,

I'm just following up with the second request to settle. This is our Third and Final Request to settle. I am currently awaiting YouTube's decision on our takedown request of the "No Guidance" videos. The general public believes copyright infringement exists. You are very experienced, I know you see it too, https://www.youtube.com/watch?v=LepGW02ISE&t ; We are open to negotiate. I can't believe that you rather tarnish Chris Brown's image than to do the right thing and settle this obvious case of copyright infringement.

### 1. SETTLEMENT OFFER

We are willing to settle out of court for $5 Million, within 10 days. see supporting data below. You can keep the publishing, royalties, publicity, recognition, etc, which you can make your money back with future sales of "No Guidance", licensing, concerts, events, etc. If you rather go to court, we will request all rights and damages.

### 2. CASE LAW

In both cases filed against you which includes, Greensleeves vs Chris Brown, Case 1:21-cv-05751-ALC, and Brandon Saunders v. Christopher Maurice Brown et al, Case 2:21-cv-09237-DSF-GJS, the judges ruled that you cannot infringe on the 'musical phrase".

In the Saunders case, the judge opinion stated, "[T]he Court previously denied a motion to dismiss, noting that Plaintiffs did not claim that 'the word 'wet' alone is protectable, but rather that the repetition of that lyric in a particular rhythmic way is protectable. Dkt. 64 at 8", Brandon Saunders v. Christopher Maurice Brown et al, Docket No. 2:21-cv-09237 (C.D. Cal, Nov 24, 2021), ECF 70, page 1-2.

Saunders' repetition of the lyric "Wet, Wet" is protectible, and Tykeiya's repetition of the lyric "I Got It, I Got It", is protected, along with the beat, melody, harmony, etc.

### 3. TYKEIYA'S WORK

Due to Tykeiya's work with her song "I Got It", Chris Brown's "No Guidance" was able to achieve the following:

### A. AWARDS AND NOMINATIONS

No Guidance was Nominated Best R&B Song at the 62nd Annual Grammy Awards, won Best Collaboration, Best Dance Performance, and Song of the Year, and Nominated Best Video of the Year, and Ashford & Simpson Songwriter's Award at the 2019 Soul Train Music Awards.

### B. CERTIFICATIONS

1 billion streams - https://hatedrab.com/2024/05/chris-brown-no-guidance-surpasses-1-billion-streams-on-spotify/, As of 2024, the music video on YouTube has received over 477 million views, and the Audio received 330 million views, a total of 807 million views.

No Guidance is notably certified octuple platinum by the Recording Industry Association of America (RIAA), quadruple platinum by the Australian Recording Industry Association (ARIA), and triple platinum by the Canadian Recording Industry Association (MC). https://www.riaa.com/gold-%20platinum/?tab_active=default-award&se=chris+brown&col= abel&ord=asc

6/14/24, 6:56 AM                        Gmail - FINAL Request to Settle Copyright Infringement - No Guidance - Chris Brown

| Region | Certification | Certified units/sales |
|--------|---------------|----------------------:|
| Australia (ARIA)[79] | 4× Platinum | 280,000 |
| Canada (Music Canada)[80] | 3× Platinum | 240,000 |
| Denmark (IFPI Danmark)[81] | Gold | 45,000 |
| France (SNEP)[82] | Gold | 100,000 |
| Germany (BVMI)[83] | Gold | 200,000 |
| Italy (FIMI)[84] | Gold | 35,000 |
| Mexico (AMPROFON)[85] | Gold | 30,000 |
| New Zealand (RMNZ)[86] | Platinum | 30,000 |
| Poland (ZPAV)[87] | Gold | 25,000 |
| Portugal (AFP)[88] | Platinum | 10,000 |
| Spain (PROMUSICAE)[89] | Gold | 30,000 |
| Switzerland (IFPI Switzerland)[90] | Gold | 10,000 |
| United Kingdom (BPI)[91] | 2× Platinum | 1,200,000 |
| United States (RIAA)[92] | 8× Platinum | 8,000,000 |
| | | 10,235,000 |

Regards,

Marc A. Stephens
122 East 42nd Street
4th Floor, Suite #1013
New York, NY 10168
Attorney in Fact for Tykeiya Doru pka "Tykeiya"

# EXHIBIT 25

# News

SEPTEMBER 12, 2022 - NEWS

## Pryor Cashman Client Chris Brown Settles 'Privacy' Copyright Suit

Share This Page:

**RELATED PEOPLE**



James G. Sammata

**RELATED SERVICES & INDUSTRIES**

- Litigation
- Music Litigation
- Copyright
- Intellectual Property



R&B singer and Pryor Cashman client Chris Brown settled a lawsuit brought by Greensleeves Publishing claiming that Brown's single "Privacy" copied parts of another song.

Greensleeves' suit claimed that Brown used parts of "Tight Up Skirt" by Red Rat without permission; the parties agreed to settle and are negotiating the details of the settlement.

Brown is represented by Pryor Cashman Partner James G. Sammataro.

Read more about the case using the link below.

a51

# EXHIBIT 26

# RATED R&B

NEWS ∨    MUSIC ∨    VIDEOS ∨    FEATURES ∨    PLAYLIST    ✉ SUBSCRIBE   🔍

# Chris Brown's 'No Guidance' Surpasses 1 Billion Streams on Spotify

The Drake-assisted track appears on his 2019 album, 'Indigo'.

By KESHAN SAMUELS  /  March 10, 2024 2:05 PM  In News

