## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TYKEIYA DORE and MARC A. STEPHENS,

               Plaintiffs,

    v.

CHRIS BROWN ENTERTAINMENT, LLC d/b/a CHRISTOPHER BROWN ENTERTAINMENT, LLC, et al.,

               Defendants.

Civil Action No. 24-10103 (MCA) (MAH)

*Document Electronically Filed*

Motion Day:  April 21, 2025

ORAL ARGUMENT REQUESTED

---

**MEMORANDUM OF LAW OF DEFENDANTS SONGS OF UNIVERSAL, INC., SONY MUSIC PUBLISHING (US) LLC, SONY MUSIC ENTERTAINMENT, AND CHRIS BROWN ENTERTAINMENT, LLC IN SUPPORT OF MOTION TO DISMISS**

---

Samuel I. Portnoy
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

Ilene S. Farkas
James G. Sammataro
Rachel M. Kaplowitz
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
(212) 421-4100

*Attorneys for Defendants*
*Songs of Universal, Inc.,*
*Sony Music Publishing (US) LLC,*
*Sony Music Entertainment, and*
*Chris Brown Entertainment, LLC*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ iv

PRELIMINARY STATEMENT ...................................................................1

STATEMENT OF RELEVANT FACTS .......................................................5

    A. The Complaint's Deficient Jurisdictional and Venue Allegations.............5

    B.  The Moving Defendants' Lack of Requisite Jurisdictional
    Contacts with New Jersey ...................................................................6

    C. Plaintiff's Deficient Claims of Infringement and Access .........................7

ARGUMENT ...........................................................................................10

I.  The Moving Defendants Are Not Subject to Personal Jurisdiction in New
Jersey......................................................................................................10

    A. Legal Standard Under Rule 12(b)(2).....................................................10

    B. Plaintiffs' Conclusory Group Pleading Fails to Set Forth a *Prima Facie*
    Case of Jurisdiction Over The Moving Defendants ................................12

    C. The Moving Defendants Are Not Subject to General Jurisdiction in New
    Jersey ................................................................................................13

    D. The Moving Defendants Are Not Subject to Specific Jurisdiction in New
    Jersey ................................................................................................15

        i.  Legal Standard for Specific Jurisdiction........................................15

        ii.  The Moving Defendants Did Not Purposefully Direct Their
        Activities to New Jersey..............................................................16

II.  Venue Is Not Proper in the District of New Jersey.....................................19

III.  Legal Standard for Dismissal Under Rule 12(b)(6).....................................19

IV.  Plaintiffs Fail to State Any Claims for Copyright Infringement.................22

    A. Plaintiffs Fail to Allege Access ...........................................................23

        i.  Plaintiffs Have Failed to Allege that Plaintiffs' Work
        Was Widely Disseminated ..........................................................24

        ii.  Plaintiffs Have Failed to Allege A Plausible Chain of Events
        to Support a Reasonable Possibility of Access.............................26

    B. Plaintiffs Have Not Alleged – and Cannot Allege – That "Substantial
    Similarity" Exists Between The Works At Issue ...................................29

        i.  The Phrase "Got It" Is Unprotectable ..........................................30

        ii.  Commonplace Musical Elements Are Unprotectable....................34

iii. The Court Can Hear For Itself That the
Works Are Not Substantially Similar ............................................36

C. There Is No Cause of Action for Common Law
Copyright Infringement............................................................38

D. Defendants Cannot Be Liable for Both Direct and Vicarious Copyright
Infringement ...............................................................................39

IV. The Action Should be Transferred to the Southern District of New York .39

CONCLUSION ........................................................................................40

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                    <u>PAGE(s)</u>

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*,
    722 F.2d 988 (2d Cir. 1983) ................................................................25

*Acuff-Rose Music, Inc. v. Jostens, Inc.*,
    988 F. Supp. 289 (S.D.N.Y. 1997) .....................................................25

*Adelson v. Enter. Car Rental*,
    No. CV172209KMJBC, 2017 WL 4538931 (D.N.J. Oct. 10, 2017) ................39

*Apps v. Universal Music Grp., Inc.*,
    283 F. Supp. 3d 946 (D. Nev. 2017), *aff'd*, 763 F. App'x 599 (9th
    Cir. 2019) ...............................................................................22, 31

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
    581 F.3d 1138 (9th Cir. 2009) ...........................................................24

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................19, 20

*Batts v. Adams*,
    No. CV 108123JFW (RZX), 2011 WL 13217923 (C.D. Cal. Feb.
    8, 2011) ........................................................................................26

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................19

*Bridgeport Music, Inc. v. Still N The Water Publ'g*,
    327 F.3d 472 (6th Cir. 2003) ............................................................17

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco
    Cnty.*,
    137 S. Ct. 1773 (2017)....................................................................15

*Cerciello v. Canale*,
    563 F. App'x 924 (3d Cir. 2014) .......................................................11

*Cianelli v. Nourison Indus., Inc.*,
    No. 3:19-CV-19147(FLW), 2020 WL 4882500 (D.N.J. Aug. 20,
    2020) ...............................................................................21, 23, 29

*City of Inglewood v. Teixiera,*
No. CV1501815MWFMRWX, 2015 WL 5025839 (C.D. Cal. Aug.
20, 2015) ..................................................................................................20

*Clanton v. UMG Recs., Inc.,*
556 F. Supp. 3d 322 (S.D.N.Y. 2021) ....................................24, 32, 34

*CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.,*
97 F.3d 1504 (1st Cir. 1996)...............................................................31

*Cmty. for Creative Non-Violence v. Reid,*
490 U.S. 730 (1989)............................................................................38

*Cottrill v. Spears,*
2003 WL 21223846 (E.D. Pa. May 22, 2003), *aff'd*, 87 F. App'x
803 (3d Cir. 2004), *as amended on reh'g* (June 2, 2004)............................29, 31

*Daimler AG v. Bauman,*
134 S. Ct. 746 (2014) .........................................................................14

*Damiano v. Sony Music Ent., Inc.,*
975 F. Supp. 623 (D.N.J. 1996)...................................................*passim*

*Design Basics, LLC v. Lexington Homes, Inc.,*
858 F.3d 1093 (7th Cir. 2017) ...........................................................25

*Douglas v. Osteen,*
317 F. App'x 97 (3d Cir. 2009) .........................................................30

*Edwards v. Raymond,*
22 F. Supp.3d 293 (S.D.N.Y. 2014) ....................................20, 32, 37

*Est. of Hewlett v. Russel,*
No. CV2013730RBKAMD, 2021 WL 3076931 (D.N.J. July 21,
2021) ...............................................................................................16, 17

*Feist Publications, Inc. v. Rural Tel. Serv. Co.,*
499 U.S. 340 (1991).....................................................................*passim*

*Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.,*
25 F.3d 119 (2d Cir. 1994) ................................................................35

*Ford Motor Co. v. Montana Eighth Judicial Dist. Court,*
141 S. Ct. 1017 (2021)..................................................................14, 15

*Gen. Elec. Co. v. Deutz AG*,
    270 F.3d 144 (3d Cir. 2001) ..........................................................10, 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)........................................................................14

*Granger v. Acme Abstract Co.*,
    900 F. Supp. 2d 419 (D.N.J. 2012)..................................................22

*Gray v. Perry*,
    No. 215CV05642CASJCX, 2018 WL 3954008 (C.D. Cal. Aug. 13,
    2018) ...............................................................................25, 33, 36

*Griggs v. Swift Transportation Co.*,
    No. 217CV13480MCASCM, 2018 WL 3966304 (D.N.J. Aug. 17,
    2018) ...............................................................................................14

*Guity v. Santos*,
    No. 18-CV-10387 (PKC), 2019 WL 66192170 (S.D.N.Y. Dec. 5,
    2019) ...............................................................................................32

*Heartrepreneur, LLC v. Jones*,
    No. CV 18-2417, 2020 WL 2839102 (E.D. Pa. June 1, 2020)............13

*Herzog v. Castle Rock Entm't*,
    193 F.3d 1241 (11th Cir. 1999) ..........................................................26

*Hobbs v. John*,
    722 F.3d 1089 (7th Cir. 2013) ..........................................................32

*Hofmann v. Presssman Toy Corp.*,
    790 F. Supp. 498 (D.N.J. 1990).........................................................23

*Hord v. Jackson*,
    281 F. Supp. 3d 417 (S.D.N.Y. 2017) ...............................................27

*IMO Indus., Inc. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998) ..............................................................11

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)............................................................................14

*J. McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011)........................................................................2, 17

*Jean v. Bug Music, Inc.*,
    No. 00 CIV 4022 (DC), 2002 WL 287786 (S.D.N.Y. Feb. 27, 2002) .................................................................................35

*Jumpp v. Jenkins*,
    No. CIV 08-6268, 2010 WL 2773582 (D.N.J. July 7, 2010) .........................2, 18

*Keeton v. Hustler Mag., Inc.*,
    465 U.S. 770 (1984)..............................................................12

*Lane v. Knowles-Carter*,
    No. 14 CIV. 6798 PAE, 2015 WL 6395940 (S.D.N.Y. Oct. 21, 2015) .................................................................................37

