UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYKEIYA DORE, MARC A. STEPHENS, Plaintiffs, <br><br> v. <br><br> CHRIS BROWN ENTERTAINMENT, LLC d/b/a CHRISTOPHER BROWN ENTERTAINMENT, LLC, CHRISTOPHER MAURICE BROWN a/k/a CHRIS BROWN, AUBREY DRAKE GRAHAM a/k/a DRAKE, ANDERSON HERNANDEZ a/k/a VINYLZ, JOSHUA LOUIS HUIZAR a/k/a J-LOUIS, TRAVIS DARELLE WALTON a/k/a TEDDY WALTON, NIJA CHARLES a/k/a NIJA, TYLER BRYANT a/k/a VELOUS, MICHEE PATRICK LEBRUN a/k/a CHE ECRU, NOAH SHEBIB a/k/a 40, J-LOUIS PRODUCTIONS, LLC d/b/a JLOUISMUSIC, CULTURE BEYOND UR EXPERIENCE, SONGS OF UNIVERSAL, INC., AMNIJA, LLC d/b/a SONGS OF AMNIJA, 1DAMENTIONAL PUBLISHING, LLC, MAVOR & MOSES PUBLISHING, LLC d/b/a RONCESVALLES MUSIC PUBLISHING, SONY/ATV SONGS LLC, VINYLZ MUSIC GROUP LLC, and SONY MUSIC ENTERTAINMENT d/b/a RCA RECORDS, GOOGLE, LLC, YOUTUBE, LLC, ALPHABET, INC. Defendants | CASE NO.2:24−cv−10103−MCA−MAH <br><br> PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS AND CHANGE OF VENUE |

**STATEMENT OF FACTS**

On <u>October 25, 2024</u>, Plaintiffs filed a copyright infringement and defamation civil complaint against the Defendants, **ECF 1, page 1-41**, and EXHIBITS 1-26, **ECF 1-3, page 1-54**. The United States Marshal was tasked with the responsibility of serving all defendants. On March 28, 2025, the Moving Defendants filed a Motion to Dismiss, **ECF 43-1**.

**STANDARD OF REVIEW**

Pro se litigant's pleadings are not to be held to the same high standards of perfection as lawyers, Haines v. Kerner 404 U.S. 519 (1972) at 521; Cruz v. Beto, 405 U.S. 319,322 (1972).

"[F]ederal courts have a constitutional obligation to safeguard personal liberties and to uphold federal law." Stone v. Powell, 428 US 465 - Supreme Court 1976 at 526.

## LEGAL ARGUMENT

A. **JURISDICTION**

1. **THE MOVING DEFENDANTS' PURPOSEFULLY AVAILED ITSELF OF THE NEW JERSEY MARKET SPECIFICALLY BY HAVING A NEW JERSEY ADDRESS, PHONE NUMBER, STREAMING MUSIC, SELLING MERCH, AND SELLING CONCERT TICKETS VIA ADVERTISEMENT ON LOCAL TELEVISION, SOCIAL MEDIA, AND LOCAL RADIO IN NEW JERSEY**

Defendants argue, ECF 43-1, page 16, paragraph A, "**Plaintiffs' allegations related to the marketing and distribution of Defendants' Work in New Jersey are devoid of any factual support. Plaintiffs do not allege any marketing or other activity by the Moving Defendants relating to Defendants' Work that specifically targeted New Jersey, or that the Moving Defendants encouraged or facilitated the purchase, download, or streaming of Defendants' Work in New Jersey, specifically. Nor could they. Plaintiffs refer solely to the nationwide marketing and distribution of Defendants' Work. Such allegations are insufficient to establish personal jurisdiction as a matter of law.**"

The Defendants and Youtube generates revenue from New Jersey residents viewing, buying, and downloading merch from "No Guidance" YouTube channels. Defendants distributed their work in New Jersey via Amazon Music and YouTube as **ADMITED**, "(ii) the commercially released sound recording of Defendants' Work "No Guidance," as downloaded from Amazon Music, which is referenced in Paragraph 44 the Complaint"; (iii) The official "No Guidance" video, as downloaded from YouTube. **see Declaration of Ilene Farkas, ECF 43-2, page 3**.

Defendants argue, ECF 43-1, page 16, paragraph B, "**none of the Moving Defendants have the requisite jurisdictional contacts with New Jersey. None of the Moving Defendants have offices in New Jersey** or employees working on any premises owned or controlled by the Moving Defendants in New Jersey. The **Moving Defendants do not have telephone numbers, mailing addresses, or bank accounts in New Jersey**. The Moving Defendants have not targeted their worldwide exploitation and licensing of Defendants' Work in New Jersey, nor have they specifically advertised or solicited business with respect to Defendants' Work in New Jersey**".

The Moving Defendants, have an mailing address located at SONY Music Entertainment, 301 State Rt 17, Rutherford, NJ 07070, Phone number (201) 438-0638, website is listed at https://www.sonymusic.com. see **EXHIBIT 1**. The moving Defendants also provides Merchandise for sale to New Jersey residents on their website, see **EXHIBIT 2**, and provide music concerts to New Jersey residents located at Blockbuster-Sony Music Entertainment Centre, 1

Harbor Blvd., Camden, NJ 08103, phone number (856) 635-1445, see **EXHIBIT 3**. The Moving Defendants still conduct business in New Jersey.

