## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYKEIYA DORE and MARC A. STEPHENS,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS BROWN ENTERTAINMENT, LLC d/b/a CHRISTOPHER BROWN ENTERTAINMENT, LLC, et al.,<br><br>Defendants. | Civil Action No. 24-10103 (MCA) (MAH)<br><br>*Document Electronically Filed*<br><br>Motion Day:  May 19, 2025<br><br>ORAL ARGUMENT REQUESTED |

---

## THE MOVING DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT

---

David N. Cinotti
**PASHMAN STEIN WALDER HAYDEN P.C.**
Court Plaza South
21 Main St #200
Hackensack, NJ 07601
dcinotti@pashmanstein.com
(201) 488-8200

Ilene S. Farkas
James G. Sammataro
Rachel M. Kaplowitz
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
(212) 421-4100


*Attorneys for Defendants*
*Songs of Universal, Inc.,*
*Sony Music Publishing (US) LLC,*
*Sony Music Entertainment, and*
*Chris Brown Entertainment, LLC*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................... ii

PRELIMINARY STATEMENT ................................................................1

ARGUMENT ............................................................................................3

  I.   The Moving Defendants Are Not Subject to Personal Jurisdiction in New Jersey ..............................................................................................3

  II.  Plaintiffs Concede that Venue Is Not Proper in the District of New Jersey. ....6

  III.  Plaintiffs Fail to State A Claim for Copyright Infringement............................6

        A.   Plaintiffs Fail to Allege Access. ..........................................................6

             i.   Plaintiffs Concede That They Cannot Demonstrate Access Through Wide Dissemination .....................................................6

             ii.   Plaintiffs Concede Lack of Access Through Benji Filmz ..........6

             iii.   Plaintiffs Concede Lack of Access Through Unidentified "Videographers, Directors, Writers, and Producers"..................7

             iv.   Plaintiffs Cannot Allege Access through Dore's Uncle ............7

        B.   Plaintiffs Have Not Alleged – and Cannot Allege – That "Substantial Similarity" Exists Between the Works At Issue. ................................10

        C.   Plaintiffs' Remaining Arguments Are Baseless..................................13

        D.   Plaintiffs Concede That There Is No Cause of Action for Common Law Copyright Infringement..................................................................14

        E.   Plaintiffs Concede That Defendants Cannot Be Liable for Both Direct and Vicarious Copyright Infringement. .............................................15

  IV.  Plaintiffs Concede That Transfer to the Southern District of New York Is Appropriate. ...................................................................................15

  CONCLUSION ...................................................................................15

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                                        <u>PAGE(s)</u>

*Brophy v. Almanzar*,
   359 F. Supp. 3d 917 (C.D. Cal. 2018) ...................................................................4

*Cerciello v. Canale*,
   563 F. App'x 924 (3d Cir. 2014) .........................................................................4

*CMM Cable Rep, Inc. v. Ocean Coast Properties*, *Inc.*,
   97 F.3d 1504 (1st Cir. 1996) .............................................................................10

*Concepcion v. Silver Line Bldg. Prod.*,
   No. CV 21-17920 (MAS/TJB), 2022 WL 1748064 (D.N.J. May
   31, 2022) .........................................................................................................8

*Cottrill v. Spears*,
   2003 WL 21223846 (E.D. Pa. May 22, 2003), *aff'd*, 87 F. App'x
   803 (3d Cir. 2004), *amended on reh'g* (June 2, 2004) .......................................10

*Damiano v. Sony Music Ent.*, *Inc.*,
   975 F. Supp. 623 (D.N.J. 1996) ........................................................................10

*Douglas v. Osteen*,
   317 F. App'x 97 (3d Cir. 2009) .........................................................................10

*Elsmere Music, Inc. v. Nat'l Broad. Co.*,
   623 F.2d 252 (2d Cir. 1980) .............................................................................11

*Est. of Hewlett v. Russel*,
   No. CV 20-13730 (RBK/AMD), 2021 WL 3076931 (D.N.J. July
   21, 2021) .........................................................................................................4

