UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYKEIYA DORE, MARC A. STEPHENS, Plaintiffs,<br><br>v.<br><br>CHRIS BROWN ENTERTAINMENT, LLC d/b/a CHRISTOPHER BROWN ENTERTAINMENT, LLC, CHRISTOPHER MAURICE BROWN a/k/a CHRIS BROWN, AUBREY DRAKE GRAHAM a/k/a DRAKE, ANDERSON HERNANDEZ a/k/a VINYLZ, JOSHUA LOUIS HUIZAR a/k/a J-LOUIS, TRAVIS DARELLE WALTON a/k/a TEDDY WALTON, NIJA CHARLES a/k/a NIJA, TYLER BRYANT a/k/a VELOUS, MICHEE PATRICK LEBRUN a/k/a CHE ECRU, NOAH SHEBIB a/k/a 40, J-LOUIS PRODUCTIONS, LLC d/b/a JLOUISMUSIC, CULTURE BEYOND UR EXPERIENCE, SONGS OF UNIVERSAL, INC., AMNIJA, LLC d/b/a SONGS OF AMNIJA, 1DAMENTIONAL PUBLISHING, LLC, MAVOR & MOSES PUBLISHING, LLC d/b/a RONCESVALLES MUSIC PUBLISHING, SONY/ATV SONGS LLC, VINYLZ MUSIC GROUP LLC, and SONY MUSIC ENTERTAINMENT d/b/a RCA RECORDS, GOOGLE, LLC, YOUTUBE, LLC, ALPHABET, INC.<br>Defendants | CASE NO.2:24−cv−10103−MCA−MAH<br><br>PLAINTIFFS OPPOSITION TO GOOGLE DEFENDANTS MOTION TO DISMISS AND CHANGE OF VENUE |

## INTRODUCTION

The Plaintiffs' Complaint filed against the Google Defendants is regarding Defamation, and violations of the U.S. Copyright Act.  Plaintiffs submitted a copyright infringement takedown request to Defendant YouTube, and SONY Defendants.  Instead of conducting a thorough investigation, Defendant YouTube defamed Plaintiffs by accusing them of committing a crime of fraud, abusive take down request in violation of Google Defendants Terms of Service, and Falsifying documents in Violation of The Digital Millennium Copyright ACT – 17 U.S.C. § 512(f). The Google Defendants argue that they are immune due to Section 230 of the Communications Decency Act, 47 U.S. Code § 230, but it only protects Publishers from "Third Party" activity.

**STATEMENT OF FACTS**

**I. THE COMPLAINT DOES NOT FAIL TO STATE A COPYRIGHT INFRINGEMENT CLAIMS AGAINST GOOGLE DEFENDANTS**

**A. All of Plaintiffs' Copyright Claims Against Google Does Not Fail Because Google Can be Liable For Hosting The Infringing "No Guidance" Videos On YouTube (Counts 1-3, 10).**

The Google Defendants state, ECF 61-1, page 18, "**All of Plaintiffs' copyright claims against Google must be dismissed because Plaintiffs fail to plausibly allege that "No Guidance" infringes their work**".

To state a claim for copyright infringement under the Copyright Act, a plaintiff must show "(1) ownership of a valid copyright; and (2) unauthorized copying of . . . the plaintiff's work." Tanksley v. Daniels, 902 F.3d 165, 173 (3d Cir. 2018). Hian v. Louis Vuitton Usa Inc., Dist. Court, ED Pennsylvania 2024.

A copy of Plaintiffs' valid copyrighted work, **ECF 1-3, page 3**. Plaintiffs' did not give consent to the Defendants to copy Plaintiffs' work, See also **Declaration of Tykeiya Dore**, and **Declaration of Marc Stephens**.

Layman viewing and listening to Tykeiya's "I GOT IT" and Chris Brown's "NO GUIDANCE" Side by side easily determined the songs are strickingly similar. Multiple "layman" commentors, from the general public, left comments on the comparison video, and they are in agreement that the two songs are substantially similar:

    a) **@arlaniahines-guy4456**: "They stole her Tykeiya Spruills song and I was the first to hear it. Every time I heard Chris Brown & Drake on the radio my ears immediately tuned in to Tykeiya Spruills Original song "I GOT IT" by Tykeiya."

    b) **@gofendi**: "Yes they do"

    c) **@JoselinPineda-d8x**: "It's toooooo similar to be a coincidence!! Copyright infringement"

    d) **@baskandlatherco**: "Wow!"

    e) **@inachamblee**: "So sad how people do this to up and coming" artist"

    f) **@amarmoody9969**: "Were they in the studio after Tykeiya released the song cus its exactly the same."

    g) **@cocoreesie**: "Wow, I would pursue a lawsuit too. It's definitely giving No Guidance sampled it…"

    h) **@JB_blocks**: "They sound exactly alike I think they did steal it."

      i) **@sheilamartinez4810**: "People need to do their own shit and <u>stop stealing</u> others shit.  If you can't be creative and do your own you have no talent and don't to be in the entertainment business"

      j) **@shainarainford3842**: "These <u>sound the same</u>: the beat AND the words"

      k) **@BarbaraAaron**: "Mmhmm call a spade a spade music industry always choosing low hanging fruit for their large successes."

      l) **@ShirellMcGoogan**: "They stole my cousin song it <u>clearly sounds the same</u>. They need to pay her."

      m)      **@tishadingle5516**: "Wow smh"

      n) **@DrNicoleWilliams**: Let's just keep it a buck — <u>it sounds like copyright infringement</u>- A monetary solution should be sought- and it would be dope to hear a remake of this song featuring Tykeiya - she definitely has vocals to pull out a new hit." **EXHIBIT 6**.

