## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYKEIYA DORE, MARC A. STEPHENS, | |
| Plaintiffs, | Case No. 24-10103-MCA-MAH |
| v. | *Document Electronically Filed* |
| CHRIS BROWN ENTERTAINMENT, LLC d/b/a CHRISTOPHER BROWN ENTERTAINMENT, LLC, et al., | Motion Day: July 7, 2025 |
| Defendants. | |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS ALPHABET INC., GOOGLE LLC AND YOUTUBE, LLC's MOTION TO DISMISS

*/s Alison L. Genova*
Alison L. Genova
Jeremy P. Auster (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Tel: (212) 497-7796
Fax: (212) 999-5801

*Counsel for Defendants Alphabet Inc., Google LLC, and YouTube, LLC*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................1

ARGUMENT ..............................................................................................1

I.    THE COMPLAINT FAILS TO STATE ANY COPYRIGHT
      INFRINGEMENT CLAIMS AGAINST GOOGLE ..................................1

      A.    All Copyright Claims Against Google Fail Because Google
            Cannot Be Liable For Hosting Non-Infringing Works
            (Counts 1-3, 10)..............................................................................1

      B.    There Is No "Common Law" Infringement Claim (Count 1).............2

      C.    Plaintiffs' Direct Infringement Claim Against Google Fails
            As A Matter Of Law (Count 2).......................................................3

      D.    Plaintiffs Fail To State A Vicarious Infringement Claim
            (Count 3)........................................................................................5

      E.    Stephens' Improper "Contributory Infringement" Claim
            Should Be Dismissed (Count 10) ...................................................5

II.   PLAINTIFFS' STATE-LAW CLAIMS SHOULD BE DISMISSED ..........7

      A.    The Copyright Act Preempts Plaintiffs' State-Law Claims
            (Counts 4, 6-9, 11)..........................................................................7

      B.    Section 230 Bars Plaintiffs' State-Law Claims (Counts 4,
            6-9, 11).........................................................................................8

      C.    All Of Plaintiffs' State-Law Claims Independently Fail
            Because They Are Insufficiently Pled (Counts 4-9, 11)....................9

            1.    Plaintiffs Do Not Rebut Any Of Google's Arguments
                  Regarding Their Deficient Claims For Unjust
                  Enrichment, Emotional Distress, and Conversion
                  (Counts 4, 6, 11)................................................................9

2.    The Opposition Confirms That Plaintiffs' Breach Of Contract, Breach Of Fiduciary Duty, And Fraud Claims Should Be Dismissed (Counts 7-9)..........................11

3.    Plaintiffs Fail To State A Claim For Defamation (Count 5)................................................................12

III.    THE COMPLAINT VIOLATES RULE 8.............................................14

IV.    ALPHABET SHOULD BE DISMISSED FROM THE CASE.................15

CONCLUSION...........................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Armstrong v. Simon & Schuster, Inc.*,
  85 N.Y.2d 373 ................................................................................ 14

*Bank v. Kim*,
  361 N.J. Super. 331 (App. Div. 2003) ....................................................... 4

*Galik v. Clara Maass Med. Ctr.*,
  167 N.J. 341 (2001) ........................................................................... 4

*Hall v. YouTube, LLC*,
  2025 WL 1482007 (N.D. Cal. May 5, 2025) ............................................. 8

*Harrold v. City of Jersey City*,
  2020 WL 1444923 (D.N.J. Mar. 24, 2020) .............................................. 6

*Hian v. Louis Vuitton USA Inc.*,
  2024 WL 3237591 (E.D. Pa. June 28, 2024) ........................................... 7

*Lawlor v. ESPN Scouts, LLC*,
  2011 WL 675215 (D.N.J. Feb. 16, 2011) .................................... 3, 9, 11

*Mention v. Gessell*,
  714 F.2d 87 (9th Cir. 1983) ................................................................. 2

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005) ....................................................................... 6, 7

*Pace v. Baker-White*,
  432 F. Supp. 3d 495 (E.D. Pa. 2020),
  *aff'd*, 850 F. App'x 827 (3d Cir. 2021) ................................................... 13

