UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYKEIYA DORE and MARC A. STEPHENS,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHRIS BROWN ENTERTAINMENT, LLC d/b/a CHRISTOPHER BROWN ENTERTAINMENT, LLC, et al.,<br><br>*Defendants*. | Civil Action No. 24-10103<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Defendants Songs of Universal, Inc. ("SOU"), Sony Music Publishing (US) LLC ("SMP"),[1] Sony Music Entertainment ("SME") and Chris Brown Entertainment, LLC ("CBE") (collectively, "Moving Defendants") Motion to Dismiss Tykeiya Dore's ("Dore") and Marc A. Stephens' ("Stephens") (collectively, "Plaintiffs") Complaint, ECF No. 43 (the "Motion");

and it appearing that Plaintiffs oppose the Motion, see ECF No. 53;

and it appearing that this is a copyright infringement case in which Plaintiffs allege that the song "No Guidance" and its accompanying sound recording (individually and collectively, "Defendants' Work") infringe Plaintiffs' song, "I Got It" ("Plaintiffs' Work") because the chorus in Defendants' Work repeats the lyric, "you got it," and the chorus of Plaintiffs' Work repeats the lyric, "I got it," see Compl. ¶¶ 38–39;

---

[1] Moving Defendants note that Plaintiffs incorrectly sued SMP as "Sony/ATV Songs, LLC." The Court regards allegations made against Sony/ATV Songs, LLC as made against SMP. See Mot. at 5 n.3.

and it appearing that the Moving Defendants principally move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(2) because they are not subject to personal jurisdiction in New Jersey, see generally Mot.;[2]

and it appearing that Plaintiff alleges that, as a group, all Defendants in this action "directed their activities and marketing of 'No Guidance' to residents," in New Jersey, "enabled" New Jersey residents to "purchase, download, and stream the [Defendants' Work], and otherwise engaged in purposeful and continuing business activities" in New Jersey. Plaintiff further alleges that "Defendants are, at a minimum, constructively aware of their continuous and substantial commercial interactions with residents in [New Jersey] and . . . have generated substantial revenue from the exploitation of [Defendants' Work] in [New Jersey]," see Compl. ¶ 100;

and it appearing that the Moving Defendants first argue that Plaintiffs' conclusory group pleading fails to set forth a prima facie case of jurisdiction over the Moving Defendants as "[e]ach defendant's contacts with the forum State must be assessed individually," Keeton v. Hustler Mag., Inc., 465 U.S. 770, 781 n.13 (1984), "vague references to defendants as a group and asserting

---

[2] Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant. "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (internal citation omitted). The plaintiff may rely on the complaint, affidavits, or other competent evidence. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). Where the court chooses not to conduct an evidentiary hearing, the plaintiff need only demonstrate a prima facie case of jurisdiction to defeat a motion to dismiss. Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992) (citations omitted). In deciding a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Id.

In a federal question case, the Court must determine whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant. Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290, 295 (3d Cir. 1985). Since there is no federal statute authorizing nationwide personal jurisdiction in this case, New Jersey's long-arm statute applies. See Fed. R. Civ. P. 4(k)(1)(A); Ackourey v. Keswani's Creations, No. 12-1993, 2012 WL 13018347, at *2 (E.D. Pa. Oct. 9, 2012).

"New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4–4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (quotation marks omitted).

general common factual allegations against all of them is impermissible group pleading" which makes "the discernment of jurisdictional questions particularly difficult," Nelson v. Claussen, No. 23-1896, 2024 WL 4249730, at *5, 13 n.17 (D.N.J. Sept. 20, 2024) (quotation marks omitted); see Mot. at 10–13;

and it appearing that such conclusory group pleading fails to set forth a prima facie case for jurisdiction over the Moving Defendants and, by itself, requires dismissal of this action against them, see Heartrepreneur, LLC v. Jones, No. 18-2417, 2020 WL 2839102, at *3 (E.D. Pa. June 1, 2020) ("Plaintiffs refer to all Defendants collectively and do not separately allege how each Defendant purposefully directed activities towards Pennsylvania.  Plaintiffs may not simply lump Defendants together to establish jurisdiction."); Calder v. Jones, 465 U.S. 783, 790 (1984) (holding that, in assessing personal jurisdiction, "[e]ach defendant's contacts with the forum State must be assessed individually"); see also Rush v. Savchuk, 444 U.S. 320, 332 (1980) ("The requirements of International Shoe . . . must be met as to each defendant . . . .").