*Lixenberg v. Complex Media, Inc.*,
    No. 22-CV-354 (RA), 2023 WL 144663 (S.D.N.Y. Jan. 10, 2023)...................39

*Loomis v. Cornish*,
    No. CV 12-5525 RSWL JEMX, 2013 WL 6044345 (C.D. Cal. Nov. 13, 2013) ............................................................24, 26

*Lottotron, Inc. v. Athila Station*,
    No. CIV.A. 10-4318 JLL, 2011 WL 3881499 (D.N.J. Sept. 1, 2011) .................................................................................13

*Marlin Leasing Corp. v. Advanced Fire & Sec., Inc.*,
    No. CIV.A. 13-4113, 2014 WL 1297070 (D.N.J. Mar. 31, 2014) ....................15

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007) ...................................11, 12, 16

*McDonald v. West*,
    138 F. Supp. 3d 448 (S.D.N.Y. 2015),
    *aff'd*, 669 F. App'x 59 (2d Cir. 2016)....................................21, 32, 35

*McGucken v. Newsweek LLC*,
    464 F. Supp. 3d 594 (S.D.N.Y. 2020) ..............................................39

*Meltzer v. Zoller*,
    520 F. Supp. 847 (D.N.J. 1981) .......................................................38

*Michael Grecco Prods., Inc. v. RADesign, Inc.*,
    112 F.4th 144 (2d Cir. 2024) ..........................................................39

*Miller v. Miraldi*,
　　No. CV1813479MCALDW, 2019 WL 13398620 (D.N.J. Aug. 26,
　　2019) ............................................................................................................... 19

*Muhammad-Ali v. Final Call, Inc.*,
　　832 F.3d 755 (7th Cir. 2016) ......................................................................... 32

*Murphy v. Eisai, Inc.*,
　　503 F. Supp. 3d 207 (D.N.J. 2020) ................................................................ 14

*Nelson v. Claussen*,
　　No. CV 23-01896 (RK) (JBD), 2024 WL 4249730 (D.N.J. Sept.
　　20, 2024) ........................................................................................................ 12

*Nwosuocha v. Glover*,
　　No. 21 CIV. 04047(VM), 2023 WL 2632158 (S.D.N.Y. Mar. 24,
　　2023) ............................................................................................................... 35

*O'Connor v. Dodge Co., Inc*,
　　No. CV 16-5177 (JLL), 2016 WL 6824372 (D.N.J. Nov. 17, 2016) ............... 12

*O'Keefe v. Ogilvy & Mather Worldwide, Inc.*,
　　590 F. Supp. 2d 500 (S.D.N.Y. 2008) ............................................................ 24

*Performance Screen Supply, LLC v. Ryonet Corp.*,
　　No. CV226031GCRLS, 2023 WL 4898780 (D.N.J. July 31, 2023) ............... 14

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
　　602 F.3d 57 (2d Cir. 2010) ............................................................................. 21

*Peters v. West*,
　　692 F.3d 629 (7th Cir. 2012) ......................................................................... 32

*Pickett v. Migos Touring, Inc.*,
　　420 F. Supp. 3d 197 (S.D.N.Y. 2019) ............................................................ 31

*Rentmeester v. Nike, Inc.*,
　　883 F.3d 1111 (9th Cir. 2018) ....................................................................... 33

*Robinson v. Nayvadius Wilburn, LLC*,
　　No. 21-CV-03585, 2023 WL 5509324 (N.D. Ill. Aug. 25, 2023),
　　*appeal dismissed*, No. 23-2708, 2023 WL 9792676 (7th Cir. Nov.
　　14, 2023) ........................................................................................................ 32

*Serra v. Berkshire Life Ins. Co. of Am.*,
    No. CIV. 07-1798 (AET), 2007 WL 2066384 (D.N.J. July 13,
    2007) ..................................................................................................... 19

*Steward v. West*,
    No. CV 13-02449-BRO (JCx), 2013 WL 12120232 (C.D. Cal.
    Sept. 6, 2013) ........................................................................................ 31

*Structured Asset Sales, LLC v. Sheeran*,
    No. 18 CIV. 5839 (LLS), 2023 WL 3475524 (S.D.N.Y. May 16,
    2023) ..................................................................................................... 35

*Tanikumi v. Walt Disney Co.*,
    No. CV 14-5877, 2015 WL 13650492 (D.N.J. Apr. 1, 2015), *aff'd*,
    616 F. App'x 515 (3d Cir. 2015) ...................................................... 21, 36

*Tate-Robertson v. Walmart, Inc.*,
    No. EDCV1927JGBSHKX, 2019 WL 6448960 (C.D. Cal. May 16,
    2019) ..................................................................................................... 25

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ............................................................................... 20

*Tisi v. Patrick*,
    97 F. Supp. 2d 539 (S.D.N.Y. 2000) ................................................. 29, 35

*Wager v. Littell*,
    549 F. App'x 32 (2d Cir. 2014) ......................................................... 20, 27

*Walden v. Fiore*,
    571 U.S. 277 (2014) ............................................................................... 15

*Watt v. Butler*,
    457 F. App'x 856 (11th Cir. 2012) ........................................................ 27

*White v. Kolinsky*,
    No. CIV.A. 10-2252 FSH, 2011 WL 1899307 (D.N.J. May 18,
    2011) ..................................................................................................... 20

*Williams v. Warner/Chappell Music*,
    No. CV 07-2683 SVW (CTX), 2007 WL 9751921 (C.D. Cal. Sept.
    26, 2007) ............................................................................................... 31

*Winstead v. Jackson*,
    509 F. App'x 139 (3d Cir. 2013) ........................................................... 30

## STATUTES AND RULES

17 U.S.C. § 301(a) ........................................................................................38

17 U.S.C § 412 ............................................................................................26

28 U.S.C. § 1391 ............................................................................................5

28 U.S.C. § 1400(a) .....................................................................................19

28 U.S.C. § 1404 .......................................................................................1, 39

28 U.S.C. § 1406 .......................................................................................1, 39

37 C.F.R. § 202.1(a) ....................................................................................30

Federal Copyright Act of 1976 ...............................................................3, 38

Fed. R. Civ. P. 12(b) ............................................................................*passim*

Fed. R. Civ. P. 4(m) .......................................................................................2

Defendants Songs of Universal, Inc. ("SOU"), Sony Music Publishing (US) LLC ("SMP") (erroneously sued as "Sony/ATV Songs, LLC"), Sony Music Entertainment ("SME") and Chris Brown Entertainment, LLC ("CBE") (collectively, "Moving Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed by plaintiffs Tykeiya Dore ("Dore") and Marc A. Stephens ("Stephens") (collectively, "Plaintiffs").

Specifically, the Moving Defendants seek to dismiss the Complaint for: (i) a lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(2) and 12(b)(3) and (ii) failure to state a claim for copyright infringement (Counts I-III) pursuant to FRCP 12(b)(6).[1] In the alternative to dismissal under 12(b)(2) and 12(b)(3), if Counts I-III survive dismissal under 12(b)(6), the Moving Defendants consent to a transfer of the action to the Southern District of New York pursuant to 28 U.S.C. § 1404 and to 28 U.S.C. § 1406.

## PRELIMINARY STATEMENT

Plaintiffs' Complaint admits that **twenty** of the twenty-one named Defendants are located out-of-state.[2] Dismissal is warranted under 12(b)(2) for lack of personal

---

[1] Counts I-III are the only claims alleged against the Moving Defendants.

[2] Defendant Amnija, LLC ("Amnija") – the only Defendant alleged to have a principal place of business in New Jersey – is the publishing designee of Defendant Nija Charles ("Nija"). As the Complaint admits, Nija is domiciled in California. Amnija only passively collects her publishing income. To the Moving Defendants' knowledge, Amnija and the other co-defendants to the infringement claim, have not been served as of the filing of this Motion. These unserved defendants should be

jurisdiction.

The Moving Defendants are foreign entities that maintain their principal places of business out of state. Consequently, no general jurisdiction exists over them in New Jersey. Moreover, the Complaint's scant assertions of personal jurisdiction are conclusory allegations and impermissible "lumped" allegations that claim personal jurisdiction based solely upon a nationwide distribution, "stream of commerce" theory– which the United States Supreme Court expressly rejected in *J. McIntyre Mach.*, *Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011) ("an intent to serve the U.S. market" as a whole is insufficient to confer jurisdiction in New Jersey absent evidence that the distributor "purposefully availed itself of the New Jersey market" specifically) (plurality op.). Consistent with *McIntyre*, this Court dismissed a similar *pro se* copyright infringement case, finding no personal jurisdiction over a defendant music publisher. *See Jumpp v. Jenkins*, 2010 WL 2773582 (D.N.J. July 7, 2010).

Moreover, as there can be no venue where there is no personal jurisdiction, dismissal is also warranted under FRCP 12(b)(3) for improper venue. As an alternative to dismissal under FRCP 12(b)(2) and 12(b)(3), the Moving Defendants consent to a transfer of venue to the Southern District of New York.