On August 12, 2025, the Moving Defendants, including Defendant Chris Brown, will be peforming his hit record "No Guidance", which is infringing upon Plaintiffs' song "I GOT IT", at MetLife Stadium, 1 MetLife Stadium Drive, East Rutherford, New Jersey, 07073, see **EXHIBIT 4**. Previously the Moving Defendants held concerts performing Plaintiffs' song "I GOT IT" without consent or license, on July 26, 2022, and June 12, 2024, at the Prudential Center, 25 Lafayette St, Newark, NJ 07102, see **EXHIBIT 5**. On July 17, 2022, Freedom Mortgage Pavilion, 1 Harbour Blvd., Camden, NJ 08103, see **EXHIBIT 6**. On September 13, 2019, Prudential Center, 25 Lafayette St., Newark, NJ 07102, see **EXHIBIT 7**. https://www.bandsintown.com/a/25888-chris-brown?came_from=286&utm_medium=web&utm_source=artist_event_page&utm_campaign=artist

The Defendant writers of the song "NO GUIDANCE" are listed as Defendants Chris Brown, Aubrey Graham, Travis Walton, Nija Charles, and Tyler Biyaut, see complaint, **ECF 1, page 5, #35**. The Defendant writers worked in concert with the Moving Defendants infringing upon the Plaintiffs copyright for the song "I GOT IT".

The Moving Defendants **ADMITS** Defendant Amnija, LLC ("Amnija") have a principal place of business in **New Jersey** and is the publishing designee of Defendant Nija Charles ("Nija"), **ECF 43-1, page 11, footnote 2**. Defendant Nija Charles is the individual who was in possession of Plaintiffs' copyrighted song, and used Plaintiffs' song, without a license or consent, to create the hook for the Moving Defendants song " NO GUIDANCE".

"[A] defendant is subject to general jurisdiction when it has continuous and systematic contacts with the forum state." Gen. Elec., 270 F.3d at 150. "[S]pecific personal jurisdiction exists when the relationship among the forum, the defendant, and the cause of action are such that the defendant purposely avails itself of the forum's laws, the cause of action is related to or arises out of the defendant's contacts with the forum, and the defendant 'should reasonably anticipate being hauled into court there.'" Marlin Leasing Corp. v. Advanced Fire & Sec., Inc., 2014 WL 1297070,

at *3 (D.N.J. Mar. 31, 2014) (citation omitted); see also BristolMyers Squibb Co. v. Superior Ct. of California, San Francisco Cnty., 137 S. Ct. 1773, 1780 (2017).

2. **DEFENDANTS WILL NOT BE PREJUDICED IF THE COURT GRANTS THE PLAINTIFFS' OPPOSITION MOTION RESOLVING THE COMPLAINT IN NEW JERSEY WHERE THE DAMAGES WERE DONE**

The Moving Defendants **still** conduct business in New Jersey via music concerts, **see attached EXHIBIT 1-7**. Defendants argue and ADMIT, ECF 43-1, page 18, paragraph 1, "SOU and SMP are two of the music publishers who license and collect publishing royalties from the exploitation of Defendants' Work in the United States. CBE is the owner of the copyright in the commercially-released sound recording of Defendants' Work. SME has the exclusive right to market, sell, license, and distribute the sound recording of Defendants' Work". In order to schedule music concerts, collect on publishing, licensing, royalties, copyrighting, marketing, selling, merchandising, advertising, and distribution, its common sense that the Moving Defendants must make contact with New Jersey.

The Moving Defendants New York City headquarters located at 25 Madison Ave, New York, NY 10010, is **only 14 miles** from the Martin Luther King, Jr. Courthouse located at 50 Walnut Street, Newark, New Jersey. In addition, it is not unfair to maintain jurisdiction and venue in New Jersey because the case is mainly handled **online** via ECF filing, which there is no need to visit the courthouse everyday. The Defendants are clearly not prejudice, "[P]rejudice involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage." National Union Fire Ins. Co. v. Barney Assoc., 130 F.R.D. 291, 294 (S.D.N.Y. 1990)." US v. Kushner, Dist. Court, D. New Jersey 2018.

3. **PLAINTIFFS' FILING IN THEIR COMPLAINT IN NEW JERSEY SUBSTANTIALLY COMPLIES WITH THE LEGAL STANDARD FOR JURISDICTIONAL AND VENUE AND MOVING THE VENUE OF THE CASE WOULD VIOLATE THE PLAINTIFFS' RIGHTS TO DUE PROCESS AND TRIAL IN THE STATE OF NEW JERSEY WHERE THE DAMAGES OCCURRED**

Again, the Moving Defendants purposefully availed itself of the New Jersey market specifically by having a New Jersey address, phone number, streaming music, selling merch, and selling concert tickets via advertisement on local television, social media, and local radio in New

Jersey.  Substantial Compliance, "is a doctrine based on justice and fairness, designed to avoid technical rejection of legitimate claims. Zamel, supra, 56 N.J. at 6, 264 A.2d 201", Galik v. Clara Maass Med. Center, 771 A. 2d 1141 - NJ: Supreme Court 2001 at 1148-49.  Indeed, the Legislature **did not** intend "to `create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims.'" Ryan, supra, 203 N.J. at 51, 999 A.2d 427 (quotation omitted), Ryan v. Renny, 999 A. 2d 427 - NJ: Supreme Court 2010 at 435-436.