*Griggs v. Swift Transp. Co.*,
   No. 2:17-cv-13480 (MCA/SCM), 2018 WL 3966304 (D.N.J. Aug.
   17, 2018) .........................................................................................................3

*Hobbs v. John*,
   722 F.3d 1089 (7th Cir. 2013) ..........................................................................11

*Hord v. Jackson*,
   281 F. Supp. 3d 417 (S.D.N.Y. 2017) .................................................................9

*Jean v. Bug Music, Inc.*,
No. 00 Civ. 4022 (DC), 2002 WL 287786 (S.D.N.Y. Feb. 27,
2002) ...................................................................................................12

*Jumpp v. Jenkins*,
No. Civ. 08-6268, 2010 WL 2773582 (D.N.J. July 7, 2010) ...............................3

*Louissier v. Universal Music Group, Inc.*,
No. 02-cv-2447 (KMW), 2005 WL 5644420 (S.D.N.Y. Aug. 30,
2005) ...................................................................................................13

*Marten v. Godwin*,
499 F.3d 290 (3d Cir. 2007) ...............................................................3

*McDonald v. West*,
138 F. Supp. 3d 448 (S.D.N.Y. 2015) ...............................................12

*Muhammad-Ali v. Final Call, Inc.*,
832 F.3d 755 (7th Cir. 2016) ...............................................................11

*Nwosuocha v. Glover*,
No. 21 Civ. 4047 (VM), 2023 WL 2632158 (S.D.N.Y. Mar. 24,
2023) ...................................................................................................12

*O'Keefe v. Ogilvy & Mather Worldwide, Inc.*,
590 F. Supp. 2d 500 (S.D.N.Y. 2008) ...............................................6

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
602 F.3d 57 (2d Cir. 2010) ...............................................................14

*Pue v. New Jersey Dep't of Lab.*,
No. CV 23-855 (RK/DEA), 2023 WL 5671561 (D.N.J. Sept. 1,
2023) ...................................................................................................7

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
952 F.3d 1051 (9th Cir. 2020) ...............................................12, 13

*Structured Asset Sales, LLC v. Sheeran*,
673 F. Supp. 3d 415 (S.D.N.Y. 2023), *aff'd*, 120 F.4th 1066 (2d
Cir. 2024) ...............................................................................12, 13

*Tisi v. Patrick*,
97 F. Supp. 2d 539 (S.D.N.Y. 2000) ...............................................12

*United States v. Bailey*,
  696 F.3d 794 (9th Cir. 2012) ...............................................................14

*Wager v. Littell*,
  549 F. App'x 32 (2d Cir. 2014) .............................................................3

*Watt v. Butler*,
  457 F. App'x 856 (11th Cir. 2012) .......................................................6

*Williams v. Gaye*,
  895 F.3d 1106 (9th Cir. 2018) ...........................................................11

*Williams v. Warner/Chappell Music*,
  No. CV 07-2683 SVW (CTX), 2007 WL 9751921 (C.D. Cal. Sept.
  26, 2007) ...........................................................................................10

*Winstead v. Jackson*,
  509 F. App'x 139 (3d Cir. 2013) .......................................................10

## STATUTES AND RULES

FRCP 12(b) .....................................................................................3, 6, 15

The Moving Defendants[1] respectfully submit this reply memorandum of law in further support of their Motion to Dismiss Plaintiffs' Complaint.

## PRELIMINARY STATEMENT

Plaintiffs' Complaint must be dismissed for multiple independent reasons.

*First,* there is no personal jurisdiction over any of the Moving Defendants, all of which are out of state business entities lacking minimum contacts in or with New Jersey.  Faced with this undeniable evidence, Plaintiffs' only response is to double down with irrelevant and/or demonstrably false purported facts, while suggesting the Court should ignore this fundamental rule of due process because New York is "close" to New Jersey.  Plaintiffs' request, unmoored from any applicable legal authority, is inappropriate and unconstitutional.