    "[O]n substantial similarity, the question is how the works "would appear to a **<u>layman viewing</u>** [them] **<u>side by side</u>**," Universal Athletic Sales Co. v. Salkeld, 511 F.2d 904, 908 (3d Cir. 1975), and we have **<u>rejected</u>** <u>the usefulness of experts in answering this question</u>. Tanksley v. Daniels, 902 F. 3d 165 - Court of Appeals, 3rd Circuit 2018 at 172.

    "[I]n order to prove copyright infringement, a plaintiff must establish that his copyrighted work and the infringing work are "<u>substantially similar</u>." Dam Things from Den. v. Russ Berrie & Co., 290 F.3d 548, 561-62 (3d Cir. 2002). Tanksley v. Daniels, 902 F. 3d 165 - Court of Appeals, 3rd Circuit 2018 at 171.

    "[T]here is a "striking similarity" between works to support an **<u>inference of access</u>**, see Three Boys Music., 212 F.3d at 483 (holding that in absence of any proof of access, copyright plaintiff can still make out case of infringement by showing that songs were "strikingly similar"); see also Loomis v. Cornish, 836 F.3d 991, 995 (9th Cir. 2016) ("Where there is no direct evidence of access, <u>circumstantial evidence</u> can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated.").  The Google Defendants had knowledge of the copyright infringement and intentionally ignored the Plaintiffs' multiple take down request, **see Complaint ECF 1, page 13, #87-99**.

### B. There Is A "Common Law" Copyright Claim (Count 1)

The Google Defendants state, <u>ECF 61-1, page 19</u>, **"Plaintiffs' copyright claims against Google also fail of their own accord. Plaintiffs' "common law" copyright claim (Compl. ¶¶ 110-25) must be dismissed because "[t]he Copyright Act of 1976 preempts common law copyright claims" for all causes of action arising after January 1, 1978"**.

As soon as Plaintiffs created the song "I GOT IT", there is a "common law" copyright. Common law copyright infringement cases continue to be filed partly because Congress **<u>did not</u>** explicitly and completely extinguish common law copyright protections. The 1976 amendments to the Copyright Act **<u>did not</u>** annul or preempt state statutes, or the common law, with respect to works that were not eligible for copyright protection under the Copyright Act. As an example, the federal Copyright Act defines a copyright as an original work in a fixed tangible medium. Before general widespread dissimination of Plaintiffs' song "I GOT IT", Plaintiffs made a "limited publication" online, to Denfendant YouTube, **see Complaint ECF 1, page 4, #31,** which the SONY Defendants obtained, **<u>ECF 53, page 6</u>**, and without permission, substantially copied the Plaintiff song "I GOT IT" all within <u>few weeks</u> of releasing their song "NO GUIDANCE", **see Complaint ECF 1, page 4, 29-63.** "[U}nder the common law copyright protections created by <u>section 980</u>, an author may extinguish his common law copyright protection upon "general publication." See Zachary v. W. Publ'g Co., 75 Cal. App. 3d 911, 920 (Ct. App. 1977). "General publication" is "dissemination of the work of art itself among the public, as to justify the belief that it took place with the intention of rendering such work common property." Id. (internal quotations and citations omitted). A <u>limited publication</u>, by contrast, "is one which communicates a knowledge of its contents under conditions expressly or impliedly precluding its dedication to the public." Carpenter Found. v. Oakes, 26 Cal. App. 3d 784, 795 (1972). A publication is limited only where the work was distributed "(1) to a `definitely selected group,' and (2) for a limited purpose, (3) without the right of further reproduction, distribution or sale." White v. Kimmell, 193 F.2d 744, 746-47 (9th Cir. 1952); Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc., 944 F.2d 1446, 1452 (9th Cir. 1991). Hemlock Hat Company, Inc. v. Diesel Power Gear, LLC, Dist. Court, SD California 2020. Copyright is a "fundamental" and "natural right" under the common law, and creators are therefore entitled to the same protections as tangible and "real property" rights

under the 5th and 14th Amendment of the United States Constitution.  "[W]here rights secured by the Constitution are involved, there can be **no rule making or legislation** which would abrogate them." Miranda v. Arizona, 384 US 436 at 491.  "[N]o right granted or secured by the Constitution of the United States can be impaired **or destroyed** by a state enactment". Connolly v. Union Sewer Pipe Co., 184 US 540 at 558.  See Complaint ECF 1, page 21, #110-125.

**C.  Plaintiffs' Infringement Claims Against Google Defendants Do Not Fail As A Matter Of Law (Count 2).**

The Google Defendants state, ECF 61-1, page 20, **"Count 2 must also be dismissed because it fails to state any viable claim against Google"**.