*Parker v. Paypal, Inc.*,
  2017 WL 3508759 (E.D. Pa. Aug. 16, 2017) ........................................... 7

*Parker v. Yahoo!, Inc.*,
  2008 WL 4410095 (E.D. Pa. Sept. 25, 2008) ........................................... 1

*Prelle v. United States*,
  2022 WL 16958896 (3d Cir. Nov. 16, 2022) .......................................... 15

*Reardon v. Allegheny Coll.*,
  926 A.2d 477 (Pa. Super. 2007) ........................................................... 13

*Ryan v. Renny*,
  203 N.J. 37 (2010) ............................................................................. 4

*Thakar v. Tan*,
   372 F. App'x 325 (3d Cir. 2010)....................................................15

*Unix Sys. Lab'ys, Inc. v. Berkeley Software Design, Inc.*,
   1993 WL 414724 (D.N.J. Mar. 3, 1993)...........................................3

*Ward v. Zelikovsky*,
   136 N.J. 516 (1994).......................................................................14

*Zamel v. Port of New York Auth.*,
   56 N.J. 1 (1970)...............................................................................4

## STATUTES

17 U.S.C. § 101 *et seq.* ..............................................................*Passim*

47 U.S.C. § 230..........................................................................*Passim*

## RULES

F.R.C.P. 8...................................................................................*Passim*

F.R.C.P. 12(b)(6)..........................................................................4, 9

## MISCELLANEOUS

1 Nimmer on Copyright § 4.13 (2025)...............................................3

## INTRODUCTION

Google's Motion to Dismiss (ECF No. 61-1) explained why each of Plaintiffs' claims against Google under the Copyright Act and state law fails on multiple independent grounds. Plaintiffs' Opposition (ECF No. 62) completely ignores—and thus concedes—virtually all of Google's arguments, and does not address a single case Google cited. Where Plaintiffs respond at all, they merely reiterate the Complaint's deficient allegations, offer non-responsive non-sequiturs, and invoke irrelevant legal doctrines. None of this moves the needle. And Plaintiffs' pro se status does not excuse their many pleading failures. Google respectfully requests that the Court dismiss all of Plaintiffs' claims against Google.

## ARGUMENT

### I. THE COMPLAINT FAILS TO STATE ANY COPYRIGHT INFRINGEMENT CLAIMS AGAINST GOOGLE

#### A. All Copyright Claims Against Google Fail Because Google Cannot Be Liable For Hosting Non-Infringing Works (Counts 1-3, 10).

Plaintiffs do not dispute that all of their infringement claims against Google are premised on its hosting of the Music Defendants' works on YouTube, that such claims sound in secondary liability, and that Plaintiffs' secondary infringement claims "cannot stand without plausible allegations" of direct infringement by the Music Defendants.[1] *Parker v. Yahoo!, Inc.*, 2008 WL 4410095, at *5 (E.D. Pa. Sept.

---

[1] Capitalized terms not defined herein have the meaning ascribed in the Motion.

25, 2008); Mot. at 10-11. As the Music Defendants explained in their dismissal motion, which Google incorporated by reference, Plaintiffs' direct infringement claim against them fails as a matter of law because Plaintiffs do not and cannot plausibly allege access or substantial similarity. *See* Mot. at 9-11 & n.6; ECF No. 43-1 at 3-4, 7-10, 22-38; ECF No. 57 at 1-2, 6-14. The Opposition merely reiterates Plaintiffs' opposition to the Music Defendants' motion—quoting YouTube comments that supposedly support the direct infringement claim. Opp. at 2-3. But the Music Defendants rebutted these arguments. ECF No. 57 at 13-14. Plaintiffs' failure to plausibly allege that "No Guidance" infringes their copyright requires dismissal of all of their infringement claims against Google.