and it appearing that even if this Court concluded that Plaintiffs' group allegations were sufficient, the Moving Defendants are neither subject to general nor specific jurisdiction in New Jersey;[3]

and it appearing that general jurisdiction is satisfied when the defendant's affiliations with the forum state are "so continuous and systematic as to render them essentially at home in the forum state," Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quotation marks omitted); Ford Motor Co. v. Montana Eighth Judicial Dist. Court, 592 U.S. 351, 352 (2021) (same);

---

[3] There are two kinds of personal jurisdiction: specific and general.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 & n.9 (1984).  Specific jurisdiction arises from the acts that give rise to the particular claim asserted; general jurisdiction exposes the defendant to jurisdiction for any and all claims.  See Ontel Prods. Corp. v. Mindscope Prods., 220 F. Supp. 3d 555, 559 (D.N.J. 2016).

3

and it appearing that for a corporate defendant, the main bases for general jurisdiction are (1) the place of incorporation; and (2) the principal place of business, see Daimler AG v. Bauman, 571 U.S. 117, 136–37 (2014) (internal citations omitted);

and it appearing that, in addition, general jurisdiction may arise in the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State," id. at 139 n.19;

and it appearing that the doctrine of general jurisdiction "sets a high threshold," see Murphy v. Eisai, Inc., 503 F. Supp. 3d 207, 223 (D.N.J. 2020), and requires a "rigorous burden of proof," see Performance Screen Supply, LLC v. Ryonet Corp., No. 22-6031, 2023 WL 4898780, at *2 (D.N.J. July 31, 2023) (quotation marks omitted);

and it appearing that the Moving Defendants are all incorporated and have their principal places of business out of state and are otherwise not "at home" here, see infra; Compl. ¶¶ 8, 12–13, 23;

and therefore, the Court does not have general jurisdiction over the Moving Defendants;

and it appearing that "[s]pecific personal jurisdiction exists when the relationship among the forum, the defendant, and the cause of action are such that the defendant purposely avails itself of the forum's laws, the cause of action is related to or arises out of the defendant's contacts with the forum, and the defendant should reasonably anticipate being hauled into court there," Marlin Leasing Corp. v. Advanced Fire & Sec., Inc., No. 13-4113, 2014 WL 1297070, at *3 (D.N.J. Mar. 31, 2014) (quotation marks omitted); see also Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty., 582 U.S. 255, 262 (2017);

and it appearing that "for a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State," Walden v. Fiore, 571 U.S. 277, 284 (2014);

and it appearing that the Third Circuit uses a three-part test to determine whether specific jurisdiction exists: (1) "the defendant must have purposefully directed his activities at the forum," (2) "the plaintiff's claim must arise out of or relate to at least one of those specific activities," and (3) "courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice," Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (citation modified);

and it appearing that the first prong requires the Moving Defendants "purposefully avail[] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," Hanson v. Denckla, 357 U.S. 235, 253 (1958); accord O'Connor, 496 F.3d at 317;

and it appearing that none of the Moving Defendants have offices or employees in New Jersey, nor do they have telephone numbers, mailing addresses, or bank accounts in New Jersey, see ECF No. 43.3 ¶¶ 6–7; ECF No. 43.4 ¶¶ 6–7; ECF No. 43.5 ¶¶ 6–7; ECF No. 43.6 ¶¶ 6–7;

and it appearing that Plaintiffs do not allege these types of business contacts, rather they limit their jurisdictional allegations to asserting that Defendants' Work was distributed and available "worldwide," including in New Jersey,[4] but an intent to serve the entire U.S. does not necessarily show purposeful availment of the privilege of conducting business in any particular state, J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 886 (2011) ("an intent to serve the U.S.

---

[4] See Compl. ¶ 43 (alleging Defendants' Work was "released to the public, worldwide"); id. ¶ 100 (alleging Defendants "directed their activities and marketing of 'No Guidance' to residents in this judicial district, enabled residents of this judicial district to purchase, download, and stream the infringing work" and "have generated substantial revenue from the exploitation of the infringing song 'No Guidance' in this judicial district.").