The Complaint should also be dismissed because it fails to state viable claims

---

dismissed pursuant to FRCP 4(m) as more than 90 days have elapsed since the filing of the Complaint on October 25, 2024.

for direct copyright infringement; common law copyright infringement (a claim preempted by the Federal Copyright Act); or vicarious copyright infringement.

The crux of Plaintiffs' Complaint is that the song "No Guidance" and its accompanying sound recording (individually and collectively, "Defendants' Work") infringe Plaintiffs' song, "I Got It" ("Plaintiffs' Work") because the chorus in Defendants' Work repeats the lyric, "you got it," and the chorus of Plaintiffs' Work repeats the lyric, "I got it" (Compl. ¶¶ 38-39). Specifically, Plaintiffs allege that Defendants' Work's "repetitive" use of a ***different, common phrase*** constitutes copyright infringement. It does not.

Indeed, it is blackletter copyright law that words and short phrases, such as "got it" cannot be monopolized. "A monopoly over the use of common combinations of words" would "not only stifle creativity, it would contravene the very policy behind copyright law." *Damiano v. Sony Music Ent., Inc.*, 975 F. Supp. 623, 629 (D.N.J. 1996). Aside from the lyric "got it," Plaintiffs do not specify any other alleged protectable expression contained in their work that was wrongfully copied in Defendants' Work. This failing is not surprising because – as the Court can hear for itself – Plaintiffs' Work and Defendants' Work are two very different works.

In addition to failing to allege actionable similarity, Plaintiffs have also failed to adequately allege access. Plaintiffs do not (and cannot) allege that Plaintiffs' Work was widely disseminated. Since its release in 2016, Plaintiffs' Work has

garnered less than a combined 10,000 views and streams. This number *includes* both views and streams after Defendants' Work was created, and those which resulted from a publicity-induced spike occasioned by news of this lawsuit – which are irrelevant as a matter of law.

Plaintiffs also do not adequately allege a plausible chain of events establishing any inference that the creators of Defendants' Work had access to Plaintiffs' Work. Plaintiffs' unsupported, speculative allegation that unidentified "videographers, directors, writers, and producers" allegedly worked on both songs is insufficient to allege access as a matter of law (and demonstrably false). Moreover, while Plaintiffs rely on (and incorporate by reference) supposed communications between Dore's uncle and co-defendant Nija to establish access, they intentionally omit the date of those communications. As revealed by the communications themselves, Dore's uncle first sent Nija a link of Plaintiffs' Work on August 5, 2019 – nearly two months *after* the Defendants' Work was commercially released on June 8, 2019. Thus, the very documents that Plaintiffs claim establish access actually *negate* access. Plaintiffs' remaining "access" allegations are nothing more than rank speculation that courts routinely reject. The Moving Defendants' motion should be granted, and the copyright infringement claims should be dismissed with prejudice.

# STATEMENT OF RELEVANT FACTS

**A.**    **The Complaint's Deficient Jurisdictional and Venue Allegations**.

The Complaint summarily concludes – without any factual detail – that "Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants reside[], work, and all acts giving rise to the violation of law complained of occurred in this District." (Compl. ¶ 3). This assertion is demonstrably false as to the Moving Defendants even taking Plaintiffs' allegations as true. *See id.* ¶ 8 (alleging CBE is a Delaware LLC with its principal place of business in Los Angeles, California), ¶ 12 (alleging SME is a Delaware general partnership created with its principal place of business in New York, New York), ¶ 13 (alleging SMP is a Delaware LLC with its principal place of business in New York, New York),[3] and ¶ 23 (alleging Defendant SOU is a California corporation with principal place of business located in Santa Monica, California). The accompanying declarations submitted by the Moving Defendants further confirm what Plaintiffs readily concede.[4]

Plaintiffs' jurisdictional allegation does not fare any better. Plaintiffs broadly and vaguely allege that, as a group, Defendants:

> directed their activities and marketing of 'No Guidance' to residents in this judicial district, enabled residents of this judicial district to purchase, download, and stream the infringing work, and otherwise

---

[3] Incorrectly sued as "Sony/ATV Songs, LLC," for purposes of this Motion, SMP will treat allegations made against "Sony/ATV Songs, LLC" as allegations made against SMP.

[4] *See infra* at 6-7.

engaged in purposeful and continuing business activities in this judicial district. Defendants are, at a minimum, constructively aware of their continuous and substantial commercial interactions with residents in this judicial district and, upon information and belief, have generated substantial revenue from the exploitation of the infringing song 'No Guidance' in this judicial district. (Compl ¶ 100).

Plaintiffs' allegations related to the marketing and distribution of Defendants' Work in New Jersey are devoid of any factual support. Plaintiffs do not allege any marketing or other activity by the Moving Defendants relating to Defendants' Work that specifically targeted New Jersey, or that the Moving Defendants encouraged or facilitated the purchase, download, or streaming of Defendants' Work in New Jersey, specifically. Nor could they. Plaintiffs refer solely to the *nationwide* marketing and distribution of Defendants' Work. Such allegations are insufficient to establish personal jurisdiction as a matter of law. (*See infra* at 17-18).

## B.  The Moving Defendants' Lack of Requisite Jurisdictional Contacts with New Jersey.

Contrary to Plaintiff's sweeping generalizations—which are contradicted by Plaintiff's defendant-specific allegations—none of the Moving Defendants have the requisite jurisdictional contacts with New Jersey.

None of the Moving Defendants have offices in New Jersey or employees working on any premises owned or controlled by the Moving Defendants in New Jersey.  *See* Declaration of Sheryl Gold dated March 19, 2025 ("Gold Decl.") ¶ 6, Declaration of Dale Esworthy dated March 13, 2025 ("Esworthy Decl") ¶ 6,

Declaration of David Jacoby dated March 27, 2025 ("Jacoby Decl.") ¶ 6; Declaration of Chris Brown dated March 25, 2025 ("Brown Decl.") ¶ 6. The Moving Defendants do not have telephone numbers, mailing addresses, or bank accounts in New Jersey. Gold Decl. ¶7, Esworthy Decl. ¶ 7, Jacoby Decl. ¶ 7; Brown Decl. ¶ 7. The Moving Defendants have not targeted their worldwide exploitation and licensing of Defendants' Work in New Jersey, nor have they specifically advertised or solicited business with respect to Defendants' Work in New Jersey. Gold Decl. ¶¶ 8-9, Esworthy Decl ¶¶ 8-9, Jacoby Decl. ¶¶ 8-9; Brown Decl. ¶¶ 8-9.

**C.    Plaintiff's Deficient Claims of Infringement and Access**.

Dore is a "singer, songwriter, and producer," (Compl. ¶ 7), who wrote Plaintiffs' Work in 2015. (*Id*. ¶¶ 29-30). Stephens' role with respect to Plaintiffs' Work is unclear. So, too, is his standing to bring the copyright infringement claims as his contention that he was "at all relevant times" a co-owner of Plaintiff's work is belied by the attached copyright registration registered *after* Defendant's work was released.[5] (*Id*. ¶¶ 33, 110; Ex. 1). Plaintiffs allege that Plaintiffs' Work was published "online" on August 16, 2016, (*id*. ¶¶ 30; 111), but do not allege any additional details

---

[5] The Moving Defendants reserve their rights to move to dismiss Stephens from the case for lack of standing under FRCP 12(b)(1) if he does not furnish sufficient evidence of ownership, as a non-owner of the allegedly infringed copyright cannot sue for copyright infringement. *See Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991) (holding "ownership of a valid copyright[.]" is an element of copyright infringement).

as to the work's publication, dissemination or commercial success.

Defendants' Work was registered with the U.S. Copyright Office on June 19, 2019, and allegedly was "released to the public, *worldwide*" on June 28, 2019. (*Id.* ¶ 43) (emphasis added).[6] SOU and SMP are two of the music publishers who license and collect publishing royalties from the exploitation of Defendants' Work in the United States. (Compl. ¶¶ 46, 62-63). CBE is the owner of the copyright in the commercially-released sound recording of Defendants' Work. (*Id.* ¶ 45.). SME has the exclusive right to market, sell, license, and distribute the sound recording of Defendants' Work. (*Id.* ¶ 61).

Plaintiffs' three copyright infringement claims are premised on the claim that Defendants' Work (a fast and sexually explicit rap and R&B song) infringes Plaintiffs' Work (a slow R&B ballad), because both songs repeat the phrase "got it" in their choruses. While the Complaint also vaguely alleges that Defendants' Work uses these unprotectable words with "the same chord progressions, tempo, pitch, key, melody, harmony, rhythm, structure, phrasing …" – basic musical building blocks that are also unprotectable – this assertion is insufficient to allege actionable substantial similarity. (*Id.* ¶ 64). Moreover, a comparison of the two works reveals that no such similarity exists.[7]

---

[6] Defendants' Work was actually released on June 8, 2019. *See* Ex. 4 to Complaint.
[7] The comparison YouTube video alleged in Paragraph 71 of the Complaint appears to have been taken down.

Plaintiffs further allege that the works are supposedly similar (they are not) because Defendants had access to Plaintiffs' Work. Plaintiffs speculate that Defendants might have gained access to Plaintiffs' Work in one of three improbable, speculative and/or refutable ways. (*Id.* ¶¶ 68-70).