"[w]e have **never** been a judicial system that goes on total complete technicality", Bank v. Kim, 825 A. 2d 566 - NJ: Appellate Div. 2003 at 574.  The United States Supreme Court held that due process is violated "if a practice or rule offends some principle of justice so rooted in the traditions and conscience of our people as to be **ranked as fundamental**", Snyder v. Massachusetts, 291 U.S. 97 (1934).  "A provision of the Bill of Rights that protects a right that is **fundamental** from an American perspective applies equally to the Federal Government and the States. See Duncan, 391 U.S., at 149, and n. 14, 88 S.Ct. 1444". McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 at 3050.

The court is "free to regulate the procedure of its courts in accordance with its own conception of policy and fairness **unless** in so doing it offends some principle of justice so rooted in the traditions and conscience of our people as to be **ranked as fundamental**". Twining v. New Jersey, 211 U.S. 78, 106, 111, 112; Rogers v. Peck, 199 U.S. 425, 434; Maxwell v. Dow, 176 U.S. 581, 604; Hurtado v. California, 110 U.S. 516; Frank v. Mangum, 237 U.S. 309, 326; Powell v. Alabama, 287 U.S. 45, 67.

"Where rights secured by the Constitution are involved, there can be **no rule making or legislation** which would abrogate them." Miranda v. Arizona, 384 US 436 at 491. No right granted or secured by the Constitution of the United States can be impaired or destroyed by a state enactment". Connolly v. Union Sewer Pipe Co., 184 US 540 at 558.

**B. ACCESS**

**1. THE DEFENDANTS HAD DIRECT AND CIRCUMSTANSTIAL ACCESS TO PLAINTIFFS' VALID COPYRIGHTED WORK**

Defendants argue and ADMIT, ECF 43-1, page 19, paragraph 2, **"First, Plaintiffs allege that <u>Defendant Anderson Hernandez p/k/a Vinylz ("Vinylz") "discovered and obtained access"</u> to Plaintiffs' Work through a YouTube channel operated <u>by Benji Filmz ("Filmz")</u>, a "famous Director from Harlem, New York City." <u>Plaintiffs do not allege that Filmz had any connection whatsoever to Defendants' Work</u>; that <u>Vinylz has any relationship with Filmz</u>; that <u>Vinylz or Filmz have ever communicated</u>; that <u>Vinylz subscribes to Filmz's YouTube channel</u>; or that <u>Vinylz has ever viewed or listened to Plaintiffs' Work before contributing to Defendants' Work</u>. The mere existence of Plaintiffs' Work on a YouTube channel with barely any views is legally irrelevant".**

Benji Films, Cardi B, Tykeiya, and Defendant Vinylz are all from New York City, and worked with the same artist. Defendant Nija obtained access to Tykeiya song via Tykeiya's uncle, **See Declaration of Jesse Spruils**. The songwriters and producers for Defendant Chris Brown song "No Guidance", are both Defendants Nija Charles and Anderson Hernandez pka "Vinylz". All music videos created by Benji Films, Cardi B, Tykeiya, and Defendant Vinylz are uploaded to Benji Films YouTube Channel.

In 2017, The Moving Defendant SONY/ATV SONGS LLC, and SONY Music Entertainment d/b/a RCA RECORDS were made aware of my song "I GOT IT", due to me requesting a sample clearance for my song "I GOT IT, remix from SONY's artist Lil Mama's song "Lip Gloss". I end up using the sample for my song "Know About Love". On **December 13, 2017,** At the time, <u>I only had one song</u> created in my music catalog, "I GOT IT". The Master Recording Sample Clearance Agreement was signed by the following SONY Music Entertainment d/b/a RCA RECORDS Employees who had access to my song "I GOT IT", **EXHIBIT 8**.

      A. Kendall Mintor at kamlaw@aol.com
      B. Lauren Collins at Lauren.collins@sonymusic.com
      C. Jennifer Goodman at Jennifer.goodman@sonymusic.com
      D. Megan Blitstein at megan.blitstein@sonymusic.com

Defendants argue and ADMIT, ECF 43-1, page 19, paragraph 3, **"Second, Plaintiffs baldly allege that the "writers and producers" of "No Guidance" obtained access to Plaintiffs' Work "due to the <u>same videographers, directors, writers, and producers working on 'I GOT IT' and 'No Guidance.'"</u> Tellingly, <u>Plaintiffs do not identify these unnamed</u> individuals, much less any factual allegations to substantiate any non-speculative chain of events resulting in one of the creators of Defendants' Work obtaining a copy of Plaintiffs' Work".** Defendants argue, ECF 43-1, page 20, paragraph 1, **"Further, considering Plaintiffs' allegation that Dore is the sole writer of "I GOT IT", and did not work on "No Guidance," <u>her allegation that the "same</u>**

writers" worked on both works is demonstrably false. So, too, is her allegation that same videographers and directors worked on both works (id. ¶ 68) as Plaintiff's Work is a composition. Videographers and directors do not work on compositions".