*Second*, Plaintiffs do not, and cannot, allege a viable copyright infringement claim.

Plaintiffs' Opposition does not overcome their failure to allege access. Plaintiffs concede that their song was not widely disseminated.  They admit that they cannot identify the supposedly "common videographers, directors, writers, and producers" on Plaintiffs' Work and Defendants' Work.  Plaintiffs' speculation that one of the Defendants may have heard their song because it was available on a

---

[1] Terms not defined herein have the meaning ascribed to them in the Moving Defendants' Motion to Dismiss.

YouTube channel operated by third party "Benji Filmz" – an individual who allegedly caters to "up and coming artists" – is factually devoid, and the type of unsupported speculation repeatedly rejected by Courts.

Worse, ostensibly realizing that their failure to allege access is fatal to their copyright claims (coupled with their exposed misrepresentations to this Court regarding supposed communications between Plaintiff Dore's uncle and an unserved Defendant), Plaintiffs lob new, additional "facts" into the Court that are not only outside the pleadings, but are demonstrably false.  Simply put, the Complaint fails to allege that the Moving Defendants (or any of the creators of Defendants' Work) had access to Plaintiffs' obscure song.

Lastly, Plaintiffs concede that the only alleged lyrical similarity is the unprotectable phrase, "got it."  Plaintiffs have not, and cannot, identify any protectable musical similarity other than vague references to basic unprotectable musical building blocks such as "chord progressions," "tempo," "key," "pitch," and "structure."  Plaintiffs have not specified what musical elements are original to them, much less what protectable similarities allegedly exist between Plaintiffs' Work and Defendants' Work.

The Moving Defendants' Motion to Dismiss should be granted, and Plaintiffs' Complaint should be dismissed.

# ARGUMENT[2]

## I.    The Moving Defendants Are Not Subject to Personal Jurisdiction in New Jersey.

Before any action can proceed, due process requires that a plaintiff demonstrate that the defendant possesses "certain minimum contacts with [the forum state][.]" *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citation omitted).[3] The Moving Defendants' sworn declarations demonstrate that none of them have minimum contacts with New Jersey.

*First*, the Moving Defendants are all incorporated and have their principal places of business out of state (*See* Compl. ¶¶ 8, 12-13, 23).  Consequently, there is no general jurisdiction over them.  *See, e.g., Griggs v. Swift Transp. Co.,* 2018 WL 3966304, at *4 (D.N.J. Aug. 17, 2018) ("For a corporation or limited liability company, the 'paradigm' for general jurisdiction is its place of incorporation or registration and its principal place of business.").  Plaintiffs concede this point.

---

[2] Plaintiffs' *pro se* status does not insulate them from a meritorious motion to dismiss.  *See, e.g. Jumpp v. Jenkins*, 2010 WL 2773582 (D.N.J. July 7, 2010) (dismissing *pro se* copyright infringement case for lack of personal jurisdiction over a defendant music publisher); *Wager v. Littell*, 549 F. App'x 32, 33 (2d Cir. 2014) (affirming dismissal of *pro se* plaintiff's copyright infringement claim for failing to satisfy her pleading burden); *see also* Opp. at 1-2, 16-17.  Moreover, Plaintiffs' *pro se* status does not grant them license to make demonstrably false representations to this Court.  Dismissal pursuant to Rule 12(b) is warranted.

[3] Plaintiffs' assertion that the exercise of jurisdiction in New Jersey is constitutionally proper because New York is relatively close to New Jersey (Opp. at 4), is legally incorrect.  None of Plaintiffs' cited cases support their "close enough" theory of jurisdiction (*see* Opp. at 4-5).

*Second*, the Moving Defendants' sworn declarations demonstrate that none of them have "purposefully availed [themselves] of the privilege of conducting activities within the forum." *Est. of Hewlett v. Russel*, 2021 WL 3076931, at *3 (D.N.J. July 21, 2021) (citations omitted). They do not have substantial New Jersey business contacts (Gold Decl. ¶¶ 6-7, Esworthy Decl. ¶¶ 6-7, Jacoby Decl. ¶¶ 6-7, Brown Decl. ¶¶ 6-7), and did not specifically target New Jersey in the marketing and distribution of Defendants' Work (Gold Decl. ¶¶ 8-9, Esworthy Decl ¶¶ 8-9, Jacoby Decl. ¶¶ 8-9; Brown Decl. ¶¶ 8-9).