The Plaintiff claims against the Google Defendants are listed in the Complaint, **see ECF 1, page 11-16, #78-99**.  The Plaintiffs also states, "Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts"**, see Complaint, ECF 1, page 19, #109.**  Plaintiffs have a right to due process, and dismissing the complaint would violate those rights because Plaintiffs substantially conplied with their filing of the complaint.  Substantial Compliance, "is a doctrine based on justice and fairness, designed to avoid technical rejection of legitimate claims. Zamel, supra, 56 N.J. at 6, 264 A.2d 201", Galik v. Clara Maass Med. Center, 771 A. 2d 1141 - NJ: Supreme Court 2001 at 1148-49.  Indeed, the Legislature **did not** intend "to `create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims.'" Ryan, supra, 203 N.J. at 51, 999 A.2d 427 (quotation omitted), Ryan v. Renny, 999 A. 2d 427 - NJ: Supreme Court 2010 at 435-436.   "[w]e have **never** been a judicial system that goes on total complete technicality", Bank v. Kim, 825 A. 2d 566 - NJ: Appellate Div. 2003 at 574.

**D. Plaintiffs Do Not Fail To State A Claim For Vicarious Copyright Infringement (Count 3).**

The Google Defendants state, ECF 61-1, page 22, **"Plaintiffs also fail to state a vicarious infringement claim against Google".**

The Plaintiff claims against the Google Defendants are listed in the Complaint, **see ECF 1, page 11-16, #78-99**.  The Plaintiffs also states, "Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts"**, see Complaint, ECF 1, page 19, #109.**  The Cause of Action for Vicarious Copyright Infringement is

listed in the Complaint, **see ECF 1, page 24, #138-147**.  The Google Defendants had knowledge of the copyright infringement and willfully ignored Plaintiffs' multiple take down request.

### E.  Plaintiffs' "Contributory Infringement" Claim Is A Proper Copyright Claim And Should Not Be Dismissed (Count 10).

The Google Defendants state, ECF 61-1, page 22, **"Stephens also purports to assert a "contributory infringement" claim against Google on behalf of himself only"**.

This statement if false.  The Plaintiffs Tykeiya Dore and Marc Stephens assert a contributory infringement claim.  The Plaintiffs claims against the Google Defendants are listed in the Complaint, **see ECF 1, page 11-16, #78-99**.  The Plaintiffs also states, "Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts", **see Complaint, ECF 1, page 19, #109**.  The Cause of Action for contributory Copyright Infringement is listed in the Complaint, **see ECF 1, page 37, #199-204**.  The Google Defendants had knowledge of the copyright infringement and willfully ignored Plaintiffs' multiple take down request.

## II.  PLAINTIFFS' STATE-LAW CLAIMS SHOULD NOT BE DISMISSED

### A.  Plaintiffs' Claims Are Not Preempted by the Copyright Act (Counts 4, 6-9, 11).

The Google Defendants state, ECF 61-1, page 26, **"All of Plaintiffs' state-law claims (other than defamation) should be dismissed because they are preempted by the Copyright Act"**.

The Plaintiffs' unjust enrichment claim are not preempted by the Copyright Act.  "[U]nder the extra elements test, state law causes of action that incorporate elements beyond those necessary to prove copyright infringement, and "regulate conduct qualitatively different from the conduct governed by copyright law" are **not preempted** by the Copyright Act.  Hian v. Louis Vuitton Usa Inc., Dist. Court, ED Pennsylvania 2024.

The Google Defendants state, ECF 61-1, page 28, **"Plaintiffs' emotional distress (Counts 6) and breach of contract and fiduciary duty claims (Counts 7-8) are also preempted because each claim explicitly premises liability on Google's supposed violation of "a duty of care to protect [Plaintiffs'] copyrighted work," and allegedly "negligent" conduct in failing to "thoroughly conduct an investigation of copyright infringement." Compl. ¶¶ 167-68, 176-77, 182-83, 188-89"**.

The Plaintiffs' emotional distress, breach of contract, and fiduciary duty claims are not preempted by the Copyright Act.  "[U]nder the extra elements test, state law causes of action that

incorporate elements beyond those necessary to prove copyright infringement, and "regulate conduct qualitatively different from the conduct governed by copyright law" are **not preempted** by the Copyright Act.  Hian v. Louis Vuitton Usa Inc., Dist. Court, ED Pennsylvania 2024.

The Google Defendants state, ECF 61-1, page 29, **"Plaintiffs' fraud claim (Count 9)—which invokes the standard for contributory copyright infringement (see Compl. ¶ 196)—is also clearly preempted.**

The Plaintiffs' fraud claim is not preempted by the Copyright Act.  "[U]nder the extra elements test, state law causes of action that incorporate elements beyond those necessary to prove copyright infringement, and "regulate conduct qualitatively different from the conduct governed by copyright law" are **not preempted** by the Copyright Act.  Hian v. Louis Vuitton Usa Inc., Dist. Court, ED Pennsylvania 2024.

The Google Defendants state, ECF 61-1, page 29, **"the conversion claim (Count 11) is preempted because it seeks to hold Google liable for "interfering with Plaintiffs' registered copyright" by not "taking down the Defenants [sic] Chris Brown infringing video," and for "convert[ing] Plaintiffs' ad revenue" and "intellectual property rights." Compl. ¶¶ 206-07".**

The Plaintiffs' conversion claim is not preempted by the Copyright Act.  "[U]nder the extra elements test, state law causes of action that incorporate elements beyond those necessary to prove copyright infringement, and "regulate conduct qualitatively different from the conduct governed by copyright law" are **not preempted** by the Copyright Act.  Hian v. Louis Vuitton Usa Inc., Dist. Court, ED Pennsylvania 2024.