## B. There Is No "Common Law" Infringement Claim (Count 1).

Plaintiffs defy the express language of the Copyright Act in arguing that they can maintain a "common law" infringement claim. Opp. at 4-5. Not so. The "Copyright Act of 1976 preempts common law copyright claims" for all causes of action arising after January 1, 1978. *Mention v. Gessell*, 714 F.2d 87, 90 (9th Cir. 1983); *see* 17 U.S.C. § 301(a); Mot. at 11-12. Plaintiffs defend their improper claim by invoking the "limited publication" doctrine, which is irrelevant here. Opp. at 4-5. Under the 1909 Copyright Act—*before* the 1976 Act preempted common-law protection—the "publication" of a work "divested" the author of common-law rights, which was an "occasionally harsh rule" that could result in works falling into

the public domain and losing protection. 1 Nimmer on Copyright § 4.13(A) (2025). Courts thus developed the concept of "limited publication," whereby no divestment occurred if a work was published to only a "selected group." *Unix Sys. Lab'ys, Inc. v. Berkeley Software Design, Inc.*, 1993 WL 414724, at *13 (D.N.J. Mar. 3, 1993) (cleaned up). But that outdated doctrine and the nature of Plaintiffs' publication of their work have no bearing on whether they can bring a common-law infringement claim. *See* Nimmer § 4.13(C) ("Of course, as of January 1, 1978, common law copyright terminated in any work, published or unpublished"). They cannot. In any event, Plaintiffs published their work on YouTube for the world to access, *see* Opp. at 4 (citing Compl. ¶ 31), which is the opposite of a "limited publication" to a "selected group." None of Plaintiffs' cases about this irrelevant doctrine support their common-law claim (Opp. at 4-5).

### C. Plaintiffs' Direct Infringement Claim Against Google Fails As A Matter Of Law (Count 2).

Plaintiffs do not dispute that Count 2 is based on group allegations that violate Rule 8, that insofar as Count 2 asserts anything against Google it can only be a claim for direct infringement, and that such a claim fails as a matter of law for lack of volitional conduct (or causation). *See* Mot. at 12-14. These uncontested arguments require dismissal with prejudice. *Id.*; *see also Lawlor v. ESPN Scouts, LLC*, 2011 WL 675215, at *2 (D.N.J. Feb. 16, 2011) ("Where an issue of fact or law is raised

in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant.").

Plaintiffs respond by quoting the Complaint's allegation that "Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts." Opp. at 5 (quoting Compl. ¶ 109). But that only confirms the Rule 8 problem by underscoring Plaintiffs' failure to specifically allege the basis for their claim against *Google*. Plaintiffs also cite the doctrine of "substantial compliance" under New Jersey law to justify their deficient pleading. *Id.* But as Plaintiffs' own cited case explains, that equitable doctrine is applied by New Jersey courts to evaluate when "technical non-conformity" with a New Jersey statute is excusable because a party "substantially complied." *Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341, 353-54 (2001). *See* Opp. at 5 (citing *Zamel v. Port of New York Auth.*, 56 N.J. 1, 5 (1970) (addressing compliance with New Jersey statute requiring "submission of a verified notice of claim" before filing suit in state court); *Ryan v. Renny*, 203 N.J. 37, 51 (2010) (compliance with New Jersey Medical Care Access and Responsibility and Patients First Act); *Bank v. Kim*, 361 N.J. Super. 331, 335 (App. Div. 2003) (NJ Fair Foreclosure Act)). The doctrine has no bearing on this case, which has nothing to do with Plaintiffs' "technical non-conformity" with any statute. Google's Motion concerns Plaintiffs' failure to plead cognizable claims under Rules 8 and 12(b)(6). Count 2 should be dismissed with prejudice.

**D. Plaintiffs Fail To State A Vicarious Infringement Claim (Count 3).**

Plaintiffs also have no response to Google's arguments explaining that their vicarious infringement claim—also based solely on improper group allegations—falls far short of plausibly alleging that Google had the requisite "control" over the Music Defendants' allegedly infringing activity or received a "direct financial benefit" from that activity. Opp. at 5-6; *see* Mot. at 14-16. Plaintiffs offer the perfunctory assertion—repeated throughout the Opposition—that "[t]he Plaintiff claims against the Google Defendants are listed in the Complaint." Opp. at 5. That is not an argument, and vague references to Plaintiffs' improper group allegations cannot save their claim. Plaintiffs also assert that Google "had knowledge of the copyright infringement," *id.* at 6, even though knowledge is not one of the two elements of a vicarious infringement claim, *see* Mot. at 14-16. And they claim that Google "willfully ignored Plaintiffs' multiple take down request[s]," Opp. at 6, but offer no explanation or authority supporting their apparent suggestion that declining to act on a DMCA takedown notice is somehow sufficient to satisfy the two-part vicarious infringement test. Plaintiffs' failure to allege these elements requires dismissal of Count 3. Mot. at 14-16.