5

market" was insufficient to confer jurisdiction in New Jersey where there was no evidence that the distributor "purposefully availed itself of the New Jersey market" specifically); Estate of Hewlett v. Russel, No. 20-13730, 2021 WL 3076931, at *3 (finding no purposeful availment where defendant "targeted the national market, which necessarily included New Jersey, through its advertising campaigns" as "efforts to exploit a national market are insufficient");

and it appearing that none of the Moving Defendants have deliberately targeted their worldwide exploitation and licensing of Defendants' Work in New Jersey, nor have they specifically advertised or solicited business with respect to the Work in New Jersey, see ECF No. 43.3 ¶¶ 8–9; ECF No. 43.4 ¶¶ 8–9; ECF No. 43.5 ¶¶ 8–9; ECF No. 43.6 ¶¶ 8–9; see also Jumpp v. Jerkins, No. 08-6268, 2010 WL 2773582, at *3 (D.N.J. July 7, 2010) (rejecting pro se plaintiff's "stream of commerce theory" of personal jurisdiction noting that "knowledge or awareness that one's products will end up in the forum state is a necessary, albeit insufficient, element of minimum contacts");

and it appearing that to survive dismissal, the burden shifts to Plaintiffs to establish "jurisdictional facts through sworn affidavits or other competent evidence," see Cerciello v. Canale, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) (quotation marks omitted);

and it appearing that none of the unsworn evidence or affidavits Plaintiffs introduce in their opposition papers satisfies this burden, see ECF Nos. 53.1, 53.2, 53.3, & 58;

and it appearing that first, Plaintiffs argue that the Moving Defendants have a mailing address in Rutherford and an accompanying phone number, see Opp. at 2, but SME does not have offices, employees, or conduct business at that address, see ECF No. 57.1 ¶ 5, rather, SME has a lease that it subleases to an unrelated company, id.;

6

and it appearing that second, Plaintiffs argue that the Moving Defendants sell merchandise for sale to New Jersey residents on their website, see Opp. at 2, but the evidence proffered appears to be for an unrelated artist's merchandise offered for sale nationwide on behalf of a nonparty unrelated to Defendants, see ECF No. 57.1 ¶ 6;

and it appearing that finally, Plaintiffs argue that the Moving Defendants "provide music concerts to New Jersey residents located at Blockbuster-Sony Music Entertainment Centre" in Camden, see Opp. at 2–3, but Plaintiffs appear to refer to a concert venue now called Freedom Mortgage Pavilion that has not used SME's name since 2001 and that was never owned or operated by SME, see ECF No. 57.1 ¶ 7;

and it appearing that Plaintiffs have failed to satisfy their burden to prove jurisdiction exists over any of the Moving Defendants;

and it appearing that there are no "additional facts" that "ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice," Marten, 499 F.3d at 296, such that the Court would reconsider its jurisdictional analysis here;

and therefore, the Court cannot exercise personal jurisdiction over the Moving Defendants and will dismiss them from the case;[5]

---

[5] In copyright infringement cases, venue is governed by 28 U.S.C. § 1400(a), which requires that cases be brought in a district where a defendant resides or may be found, 28 U.S.C. § 1400(a), absent which dismissal for improper venue is warranted under Federal Rule of Civil Procedure 12(b)(3). Pursuant to 28 U.S.C. § 1400(a), "a defendant in a copyright action may be found wherever the defendant is subject to personal jurisdiction; therefore, venue in a copyright action is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." See Miller v. Miraldi, No. 18-13479, 2019 WL 13398620, at *1 (D.N.J. Aug. 26, 2019) (quotation marks omitted). The Moving Defendants are not subject to personal jurisdiction in New Jersey. As such, venue is improper in the District of New Jersey and dismissal under FRCP 12(b)(3) is likewise warranted here as to the Moving Defendants.

The Court does not reach the Moving Defendants' Rule 12(b)(6) arguments having dismissed this matter as to the Moving Defendants on jurisdictional grounds.

**IT IS** on this 30th day of October, 2025;

**ORDERED** that the Moving Defendant's Motion to Dismiss, ECF No. 43, is **GRANTED**.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**