*First*, Plaintiffs allege that Defendant Anderson Hernandez *p/k/a* Vinylz ("Vinylz") "discovered and obtained access" to Plaintiffs' Work through a YouTube channel operated by Benji Filmz ("Filmz"), a "famous Director from Harlem, New York City." (*Id.*).[8] Plaintiffs do not allege that Filmz had any connection whatsoever to Defendants' Work; that Vinylz has ***any*** relationship with Filmz; that Vinylz or Filmz have ever communicated; that Vinylz subscribes to Filmz's YouTube channel; or that Vinylz has ever viewed or listened to Plaintiffs' Work before contributing to Defendants' Work. The mere existence of Plaintiffs' Work on a YouTube channel with barely any views is legally irrelevant.

*Second*, Plaintiffs baldly allege that the "writers and producers" of "No Guidance" obtained access to Plaintiffs' Work "due to the same videographers, directors, writers, and producers working on 'I GOT IT' and 'No Guidance.'" *Id.* ¶ 68. Tellingly, Plaintiffs do not identify these unnamed individuals, much less any factual allegations to substantiate any non-speculative chain of events resulting in

---

[8] Undermining Plaintiffs' claim as to Filmz's supposed fame is that his YouTube videos, on average, receive only 2,500 views.

one of the creators of Defendants' Work obtaining a copy of Plaintiffs' Work.

Further, considering Plaintiffs' allegation that Dore is the **sole** writer of "I GOT IT" (*Id.* ¶ 25), and did not work on "No Guidance," her allegation that the "same writers" worked on both works is demonstrably false. So, too, is her allegation that same videographers and directors worked on both works (*id.* ¶ 68) as Plaintiff's Work is a composition. Videographers and directors do not work on compositions.

*Third*, Plaintiffs vaguely allege that Dore's uncle provided a copy of Plaintiffs' Work to Nija and that they "communicated via social media" about Plaintiffs' Work. (*Id.* ¶ 70). Yet Plaintiffs intentionally omit any specifics of these alleged communications, and tellingly do not attach them. The reason for Plaintiffs' obfuscation is because Dore's uncle first contacted Nija on ***August 5, 2019*** – approximately two months ***after*** Defendants' Work had been commercially released. (*See* Declaration of Ilene Farkas dated March 28, 2025 ("Farkas Decl.") Ex. B)).

## **ARGUMENT**

## **I.    The Moving Defendants Are Not Subject to Personal Jurisdiction in New Jersey**.

### **A.    Legal Standard Under Rule 12(b)(2)**.

"Due process shields persons from the judgments of a forum with which they have established no substantial ties or relationship." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). Consequently, before an action can proceed, plaintiff bears the burden of establishing personal jurisdiction. To establish personal

jurisdiction over a foreign defendant, a plaintiff must establish that the defendant possesses "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citation omitted). "If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Id.* at 295. To satisfy this burden, a plaintiff "must establish [] jurisdictional facts through sworn affidavits or other competent evidence," and cannot survive the motion with "bare pleadings alone." *Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) (citation omitted).

In evaluating whether personal jurisdiction exists over a nonresident defendant, "a court undertakes a two-part inquiry, asking: (1) whether a plaintiff has produced sufficient facts to show that there is a *statutory* basis for such jurisdiction under the laws of the forum state; and (2) whether the nonresident has sufficient 'minimum contacts' with the state to satisfy the strictures of *constitutional* due process." *Id.* at 926 (emphasis in original). Because New Jersey's long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process," *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998), the "inquiry is collapsed into a single step," which is whether due process allows the foreign defendant to be subject to jurisdiction in the forum state. *Id.*

"These basic due process principles are reflected in the two recognized types of personal jurisdiction" – general and specific jurisdiction. *Marten*, 499 F.3d at 296. Plaintiffs cannot satisfy their burden of demonstrating that the Moving Defendants are subject to either general or specific personal jurisdiction in New Jersey. On that basis, dismissal is proper under FRCP 12(b)(2).

**B.    Plaintiffs' Conclusory Group Pleading Fails to Set Forth a *Prima Facie* Case of Jurisdiction Over the Moving Defendants**.

Plaintiffs bear the burden of setting forth a *prima facie* case of personal jurisdiction over each of the Moving Defendants. As "[e]ach defendant's contacts with the forum State must be assessed individually," *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 (1984), "vague references to defendants as a group and asserting general common factual allegations against all of them is impermissible group pleading" which makes "the discernment of jurisdictional questions particularly difficult." *Nelson v. Claussen*, 2024 WL 4249730, at *5, 13 n.7 (D.N.J. Sept. 20, 2024) (quotations omitted).

Here, even if the Court were to bypass the defendant-specific allegations that establish that no jurisdiction exists over the Moving Defendants in New Jersey, Plaintiffs' remaining conclusory allegations regarding personal jurisdiction and venue can be given no weight in the jurisdictional analysis. *See O'Connor v. Dodge Co., Inc*, 2016 WL 6824372, at *3 (D.N.J. Nov. 17, 2016) (holding a "mere conclusory statement … simply will not suffice to give rise to personal jurisdiction"

and granting motion to dismiss). The Complaint's threadbare jurisdictional allegations improperly lump Defendants together without distinguishing between them or identifying the specific conduct that each undertook allegedly justifying this Court's exercise of jurisdiction over that Defendant. (Compl. ¶ 100) (alleging that the defendants engaged in activities sufficient to confer jurisdiction in New Jersey, without alleging any specific activities undertaken by each defendant).

Such conclusory group pleading fails to set forth a *prima facie* case for jurisdiction over the Moving Defendants and, by itself, mandates dismissal of this action against the Moving Defendants for lack of personal jurisdiction. *See Lottotron, Inc. v. Athila Station*, 2011 WL 3881499, at *4 (D.N.J. Sept. 1, 2011) (finding dismissal appropriate where plaintiff "ha[d] not made a prima facie showing of purposeful direction at this Forum"); *Heartrepreneur, LLC v. Jones*, 2020 WL 2839102, at *3 (E.D. Pa. June 1, 2020) ("Plaintiffs refer to all Defendants collectively and do not separately allege how each Defendant purposefully directed activities towards Pennsylvania. Plaintiffs may not simply lump Defendants together to establish jurisdiction.").

## C.    The Moving Defendants Are Not Subject to General Jurisdiction in New Jersey.

Even if this Court concluded that Plaintiffs' bare allegations were sufficient, the Moving Defendants are not subject to general jurisdiction in New Jersey.

"A defendant is subject to general jurisdiction when it has continuous and

systematic contacts with the forum state." *Gen. Elec.,* 270 F.3d at 150. The doctrine of general jurisdiction "sets a high threshold," *Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 223 (D.N.J. 2020), and requires a "rigorous burden of proof." *Performance Screen Supply, LLC v. Ryonet Corp.*, 2023 WL 4898780, at *2 (D.N.J. July 31, 2023) (quotations omitted).

A court "may exercise general jurisdiction **only when a defendant is 'essentially at home' in the State**." *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021) (emphasis added); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (general jurisdiction exists where the defendant's contacts with the forum "are so 'continuous and systematic' as to render them essentially at home in the forum State.") (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

"For a corporation or limited liability company, the 'paradigm' for general jurisdiction is its place of incorporation or registration and its principal place of business." *Griggs v. Swift Transp. Co.*, 2018 WL 3966304, at *4 (D.N.J. Aug. 17, 2018) (finding no jurisdiction over entities with foreign places of incorporation and principal place of business); *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) ("the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business' ... is unacceptably grasping").

Under this strict standard, general jurisdiction does not lie over the Moving Defendants in New Jersey as all are incorporated and have their principal places of business out of state – a reality that Plaintiffs admit. (*See* Compl. ¶¶ 8, 12-13, 23).

**D.    The Moving Defendants Are Not Subject to Specific Jurisdiction in New Jersey**.

**i.    Legal Standard for Specific Jurisdiction**.

"Specific personal jurisdiction exists when the relationship among the forum, the defendant, and the cause of action are such that the defendant purposely avails itself of the forum's laws, the cause of action is related to or arises out of the defendant's contacts with the forum, and the defendant 'should reasonably anticipate being hauled into court there.'" *Marlin Leasing Corp. v. Advanced Fire & Sec., Inc.*, 2014 WL 1297070, at *3 (D.N.J. Mar. 31, 2014) (citation omitted); *see also Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.,* 137 S. Ct. 1773, 1780 (2017).

The Supreme Court has made clear that "[f]or a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a ***substantial connection*** with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added); *accord Ford Motor*, 141 S. Ct. at 1025 ("The contacts must be the defendant's own choice and not random, isolated, or fortuitous …'"). The Third Circuit employs a three-part test to determine whether a court may exercise specific jurisdiction over a nonresident defendant:

> First, the defendant must have purposefully directed his activities at the forum. Second, the plaintiff's claim must arise out of or relate to at least one of those specific activities. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice.

*Marten*, 499 F.3d at 296 (citations & quotations omitted). Plaintiffs do not allege facts to satisfy any part of the test, let alone all three, as to the Moving Defendants.