The names of the individuals are clearly discussed in the complaint, see **ECF 1, page 8, paragraph #68-70**. Benji Filmz ,"Benji Filmz What's Poppin", is a famous **Director** from Harlem, New York City. Defendant Anderson Hernandez, professionally known as Vinylz, is a record **producer** from Washington Heights, New York City, discovered and obtained access to Tykeiya's song "I GOT IT" (2016), and Cardi B's songs "RED BARZ" (2017) on Benji Filmz YouTube channel. Vinylz later produced Cardi B's song called "BE CAREFUL" released March 30, 2018. Plaintiffs' song "I GOT IT" is produced by Benji Films and uploaded to his website, which the Moving Defendants, Nija Charles, and Vinylz had viewed Benji's website. Plaintiff Tykeiya, Benji Films, Cardi B, and Defendant Vinylz are all from New York City, target up and coming NYC artist via Benji Filmz, and worked with the same artist. Defendant Nija also obtained access to Tykeiya song via Tykeiya's uncle, **See Declaration of Jesse Spruils**. The Moving Defendants SONY, also had access to Tykeiya's song "I GOT IT" when Tykeiya was clearing a song with SONY, **see Declaration of Tykeiya Dore**. The songwriters and producers for Defendant Chris Brown song "NO GUIDANCE", are both Defendants songwriter Nija Charles and producer Anderson Hernandez pka "Vinylz".

Defendants argue and ADMIT, ECF 43-1, page 20, paragraph 2, "Third, Plaintiffs vaguely allege that Dore's uncle provided a copy of Plaintiffs' Work to Nija and that they "communicated via social media" about Plaintiffs' Work. (Id. ¶ 70). Yet Plaintiffs intentionally omit any specifics of these alleged communications, and tellingly do not attach them. The reason for Plaintiffs' obfuscation is because Dore's uncle first contacted Nija on August 5, 2019 – approximately two months after Defendants' Work had been commercially released. (See Declaration of Ilene Farkas dated March 28, 2025 ("Farkas Decl.") Ex. B))".

Objection. Inaccurate. The communication in August 2019, was the third time Tykeiya's uncle contacted Defendant Nija Charles. The communication is clearly Tykeiya's uncle alleging **after** speaking with Defendant Nija Charles she infringed on the Plaintiff's song. The top image is Tykeiya's video for "I GOT IT", and the bottom image is the Defendant's "NO GUIDANCE" video, **ECF 43-2, page 7**. See **complaint, ECF 1, page 9, paragraph 70**. See Declaration of **Jesse Spruils**.

## C. VALID COPYRIGHT

**1. PLAINTIFFS HAVE A VALID COPYRIGHT INFRINGEMENT CLAIM AGAINST THE DEFENDANTS**

Defendants argue and ADMIT, ECF 43-1, page 18, paragraph 1, **"SOU and SMP are two of the music publishers who license and collect publishing royalties from the exploitation of Defendants' Work in the United States. CBE is the owner of the copyright in the commercially-released sound recording of Defendants' Work. SME has the exclusive right to market, sell, license, and distribute the sound recording of Defendants' Work".**

Here the Moving Defendants' **ADMIT** to their involvement of infringing on Plaintiffs' copyrighted song "I GOT IT" via publishing, licensing, royalties, copyrighting, marking, selling, licensing, and distribution. The Defendant Chris Brown is **not** the only copyright holder of the infringing song titled, "NO GUIDANCE". The Moving Defendants, and the Defendant song writers, are listed as one of the copyright claimants for "No Guidance" on the Second Defendants' Copyright, **see complaint ECF 1, page, paragraphs #45-63**.

To state a claim for copyright infringement under the Copyright Act, a plaintiff must show "(1) ownership of a valid copyright; and (2) unauthorized copying of . . . the plaintiff's work." Tanksley v. Daniels, 902 F.3d 165, 173 (3d Cir. 2018). Hian v. Louis Vuitton Usa Inc., Dist. Court, ED Pennsylvania 2024.

A copy of Plaintiffs' valid copyrighted work, **ECF 1-3, page 3**. Plaintiffs' did not give consent to the Defendants to copy Plaintiffs' work, See also **Declaration of Tykeiya Dore**, and **Declaration of Marc Stephens**.

**2. PLAINTIFF MARC STEPHENS HAS STANDING TO SPEAK ON THE COPYRIGHT INFRINGEMENT AND DEFAMATION CAUSE OF ACTIONS.**

Defendants argue, ECF 43-1, page 17, footnote, **"The Moving Defendants reserve their rights to move to dismiss Stephens from the case for lack of standing under FRCP 12(b)(1) if he does not furnish sufficient evidence of ownership, as a non-owner of the allegedly infringed copyright cannot sue for copyright infringement"**.

Plaintiff Tykeiya Dore and Marc Stephens are owners of the copyrighted song "I GOT IT", **See Declaration of Tykeiya Dore**, and **Declaration of Marc Stephens**. In addition, Marc Stephens hold a defamation claim against the YouTube Defendants in relation to the copyright infringement cause of actions. The YouTube defendants defamed Plaintiff Marc Stephens by accussing him of a crime for submitting alleged fraudulent copyright infringement claims and take

down notices.  Plaintiff Marc Stephens has standing to speak on both the copyright infringement and Defamation cause of actions.

### 3. SUBSTANTIAL SIMILARITY CAN BE FOUND IN A COMBINATION OF ELEMENTS, EVEN IF THOSE ELEMENTS ARE INDIVIDUALLY UNPROTECTED

Defendants argue, ECF 43-1, page 18, paragraph 2, **"While the Complaint also vaguely alleges that Defendants' Work uses these unprotectable words with "the same chord progressions, tempo, pitch, key, melody, harmony, rhythm, structure, phrasing …" – basic musical building blocks that are also unprotectable – this assertion is insufficient to allege actionable substantial similarity. (Id. ¶ 64). Moreover, a comparison of the two works reveals that no such similarity exists"**.