To survive dismissal, the burden shifts to Plaintiffs to "establish [] jurisdictional facts through sworn affidavits or other competent evidence." *Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) (citation omitted). As detailed below, none of the unsworn "evidence" introduced in the Opposition, most of which is demonstrably false and/or wholly irrelevant[4], satisfies Plaintiffs' burden.

---

[4] In addition to the below, Plaintiffs attempt to demonstrate personal jurisdiction over Defendant Chris Brown (who has not been served) on the basis of a few alleged performances of "No Guidance" in the past several years. Such sporadic performances, undoubtedly part of nationwide and/or international tours, do not create specific jurisdiction over Chris Brown, and certainly not over the Moving Defendants. *See, e.g. Brophy v. Almanzar*, 359 F.Supp.3d 917, 924 (C.D. Cal. 2018) (rejecting claims of specific jurisdiction premised upon hosting "a release party" for [Cardi B's] mixtape in Los Angeles (where such mixtape cover allegedly violated plaintiff's likeness rights) and promoting the mixtape during a tour in the forum).

| Plaintiffs' Alleged Evidence | The Moving Defendants' Response |
|---|---|
| "The Moving Defendants"[5] have "a[] mailing address located at SONY Music Entertainment, 301 State Rt 17, Rutherford, NJ 07070, Phone number (201) 438-0638." Opp. at 2. | SME does not have offices, employees or conduct business at this address. Declaration of David Jacoby dated April 30, 2025 ("Jacoby Reply Decl.") ¶ 5. SME merely holds a lease at that address, and subleases the property to an unrelated company called Fusion Transport, LLC. *Id.* |
| The Moving Defendants "provide[] [m]erchandise for sale to New Jersey residents on their website." Opp. at 2. | The "evidence" offered for this statement (Exhibit 2) shows merchandise for another artist (Celia Cruz) offered for sale nationwide on behalf of nonparty Sony Music Entertainment US Latin LLC, a separate corporate entity from SME and has nothing to do with Defendants' Work, New Jersey, or any of the Moving Defendants. *Id.* ¶ 6. |
| The Moving Defendants "provide music concerts to New Jersey residents located at Blockbuster-Sony Music Entertainment Centre, 1 Harbor Blvd., Camden, NJ 08103, phone number (856-635-1445)." Opp. at 3. | As Plaintiffs' own exhibit (Exhibit 3) prominently states, the concert venue by this name is <u>closed</u>. Plaintiffs appear to be referring to a concert venue now called the Freedom Mortgage Pavilion. The Freedom Mortgage Pavilion has not used SME's name since 2001, *a quarter of a century ago*. At no point in time did SME ever own or operate that concert venue. *Id.* ¶ 7. |

Plaintiffs have not satisfied their burden to prove jurisdiction exists over any of the Moving Defendants.[6]

---

[5] Plaintiffs' Opposition continues to engage in impermissible group pleading.

[6] Plaintiffs' assertion that the Moving Defendants admitted that Amnija – which is not a party to this motion – has a principal place of business in New Jersey is

5

## II.    Plaintiffs Concede that Venue Is Not Proper in the District of New Jersey.

Plaintiffs concede that venue is improper where personal jurisdiction does not lie. *See* Mot. at 19.  Dismissal under FRCP 12(b)(3) for improper venue is warranted.