**B. Section 230 Does Not Bar The Claims Based On The Removal of Stephens' YouTube Account And "Comparison Video" (Counts 4, 6-9, 11).**

The Google Defendants state, ECF 61-1, page 26, **"Plaintiffs' state-law claims are also barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230, insofar as they are based on the temporary removal of Stephens' YouTube channel and "comparison video." This includes Plaintiffs' claims for IIED and NIED (Counts 6), fraud (Count 9), and conversion (Count 11), see Compl. ¶¶ 166, 168, 175, 196, 206".**

Section 230 **does not** immune the Google Defendants from violations of Intellectual Property, such as copyrights and trademarks.  "[N]othing in this section shall be construed to limit or expand any law pertaining to intellectual property." 47 U.S.C. § 230(e)(2). Gucci America, Inc. v. Hall & Associates, 135 F. Supp. 2d 409 - Dist. Court, SD New York 2001 at 412.  Under existing intellectual property law, **publishers** may, under certain circumstances, be **held liable for**

**infringement**. See 15 U.S.C. § 1114(2)(A)(B); see also Century 21 Real Estate Corp. of Northern Illinois v. R.M. Post, Inc., No. 88 C 0077, 1988 WL 84741 (N.D.Ill. Aug. 9, 1988).

**C. Plaintiffs' State-Law Claims Are Not Insufficiently Pled and Should Not Be Dismissed**

The Google Defendants state, ECF 61-1, page 33, **"In addition to these cross-cutting bases for dismissal, all of the state-law claims should be dismissed for failure to state a claim under Rule 12(b)(6)"**.

Plaintiffs fully complied with, and if not, they substantially conplied with Rule 12(b)(6). Substantial Compliance, "is a doctrine based on justice and fairness, designed to avoid technical rejection of legitimate claims. Zamel, supra, 56 N.J. at 6, 264 A.2d 201", Galik v. Clara Maass Med. Center, 771 A. 2d 1141 - NJ: Supreme Court 2001 at 1148-49. Indeed, the Legislature **did not** intend "to `create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims.'" Ryan, supra, 203 N.J. at 51, 999 A.2d 427 (quotation omitted), Ryan v. Renny, 999 A. 2d 427 - NJ: Supreme Court 2010 at 435-436. "[w]e have **never** been a judicial system that goes on total complete technicality", Bank v. Kim, 825 A. 2d 566 - NJ: Appellate Div. 2003 at 574.

**1. The Unjust Enrichment Claim Does Not Fail Because Plaintiffs provided Factual Support in the Statement of Facts (Count 4).**

The Google Defendants state, ECF 61-1, page 34, **"The claim should be dismissed because Plaintiffs do not even attempt to allege facts showing that they actually conferred a benefit on Google and that Google's retention of the supposed "benefit without payment would be inequitable," as required"**.

The Plaintiffs claims against the Google Defendants are listed in the Complaint, **see ECF 1, page 12, #82-86**. The Plaintiffs also states, "Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts"**, see Complaint, ECF 1, page 19, #109.**

**2. Plaintiffs' Defamation Claim Does Not Fail Because They Do Allege That Google Made Publications To A Third Party and Plaintiffs Does Not Fail to Allege Damages (Count 5).**

The Google Defendants state, ECF 61-1, page 34, **"Plaintiffs' defamation claim should be dismissed with prejudice because they cannot state such a claim against Google"**.

The Plaintiffs claims against the Google Defendants are listed in the Complaint, **see ECF 1, page 12, #78-99**. The Plaintiffs also states, "Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts"**, see Complaint, ECF 1, page 19, #109.** The Google Defendants argue that the false statement sent to

multiple third parties, "**Our team**", included the words "Maybe" Fradulent. But the Google Defendants permanently shutdown Plaintiff Marc Stephens YouTube Channel based on the false statement of committing fraud and falsifying documents, **see ECF 1, page 14, #91**.

> "**Our team** has reviewed your activity and found your channel **is** in violation of YouTube'sTenns of Service. As a result, your YouTube channel has been terminated. We are concerned that some of the information within your legal request may be fraudulent"....."We have **permanently terminated** your channel from YouTube. Going forward, you won't be able to access, possess, or create **any** other YouTube channels".

Plaintiff Marc Stephens only had one video uploaded on his YouTube channel, and it was the Copyright Infringement comparison video of the Plaintiffs song "I GOT IT" and SONY Defendants song "NO GUIDANCE". The video was uploaded on May 27, 2024.

Defamation by implication "is premised not on direct statements but on false suggestions, impressions and implications arising from otherwise truthful statements." Armstrong v. Simon & Schuster, 85 N.Y.2d 373, 380–81 (1995). Thus, a claim of defamation by implication is based on a false message "contained not in the statement's literal wording but rather its innuendo." Kavanagh v. Zwilling, 997 F. Supp. 2d 241, 248 (S.D.N.Y.), aff'd, 578 F. App'x 24 (2d Cir. 2014). The Google Defendants fraudulent statement is 100% false, but even a statement that is "literally true" can be misleading enough to cause harm. Satanic Temple, Inc. v. Newsweek Magazine LLC, 661 F.Supp.3d 159 (S.D.N.Y. 2023).