**E. Stephens' Improper "Contributory Infringement" Claim Should Be Dismissed (Count 10).**

The Opposition also offers nothing of substance in defense of Stephens' improper "contributory infringement" claim. *See* Opp. at 6; Mot. at 17. As alleged,

this claim is based on Google's temporary termination of Stephens' YouTube account and alleged violation of unnamed TOS provisions, and seeks recovery for damages such as "emotional distress" and "injury to goodwill and reputation." Compl. ¶¶ 201, 203.[2] Plaintiffs do not dispute that none of this is within the purview of copyright law. Mot. at 17. The closest the Complaint comes to even gesturing at a cognizable theory of contributory infringement is Plaintiffs' rote quotation of the standard for inducement of infringement. *See* Compl. ¶ 200 (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)). But Plaintiffs' assertion that Google "had knowledge of the copyright infringement and willfully ignored Plaintiffs' multiple take down request[s]" does not suffice to assert an inducement claim. Opp. at 6. As the Supreme Court held in *Grokster*, "mere knowledge of … actual infringing uses" is "not [] enough … to subject a distributor [like Google] to liability" under an inducement theory, which "instead, premises liability" on the distribution of a device "with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to

---

[2] These allegations appear specific to Stephens, and only "Stephens demands judgment" on this claim (Compl. at 39), yet the Opposition declares without explanation that "Plaintiffs Tykeiya Dore and Marc Stephens assert a contributory infringement claim," Opp. at 6, further underscoring Plaintiffs' failure to comply with Rule 8 by clearly identifying which Plaintiff joins which claim. *See* Mot. at 8. Additionally, any attempt at expanding the claim or pleading a new claim (by Plaintiff Dore) in the Opposition brief is impermissible. *Harrold v. City of Jersey City*, 2020 WL 1444923, at *8 n.11 (D.N.J. Mar. 24, 2020) ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss") (cleaned up).

foster infringement." 545 U.S. at 936–37. Plaintiffs do not and cannot allege that Google provides the YouTube service "with the object of promoting its use to infringe copyright." *Id.* at 936. Stephens' contributory infringement claim should thus be dismissed as well.

## II.    PLAINTIFFS' STATE-LAW CLAIMS SHOULD BE DISMISSED

The Opposition cannot salvage any of Plaintiffs' claims under state law, all of which should be dismissed because they are (i) preempted by the Copyright Act (Counts 4, 6-9, 11); (ii) barred by Section 230 (Counts 4, 6-9, 11); and/or (iii) inadequately pled (Counts 4-9, 11).

### A. The Copyright Act Preempts Plaintiffs' State-Law Claims (Counts 4, 6-9, 11).

Plaintiffs' allegations leave no doubt that all of their state-law claims (other than defamation) are copyright claims in disguise because they are explicitly "premised on the allegation that [Google] hosted the infringing work[s], the same conduct" that allegedly "supports [their] copyright claim[s]." *Parker v. Paypal, Inc.*, 2017 WL 3508759, at *8 (E.D. Pa. Aug. 16, 2017); *see* Mot. at 18-21. Plaintiffs do not meaningfully contest that the Copyright Act's two-part preemption test is satisfied for each claim. Instead, they copy-paste the same conclusory paragraph four times, assert without explanation that the claims "are not preempted," and quote a case that held that the plaintiffs' state-law claims *were* preempted. Opp. at 6-7 (citing *Hian v. Louis Vuitton USA Inc.*, 2024 WL 3237591, at *7-8 (E.D. Pa. June 28, 2024)

(finding unfair competition and unjust enrichment claims preempted where, as here, they were "grounded in" the same allegations as the plaintiff's copyright claims and sought to recover "unjustly earned profits" from the alleged infringement)). None of that saves their claims. Counts 4, 6-9, and 11 must be dismissed because they are preempted by the Copyright Act.