### ii.     The Moving Defendants Did Not Purposefully Direct Their Activities to New Jersey.

The first prong of the Third Circuit's test requires that the defendant "purposefully avail[] itself of the privilege of conducting activities within the forum." *Est. of Hewlett v. Russel*, 2021 WL 3076931, at *3 (D.N.J. July 21, 2021) (citations omitted).

None of the Moving Defendants have offices in New Jersey or employees working on any premises owned or controlled by the Moving Defendants in New Jersey. *See* Gold Decl. ¶ 6, Esworthy Decl. ¶ 6, Jacoby Decl. ¶ 6; Brown Decl. ¶ 6. They do not have telephone numbers, mailing addresses, or bank accounts in New Jersey. Gold Decl. ¶7, Esworthy Decl. ¶ 7, Jacoby Decl. ¶ 7; Brown Decl. ¶ 7.

Plaintiffs do not even attempt to allege these types of business contacts. Instead, their jurisdictional allegations are limited to asserting that Defendants' Work was distributed and available "worldwide," including in New Jersey. Plaintiffs do not allege that the Moving Defendants specifically and deliberately targeted New Jersey as compared to other states, nor do Plaintiffs identify any obligations of the

16

Moving Defendants to serve the New Jersey market. (Compl. ¶ 43) (alleging Defendants' Work was "released to the public, worldwide"), ¶ 101 (alleging Defendants "directed their activities and marketing of 'No Guidance' to residents in this judicial district, enabled residents of this judicial district to purchase, download, and stream the infringing work" and "have generated substantial revenue from the exploitation of the infringing song 'No Guidance' in this judicial district.").

But "[a]n intent to serve the entire U.S. does not necessarily show purposeful availment of the privilege of conducting business in any particular state." *McIntyre*, 564 U.S. at 886 ("an intent to serve the U.S. market" was insufficient to confer jurisdiction in New Jersey where there was no evidence that the distributor "purposefully availed itself of the New Jersey market" specifically) (plurality op.); *see also Bridgeport Music*, *Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 480 (6th Cir. 2003) (finding no personal jurisdiction over licensor where distribution agreement did not create "an affirmative obligation" … "to distribute [the defendant's] compositions in Tennessee or elsewhere"); *Hewlett*, 2021 WL 3076931, at *3 (finding no purposeful availment where defendant "targeted the national market, which necessarily included New Jersey, through its advertising campaigns" as "efforts to exploit a national market are insufficient"). "What is necessary" to satisfy the purposeful availment standard is "a deliberate targeting of the forum." *Hewlett*, 2021 WL 3076931, at *3.

17

None of the Moving Defendants have deliberately targeted the forum. More specifically, they have neither targeted their worldwide exploitation and licensing of "No Guidance" in New Jersey, nor have they specifically advertised or solicited business with respect to "No Guidance" in New Jersey. Gold Decl. ¶¶ 8-9, Esworthy Decl ¶¶ 8-9, Jacoby Decl. ¶¶ 8-9; Brown Decl. ¶¶ 8-9.

Indeed, this Court has previously ruled that personal jurisdiction does not lie over foreign defendants based solely upon knowledge or awareness that defendants' products will ultimately serve the New Jersey market. In *Jumpp*, a *pro se* copyright infringement case, the court rejected plaintiff's assertion that it possessed jurisdiction over a defendant "because [the music publisher defendant] purposefully availed itself of doing business in New Jersey when it licensed [the allegedly infringing song]" to another publisher "which in turn allegedly distributed the song in New Jersey." 2010 WL 2773582, at *3 (D.N.J. July 7, 2010).

Rejecting this "stream of commerce theory," which posits that "jurisdiction can be premised on a party's inserti[on of] a product into a chain of distribution," the Court reiterated that "knowledge or awareness that one's products will end up in the forum state is a necessary, albeit insufficient, element of minimum contacts." *Id.* The *Jumpp* Court further explained that where the *pro se* plaintiff did not show that the defendant was obligated to distribute the allegedly infringing work in New Jersey, it failed to meet its evidentiary burden. *Id.* at *4. So, too, is the case here.

## II.    Venue Is Not Proper in the District of New Jersey.

In copyright infringement cases, venue is governed by 28 U.S.C. § 1400(a), which requires that cases be brought in a district "where a defendant resides or may be found," 28 U.S.C. § 1400(a), absent which dismissal for improper venue is warranted under FRCP 12(b)(3).

Pursuant to 28 U.S.C. § 1400(a), "a defendant in a copyright action may be found wherever the defendant is subject to personal jurisdiction; therefore, venue in a copyright action is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Miller v. Miraldi*, 2019 WL 13398620, at *1 (D.N.J. Aug. 26, 2019) (quotations omitted). The Moving Defendants are not subject to personal jurisdiction in New Jersey. As such, venue is improper in the District of New Jersey and dismissal under FRCP 12(b)(3) is warranted.

## III.    Legal Standard for Dismissal Under Rule 12(b)(6).

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must allege plausible facts sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

to prevent a motion to dismiss." *Serra v. Berkshire Life Ins. Co. of Am.*, 2007 WL 2066384, at *2 (D.N.J. July 13, 2007). Moreover, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 556 U.S. at 678) (quotations omitted).[9]

Further, on a Rule 12(b)(6) motion to dismiss, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, *Inc. v. Makor Issues & Rights*, *Ltd.*, 551 U.S. 308, 322 (2007). *See White v. Kolinsky*, 2011 WL 1899307, at *4 (D.N.J. May 18, 2011) (court may consider "documents integral to the complaint," as well as documents and materials "explicitly relied on or incorporated by reference in the pleading") (quotations omitted); *Edwards v. Raymond*, 22 F. Supp. 3d 293, 297 (S.D.N.Y. 2014) (considering "the lyrics and audio recordings of the two songs" at issue in dismissing a copyright infringement claim because the plaintiff "clearly relied upon" them). *See generally City of Inglewood v. Teixiera*, 2015 WL 5025839, at *2 (C.D. Cal. Aug. 20, 2015) (taking judicial notice of six YouTube videos).

Courts routinely dismiss music copyright infringement claims at the motion to dismiss stage by performing a "substantial similarity" analysis of the works at

---

[9] *Pro se* plaintiffs are held to the same standard. *See Wager v. Littell*, 549 F. App'x 32, 33 (2d Cir. 2014) (affirming dismissal of *pro se* plaintiff's copyright infringement claim for failing to satisfy her pleading burden).

issue, because the "works themselves supersede and control contrary descriptions of them" in the pleadings. *See Peter F. Gaito Architecture*, *LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citations & quotations omitted); *Tanikumi v. Walt Disney Co.*, 616 F. App'x 515, 518 (3d Cir. 2015) ("a district court is permitted to consider the disputed works in deciding a Rule 12(b)(6) motion"). In music cases, courts will compare the lyrics and, when music is at issue, "regularly ... listen to the songs at issue when evaluating a motion to dismiss." *McDonald v. West*, 138 F. Supp. 3d 448, 453 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59 (2d Cir. 2016).

This Court routinely dismisses copyright infringement actions based on a comparison of the works at issue. *See Cianelli v. Nourison Indus., Inc.,* 2020 WL 4882500, at *5 (D.N.J. Aug. 20, 2020) (dismissing plaintiff's copyright infringement claim, explaining "[t]he Court need not rely on Plaintiff's words alone, and may consider the disputed works themselves" to determine their similarity on a motion to dismiss) (quotations omitted); *Pimentel v. A&E Network Support / Hist. Channel*, 2018 WL 10579549, at *2, *4 (D.N.J. May 18, 2018) (dismissing a claim for copyright infringement and explaining "[i]t is well-established that courts faced with a copyright infringement claim can consider the original work and the allegedly copyrighted work in deciding a 12(b)(6) motion, in order to determine whether the works are substantially similar."); *Tanikumi*, 616 F. App'x at 518 (affirming dismissal of a copyright infringement claim based on the district court's comparison

of the two works at issue).

While the scant unprotectable words at issue and Plaintiffs' failure to adequately allege any other similarity should end the inquiry, the Moving Defendants have attached Defendants' Work and the sound recordings embodying Plaintiffs' Work to their Motion for the Court's consideration. (*See* Farkas Decl. Exs. A-1 (Plaintiffs' Work) & A-2 & A-3 (Defendants' Work).) If after reviewing the two works, the Court finds that no protectable elements are similar between them, it should dismiss Plaintiffs' copyright infringement claim.

## IV. Plaintiffs Fail to State Any Claims for Copyright Infringement.

Plaintiffs allege three counts of copyright infringement: common law copyright infringement, direct copyright infringement, and vicarious copyright infringement. (*See* Compl. ¶¶ 110-147). None of them are viable as a matter of law.