"[S]till, "substantial similarity can be found in a combination of elements, **even if those elements are individually unprotected**." Id. at 848; see also Metcalf, 294 F.3d at 1074 ("Each note in a scale, for example, is not protectable, but a pattern of notes in a tune may earn copyright protection."); Three Boys Music, 212 F.3d at 485-86 (upholding jury's finding of substantial similarity based on "a combination of unprotectible elements"). This principle finds particular relevance in application of the intrinsic test, as a trier of fact may "find that the over-all impact and effect indicate substantial appropriation," even if "any one similarity taken by itself seems trivial." Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1169 (9th Cir. 1977) (quoting Malkin v. Dubinsky, 146 F.Supp. 111, 114 (S.D.N.Y. 1956)), Williams v. Gaye, 885 F. 3d 1150 - Court of Appeals, 9th Circuit 2018 at 1163-1164.  Moreover, while the extrinsic test can be evaluated on a motion for summary judgment, the intrinsic test is reserved exclusively for the trier of fact. See, e.g., Benay v. Warner Bros. Entm't, Inc., 607 F.3d 620, 624 (9th Cir. 2010).

### 4.  TYKEIYA'S SONG "I GOT IT" IS ENTITLED TO COPYRIGHT PROTECTION AS A WORK AND CHRIS BROWN ADMIT TO COPYING CLAIMANT SONG

The Respondent Chris Brown states on Page 5, "D. Claimant has not plead actionable similarity"……"E. The short, commonplace phrases "I Got It" and "You Got It" are not copyrightable as a matter of law".  **ECF 1-3, page 29-30**.

Many songs with limited numbers of notes were found to be entitled to copyright protection. "[I]ts Your Birthday" **is entitled** to copyright protection as a work". Rogers v. Koons, 960 F.2d 301, 307 (2d Cir. 1992).  "[a]n arrangement of a limited number of notes **can** garner copyright protection." Swirsky, 376 F.3d at 851.  Thus, we held in Swirsky that a melody of seven notes is

not unprotectable as a matter of law. Id. at 852. Williams v. Gaye, 885 F. 3d 1150 - Court of Appeals, 9th Circuit 2018 at 1189.

If you take three songs, Tykeiya - I GOT IT (2017), Cardi B - RED BARZ (2017), and Chris Brown - NO GUIDANCE (2018), and ask the general public, a judge, or jury, which hook of the song sounds substantially similar to Tykeiya's song "I GOT IT", they would say Chris Brown's song "NO GUIDANCE".  If you take every single hook of the song, from every album, created by Chris Brown, and ask the general public, a judge, or jury, which song sounds substantially similar to Tykeiya's song "I GOT IT", they would say Chris Brown song "NO GUIDANCE".  Out of 1,342 songs titled "I Got It", and 910 songs titled "You Got It", **NONE** sounds substantially similar to Tykeiya's song "I Got It" **EXCEPT** Chris Brown's song "No Guidance".  There are newer songs that also copied Tykeiya's melody, harmony, and rhythm of "I Got It", which will be pursued.

Chris Brown admits to copying.  He states, "[C]onsequently, "not all copying is copyright infringement and parrotry does not always mean piracy.  Here, Brown has not copied any of the Song's orignial elements", see page 5, paragraph 4-5., **ECF 1-3, page 29**.

The Moving Defendants Chris Brown argues that, The short, commonplace phrases "I Got It" and "You Got It" are not copyrightable as a matter of law. "[T]his Court **does not agree**. Although it is clear that, on its face, the taking involved in this action is relatively slight, on closer examination it becomes apparent that this portion of the piece, the **musical phrase** that the lyrics **"I Love New York"** accompany, is the heart of the composition. Use of such a significant (albeit less than extensive) portion of the composition is far more than merely a de minimis taking. See Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49 (2d Cir.), cert. denied, 298 U.S. 669, 56 S.Ct. 835, 80 L.Ed. 1392 (1936); Life Music, Inc. v. Wonderland Music Co., 241 F.Supp. 653 (S.D.N.Y.1965). The tune of **"I Love Sodom"** is easily recognizable as "having been appropriated from the copyrighted work," Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021, 1022 (2d Cir. 1966); Fleischer Studios, Inc. v. Ralph A. Freundlich Inc., 73 F.2d 276, 278 (2d Cir. 1934), and **is a taking of a substantial nature**. See H. C. Wainwright & Co. v. Wall Street Transcript Corp., 418 F.Supp. 620 (S.D.N.Y.1976). Accordingly, **such taking is capable of rising to the level of a copyright**

**infringement**. Elsmere Music, Inc. v. National Broadcasting Co., 482 F. Supp. 741 - Dist. Court, SD New York 1980 at 745. TufAmerica, Inc. v. Diamond, 968 F. Supp. 2d 588 - Dist. Court, SD New York 2013 at 604. The only reason the defendant won the case was because the tune "I Love Sodom" was a Parody. "No Guidance" is **not a parody**.