## III.    Plaintiffs Fail to State A Claim for Copyright Infringement.

### A.    Plaintiffs Fail to Allege Access.

#### i.    Plaintiffs Concede That They Cannot Demonstrate Access Through Wide Dissemination

Plaintiffs concede that their work was not "widely disseminated to the public." *See* Opp. at 15 (arguing only that Plaintiffs' Work was "readily available to the public"); s*ee also O'Keefe v. Ogilvy & Mather Worldwide*, *Inc*., 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008) ("[T]he mere fact that [plaintiff's] work was posted on the internet prior to the creation of defendants' work is insufficient by itself to demonstrate wide dissemination.").

#### ii.    Plaintiffs Concede Lack of Access Through Benji Filmz

Plaintiffs have no response to the Moving Defendants' legal authority holding that "an assumption that members of [a local music community] share music among themselves" is "too conjectural and speculative" to show access, s*ee Watt v. Butler*, 457 F. App'x 856, 860 (11th Cir. 2012).  Instead, they simply regurgitate their

---

demonstrably incorrect.  Opp. at 4.  The Moving Defendants' actual statement was that Amnija is the only Defendant *alleged* to have the requisite New Jersey contacts (even though it does not).  *See* Mot. at 1.

deficient allegation that "Benji Films, Cardi B, Tykeiya, and Defendant Vinylz are all from New York City, and worked with the same artist" and that Benji "caters to the 'up and coming' artists." *See* Opp. at 6-7, Declaration of Tykeiya Dore ("Dore Decl") ¶ 14; *see also* Compl. ¶ 69. They do not– because they cannot – allege that Vinylz ever viewed Benji's YouTube Channel much less heard Plaintiffs' Work on it. Plaintiffs' speculation is insufficient.

### iii. Plaintiffs Concede Lack of Access Through Unidentified "Videographers, Directors, Writers, and Producers"

Plaintiffs' Opposition, like their Complaint, does not identify a single individual who worked on *both* Plaintiffs' Work and Defendants' Work. *See* Opp. at 7, Dore Decl. ¶15; *see also* Compl. ¶ 68. Nor do they have any response to the Moving Defendants' arguments as to why they could never do so. *See* Mot. at 28 (explaining that videographers and directors do not work on creating compositions, and Plaintiff Dore—the sole alleged writer of Plaintiffs' Work—did not work on Defendants' Work). This unsupported theory of access fails as well.

### iv. Plaintiffs Cannot Allege Access through Dore's Uncle

Faced with documentary evidence refuting their claim of access through Dore's uncle Jesse Spruils ("Spruils"), Plaintiffs belatedly introduce two new theories of access not alleged in the Complaint. *See* Opp. at 6-7; Dore Decl. ¶¶ 12-13, 16-17; Declaration of Jesse Spruils ("Spruils Decl."). As an initial matter, "the Court cannot consider new facts presented for the first time in opposition." *Pue v.*

*New Jersey Dep't of Lab*., 2023 WL 5671561, at *4 n.8 (D.N.J. Sept. 1, 2023); *see also Concepcion v. Silver Line Bldg. Prod*., 2022 WL 1748064, at *5 n.7 (D.N.J. May 31, 2022) ("The Court is unable to entertain new facts alleged in [Plaintiffs'] opposition brief to this Motion [to Dismiss].").  In any event, these new facts still fail to adequately allege access.

*First*, Plaintiffs represent that Spruils provided access to Plaintiffs' Work to SME and SMP in 2017 "when [Plaintiff Dore] sought a sample clearance for [her] song 'I GOT IT, remix' from SONY's artist Lil Mama's song 'Lip Gloss,' [sic]" from SME, which she ultimately used in a different work called "Know About Love", Opp. at 6; Spruils Decl. ¶ 3; Dore Decl. ¶ 12.  Taking Plaintiffs at their word, this does not allege access.  There are no allegations regarding this supposed access in the Complaint whatsoever, including any allegations that any SME employee ever received or listened to Plaintiffs' Work much less passed it along to any of the creators of Defendants' Work.   Moreover, as Plaintiffs only identify an irrelevant sample agreement with SME and SME contacts, the allegation has no relevance to SMP, which is a separate entity.