"[I]f, for example, a newspaper account of a rash of neighborhood thefts also reported that a public figure had recently moved into the neighborhood, purchased tools commonly used in burglaries, and had been seen near a number of homes where burglaries had occurred, a reader would be led to believe that the individual described had committed the crimes. Such a deductive inference might well be **actionable** if there is proof the article was published with actual malice. While each individual statement alone might be literally accurate, in the aggregate they give rise to a false and defamatory inference. Herbert v. Lando, 781 F.2d 298, 307 n.4 (2d Cir. 1986) at 307.

Google Defendants literally used an example that because they receive many fraudulent copyright takedown requests that Plaintiffs takedown request is possibly fraudulent, and abusive in violation of YouTube's terms of service. Basically, accusing Stephens of a crime.

> **YouTube:** Hello, We are concerned that some of the info in your takedown request may be <u>fraudulent</u>. Please understand that YouTube receives **many fraudulent copyright takedown requests**, and we take **abuse of our copyright takedown process** very seriously (see YouTube, LLC v. Brady (D. Neb. 8:19-cv-00353)). **EXHIBIT 12, ECF 1-3, page 19.**

On <u>July 1, 2024</u>, at 10:05 AM, Chris Brown's lawyer, James Sammataro, responded to Plaintiff Marc Stephens via email and stated the following regarding Stephens' appeals to reinstate his YouTube account that contained the evidence of copyright infringement. **EXHIBIT 20, ECF 1-3, page 37.**

> **James Sammataro**: "Marc –Rather than graft a **sinister** objective to YouTube, you may wish to instead consider that a **third-party** has objectively determined that **Ms. Dore's claims are frivolous** and that <u>the continued pursuit of her claims is "**abusive**.</u>" YouTube has no incentive to "cover up" alleged infringement or expose itself to legal action. Its sole aim to fairly assess infringement allegations. The fact that YouTube is barring further submissions is an objective red flag that warrants consideration. Should a lawsuit be filed, we will have no choice but to pursue sanctions under Rule 11 of the Federal Rule of Civil Procedure."

After Plaintiff Marc Stephens stated he would include YouTube in a defamation lawsuit, Google Defendants later reinstated Plaintiff Marc Stephens YouTube account.

On July 3, 2024, Defendant YouTube reinstated Plaintiff Marc Stephens YouTube account which contained the evidence of copyright infringement.

> **YouTube**: "Hello, After looking into your appeal, we've concluded that your channel has been terminated **incorrectly** and we've reinstated your channel. We routinely review all submissions to our webforms for signs of potential abuse, and <u>your takedown request was **incorrectly** flagged</u> in this process. As a result, your channel was terminated. On further investigation, <u>your request **doesn't** seem abusive</u>. However, we've reviewed this matter and found that you haven't identified a work that is subject to copyright. For this reason, we can't process your request." **EXHIBIT 23.**

This is proof the Google Defendants falsely accused Plaintiffs of committing **a crime**. Under common law, there are 4 statements that are considered **automatically** defamatory: (1) **accusing someone of a serious crime**; (2) <u>a false statement that "tends to injure another in his or her trade, business or profession</u>," (3) lying about someone having some "loathsome disease," (4) false statements about a woman's "unchastity." Anything that falls into one of these 4 categories is called "**libel per se**" or "slander per se."

In order to satisfy the actual-malice standard, "a plaintiff must show by clear and convincing evidence that the publisher either <u>knew that the statement was false</u> or **published with reckless disregard for the truth**." Lynch v. New Jersey Educ. Ass'n., 161 N.J. 152, 165, 735 A.2d 1129 (1999). "Where the person defamed is a <u>private party</u> and the statement involves a private matter, the fault element is satisfied by showing that the person communicated the false statement while **acting negligently** in failing to ascertain the truth or falsity of the statement before communicating it." <u>Feggans v. Billington</u>, 677 A.2d 771, 775 (N.J. Super. Ct. App. Div. 1996). In other words, the person failed to take sufficient care to determine the truth of the statement before uttering it. The speech accuses Plaintiff of engaging in **serious criminal conduct**, thus qualifying for **per se** treatment. Senna v. Florimont, 196 N.J. 469 (2008). WJA v. DA, 43 A. 3d 1148 - NJ: Supreme Court 2012. If the slander is per se (e.g., accusation of a crime, a loathsome disease, misfeasance in business, or serious sexual misconduct, Biondi v. Nassimos, 300 N.J.Super. 148, 154 (App. Div. 1997)), the requirement of proving special or economic damage in a slander case drops away, Ward, supra, 136 N.J. at 540. In that case, slander per se, **like libel**, permits the jury to consider presumed damages. Special damages need not be alleged <u>or proven</u> if a plaintiff can establish that the alleged defamatory statements constitute defamation per se, Liberman v. Gelstein, 80 NY 2d 429 - NY: Court of Appeals 1992 at 435.