**B. Section 230 Bars Plaintiffs' State-Law Claims (Counts 4, 6-9, 11).**

Plaintiffs do not refute that certain of their state-law claims are premised, at least in part, on Google's temporary removal of Stephens' YouTube channel and "comparison video." *See* Mot. at 22-25. They also do not—and cannot—refute that such claims are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230, which precludes Plaintiffs from holding Google liable under state law for its "decisions to allow or disallow specific videos and to host or shut down channels." *Hall v. YouTube, LLC*, 2025 WL 1482007, at *7 (N.D. Cal. May 5, 2025); Mot. at 22-24. Plaintiffs' only response is a non-sequitur—that "Section 230 **does not** immune [sic] the Google Defendants from violations of Intellectual Property, such as copyrights and trademarks." Opp. at 7, 11-13, 15 (citing 47 U.S.C. § 230(e)(2) ("Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property.")). But Google's Motion does not argue that Section 230 bars any of Plaintiffs' *copyright* claims; it contends that Section 230 bars Plaintiffs' *state-law claims*. Insofar as Plaintiffs' Opposition is a concession

that Counts 4, 6-9, and 11 are in fact "Intellectual Property" claims under a different label (Opp. at 7, 11-13, 15), that just confirms why they are preempted by the Copyright Act. *See supra* at § II.A. Either way, Section 230 prohibits Plaintiffs from asserting claims under state law based on Google's video and channel removals, and such claims must be dismissed with prejudice.

### C. All Of Plaintiffs' State-Law Claims Independently Fail Because They Are Insufficiently Pled (Counts 4-9, 11).

The Opposition also fails to offer any substantive response regarding Plaintiffs' failure to properly plead their state-law claims under Rule 12(b)(6). Except for Plaintiffs' section on defamation (which is unavailing), Plaintiffs ignore Google's legal arguments in favor of repeating irrelevant allegations. None of this suffices to evade dismissal. Each of Plaintiffs' state-law claims should be dismissed for the reasons stated in Google's Motion.

#### 1. Plaintiffs Do Not Rebut Any Of Google's Arguments Regarding Their Deficient Claims For Unjust Enrichment, Emotional Distress, and Conversion (Counts 4, 6, 11).

Google's Motion articulated the fatal pleading deficiencies requiring dismissal of Plaintiffs' unjust enrichment, emotional distress, and conversion claims. Mot. at 25-26, 30-32, 37-38. Plaintiffs do not respond to *any* of these arguments. They thus concede the issues, and the claims should be dismissed. *See Lawlor*, 2011 WL 675215, at *2. Additionally, the cursory arguments Plaintiffs do offer only confirm their inability to defend these claims on the merits.

***Unjust Enrichment (Count 4).*** Plaintiffs do not dispute that they failed "to allege facts showing that they actually conferred a benefit on Google and that Google's retention of the supposed 'benefit without payment would be inequitable.'" Mot. at 26. Plaintiffs merely state that their claims "are listed in the Complaint" and cite paragraphs 82-86 (Opp. at 8), which are conclusory "alter ego" allegations about Google's corporate structure that are wholly unrelated to the unjust enrichment claim. Plaintiffs also (again) cite their allegation incorporating each allegation into every count, *see* Opp. at 8 (citing Compl. ¶ 109), which also does not suffice to state a cognizable theory of unjust enrichment.

***Emotional Distress (Counts 6).*** The Opposition ignores Google's arguments explaining the deficiencies in Plaintiffs' emotional distress claims (namely, Plaintiffs' failure to allege extreme and outrageous conduct or severe harm). *See* Mot. at 31. Instead, Plaintiffs repeat their inapposite Section 230 argument (*see* Opp. at 11-12; Mot. at 22-25), which is non-responsive, and offer nothing more.