A plaintiff asserting a copyright infringement claim must plead "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist*, 499 U.S. at 361. Copyright protection does not extend to every component of a copyrighted work and, consequently, "[n]ot all copying ... is copyright infringement." *Granger v. Acme Abstract Co.*, 900 F. Supp. 2d 419, 424 (D.N.J. 2012) (citation omitted). A plaintiff must show not only actual copying, but that the "copying was illicit, or an unlawful appropriation of the copyrighted work," viewed from the perspective of an ordinary lay person. *Id.* Put differently, copyright

law only protects the plaintiff's protected original expression. *See Apps v. Universal Music Grp.*, *Inc.*, 283 F. Supp. 3d 946, 952 (D. Nev. 2017), *aff'd*, 763 F. App'x 599 (9th Cir. 2019) ("Even if an entire song is copyrighted, copyright protection only extends to those elements of the work that are original to the author.") The critical inquiry is, thus, whether Plaintiffs have sufficiently alleged that the Moving Defendants have (i) copied from Plaintiffs' Work and (ii) copied any original elements thereof that are protected by copyright law. *Feist*, 499 U.S. at 348, 361.

"[I]t is rarely possible to prove copying through direct evidence," *Cianelli*, 2020 WL 4882500, at *4, so copying may instead be proven "by showing that defendant had access to the copyrighted work and that [the] allegedly infringing work is substantially similar to [it]." *Id* (citations & quotations omitted). Here, Plaintiffs have not sufficiently alleged either access or substantial similarity – a failing which mandates the dismissal of their copyright infringement claims.

### A.    Plaintiffs Fail to Allege Access.

No infringement can occur without access to and copying of a claimant's work. Consequently, a copyright plaintiff must sufficiently allege (and then prove) that the creator(s) of an allegedly infringing work had the requisite access to the plaintiff's work prior to the creation of such allegedly infringing work.

To sufficiently plead access, Plaintiffs must offer "sufficient, affirmative and probative evidence" showing a "reasonable possibility of access." *Hofmann v.*

*Presssman Toy Corp.*, 790 F. Supp. 498, 505 (D.N.J. 1990). Access cannot be based on conjecture or speculation. *Id.* (holding "bare possibility [of access] and access may not be inferred through speculation or conjecture" in dismissing *pro se* copyright claim for failure to allege access).

A "reasonable possibility" of access can be established by alleging that prior to the creation of an infringing work, the work infringed upon was either: (a) "widely disseminated to the public," or (b) accessible to the infringing party through a plausible chain of events connecting such infringing party to the work infringed. *Id.* at 506. Neither has been alleged here.

### i.   Plaintiffs Have Failed to Allege that Plaintiffs' Work Was Widely Disseminated.

"[F]or a work to be widely disseminated, it must achieve a high degree of commercial success or be readily available in the relevant market." *Loomis v. Cornish*, 2013 WL 6044345, at *10 (C.D. Cal. Nov. 13, 2013).

Mere "availability of a copyrighted work on the Internet, in and of itself, is insufficient to show access through widespread dissemination." *Id* at *12 (citing *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009)); *see also Clanton v. UMG Recs., Inc.*, 556 F. Supp. 3d 322, 328 (S.D.N.Y. 2021) (the mere fact that plaintiff's mixtape "was posted to several hip-hop websites and ... was posted on YouTube" is insufficient to establish widespread dissemination); *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008)

("[T]he mere fact that [plaintiff's] work was posted on the internet prior to the creation of defendants' work is insufficient by itself to demonstrate wide dissemination."); *Tate-Robertson v. Walmart*, *Inc*., 2019 WL 6448960, at *4 (C.D. Cal. May 16, 2019) ("[s]imply because a work is available for sale does not mean that the work has been widely disseminated.") (quotations omitted).

For example, works that have topped the Billboard charts meet the "widespread dissemination" standard. *See Acuff-Rose Music*, *Inc. v. Jostens, Inc.*, 988 F. Supp. 289 (S.D.N.Y. 1997) (finding widespread dissemination where plaintiff's song had a "top five ranking as a country hit" at the time of the alleged infringement); *ABKCO Music*, *Inc. v. Harrisongs Music*, *Ltd.*, 722 F.2d 988, 998 (2d Cir 1983) (endorsing an inference of access where plaintiff's song was "'Number One 'on the Billboard charts' in the United States for five weeks, and it was one of the 'Top Thirty Hits' in England for seven weeks that same year."); *Gray v. Perry*, 2018 WL 3954008, at *4 (C.D. Cal. Aug. 13, 2018) (access was plausible where plaintiff's videos had amassed nearly four million views).

Plaintiffs cannot meet the "widespread dissemination" standard, as Plaintiffs' Work has not charted, sold hundreds of thousands of records, been streamed millions of times, or otherwise been disseminated in such a manner "that the defendant can be presumed to have seen or heard it." *Design Basics*, *LLC v. Lexington Homes*, *Inc*., 858 F.3d 1093, 1100 (7th Cir. 2017).

To the contrary, in the nine years since its initial release, the YouTube video for Plaintiffs' Work has received only 7,700 views. This total includes both views from the 5-6 years after Defendants' Work was created, as well as the short-lived, publicity-induced spike occasioned by the news of this lawsuit (as of June 24, 2024, the YouTube video had garnered only 5,136 views; *see* Compl., Ex. 17), both of which are legally irrelevant for demonstrating access through wide dissemination.[10] Similarly, prior to the filing of this litigation, Plaintiffs' Work had garnered less than 3,000 streams on Soundcloud since its 2016 release. (Compl., Ex. 17). These totals fail to meet the high standard for widespread dissemination as a matter of law.

### ii.    Plaintiffs Have Failed to Allege A Plausible Chain of Events to Support a Reasonable Possibility of Access.

Plaintiffs cannot establish access through a third-party intermediary theory. To allege access based on a third-party intermediary, courts require the intermediary to have "(1) supervisory responsibility for the allegedly infringing project, (2) contributed ideas and materials to it, or (3) worked in the same unit as the creators.'" *Loomis*, 2013 WL 6044345, at *5 (citation omitted). "An inference of access 'requires more than a mere allegation that someone known to the defendant possessed [a copy of] the work in question.'" *Batts v. Adams*, 2011 WL 13217923,

---

[10]    https://www.musicologize.com/drake-and-chris-browns-you-got-it-vs-tykeiya-dores-i-got-it/. It is also worth noting that Plaintiffs' Work was registered *after* the release of Defendants' Work, making statutory damages and attorneys' fees unavailable under 17 U.S.C § 412.

at *3 (C.D. Cal. Feb. 8, 2011)  (citing *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1252 (11th Cir. 1999)). Each of Plaintiffs' theories of access through third-party intermediaries fails as a matter of law.

*First*, Plaintiffs posit that Vinylz might have gained access to Plaintiffs' Work through Filmz. (*Id.* ¶ 69). However, the ***sole*** connection between Vinylz and Filmz is that both are allegedly from New York and work in the music industry. There are no allegations that Filmz had any connection whatsoever to Defendants' Work, much less the requisite "supervisory responsibility," that he ever had a copy of Plaintiffs' Work, or that he ever gave a copy of Plaintiffs' Work to any of the creators of Defendants' Work. There are similarly no allegations that Filmz and Vinylz have a "close relationship," or communicated in any way regarding Plaintiffs' Work. Indeed there is no allegation that Filmz ever gave Plaintiffs' Work to any Defendant.

That Vinylz and Filmz are both from New York and work in the music industry is legally insufficient to establish access. *See Watt v. Butler*, 457 F. App'x 856, 860 (11th Cir. 2012) ("assumption that members of the Atlanta rap community share music among themselves" is "too conjectural and speculative" to show access); *Wager v. Littell*, 549 F. App'x 32, 33 (2d Cir. 2014) (affirming dismissal where plaintiff's allegations of access lacked factual support); *Hord v. Jackson*, 281 F. Supp.3d 417, 423 (S.D.N.Y. 2017) ("Plaintiffs' naked assertions in their Complaint, that two non-parties allegedly showed the work to Defendants, are

insufficient to establish access.").

*Second*, Plaintiffs suggest access may exist because "the same videographers, directors, writers, and producers" allegedly worked on both Plaintiffs' Work and Defendants' Work" (Compl. ¶ 68). This allegation is fatally deficient as Plaintiffs conspicuously fail to allege (i) the identities of these videographers, directors, writers, and producers; (ii) that any of these unnamed individuals possessed a copy of Plaintiffs' Work; and/or (iii) that any of these unnamed individuals furnished a copy of Plaintiffs' Work to any of the Defendants before the creation of Defendants' Work. The Complaint's failure to unmask the anonymous videographers, directors, writers, and producers is especially telling in that, if these individuals previously "worked on Plaintiffs' Work", Plaintiffs should know their identities (and presumably be able to produce evidence of their contributions to Plaintiffs' Work).

Furthermore, in light of Dore's allegation that she was the sole writer of Plaintiffs' Work (and did not work on Defendants' Work), her allegation that the "same writers" worked on both works is demonstrably false. So too is her allegation that the same videographers and directors worked on both works (*id.* ¶ 68) as Plaintiff's Work is a composition and videographers and directors do not work on creating compositions.

*Third*, Dore's uncle's supposed provision of Plaintiffs' Work to Nija occurred **after** Defendants' Work had already been commercially released. (Compl. ¶ 70;

Farkas Decl., ¶ 5 and Ex. B). This is too late. "If the only opportunity to view plaintiffs' work occurs after defendants have completed their own work, then there can be no opportunity to copy the work, and thus no access for purposes of copyright law." *Cottrill v. Spears*, 87 F. App'x 803, 806 (3d Cir. 2004), *as amended on reh'g* (June 2, 2004); William F. Patry, Patry on Copyright § 9.37 (2020) ("Where the defendant did not have access to the plaintiff's work until after the defendant's work was completed, no liability arises.").[11]

### B.   Plaintiffs Have Not Alleged – and Cannot Allege – That "Substantial Similarity" Exists Between The Works At Issue.