5. **IDEAS ARE EXPRESSED THROUGH MELODY, HARMONY, AND RHYTHM AND ARE PROTECTABLE**

The Moving Defendants Chris Brown states on Page 4, **"C. Ideas Cannot be Infringed". ECF 1-3, page 28.** Defendants Chris Brown entire 10 page argument **Admits** that the song "NO GUIDANCE" has the same "Titles", "Idea", "Similarity", and "elements" as Plaintiffs' Tykeiya's song "I GOT IT". Defendants are simply trying to hide behind the law, but their actions are in clear violation of the U.S. Copyright Law, and other laws. "[M]usical compositions are expressed primarily through the building blocks of **melody, harmony, and rhythm**. See Newton v. Diamond ("Newton I"), 204 F.Supp.2d 1244, 1249 (C.D. Cal. 2002) (citing 3 Nimmer & Nimmer, supra, § 2.05[D]); Randel, supra, at 481 ("The whole of music is often informally divided into three domains: melody, harmony, and rhythm."); see generally Aaron Copland, What to Listen for in Music 33-77 (McGraw-Hill 1957). Williams v. Gaye, 885 F. 3d 1150 - Court of Appeals, 9th Circuit 2018 at 1187.

"[S]ubstantial similarity can be found in a combination of elements, even if those elements are individually unprotected." Id. at 848; see also Three Boys Music, 212 F.3d at 485 ("It is well settled that **a jury may find a combination of unprotectible elements to be protectible** under the extrinsic test because `"the over-all impact and effect indicate substantial appropriation."'" (quoting Krofft, 562 F.2d at 1169)). In fact, "[e]ven if a **copied portion be relatively small** in proportion to the entire work, if qualitatively important, the finder of fact **may properly find** substantial similarity." Swirsky, 376 F.3d at 852 (alteration in original) (quoting Baxter v. MCA, Inc., 812 F.2d 421, 425 (9th Cir. 1987)). Thus, even "an arrangement of a limited number of notes **can** garner copyright protection." Id. at 851. Williams v. Gaye, 885 F. 3d 1150 - Court of Appeals, 9th Circuit 2018 at 1181.

Given that the Moving Defendants ask this Court to determine that Plaintiffs' claims fail as a matter of law under a Rule 12 (b)(6) analysis, it should be noted that the Blurred Lines parties asserted similar arguments at trial that there were "no substantial similarities between the melodies, rhythms, harmonies, structures, and lyrics [between the two works.]" Williams, 895 F.3d at 1117. However, unlike the Moving Defendants here, the Blurred Lines parties made these arguments following discovery and did so with support from qualified experts. Even then, and despite the Court acknowledging numerous differences between the keys, progressions, and instrumentations of the two works, the verdict against the Blurred Lines parties **was affirmed**.

6. **PLAINTIFFS' THREE COPYRIGHT INFRINGEMENT CLAIMS ARE PREMISED ON THE DEFENDANTS UNAUTHORIZED USES OF THE SAME CHORD PROGRESSIONS, TEMPO, PITCH, KEY, MELODY, HARMONY, RHYTHM, STRUCTURE, PHRASING, AND LYRICS AS PLAINTIFFS SONG "I GOT IT"**

Defendants argue and ADMIT, <u>ECF 43-1, page 18, paragraph 2</u>, **"Plaintiffs' three copyright infringement claims are premised on the claim that Defendants' Work (a fast and sexually explicit rap and R&B song) infringes Plaintiffs' Work (a slow R&B ballad), because both songs repeat the phrase "<u>got it</u>" in their choruses".**

Objection. Inaccurate and false. The Moving Defendant is fully aware that the Plaintiffs are not arguing that both songs repeat the phrase "GOT IT" in their choruses. The Plaintiffs are arguing that:

> "[T]he chorus of the Defendants' song "NO GUIDANCE" is a continuous use of the word "YOU GOT IT", which uses **the same chord progressions, tempo, pitch, key, melody, harmony, rhythm, structure, phrasing, and lyrics as Plaintiffs song "I GOT IT".** With all songs, 99.99% of the time, the chorus is the title of the song. The chorus is considered the most memorable part, as it is designed to be catchy, repetitive, and encapsulate the main theme of the song, making it the part that sticks most readily in the listener's mind. The Defendants' <u>intentionally 'masked'</u> the unlawful use of the title of the Plaintiffs' song and chorus "I GOT IT", by using the title "No Guidance", which is mentioned nowhere in the chorus, and they changed "I GOT IT" to "YOU GOT IT". This **intentional masking of the title** made it hard to find the copyright infringement. The Plaintiffs were unable to detect the infringing song because a U.S. Copyright search of the song title "NO GUIDANCE" would not show up under "I GOT IT". If the general public conducted a copyright search for the Defendants song titled "NO GUIDANCE" they will **not** be able to find it if they searched using the lyrics from the chorus which states, "YOU GOT IT"**, see <u>Complaint ECF 1, page 7, paragraph #64-67</u>.**

As discussed in the complaint, **see ECF 1, page 11, paragraph 75**, The Defendants obtained the idea to make the chorus of the song "No Guidance" to "You Got It" from the beginning of Plaintiffs' music video, uploaded on YouTube, where a female states, **"Yo! Tell that nigga YOU GOT IT",** see transcript from YouTube, EXHIBIT 7, **see ECF 1-3, page 11**.