More fundamentally, this is *yet another* misrepresentation to this Court.  As demonstrated in the accompanying Jacoby Reply Declaration, throughout this entire 2017 sample clearance process, Plaintiff Dore only requested sample clearance for her work "Know About Love."  There was *never* any mention of Plaintiffs' Work

(or any "remix" of "I Got It"), from the moment Plaintiff Dore reached out to SME through the execution of the sample license agreement (which referred to "Know About Love," and not Plaintiffs' Work). *See* Jacoby Reply Decl. ¶¶ 8-9, Exs. A-B. SME has no record of ever corresponding with Plaintiff Dore (or anyone else) in respect of the use of a sample from Lil Mama's "Lip Gloss" in Plaintiff Dore's work entitled "I Got It", or in a remix of "I Got It." *Id.* ¶ 8. Plaintiffs' Exhibit 8 also makes no mention of Plaintiffs' Work.

*Second*, once the Moving Defendants demonstrated that the limited communications between Spruils and Nija occurred *after* the release of Defendants' Work, Plaintiffs suddenly claimed on opposition – without any proof – that Spruils provided a link to Plaintiffs' Work to Nija in or around March 2018. Spruils Decl. ¶ 4. He did not. And while Plaintiffs try to explain their conspicuous lack of evidence via unsupported allegations that Nija blocked him and /or that she changed or deleted her Instagram account (Spruils Decl. ¶ 5), Nija's public Instagram account (@amnija_) reflects that she has continued to use her account since that time.

Again, even if this Court were to give Plaintiffs the benefit of the doubt (in spite of their repeated false statements), this is simply more conjecture. *See, e.g., Hord v. Jackson*, 281 F. Supp. 3d 417, 423 (S.D.N.Y. 2017) ("Plaintiffs' naked assertions in their Complaint, that two non-parties allegedly showed the work to Defendants, are insufficient to establish access."). Moreover, there are no

allegations that Nija wrote the allegedly infringing portions of Defendants' Work (she did not).

Consequently, even with the newly invented facts, Plaintiffs have failed to allege access.

### B. Plaintiffs Have Not Alleged – and Cannot Allege – That "Substantial Similarity" Exists Between the Works At Issue.

Plaintiffs' infringement claim is based on their allegations that: (1) both works repeat the phrase "got it" in the chorus, (Compl. ¶¶ 38-39); and (2) Plaintiffs' Work and Defendants' Work use "the same chord progressions, tempo, pitch, key, melody, harmony, rhythm, structure, phrasing, and lyrics" (without specifying what these musical elements are, how they are original to Plaintiffs, and how they are similar to musical elements of Defendants' Work) (*Id*. ¶ 64).

Plaintiffs concede that that short phrases like "got it" are not copyrightable as a matter of law, and that Courts routinely grant motions to dismiss based on such unprotectable elements (even when coupled with basic musical building blocks).[7] Plaintiffs do not distinguish any of the Moving Defendants' cases on this point.

---

[7] *See, e.g., Winstead v. Jackson*, 509 F. App'x 139, 144 (3d Cir. 2013); *Douglas v. Osteen*, 317 F. App'x 97, 99 (3d Cir. 2009); *Williams v. Warner/Chappell Music*, 2007 WL 9751921, at *2 (C.D. Cal. Sept. 26, 2007); *Damiano v. Sony Music Ent., Inc.*, 975 F. Supp. 623, 629 (D.N.J. 1996); *CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.*, 97 F.3d 1504, 1519 (1st Cir. 1996); *Cottrill v. Spears*, 2003 WL 21223846, at *10 (E.D. Pa. May 22, 2003), *aff'd*, 87 F. App'x 803 (3d Cir. 2004), *amended on reh'g* (June 2, 2004).