**3. Plaintiffs Can Maintain Claims for Intentional and Negligent Infliction of Emotional Distress (Count 6).**

The Google Defendants state, <u>ECF 61-1, page 38</u>, **"Plaintiffs' distress claims appear to be based on (i) copyright infringement allegations, (ii) Google's temporary suspension of Stephens' YouTube channel and video, and (iii) Google's allegedly defamatory statements. Compl. ¶¶ 164-80. As discussed, such claims are preempted by the Copyright Act and barred by Section 230, supra § II.B., and also fail along with Plaintiffs' defective defamation claim".**

Section 230 **does not** immune the Google Defendants from violations of **Intellectual Property**, such as copyrights and trademarks. "**[N]othing** in this section shall be construed <u>to limit or expand</u> any law pertaining to intellectual property." 47 U.S.C. § 230(e)(2). Gucci America, Inc. v. Hall & Associates, 135 F. Supp. 2d 409 - Dist. Court, SD New York 2001 at 412. Under existing intellectual property law, **publishers** may, under certain circumstances, be **held liable for**

**infringement**. See 15 U.S.C. § 1114(2)(A)(B); see also Century 21 Real Estate Corp. of Northern Illinois v. R.M. Post, Inc., No. 88 C 0077, 1988 WL 84741 (N.D.Ill. Aug. 9, 1988).

### 4. Plaintiffs Stated a Breach of Contract Claim (Count 7).

The Google Defendants state, ECF 61-1, page 40, **"Stephens does not allege which portion of this provision Google supposedly breached, or how. Nor could he"**.

The Plaintiffs claims against the Google Defendants are listed in the Complaint, **see ECF 1, page 12, #78-99**. The Plaintiffs also states, "Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts"**, see Complaint, ECF 1, page 19, #109.** The Plaintiffs clearly explain the Google Defendants breached the Terms of Service Agreement by allowing other to upload infringing work.**, see Complaint, ECF 1, page 19, #184**. The Google Defendants had knowledge of the infringement and willfully ignored it, and tried to illegally conceal it by permantently shutting down Plaintiff Marc Stephens' YouTube Channel.

### 5. Google Owes A Fiduciary Duty to Plaintiffs (Count 8).

The Google Defendants state, ECF 61-1, page 42, **"Plaintiffs cannot assert a breach claim (or any other) based on YouTube's suspension of Stephens' channel and video, because Section 230 forecloses that claim"**.

The Plaintiffs claims against the Google Defendants are listed in the Complaint, **see ECF 1, page 12, #78-99**. The Plaintiffs also states, "Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts"**, see Complaint, ECF 1, page 19, #109.** The Plaintiffs clearly explain the Google Defendants breached the Terms of Service Agreement by allowing other to upload infringing work.**, see Complaint, ECF 1, page 19, #190**. The Google Defendants had knowledge of the infringement and willfully ignored it, and tried to illegally conceal it by permantently shutting down Plaintiff Marc Stephens' YouTube Channel. Section 230 **does not** immune the Google Defendants from violations of Intellectual Property, such as copyrights and trademarks. "[N]othing in this section shall be construed to limit or expand any law pertaining to intellectual property." 47 U.S.C. § 230(e)(2). Gucci America, Inc. v. Hall & Associates, 135 F. Supp. 2d 409 - Dist. Court, SD New

York 2001 at 412.  Under existing intellectual property law, **publishers** may, under certain circumstances, be **held liable for infringement**. See 15 U.S.C. § 1114(2)(A)(B); see also Century 21 Real Estate Corp. of Northern Illinois v. R.M. Post, Inc., No. 88 C 0077, 1988 WL 84741 (N.D.Ill. Aug. 9, 1988).

**6. Plaintiffs' Fraud Claim Is Not Deficient (Count 9).**

The Google Defendants state, ECF 61-1, page 43, **"Plaintiffs' fraud claim merely (i) recites the elements of common-law fraud and fraud under the New Jersey Consumer Fraud Act, (ii) vaguely alleges that Google failed to "comply with" its TOS, and (iii) alleges that Google had knowledge of "specific acts of infringement," accused Stephens of fraud, and terminated his account. Compl. ¶¶ 193-98. This falls well short of stating a claim"**.

The Plaintiffs claims against the Google Defendants are listed in the Complaint, **see ECF 1, page 12, #78-99**.  The Plaintiffs also states, "Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts"**, see Complaint, ECF 1, page 19, #109.**  The Plaintiffs clearly explain the Google Defendants breached the Terms of Service Agreement by allowing other to upload infringing work.**, see Complaint, ECF 1, page 19, #193-198**.  The Google Defendants had knowledge of the infringement and willfully ignored it, and tried to illegally conceal it by permanently shutting down Plaintiff Marc Stephens' YouTube Channel.  Section 230 **does not** immune the Google Defendants from violations of Intellectual Property, such as copyrights and trademarks.  "[N]othing in this section shall be construed to limit or expand any law pertaining to intellectual property." 47 U.S.C. § 230(e)(2). Gucci America, Inc. v. Hall & Associates, 135 F. Supp. 2d 409 - Dist. Court, SD New York 2001 at 412.  Under existing intellectual property law, **publishers** may, under certain circumstances, be **held liable for infringement**. See 15 U.S.C. § 1114(2)(A)(B); see also Century 21 Real Estate Corp. of Northern Illinois v. R.M. Post, Inc., No. 88 C 0077, 1988 WL 84741 (N.D.Ill. Aug. 9, 1988).