***Conversion (Count 11).*** Here too, Plaintiffs passingly reference and reiterate the claims and allegations "listed in the Complaint," including those regarding Google's temporary removal of Stephens' channel and video. Opp. at 13-14. But none of that addresses the legal deficiencies with Plaintiffs' claim, including that (i) Plaintiffs' do not (and cannot) allege that Google's temporary removal of Stephens' "comparison video" dispossessed him of any property, (ii) Plaintiffs have no

cognizable property interest in a website copy of content Stephens posted to YouTube, and (iii) the YouTube TOS preclude Plaintiffs' claim. Mot. at 37-38.

Each of these claims should be dismissed.

### 2. The Opposition Confirms That Plaintiffs' Breach Of Contract, Breach Of Fiduciary Duty, And Fraud Claims Should Be Dismissed (Counts 7-9).

Plaintiffs also do not meaningfully respond to Google's arguments explaining why their breach of contract, breach of fiduciary duty, and fraud claims should be dismissed (Opp. at 12-13). *See Lawlor*, 2011 WL 675215 at *2.

The Opposition confirms that Plaintiffs' contract claim (Count 7) is based on the theory that Google "breached the Terms of Service Agreement by allowing other[s] to upload infringing work." Opp. at 12. But Google's Motion explained that this theory fails as a matter of law because nowhere in the TOS does Google represent or promise to users that third parties will not upload allegedly infringing content to YouTube (which makes sense, given the many millions of videos uploaded to YouTube daily). *See* Mot. at 33. Plaintiffs have no answer, other than to cite a TOS provision excerpted in the Complaint that contains no such promise. *See* Opp. at 12; Mot. at 33. The breach of contract claim should be dismissed.

The Opposition's only response regarding the breach of fiduciary duty (Count 8) and fraud (Count 9) claims is to copy-paste Plaintiffs' breach-of-contract and

Section 230 arguments, neither of which is relevant here. Those claims fail for the reasons set forth in Google's Motion. *See* Mot. at 34-37.

### 3. Plaintiffs Fail To State A Claim For Defamation (Count 5).

Google's Motion identified three independent grounds for dismissing Plaintiffs' defamation claim: (1) Plaintiffs do not and cannot allege that Google published the at-issue statements to any third party, (2) the statements are non-actionable statements of opinion, and (3) Plaintiffs fail to allege damages. Mot. at 26-30.[3] Plaintiffs' arguments to the contrary are unavailing.

*First*, although the Opposition is difficult to decipher, Plaintiffs appear to believe that Google published the at-issue statements "to multiple third parties" because one of Google's DMCA-related emails to Stephens stated that "**Our team has reviewed your activity and found your channel is in violation of YouTube's Terms of Service.**" Opp. at 8-9. This unpleaded theory is baseless. Any *internal* statements shared among Google's *internal* "team" regarding Stephens' DMCA takedown requests could not possibly support an allegation of publication to a *third party*. As Plaintiffs' Complaint and exhibits conclusively establish, Google's allegedly defamatory statements were made solely to Stephens via emails Google sent only to Stephens. Mot. at 27-28; *see* Compl., Exs. 12, 14, 18. Plaintiffs' inability

---

[3] Plaintiff Dore also has no basis to state a defamation claim because Google did not make any statements about her, which Plaintiffs do not dispute. Mot. at 27.

to allege publication to a third party warrants dismissal with prejudice.

*Second*, as explained in the Motion, none of the at-issue statements are defamatory because, among other things, the conditional language they contain— *e.g.*, "We are concerned" that certain information "may be fraudulent" (Compl. ¶¶ 87, 89, 93)—"indicat[es] that Defendants are suggesting possibilities, not expressing certainties," placing the statements into the "bucket" of "non-actionable opinion." *Pace v. Baker-White*, 432 F. Supp. 3d 495, 512-13 (E.D. Pa. 2020) (dismissing defamation claim and explaining that statements containing "hedging language" such as "could," "we believe," "may," and "appears" are non-actionable), *aff'd*, 850 F. App'x 827 (3d Cir. 2021) (cleaned up); *accord Reardon v. Allegheny Coll.*, 926 A.2d 477, 484 (Pa. Super. 2007) (holding that inserting "might have" into a statement indicated it was "merely one outlining possibilities" and was a non-actionable opinion); *see also* Mot. at 28-29 (collecting cases).