Plaintiffs allege substantial similarity based on two primary allegations: (1) both works repeat the phrase "got it" in the chorus, (Compl. ¶¶ 38-39); and (2) Plaintiffs' Work and Defendants' Work use "the same chord progressions, tempo, pitch, key, melody, harmony, rhythm, structure, phrasing, and lyrics." (*Id*. ¶ 64). But it does not say that the words "got it" are used in the same way, and neither supposed similarity is protectable as a matter of law. These allegations are not sufficient to establish substantial similarity of protectable elements.

---

[11] Plaintiffs cannot circumvent their need to allege access by proclaiming that the two works are "strikingly similar." (Compl. ¶ 112). The striking similarity test is "applied with particular stringency in cases ... involving popular music," *Tisi v. Patrick*, 97 F. Supp. 2d 539, 548 (S.D.N.Y. 2000), and the similarities must be of such a nature "that there can be no other conclusion than copying." *Cianelli*, 2020 WL 4882500, at *4 (citations & quotations omitted). A review of the two works easily shows that Plaintiffs cannot possibly allege striking similarity.

i.    **The Phrase "Got It" Is Unprotectable**.

As an initial matter, the phrase "you got it" is not contained in Plaintiffs' Work. Instead, as Plaintiffs concede, the phrase is spoken in the introduction to the song's performance in the music video for Plaintiffs' Work.[12] (Compl. ¶ 75). Thus, even if the phrase is copyrightable (it is not), it is not covered by Plaintiffs' copyright registration, which extends only to the lyrics actually contained in Plaintiffs' Work.

To the extent that Plaintiffs are alleging infringement based on the use of the phrases, "I got it" and "you got it," Plaintiffs' claim is baseless. (*Id.* ¶¶ 39, 64). The phrases are different, with Plaintiffs' Work using the unprotectable phrase, "I got it," and Defendants' Work using the equally unprotectable, but different phrase, "you got it." The only similarity between these lyrics are the two words, "got it."

It is well-settled that "[w]ords and short phrases" are not copyrightable. *See* 37 C.F.R. § 202.1(a); Patry on Copyright § 4:2 ("The U.S. Copyright Office cannot register individual words or brief combination of words, even if the word and short phrase is novel or distinctive or lends itself to a play on words."); *Winstead v. Jackson*, 509 F. App'x 139, 144 (3d Cir. 2013) (dismissing copyright infringement claim); *Douglas v. Osteen*, 317 F. App'x 97, 99 (3d Cir. 2009) (same).

---

[12] "You got it" appears only in "the beginning of Plaintiffs' music video where a female states, 'Yo! Tell that n%gga YOU GOT IT,'" and not in the song itself. (Compl. ¶ 75).

Indeed, courts have repeatedly found that it is "inconceivable that anyone could copyright a single word or a commonly used short phrase, in any language." *Williams v. Warner/Chappell Music*, 2007 WL 9751921, at *2 (C.D. Cal. Sept. 26, 2007) (citation omitted); *Damiano*, 975 F. Supp. at 629 (rejecting plaintiff's attempt at securing "a monopoly over the use of common combinations of words" as "[s]uch a result would not only stifle creativity, it would contravene the very policy behind copyright law and the rule requiring sufficient originality" for copyright protection ). *See generally CMM Cable Rep, Inc. v. Ocean Coast Properties*, *Inc.*, 97 F. 3d 1504, 1519 (1st Cir. 1996) ("It is axiomatic that copyright law denies protection to 'fragmentary words and phrases' … [as they lack] the minimal level of creativity necessary to warrant copyright protection") (citations & quotations omitted).

As applied to compositions and lyrics, there is no shortage of case law holding that short, commonplace phrases are unprotectable as a matter of law. *See Cottrill v. Spears*, 2003 WL 21223846, at *10 (E.D. Pa. May 22, 2003), *aff'd*, 87 F. App'x 803 (3d Cir. 2004), *as amended on reh'g* (June 2, 2004) (no copyright infringement even though the "chorus sections" of the two works "yields the similarity in the titles and use of the lyric phrase, 'what you see is what you get'"); *Apps*, 763 F. App'x at 600 (no similarity where "only lyrical commonality between both songs is the phrase 'I need to know now'"); *Steward v. West*, 2013 WL 12120232, at *3 (C.D. Cal. Sept. 6, 2013) (finding the phrases "Get Down," "Step Up," "It's the Hottest Thing," or

31

"Step Up Front" unprotectable); *Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 207 (S.D.N.Y. 2019) (finding the phrase "walk it like I talk it" unprotectable); *Guity v. Santos*, 2019 WL 66192170, at \*4 (S.D.N.Y. Dec. 5, 2019) (finding the phrase "you're mine" unprotectable because it is "too short and generic to meet the required threshold for creativity").[13]

The repetition of a commonplace phrase throughout a song does not necessitate a different result. "Repetition is ubiquitous in popular music." *See Hobbs v. John*, 722 F.3d 1089, 1096 (7th Cir. 2013), holding modified by *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755 (7th Cir. 2016) (affirming dismissal of copyright infringement claim where the two works "make liberal use of repetition—including repeatedly using the word 'never,' as these elements are "rudimentary, commonplace, standard, or unavoidable in popular love songs"); *Clanton,* 556 F. Supp. 3d at 330 (granting motion to dismiss where "principal similarity between the two songs is the use of the expression 'I'm just tryin' to make my mama proud,' spoken in approximately the same cadence, in the chorus of each of the two

---

[13] *See also McDonald*, 138 F. Supp. 3d at 456 (phrase "made in America" not protectable because "[i]t is far too brief, common, and unoriginal to create any exclusive right vested in Plaintiff."), *aff'd*, 669 F. App'x 59 (2d Cir. 2016); *Edwards*, 22 F. Supp. 3d at 299 (phrase "caught up" not protectable because it "is not original to the Plaintiffs; it is used in everyday speech in a variety of contexts."); *Peters v. West*, 692 F.3d 629, 631 (7th Cir. 2012) (affirming dismissal where the phrase "what does not kill me, makes me stronger" "has been repeatedly invoked in song lyrics over the past century").

compositions"); *Robinson v. Nayvadius Wilburn, LLC*, 2023 WL 5509324, at \*3 (N.D. Ill. Aug. 25, 2023), appeal dismissed, 2023 WL 9792676 (7th Cir. Nov. 14, 2023) (holding defendant's use of "when I think about it" did not infringe plaintiff's work using the phrase "when you think about it" even though the phrases "are used in similar places and in similar ways in both songs' choruses"); *Gray*, 2020 WL 1275221, at \*5 (copyright protection does not extend to "common or trite" musical elements such as "recurring vocal phrases," "repeating 'hook phrases,'" "chants," and "rhythms", without anything more) (quoting *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018)).

"Got it" (and "you got it") are textbook examples of commonplace, everyday phrases that are not entitled to copyright protection. Plaintiffs were ***not*** the first to use this generic phrase. Countless preexisting musical works have repeated the words "you got it" years before the words "got it" were made part of Plaintiffs' Work. A search for "you got it" with the US Copyright Office reveals 1,098 works using this phrase in the title have been registered since 1978. *See* Ex. C to Farkas Decl. The lyric has been repeatedly used in popular songs that pre-date Plaintiffs' Work, including without limitation:

- Roy Orbison's "You Got It" (1989) (repeating "you got it" 17 times)
- Jodeci's "You Got" (1993) (repeating "you got it" 22 times)
- Usher's "U Got It Bad" (2001) (repeating "you got it" 24 times)
- 2 Pistols' "She Got It" (2008) (repeating "she got it" 37 times) and
- Ariana Grande's "Right There" (repeating "You got it, you got it" 7 times).

Similarly, a search of the phrase "i got it" with the United States Copyright Office reveals at least 1,413 works using this phrase in the title have been registered since 1978. *See* Ex. D to Farkas Decl. Approximately 100 artists, including prominent artists 2 Chainz, T-Pain, Charli XCX, and Bhad Bhabie, have all released songs titled, "I Got It."

### ii.     Commonplace Musical Elements Are Unprotectable.

Beyond the common words, "got it," Plaintiffs summarily assert, without any specificity, that Plaintiffs' Work and Defendants' Work use "the same chord progressions, tempo, pitch, key, melody, harmony, rhythm, structure, phrasing, and lyrics." (Compl. ¶ 64). Plaintiffs conspicuously fail to describe or identify how such rudimentary elements are original to them, how such elements are arranged in a manner original to Plaintiffs, or how any such arrangement in Plaintiffs' Work is actionably similar to Defendants' Work.

Of course, even if Plaintiffs had specified these allegedly similar elements (beyond naming them in a conclusory way) it would not change the result, as copyright protection does not extend to these basic building blocks of music. Originality is "the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author." *Feist*, 499 U.S. at 348. Commonplace musical elements are not protectable because they are no longer original and are in the public domain. *Clanton,* 556 F. Supp. 3d at 332.