7. **THE MOVING DEFENDANTS HAS BEEN RECENTLY SUED TWICE FOR THE SAME EXACT COPYRIGHT INFRINGEMENT**

The Moving Defendants have been recently sued twice for the same EXACT copyright infringement. As discussed in the complaint, **see ECF 1, page 16, paragraph #101-104**.

"[I]n both cases filed against Defendant Chris Brown, which includes, Greensleeves vs Chris Brown, Case 1:21-cv-05751-ALC, and Brandon Saunders v. Christopher Maurice Brown et al, Case 2:21-cv-09237-DSF-GJS, the judges ruled that Defendant Chris Brown **cannot infringe** on the "musical phrase". In the Saunders case, the judge opinion stated, "[T]he Court previously **denied** a motion to dismiss, noting that Plaintiffs **did not** claim that "the word '**wet**' alone is protectable, but rather that the repetition of that lyric in a particular rhythmic way **is protectable**. Dkt. 64 at 6", Brandon Saunders v. Christopher Maurice Brown et al, Docket No. 2:21-cv-09237 (C.D. Cal. Nov 24, 2021), ECF 70, page 1-2. Just as Saunders' repetition of the lyric "**Wet, Wet**" is protectible, and Plaintiffs Tykeiya's repetition of the lyric **"I Got It, I Got It"**, is protected, along with the beat, **chord progressions, tempo, pitch, key, melody, harmony, rhythm, structure, and phrasing**.

"[I]n an article published by Chris Brown's own lawyers, Pryor Cashmans LLP, titled **"Pryor Cashman Client Chris Brown Settles 'Privacy' Copyright Suit"**, it reads, "R&B singer and Pryor Cashman client Chris Brown settled a copyright infringement lawsuit brought by Greensleeves Publishing claiming that Brown's single "Privacy" **copied** parts of another song. Greensleeves' suit claimed that Brown used parts of "Tight Up Skirt" by Red Rat **without permission**; the parties agreed to settle and are negotiating the details of the settlement". Brown had **copied key parts** of Red Rat's 1997 hit, including **lyrics from the hook** and **the song's melody**, and used it in his 2017 single, "Privacy." https://www.pryorcashman.com/news/pryor-cashman-client-chris-brown-settles-privacy-copyright-suit. EXHIBIT 25, **see ECF 1-3, page 53**.

A jury will easily determine based on Defendants Chris Brown and Drake history of copyright infringement, that Defendants copied the beat, **chord progressions, tempo, pitch, key, melody, harmony, rhythm, structure, and phrasing** of Plaintiffs' Tykeiya's song, "I GOT IT".

8. **LAYMAN VIEWING AND LISTENING TO TYKEIYA'S "I GOT IT" AND CHRIS BROWN'S "NO GUIDANCE" <u>SIDE BY SIDE</u> EASILY DETERMINED THE SONGS ARE STRICKINGLY SIMILAR**

Its impossible to <u>not hear</u> the two songs are substantially similar, see the <u>comparison video</u> of the two songs on YouTube titled, "<u>Copyright Infringement Comparison</u> - Tykeiya "I GOT IT" vs Chris Brown "No Guidance" (you got it)". **https://www.youtube.com/watch?v=ILcpGW02lSE.**

Multiple "layman" commentors, from the general public, left comments on the comparison video, and they are in agreement that the two songs are <u>substantially similar</u>:

a) **@arlaniahines-guy4456**: "They stole her Tykeiya Spruills song and I was the first to hear it. Every time I heard Chris Brown & Drake on the radio my ears immediately tuned in to Tykeiya Spruills Original song "I GOT IT" by Tykeiya."

b) **@gofendi**: "Yes they do"

c) **@JoselinPineda-d8x**: "It's toooooo similar to be a coincidence!! Copyright infringement"

d) **@baskandlatherco**: "Wow!"

e) **@inachamblee**: "So sad how people do this to up and coming" artist"

f) **@amarmoody9969**: "Were they in the studio after Tykeiya released the song cus its <u>exactly the same</u>."

g) **@cocoreesie**: "Wow, I would pursue a lawsuit too. It's definitely giving <u>No Guidance sampled it</u>…"

h) **@JB_blocks**: "They <u>sound exactly alike</u> I think they did steal it."

i) **@sheilamartinez4810**: "People need to do their own shit and <u>stop stealing</u> others shit. If you can't be creative and do your own you have no talent and don't to be in the entertainment business"

j) **@shainarainford3842**: "These <u>sound the same</u>: the beat AND the words"

k) **@BarbaraAaron**: "Mmhmm call a spade a spade music industry always choosing low hanging fruit for their large successes."

l) **@ShirellMcGoogan**: "They stole my cousin song it <u>clearly sounds the same</u>. They need to pay her."

      m)      **@tishadingle5516**: "Wow smh"

    n) **@DrNicoleWilliams**: Let's just keep it a buck — <u>it sounds like copyright infringement</u>- A monetary solution should be sought- and it would be dope to hear a remake of this song featuring Tykeiya - she definitely has vocals to pull out a new hit." EXHIBIT 6, (a8), **ECF 1-3, page 10.**

"[O]n substantial similarity, the question is how the works "would appear to a **layman viewing** [them] **side by side**," Universal Athletic Sales Co. v. Salkeld, 511 F.2d 904, 908 (3d Cir. 1975), and we have **rejected** <u>the usefulness of experts in answering this question</u>. Tanksley v. Daniels, 902 F. 3d 165 - Court of Appeals, 3rd Circuit 2018 at 172.