Instead, they reference inapposite cases involving complex musical elements, not short unprotectable phrases.[8]

Plaintiffs primarily rely on *Elsmere Music, Inc. v. Nat'l Broad. Co., Inc.*, 482 F. Supp. 741, 744 (S.D.N.Y. 1980), aff'd sub nom. *Elsmere Music, Inc. v. Nat'l Broad. Co*., 623 F.2d 252 (2d Cir. 1980) for the proposition that the generic phrase "got it" could be protectable because that case involved the phrase "I Love New York." Opp. at 10-11. Plaintiffs fundamentally misrepresent the holding of *Elsmere*. There, the defendants admitted to copying the well-known melody of a portion of the plaintiff's iconic work titled, "I Love New York" which accompanied these lyrics, and not the bare *words* "I love New York," in order to satirize plaintiff's work. The defendants were ***not*** sued for creating a new song that simply happened to contain (or even repeat)[9] the unprotectable phrase "I love New York".

Perhaps realizing that no one can own the phrase "got it," and that –"chord

---

[8] Plaintiffs rely heavily on *Williams v. Gaye*, 895 F.3d 1106, 1117 (9th Cir. 2018), an inapposite Ninth Circuit case involving (a) defendants' admitted access to the famous Marvin Gaye song at issue; (b) defendants' admitted use of the Gaye song as inspiration; and (c) significantly more complicated, specified musical elements at issue – not a two-word common phrase allegedly coupled with basic building blocks like "chord progression," "key," "tempo," and "structure."

[9] Repeating lyrics in a chorus, without more, is also not protectable. *See, e.g., Hobbs v. John*, 722 F.3d 1089, 1096 (7th Cir. 2013), holding modified by *Muhammad-Ali v. Final Call, Inc*., 832 F.3d 755 (7th Cir. 2016) (affirming dismissal of copyright infringement claim where the two works "make liberal use of repetition—including repeatedly using the word 'never,'" as these elements are "rudimentary, commonplace, standard, or unavoidable in popular love songs").

progressions," "keys," or musical "structure" are elements that have routinely been held to be fundamental, unprotectable musical building blocks that no one can own[10] – Plaintiffs resort to the argument that a combination of unprotectable elements may rise to the level of protectable expression. *See, e.g.,* Opp. at 9-12. Yet Plaintiffs have still failed to identify any combination of unprotectible elements that are arranged in a manner original to them. Plaintiffs cannot and have not alleged substantial similarity between the works at issue, even if the Court were to consider a selection and arrangement argument.

Recent cases analyzing a "selection-and-arrangement" theory require that, in order for a selection and arrangement of otherwise unprotectable elements to rise to the level of protectable expression, (i) the combined elements must be sufficiently "numerous," (ii) the combination must be "new" and "novel," *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1074 (9th Cir. 2020) (elements must be "numerous enough") (citation & quotation omitted); *Id.* at 1075 ("only the '*new* combination,' that is the '*novel* arrangement,' and not '*any* combination of unprotectable elements qualifies for copyright protection.'")

---

[10] *See Structured Asset Sales*, *LLC v. Sheeran*, 673 F. Supp. 3d 415, 423 (S.D.N.Y. 2023); *Nwosuocha v. Glover*, 2023 WL 2632158, at *7 (S.D.N.Y. Mar. 24, 2023); *McDonald v. West*, 138 F. Supp. 3d 448, 454 (S.D.N.Y. 2015); *Jean v. Bug Music, Inc.*, 2002 WL 287786, at *6 (S.D.N.Y. Feb. 27, 2002); *Tisi v. Patrick*, 97 F. Supp. 2d 539, 548-49 (S.D.N.Y. 2000).

(emphasis in original; citations, quotations & ellipsis omitted), and (iii) the combination must be "virtually identical" in both works. *Id.* at 1080; *see also Structured Asset Sales, LLC v. Sheeran*, 120 F.4th 1066, 1082 (2d Cir. 2024) (citing *Skidmore*'s articulation of the "selection-and-arrangement" theory and affirming dismissal where "the allegedly infringing elements [] boil down to a similar, but not identical, four-chord progression paired with a commonplace harmonic syncopation, neither of which is sufficiently original to be protectable in isolation, nor is their combination").