**7. Plaintiffs' Conversion Claim is Not Deficiently Pled (Count 11).**

The Google Defendants state, ECF 61-1, page 45, **"Plaintiffs' claim appears to be based on Google's alleged "destroying of all evidence related to Defendant Chris Brown's copyright infringement" when it temporarily removed Stephens' "comparison video" from YouTube. Compl. ¶ 206. But Plaintiffs cannot plausibly allege that YouTube converted or took any "property" merely because it briefly disallowed a copy of Stephens' video to exist on**

YouTube. Plaintiffs do not allege that YouTube's **temporary removal** dispossessed Stephens of the underlying video itself (or that such a video is personal property)".

The Plaintiffs claims against the Google Defendants are listed in the Complaint, **see ECF 1, page 12, #78-99**. The Plaintiffs also states, "Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts", **see Complaint, ECF 1, page 19, #109.** In order to hide the fraud, defamation, infringement, and conversion, Google "Permantently terminated" Plaintiff Marc Stephens YouTube account, **see Complaint, ECF 1, page 14, #91.**

> **YOUTUBE**: "We have **permanently terminated** your channel from YouTube. Going forward, you won't be able to access, possess, or create any other YouTube channels".

## III.  THE PLAINTIFFS COMPLAINT DOES NOT VIOLATE RULE 8

The Google Defendants state, ECF 61-1, page 46, **"The entire Complaint can also be dismissed for failing to contain "a short and plain statement" of Plaintiffs' claims stated through "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1)".**

"[A] statement of a claim may be "plain" even if it does not include every name, date, and location of the incidents at issue. See Frazier, 785 F.2d at 68 ("While plaintiffs may be expected to know the injuries they allegedly have suffered, it is not reasonable to expect them to be familiar at the complaint stage with the full range of the defendants' practices under challenge."); see also Harnage, 916 F.3d at 142.

## IV.  ALL CLAIMS AGAINST ALPHABET SHOULD NOT BE DISMISSED

The Google Defendants state, ECF 61-1, page 47, **"Plaintiffs' claims against Alphabet fail because Alphabet is not a proper defendant. Each claim relates to the operation of YouTube, which is provided by Alphabet's subsidiary, Google LLC. Auster Decl., Ex. A".**

Alphabet is a proper defendant.  Google Defendents **ADMIT**, Alphabet is the parent company, see Declaration of Jeremy P. Auster, Ex. A.  (YouTube Terms of Service ("TOS")) at 3.1. Alphabet. Inc, a stock holding company, the ultimate parent company of Google LLC and YouTube, LLC (all together, "Google"). Compl. ¶ 82". **ECF 61.1, page 12**.  A parent corporation, can be held liable for the actions of its subsidiary under veil piercing or alter ego liability principles. The alter ego doctrine has been applied to pierce the veil between corporations when subsidiary corporations are used by a dominating parent corporation to engage in fraudulent or wrongful

conduct. The Plaintiffs claims against the Google Defendants are listed in the Complaint, **see ECF 1, page 12, #82-86**. The Plaintiffs also states, "Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts", **see Complaint, ECF 1, page 19, #109.** In order to hide the fraud, defamation, infringement, and conversion, Google "Permantently terminated" Plaintiff Marc Stephens YouTube account, **see Complaint, ECF 1, page 14, #91.**

## ARGUMENT

**A. SECTION 230 DOES NOT IMMUNE THE GOOGLE DEFENDANTS FROM VIOLATIONS OF INTELLECTUAL PROPERTY, SUCH AS COPYRIGHTS AND TRADEMARKS**

Section 230 **does not** immune the Google Defendants from violations of Intellectual Property, such as copyrights and trademarks. "[N]othing in this section shall be construed to limit or expand any law pertaining to intellectual property." 47 U.S.C. § 230(e)(2). Gucci America, Inc. v. Hall & Associates, 135 F. Supp. 2d 409 - Dist. Court, SD New York 2001 at 412.

Under existing intellectual property law, **publishers** may, under certain circumstances, be **held liable for infringement**. See 15 U.S.C. § 1114(2)(A)(B); see also Century 21 Real Estate Corp. of Northern Illinois v. R.M. Post, Inc., No. 88 C 0077, 1988 WL 84741 (N.D.Ill. Aug. 9, 1988) (**denying motion to dismiss** where yellow pages' publishers were alleged to have infringed by listing trademark of (former) licensee who no longer had right to use trademark). Moreover, the United States Supreme Court has held, under the doctrine of contributory infringement, that "if a manufacturer or distributor ... continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement," the manufacturer or distributor itself may be **held liable for infringement**. Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 854, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982); see also Religious Technology Ctr. v. Netcom On-Line Communication Servs., 907 F.Supp. 1361, 1375 (N.D.Cal.1995) (holding that an ISP with knowledge of the infringement may be held liable for contributory copyright infringement). Immunizing Mindspring from Plaintiffs claims, therefore, would "limit" the laws pertaining to intellectual property in contravention of § 230(c)(2). See Mirriam-Webster's Collegiate Dictionary 676 (10th ed.1998) (defining "limit," when used as a verb, to mean "to restrict the bounds or limits of").[8] The plain

language of Section 230(e)(2) <u>precludes</u> Mindspring's claim of immunity.  Gucci America, Inc. v. Hall & Associates, 135 F. Supp. 2d 409 - Dist. Court, SD New York 2001 at 413.