Plaintiffs do not directly respond to these arguments. Instead, they raise an unpleaded theory of liability—"[d]efamation by implication." Opp. at 9. But Plaintiffs do not cite any cases applying that rarely invoked species of defamation under New Jersey law. And the cases Plaintiffs cite under *New York* law confirm that defamation by implication only arises where "***otherwise truthful statements***" give rise to "false suggestions, impressions and implications," such as where a truthful statement contains a "material omission" that excludes key "context,"

making the statement "susceptible of a defamatory meaning." *See Armstrong v. Simon & Schuster, Inc.*, 85 N.Y.2d 373, 379-81 (emphasis added) (Opp. at 9). Here, Plaintiffs do not allege that Google made "otherwise truthful statements" that are somehow susceptible of a defamatory meaning. They allege the opposite—that Google's statements were "100% false." Opp. at 9. Defamation by implication has no applicability here, and cannot turn Google's non-actionable statements of opinion into defamatory statements of fact.

*Third*, Plaintiffs concede they have not alleged damages, but claim they need not do so because Google's statement that Stephens' takedown requests "may be fraudulent" is defamation *per se*. *Id.* at 9-10. Not so. On their face, statements that Stephens' takedown requests "may be fraudulent" or are "abusive" fall far short of accusing Stephens of committing an actual criminal offense. *See* Mot. at 29-30. Nor do Plaintiffs identify the supposed crime of which they were accused. Google's statements do not qualify as defamation *per se*, and Plaintiffs' failure to allege damages is thus fatal. *See Ward v. Zelikovsky*, 136 N.J. 516, 540 (1994).

The Court should dismiss the defamation claim for each of these reasons.

## III.    THE COMPLAINT VIOLATES RULE 8

The Opposition confirms (or ignores) Plaintiffs' Rule 8 violations. Plaintiffs intone their allegation that "Plaintiff repeats and reiterates each and every allegation" into "all Counts," Opp. at 5-6, 8, 12-15 (citing Compl. ¶ 109), which only

underscores their failure to plainly set forth the basis for each count against each defendant. Plaintiffs also say nothing about the Complaint's other shortcomings, including their improper group allegations, failure to identify which Plaintiff asserts which claims, and the many copy-pasted allegations that have no bearing on the claims' elements. *See* Mot. at 7-9, 38-39. Plaintiffs suggest that these deficiencies should be excused because they are pro se. Opp. at 17. But pro se plaintiffs "must still comply with the pleading requirements of Rule 8." *Prelle v. United States*, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022). And they must plausibly allege their claims. *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) ("a litigant is not absolved from complying with *Twombly* … merely because s/he proceeds *pro se*."). The Complaint does neither, and should be dismissed.

## IV.    ALPHABET SHOULD BE DISMISSED FROM THE CASE

Plaintiffs claim that "Alphabet is a proper defendant" and reiterate their conclusory alter ego allegations (Opp. at 14-15), but ignore the case law explaining why those allegations are insufficient (Mot. at 39-40). Plaintiffs' assertion that their claims are based on Google LLC's termination of "Stephens YouTube account" (Opp. at 15) only confirms their improper attempt to hold Alphabet liable for its subsidiaries' alleged conduct. Alphabet should be dismissed with prejudice.

## <u>CONCLUSION</u>

For all the reasons detailed herein, the Court should dismiss with prejudice all of Plaintiffs' claims against YouTube, LLC, Google LLC, and Alphabet Inc.

Dated: June 30, 2025
     Newark, New Jersey

*/s Alison L. Genova*
Alison L. Genova
Jeremy P. Auster (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Tel: (212) 497-7796
Fax: (212) 999-5801

*Counsel for Defendants Alphabet Inc., Google LLC, and YouTube, LLC*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of June, 2025, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel and parties of record. I also will cause a true and correct copy of the foregoing to be served on Plaintiffs via Federal Express.

*/s Alison L. Genova*

*Counsel for Defendants Alphabet Inc., Google LLC, and YouTube, LLC*