Within the meaning of copyright law, "original" means that the work was independently created by the author as opposed to copied from other works, and that it possesses some minimal degree of creativity. *Id.* at 345. Consequently, "not all copying is copyright infringement," *Feist*, 499 U.S. at 361, and "parrotry does not always mean piracy." *Fisher-Price*, *Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119, 123 (2d Cir. 1994).

Where, as here, the similarities alleged – chord progressions, rhythm, song structure, harmonic progression and common melodic sequences – are not independently copyrightable elements, no claim of infringement has been alleged. *Id.* at 364. Indeed, courts have routinely found that basic musical elements such as key, tempo, chord progressions, rhythm, song structure, harmonic progression and common melodic sequences are not protectable as a matter of law. *See Structured Asset Sales*, *LLC v. Sheeran*, 2023 WL 3475524, at *5 (S.D.N.Y. May 16, 2023) (chord progression and harmonic rhythm unprotectable); *Nwosuocha v. Glover*, 2023 WL 2632158, at *7 (S.D.N.Y. Mar. 24, 2023) (lyrical theme, rhythm, structure, meter, pattern or "flow" of song are "categorically ineligible for copyright protection"); *McDonald*, 138 F. Supp. 3d at 454 ("common rhythms, song structures, and harmonic progressions are not protected") (citations omitted); *Jean v. Bug Music, Inc.*, 2002 WL 287786, at *6 (S.D.N.Y. Feb. 27, 2002) (common melodic sequence unprotectable); *Tisi*, 97 F. Supp. 2d at 548-549 ("key," "tempo," "chord

structure/harmonic progression," "the rhythm," "and the fact that the chords of both songs are in 'root' position ... are not copyrightable as a matter of law").

Plaintiffs' one-sentence reference to "chord progressions, tempo, pitch, key, melody, harmony, rhythm, structure, phrasing, and lyrics" is not only factually insufficient, it is legally irrelevant as a copyright infringement claim cannot be based on these fundamental musical building blocks alone, even if identical. Having failed to identify any original, protectable elements of Plaintiffs' Work allegedly infringed by Defendants' Work, Plaintiffs have failed to state any claim of infringement. *See Gray*, 2020 WL 1275221, at *6-7 (collecting cases denying copyright protection for nine different elements of music and holding "courts have routinely denied copyright protection" for "commonplace elements of music").

### iii.    The Court Can Hear For Itself That the Works Are Not Substantially Similar.

Finally, assuming *arguendo*, that Plaintiffs had stated a plausible claim for infringement (they have not), the Court can hear for itself, and determine on this Motion, that no substantial similarity exists between the works as a matter of law. *See Tanikumi v. Walt Disney Co.*, 2015 WL 13650492, at *1 (D.N.J. Apr. 1, 2015). The intrinsic test for substantial similarity is subjective and asks whether the ordinary, reasonable person would find the total concept and feel of the works to be substantially similar. *Damiano*, 975 F. Supp. at 631.

Any average listener would recognize that Plaintiffs' Work and Defendants'

Work differ vastly in total concept and feel. Plaintiffs' Work is a slow R&B ballad featuring one vocalist (Dore). In contrast, Defendants' Work is a faster, more aggressive, sexually explicit rap and R&B song featuring two vocalists (defendants Chris Brown and Aubrey Drake Graham *p/k/a* Drake).

While Plaintiffs' Work is docile, Defendants' Work is a brash declaration of a desired sexual liaison ("Before I die, I'm tryna f%ck you, baby, Hopefully we don't have no babies … "I don't wanna play no games, play no games/F*ck around, give me your last name."). And the words "got it" are used differently, too. Plaintiffs' use seeks validation ("tell me i got it") and Defendants' Work is a positive affirmation ("you got it, girl"). The stark differences between Plaintiffs' Work and Defendants' Work support a finding of non-infringement. *West*, 138 F. Supp. 3d at 460 (granting dismissal where "Plaintiff's song has a single vocalist, while Defendants' song features multiple artists and significant spoken rap"); *Lane v. Knowles-Carter*, 2015 WL 6395940, at *7 (S.D.N.Y. Oct. 21, 2015) (granting dismissal where two works differ in feel because plaintiff's lyrics "are explicitly sexual, while [Beyonce's] XO's are substantially more tame and metaphorical"); *Edwards*, 22 F. Supp.3d at 301 ("The Plaintiffs' Song is an upbeat, optimistic song, whereas the Challenged Song has a contemplative questioning feel. Because of these differences, the total concept and overall feel of the music in the two songs are different") (quotations omitted); *Damiano*, 975 F. Supp. at 631 (granting dismissal "[a]fter listening several times"

to the disputed works and determining "the overall effect of the two pieces is quite dissimilar—put simply, they just don't sound alike.").

The Court can hear for itself that Plaintiffs' Work and Defendants' Work are distinct, and leave the listener with entirely different impressions. No ordinary observer would recognize Defendants' Work as having been appropriated from Plaintiffs' Work.[14] As there is no actionable similarity between protectable elements of Plaintiffs' Work and Defendants' Work, Plaintiffs' Complaint should be dismissed.

### C.    There Is No Cause of Action for Common Law Copyright Infringement.

Even if Plaintiffs could adequately plead copyright infringement (they cannot), the Federal Copyright Act preempts common law copyright infringement for all causes of action arising after January 1, 1978. *See* 17 U.S.C. § 301(a); *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1989) (citing 17 U.S.C. § 301(a) and "the [Federal Copyright] Act's express objective of creating national, uniform copyright law by broadly pre-empting state statutory and common-law

---

[14] In that Plaintiffs' comparison video has been taken down, the cherry-picked comments in Paragraph 72 (doubtlessly undermined by other comments now unavailable for view) are entitled to no weight. Should the Court consider these comments, it should also consider the countervailing comments, including, for example: "This song it's not even close to no guidance......she is crazy,"; Yeah that lawsuit won't stick"; and "I hope they sue her from wasting our time 😂😂😂." *See* https://www.youtube.com/watch?v=UgAqTENP8rY&ab_channel=BenjiFilmz (Compl.¶ 31).

copyright regulation."); *Meltzer v. Zoller*, 520 F. Supp. 847, 853-54 (D.N.J. 1981).

Thus, Count I is preempted and must be dismissed.

### D.    Defendants Cannot Be Liable for Both Direct and Vicarious Copyright Infringement.

Plaintiffs' attempt to plead vicarious copyright infringement based on Defendants' alleged direct infringement fails. (*see* Compl. ¶¶ 140-42). Because vicarious copyright infringement is a theory of secondary liability, it requires that the copyright infringement be committed by a third party, not by Defendants themselves (as Defendants would be primarily/directly liable for their own infringement). *See McGucken v. Newsweek LLC,* 464 F. Supp. 3d 594, 610 (S.D.N.Y. 2020) (dismissing vicarious copyright infringement claim where "there are no facts supporting the existence of any third parties, as [the] theor[y] clearly require[s].""); *see also Lixenberg v. Complex Media, Inc*., 2023 WL 144663, at *3 (S.D.N.Y. Jan. 10, 2023), abrogated on other grounds by *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144 (2d Cir. 2024) (same).

## IV.    The Action Should be Transferred to the Southern District of New York.

"A district court has broad discretion in deciding whether to order a transfer" under 28 U.S.C. §§ 1404 and 1406.[15] *Adelson v. Enter. Car Rental*, 2017 WL

---

[15] 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

4538931, at *3 (D.N.J. Oct. 10, 2017) (citations & quotations omitted). Therefore, if the Court determines that Plaintiffs have pled a viable copyright infringement claim, as an alternative to dismissal under FRCP 12(b)(2) and 12(b)(3), the Moving Defendants request that the Court transfer this action to the Southern District of New York. The Moving Defendants consent to jurisdiction and venue in the Southern District of New York for the purposes of this action, where SME and SMP maintain offices and business operations, and which is closer to Plaintiffs' domiciles than the alternative venue of the Central District of California in which SOU and CBE maintain their principal places of business.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court (i) dismiss the Complaint pursuant to FRCP 12(b)(2) and 12(b)(3), and (ii) dismiss Counts I-III pursuant to FRCP 12(b)(6). If Counts I-III survive dismissal, then, in the alternative to dismissal under FRCP 12(b)(2) and 12(b)(3), the Moving Defendants request that the Court transfer the action to the Southern District of New York.

---

28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Dated: March 28, 2025
      Newark, New Jersey

s/ Samuel I. Portnoy
Samuel I. Portnoy
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
sportnoy@gibbonslaw.com
jlower@gibbonslaw.com

Of Counsel:

Ilene S. Farkas (*pro hac vice* pending)
Rachel M. Kaplowitz (*pro hac vice* pending)
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
(212) 421-4100

James Sammataro (*pro hac vice* pending)
**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
(786) 582-3010

*Attorneys for Defendants Songs of Universal, Inc.,*
*Sony Music Publishing (US) LLC, Sony Music Entertainment, and Chris Brown Entertainment, LLC*