"[I]n order to prove copyright infringement, a plaintiff must establish that his copyrighted work and the infringing work are "<u>substantially similar</u>." Dam Things from Den. v. Russ Berrie & Co., 290 F.3d 548, 561-62 (3d Cir. 2002). Tanksley v. Daniels, 902 F. 3d 165 - Court of Appeals, 3rd Circuit 2018 at 171.

"[T]here is a "striking similarity" between works to support an **inference of access**, see Three Boys Music., 212 F.3d at 483 (holding that in absence of any proof of access, copyright plaintiff can still make out case of infringement by showing that songs were "strikingly similar"); see also Loomis v. Cornish, 836 F.3d 991, 995 (9th Cir. 2016) ("Where there is no direct evidence of access, <u>circumstantial evidence</u> can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated."). The song was readily available to the public.

### D. <u>MOTION TO DISMISS</u>

**1. THE COURT SHOULD NOT DISMISS THE COMPLAINT AND MUST ACCEPT ALL OF THE ALLEGATIONS AS TRUE**

In ruling on this motion to dismiss, the Court must accept the facts presented in the complaint in the light most favorable to [Plaintiff Marc Stephens] and "accept all of the allegations as true." <u>ALA, Inc. v. CCAIR, Inc.</u>, 29 F.3d 855, 859 (3d Cir. 1994). In considering whether a complaint should have been dismissed for failure to state a claim upon which relief can be granted, the court must consider only those facts alleged in the complaint and accept all of the allegations as true. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Unless

the plaintiff can prove no set of facts in support of the claim that would entitle him to relief, the complaint **should not** be dismissed. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); D.P. Enters., Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir.1984). When reviewing a complaint, a court should consider not only the allegations contained in the complaint itself but **also the exhibits** attached to it which the complaint incorporates pursuant to Federal Rule of Civil Procedure 10(c). See Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); cf. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993) (holding that a court may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"), cert. denied, ___ U.S. ___, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994). ALA, Inc. v. CCAIR, Inc., 29 F. 3d 855 - Court of Appeals, 3rd Circuit 1994 at 859. "[T]he decision to dismiss a complaint **should not** be entered lightly because it "forecloses inquiry into the merits." Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967). We also note that it is an abuse of discretion to dismiss an entire complaint if it contains some claims that satisfy Rule 8. See Frazier v. Se. Pa. Transp. Auth., 785 92*92 F.2d 65, 68 (3d Cir. 1986), abrogated on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) and Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (reversing the dismissal of the entire complaint as "broad and conclusory" where the complaint set forth four claims with adequate specificity). Garrett v. Wexford Health, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 91-92.

"[P]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). This already liberal standard is "even more pronounced" where a plaintiff files the complaint without the assistance of counsel. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004); Schaedler, 370 F.2d at 798. Courts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints. Wright & Miller, supra, § 1217. This practice is driven by an understanding that a

court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training. See Higgs v. Att'y Gen., 655 F.3d 333,339 (3d Cir. 2011). Garrett v. Wexford Health, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 92.

"[A] statement of a claim may be "plain" even if it does not include every name, date, and location of the incidents at issue. See Frazier, 785 F.2d at 68 ("While plaintiffs may be expected to know the injuries they allegedly have suffered, it is not reasonable to expect them to be familiar at the complaint stage with the full range of the defendants' practices under challenge."); see also Harnage, 916 F.3d at 142 ("[T]he failure to allege specific dates does not necessarily run afoul of Rule 8, especially where ... the plaintiff lacks ready access to his medical records."). Missing details or superfluous material do not necessarily render a complaint unintelligible. Indeed, even if it is vague, repetitious, or contains extraneous information, a pro se complaint's language will ordinarily be "plain" if it presents cognizable legal claims to which a defendant can respond on the merits. Alston, 363 F.3d at 234; Bethea v. Reid, 445 F.2d 1163, 1165 (3d Cir. 1971); see also Ruby Foods, 269 F.3d at 820 (pro se complaint, though prolix, "appears to state a claim that would withstand challenge under Fed. R. Civ. P. 12(b)(6)"); Simmons, 49 F.3d at 87-88 (concluding that "[t]hough perhaps some details [were] lacking" and "extraneous details" were included, "it [was] evident that defendants understood the nature of Simmons's claims" based on their response to it). Garrett v. Wexford Health, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 93-94.

"[T]o survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must set forth enough factual allegations to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). When assessing the merits of a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the

non-moving party. <u>Umland v. PLANCO Fin. Servs., Inc.</u>, 542 F.3d 59, 64 (3d Cir. 2008). "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record." <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). <u>Doe v. University of Sciences</u>, 961 F. 3d 203 - Court of Appeals, 3rd Circuit 2020 at 208.

## CONCLUSION

For all of the reasons explained above, Plaintiffs have satisfied their burdens at the pleading stage pursuant to Rule 12(b)(6) and the Moving Defendants' Motion should be denied in all Respects, and the venue and jurisdiction should stay in New Jersey.

*Tykeiya Dore*
Ss// Tykeiya Dore
Tykeiya Dore pka "Tykeiya"
Plaintiff, pro se


Ss// Marc Stephens
Marc Stephens, Plaintiff, pro se