Plaintiffs cannot satisfy these requirements. There is only one element identified – the repetition of the unprotectable words "got it" – and the remaining allegations just name fundamental musical building blocks without any allegation of actual similarity, much less the required original, identical or virtually identical arrangement of these unidentified elements. And as to the single element alleged, Plaintiffs admit that Plaintiffs' Work and Defendants' Work use different phrases ("i got it" versus "you got it") and use them in different ways (e.g., in connection with divergent themes of seeking validation versus providing affirmation).

## C. Plaintiffs' Remaining Arguments Are Baseless.

Plaintiffs' references to prior litigations filed against Defendant Chris Brown relating to other songs (Opp. at 13-14) are utterly irrelevant. *See, e.g.*, *Louissier v. Universal Music Group, Inc.*, 2005 WL 5644420, at *2 (S.D.N.Y. Aug. 30, 2005)

(in action for infringement of a musical composition, rejecting as "not relevant" evidence concerning prior copyright infringement claims made against the defendant); *United States v. Bailey*, 696 F.3d 794, 800 (9th Cir. 2012) ("Admitting [into evidence] prior conduct charged but settled with no admission of liability is not probative of whether the defendant committed the prior conduct, much less whether he committed the conduct in question").

The same is true of Plaintiffs' attempt to buttress their Complaint through self-serving internet chatter (Opp. at 14-15). The relevant question is not only whether the two works sound similar to an ordinary observer (they do not), but "*whether the protectible elements, standing alone, are substantially similar*," a distinction Plaintiffs' cherry-picked internet commentators undoubtedly fail to appreciate. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010) (emphasis added; citations & quotations omitted).

Plaintiffs' copyright infringement claims should be dismissed in their entirety with prejudice.

### D. Plaintiffs Concede That There Is No Cause of Action for Common Law Copyright Infringement.

Plaintiffs concede that their cause of action for common law copyright infringement (Count I) is preempted and must be dismissed. *See* Mot. at 38-39.

### E.    Plaintiffs Concede That Defendants Cannot Be Liable for Both Direct and Vicarious Copyright Infringement.

Plaintiffs also concede that their cause of action for vicarious copyright infringement (Count III) based on Defendants' alleged direct infringement (*see* Compl. ¶¶ 140-42) fails as a matter of law and must be dismissed. *See* Mot. at 39.

## IV.    Plaintiffs Concede That Transfer to the Southern District of New York Is Appropriate.

To the extent Plaintiffs resist transfer by arguing that they have a due process right to choose their own forum, they are incorrect as a matter of law. And as they admit, they will not be prejudiced by litigating the case (largely online) in the Southern District of New York. Opp. at 4-5. Therefore, if the Court determines that Plaintiffs have pled a viable copyright infringement claim, as an alternative to dismissal under FRCP 12(b)(2) and 12(b)(3), the Moving Defendants request that the Court transfer this action to the Southern District of New York.

<u>CONCLUSION</u>

For the foregoing reasons, the Moving Defendants respectfully request that the Court (i) dismiss the Complaint pursuant to FRCP 12(b)(2) and 12(b)(3), and (ii) dismiss all claims of copyright infringement, including those articulated in Counts I-III, pursuant to FRCP 12(b)(6). If Counts I-III survive dismissal, then, in the alternative to dismissal under FRCP 12(b)(2) and 12(b)(3), the Moving Defendants request that the Court transfer the action to the Southern District of New York.

Dated: May 1, 2025

s/ David N. Cinotti
David N. Cinotti
**PASHMAN STEIN WALDER HAYDEN P.C.**
Court Plaza South
21 Main St #200
Hackensack, NJ 07601
dcinotti@pashmanstein.com
(201) 488-8200

Of Counsel:

Ilene S. Farkas (admitted *pro hac vice*)
Rachel M. Kaplowitz (admitted *pro hac vice*)
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
(212) 421-4100

James Sammataro (admitted *pro hac vice*)
**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
(786) 582-3010

*Attorneys for Defendants Songs of Universal, Inc., Sony Music Publishing (US) LLC, Sony Music Entertainment, and Chris Brown Entertainment, LLC*