YouTube intentionally ignored the copyright Plaintiffs provided, and then intentionally shut down Plaintiff Marc Stephens Youtube channel to willfully hide the video evidence of copyright infringement.  Chris Brown and SONY are known for losing multiple copyright infringement cases, **<u>ECF 1, page 16-17, #101-104</u>**.

## B.  THE COURT SHOULD NOT DISMISS THE COMPLAINT AND MUST ACCEPT ALL OF THE ALLEGATIONS AS TRUE

In ruling on this motion to dismiss, the Court must accept the facts presented in the complaint in the light most favorable to [Plaintiffs] and "**<u>accept all of the allegations as true</u>**." <u>ALA, Inc. v. CCAIR, Inc</u>., 29 F.3d 855, 859 (3d Cir. 1994).  In considering whether a complaint should have been dismissed for failure to state a claim upon which relief can be granted, the court must consider only those facts alleged in the complaint and **<u>accept all of the allegations as true</u>**. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  Unless the plaintiff can prove no set of facts in support of the claim that would entitle him to relief, the complaint **<u>should not</u>** be dismissed. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); <u>D.P. Enters., Inc. v. Bucks County Community College</u>, 725 F.2d 943, 944 (3d Cir.1984). When reviewing a complaint, a court should consider not only the allegations contained in the complaint itself but **also the exhibits** attached to it which the complaint incorporates pursuant to <u>Federal Rule of Civil Procedure 10(c)</u>. See Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); cf. <u>Pension Benefit Guar. Corp. v. White Consol. Indus</u>., 998 F.2d 1192, 1196 (3d Cir.1993) (holding that a court may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"), cert. denied, ___ U.S. ___, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994).   <u>ALA, Inc. v. CCAIR, Inc</u>., 29 F. 3d 855 - Court of Appeals, 3rd Circuit 1994 at 859.  "[T]he decision to dismiss a complaint **should not** be entered lightly because it "forecloses inquiry into the merits." <u>Schaedler v. Reading Eagle Publ'n, Inc</u>., 370 F.2d 795, 798 (3d Cir. 1967). We also note that it is an abuse of discretion to dismiss an entire complaint if it contains some

claims that satisfy Rule 8. See Frazier v. Se. Pa. Transp. Auth., 785 92*92 F.2d 65, 68 (3d Cir. 1986), abrogated on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) and Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (reversing the dismissal of the entire complaint as "broad and conclusory" where the complaint set forth four claims with adequate specificity). Garrett v. Wexford Health, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 91-92.

"[P]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). This already liberal standard is "even more pronounced" where a plaintiff files the complaint without the assistance of counsel. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004); Schaedler, 370 F.2d at 798. Courts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints. Wright & Miller, supra, § 1217. This practice is driven by an understanding that a court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training. See Higgs v. Att'y Gen., 655 F.3d 333,339 (3d Cir. 2011). Garrett v. Wexford Health, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 92.

"[A] statement of a claim may be "plain" even if it does not include every name, date, and location of the incidents at issue. See Frazier, 785 F.2d at 68 ("While plaintiffs may be expected to know the injuries they allegedly have suffered, it is not reasonable to expect them to be familiar at the complaint stage with the full range of the defendants' practices under challenge."); see also Harnage, 916 F.3d at 142 ("[T]he failure to allege specific dates does not necessarily run afoul of Rule 8, especially where ... the plaintiff lacks ready access to his medical records."). Missing details or superfluous material do not necessarily render a complaint unintelligible. Indeed, even if it is vague, repetitious, or contains extraneous information, a pro se complaint's language will ordinarily be "plain" if it presents cognizable legal claims to which a defendant can respond on the merits. Alston, 363 F.3d at 234; Bethea v. Reid, 445 F.2d 1163, 1165 (3d Cir. 1971); see also Ruby Foods, 269 F.3d at 820 (pro se complaint, though prolix, "appears to state a claim that would withstand challenge under Fed. R. Civ. P. 12(b)(6)"); Simmons, 49 F.3d at 87-88 (concluding that

"[t]hough perhaps some details [were] lacking" and "extraneous details" were included, "it [was] evident that defendants understood the nature of Simmons's claims" based on their response to it). Garrett v. Wexford Health, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 93-94.

"[T]o survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must set forth enough factual allegations to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). When assessing the merits of a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party. Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Doe v. University of Sciences, 961 F. 3d 203 - Court of Appeals, 3rd Circuit 2020 at 208.

## CONCLUSION

Plaintiffs have satisfied their burdens at the pleading stage and the Moving Defendants' Motion should be denied.

**I swear or affirm under penalty of perjury that the statements made by me in this document are true. I am aware that if any are willfully false, I am subject to punishment.**


Ss// Tykeiya Dore
Tykeiya Dore pka "Tykeiya"
Plaintiff, pro se


Ss// Marc A. Stephens
Marc A. Stephens
Plaintiff, pro se